**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

PJM Transmission Owners,

*Petitioners*

v.

Case No. 25-1080

Federal Energy Regulatory
Commission,

*Respondent*

**AMENDED PETITION FOR REVIEW**

Pursuant to Section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b), Federal Rule of Appellate Procedure 15(a), and Local Rule 15, Petitioners American Electric Power Service Corporation on behalf of its affiliates, Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Wheeling Power Company, AEP Appalachian Transmission Company, Inc., AEP Indiana Michigan Transmission Company, Inc., AEP Kentucky Transmission Company, Inc., and AEP Ohio Transmission Company, Inc.; The Dayton Power and Light Company d/b/a AES Ohio; Dominion Energy Services, Inc. on behalf of Virginia Electric and Power Company d/b/a Dominion Energy Virginia; Duke Energy Corporation on behalf of its affiliates Duke Energy Ohio, Inc., Duke Energy Kentucky, Inc., and Duke Energy

Business Services LLC; Duquesne Light Company; East Kentucky Power Cooperative, Inc.; Exelon Corporation on behalf of its affiliates Atlantic City Electric Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, Delmarva Power & Light Company, PECO Energy Company, and Potomac Electric Power Company; FirstEnergy Service Company, on behalf of its affiliates American Transmission Systems, Incorporated, Jersey Central Power & Light Company, Mid-Atlantic Interstate Transmission LLC, The Potomac Edison Company, Monongahela Power Company, Keystone Appalachian Transmission Company, and Trans-Allegheny Interstate Line Company; PPL Electric Utilities Corporation; and Rockland Electric Company ("PJM Transmission Owners") hereby amend their petition for review in this case to include the following order issued by the Federal Energy Regulatory Commission ("FERC"):

1. *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, Order No. 1920-B, Docket No. RM21-17-003, 191 FERC ¶ 61,026 (Apr. 11, 2025) ("Order No. 1920-B") (attached as Exhibit A).

On January 23, 2025, the PJM Transmission Owners previously filed a Petition for Review of the following FERC orders from the same underlying proceeding, FERC Docket No. RM21-17:

1. *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, Order No. 1920-A, Docket No. RM21-17-001, 189 FERC ¶

61,126 (Nov. 21, 2024) ("Order No. 1920-A"); and

2. *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, Docket No. RM21-17-002, 190 FERC ¶ 62,048 (Jan. 23, 2025) ("January 2025 Denial Notice").

The PJM Transmission Owners are investor-owned public utilities and a cooperatively owned utility that own transmission facilities in PJM Interconnection, L.L.C., a regional transmission organization overseeing the operation of the electric transmission system and associated energy markets serving 13 states and the District of Columbia.

On May 13, 2024, in Order No. 1920, FERC established new rules addressing how transmission providers must conduct long-term planning for regional transmission facilities and how to allocate costs for long-term regional transmission facilities. In Order No. 1920-A, FERC granted certain requests for rehearing and clarification of the underlying order (*i.e.*, Order No. 1920), and established additional compliance requirements regarding cost allocation. Petitioners are aggrieved by these requirements, as they unlawfully interfere with their filing rights under Section 205 of the Federal Power Act, 16 U.S.C. § 825d, and their rights under the First Amendment to the U.S. Constitution.

Petitioners timely sought rehearing of Order No. 1920-A on December 23, 2024, in accordance with Section 313(a) of the Federal Power Act, 16 U.S.C. § 825*l*(a), and timely petitioned this Court for review of Order No. 1920-A and the January 2025 Denial Notice on January 23, 2025. FERC has now issued Order No. 1920-B, which affirms, and more fully explains its reasoning for the compliance requirements that it established in, Order No. 1920-A. Because Order No. 1920-B merely clarifies Order No. 1920-A, the PJM Transmission Owners file this amended petition for review instead of a new petition.[1]

In accordance with Local Rule 15(b), attached hereto is a list of Respondents specifically identifying the Respondents' names and addresses, and a copy of the challenged agency order, Order No. 1920-B, designated as Exhibit A.

In accordance with Rule 15(c) of the Federal Rules of Appellate Procedure, parties admitted to participate in the underlying agency proceedings have been served with a copy of this Amended Petition for Review and are listed in Exhibit B.

---

[1] This petition amends the PJM Transmission Owners' petition for review docketed as Case No. 25-1080 that has been consolidated with other pending petitions for review of the orders at issue under lead Docket No. 24-1650.

Respectfully submitted,

/s/ John Longstreth

Steven M. Nadel
Senior Counsel
PPL Services Corporation
645 Hamilton Street, Suite 700
Allentown, PA 18101
Phone: (610) 774-4775
Fax: (610) 774-4102
Email: SMNadel@pplweb.com

John Longstreth
Donald A. Kaplan
Chimera N. Thompson
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 778-9000
Fax: (202) 778-9100
Email: john.longstreth@klgates.com
don.kaplan@klgates.com
chimera.thompson@klgates.com

Michelle S. Kallen
William M. Keyser
Steptoe LLP
1330 Connecticut Avenue N.W.
Washington, D.C. 20036
Phone: (202) 429-8186
Fax: (202) 429-3902
Email: mkallen@steptoe.com
wkeyser@steptoe.com

*Counsel for PPL Electric Utilities Corporation*

Molly Suda
Associate General Counsel
Duke Energy Corporation
1301 Pennsylvania Ave. NW,
Suite 200
Washington, D.C. 20004
Phone: (202) 824-8011
Email: molly.suda@duke-energy.com

William M. Rappolt
Assistant General Counsel, FERC
AES US Services LLC
4300 Wilson Blvd
Arlington, VA 22203
Phone: (703) 682-6337
Email: William.rappolt@AES.COM

*Counsel for Duke Energy*

*Counsel for The Dayton Power and Light Co.*

Gary E. Guy
Assistant General Counsel
Exelon Corporation
701 Ninth Street, N.W., Suite 9426
Washington, DC 20068
Phone:  (301) 956-6754
Email:  gary.guy@exeloncorp.com

*Counsel for Exelon Corporation, Atlantic City Electric Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, Delmarva Power & Light Company, PECO Energy Company, and Potomac Electric Power Company*

Timothy L. McHugh
Counsel of Record
Troutman Pepper Locke LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Phone:  (804) 697-1365
Email:  tim.mchugh@troutman.com

*Counsel for Dominion Energy Services, Inc.*

Daniel E. Frank
Allison E.S. Salvia
Eversheds Sutherland (US) LLP
700 Sixth St., N.W., Suite 700
Washington, D.C.  20001-3980
Phone:  (202) 383-0100
Fax:      (202) 637-3593
Email:  danielfrank@eversheds-sutherland.com
Email:  allisonsalvia@eversheds-sutherland.com

*Counsel for East Kentucky Power Cooperative, Inc.*

David M. Gossett
Davis Wright Tremaine LLP
1301 K Street, NW
Suite 500 East
Washington, D.C. 20005
Phone:  (202) 973-4200
Email:  davidgossett@dwt.com

Sanford I. Weisburst
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Ave.
New York, NY 10016
Phone: (212) 849-7000
Email: sandyweisburst@quinnemanuel.com

Morgan E. Parke
Amanda Parker
76 South Main Street
Akron, OH 44308
Phone: (330) 730-8558 (A. Parker)
Phone: (330) 620-9585 (M. Parke)
Email: mparke@firstenergycorp.com
Email: aparker@firstenergycorp.com

*Counsel for the FirstEnergy Transmission Companies*

Regina Y. Speed-Bost
Founder and Managing Partner
SB Law, PLLC
200 Massachusetts Ave., N.W.
7th Floor
Washington, D.C.  20001
Phone:  (202) 963-2700
Email:  rspeed-bost@sblawlegal.com

*Counsel for Duquesne Light Company*

William M. Keyser
Steptoe LLP
1330 Connecticut Avenue N.W.
Washington, D.C. 20036
Phone:  (202) 429-8186
Fax:      (202) 429-3902
Email:  wkeyser@steptoe.com

*Counsel for American Electric Power
Service Corporation*

Paul A Savage
Joshua Ari Kirstein
Consolidated Edison Company of New York
4 Irving Place
New York, NY 10003-0000
Phone: (929) 656-5971
Fax:      (212) 677-5850
Email:  savagep@coned.com
          kirsteinj@coned.com

*Counsel for Rockland Electric Company*

Dated:  May 30, 2025

## LIST OF RESPONDENTS

As required by Local Rule 15(b), Petitioners hereby provide a list of Respondents specifically identifying the Respondents' names and the addresses where Respondents may be served with copies of the Amended Petition for Review:

Debbie-Anne A. Reese
Secretary
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

*Counsel for Respondent*

David L. Morenoff
Acting General Counsel
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Robert Solomon
Solicitor
Federal Energy Regulatory Commission
888 First St. NE
Washington, D.C. 20426

## CERTIFICATE OF SERVICE

Pursuant to Rule 15(c) of the Federal Rules of Appellate Procedure, I hereby certify that I have this 30th day of May, 2025, caused to be served copies of the foregoing Amended Petition for Review by first class mail to:

Debbie-Anne A. Reese
Secretary
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C. 20426

Robert Solomon
Solicitor
Federal Energy Regulatory Commission
888 First St. NE
Washington, D.C. 20426

and by email on all parties on FERC's service list in the underlying proceeding in Docket No. RM21-17-003, attached hereto as Exhibit B.

/s/ John Longstreth
John Longstreth

May 30, 2025

# Exhibit A

191 FERC ¶ 61,026
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

18 CFR Part 35

[Docket No. RM21-17-003; Order No. 1920-B]

Building for the Future Through Electric
Regional Transmission Planning and Cost Allocation

(Issued April 11, 2025)

**AGENCY**:  Federal Energy Regulatory Commission.

**ACTION**:  Order on rehearing and clarification

**SUMMARY**:  In this order, the Federal Energy Regulatory Commission addresses arguments raised on rehearing, grants clarification, in part, and denies clarification, in part, of Order No. 1920-A, which addressed arguments raised on rehearing of, set aside, in part, and clarified Order No. 1920.  Order No. 1920 required transmission providers, *inter alia*, to conduct Long-Term Regional Transmission Planning to ensure the identification, evaluation, and selection, as well as the allocation of the costs, of more efficient or cost-effective regional transmission solutions to address Long-Term Transmission Needs.

**DATES**:  The effective date of the document published on December 6, 2024 (89 FR 97,174), is confirmed:  January 6, 2025.

Docket No. RM21-17-003

ii

FOR FURTHER INFORMATION CONTACT:

Patrick T. Metz (Legal Information)
Office of the General Counsel
888 First Street, NE
Washington, DC  20426
(202) 502-8197
patrick.metz@ferc.gov

Michael Kellermann (Legal Information)
Office of the General Counsel
888 First Street, NE
Washington, DC  20426
(202) 502-8491
michael.kellermann@ferc.gov

David Borden (Technical Information)
Office of Energy Policy and Innovation
888 First Street, NE
Washington, DC  20426
(202) 502-8734
david.borden@ferc.gov

Noah Lichtenstein (Technical Information)
Office of Energy Market Regulation
888 First Street, NE
Washington, DC  20426
(202) 502-8696
noah.lichtenstein@ferc.gov

**SUPPLEMENTARY INFORMATION**:

191 FERC ¶ 61,026
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Mark C. Christie, Chairman;
                           Willie L. Phillips, David Rosner,
                           and Judy W. Chang.

| | |
|---|---|
| Building for the Future Through Electric Regional Transmission Planning and Cost Allocation | Docket No.  RM21-17-003 |

ORDER NO. 1920-B

ORDER ON REHEARING AND CLARIFICATION

(Issued April 11, 2025)

TABLE OF CONTENTS

Paragraph Numbers

I. Introduction ................................................................................................. 1.

II. Long-Term Regional Transmission Planning .......................................... 6.
   A. Planning for the Long-Term Transmission Needs of Unenrolled Non-Jurisdictional
   Transmission Providers ................................................................. 6.
      1. Order Nos. 1920 and 1920-A ................................................ 6.
      2. Rehearing Requests ............................................................... 9.
      3. Commission Determination .................................................. 21.

III. Regional Transmission Cost Allocation ................................................ 23.
   A. Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation
   Methods .......................................................................................... 23.
      1. Order Nos. 1920 and 1920-A ............................................. 23.
      2. Challenges to Order No. 1920-A ........................................ 30.
   B. Consultation with Relevant State Entities After the Engagement Period ........... 105.
      1. Order Nos. 1920 and 1920-A ........................................... 105.
      2. Challenges to Order No. 1920-A ...................................... 108.
   C. Definition of Relevant State Entities ...................................... 131.
      1. Order Nos. 1920 and 1920-A ........................................... 131.
      2. Rehearing Requests ........................................................... 134.
      3. Commission Determination .............................................. 138.
   D. Other Cost Allocation Issues.................................................... 143.
      1. Order Nos. 1920 and 1920-A ........................................... 143.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 14 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                          - 2 -

    2. Rehearing Requests ......................................................................... 148.
    3. Commission Determination ............................................................. 152.

IV. Document Availability ...................................................................... 155.

V. Effective Date ................................................................................... 158.

## I.    Introduction

1.      In Order No. 1920,[1] the Federal Energy Regulatory Commission (Commission)
revised the *pro forma* Open Access Transmission Tariff (OATT) to adopt reforms to its
existing electric transmission planning and cost allocation requirements pursuant to
section 206 of the Federal Power Act (FPA).[2]  The Commission found that existing
regional transmission planning and cost allocation processes are unjust, unreasonable,
and unduly discriminatory or preferential because, *inter alia*, the Commission's existing
transmission planning and cost allocation requirements do not require transmission
providers[3] to:  (1) perform a sufficiently long-term assessment of transmission needs that

---

[1] *Bldg. for the Future Through Elec. Reg'l Transmission Plan. & Cost Allocation*,
Order No. 1920, 89 FR 49280 (June 11, 2024), 187 FERC ¶ 61,068, *order on reh'g & clarification*, Order No. 1920-A, 89 FR 97174 (Dec. 6, 2024), 189 FERC ¶ 61,126
(2024).

[2] 16 U.S.C. 824e.

[3] FPA Section 201(e), 16 U.S.C. 824(e), defines "public utility" to mean "any
person who owns or operates facilities subject to the jurisdiction of the Commission
under this subchapter."  As stated in the Order No. 888 *pro forma* OATT, "transmission
provider" is a "public utility (or its Designated Agent) that owns, controls, or operates
facilities used for the transmission of electric energy in interstate commerce and provides
transmission service under the Tariff."  *Promoting Wholesale Competition Through Open
Access Non-Discriminatory Transmission Servs. by Pub. Utils.; Recovery of Stranded
Costs by Pub. Utils. & Transmitting Utils.*, Order No. 888, 61 FR 21540 (May 10, 1996),
FERC Stats. & Regs. ¶ 31,036 (1996) (cross-referenced at 75 FERC ¶ 61,080), *order on
reh'g*, Order No. 888-A, 62 FR 12274 (Mar. 14, 1997), FERC Stats. & Regs. ¶ 31,048

identifies Long-Term Transmission Needs;[4] (2) adequately account on a forward-looking

basis for known determinants of Long-Term Transmission Needs; and (3) consider the

broader set of benefits of regional transmission facilities planned to meet those

Long-Term Transmission Needs.[5]  Building on Order Nos. 890[6] and 1000,[7] Order

No. 1920 addresses these deficiencies by establishing requirements to ensure that

---

(cross-referenced at 78 FERC ¶ 61,220), *order on reh'g*, Order No. 888-B, 81 FERC
¶ 61,248 (1997), *order on reh'g*, Order No. 888-C, 82 FERC ¶ 61,046 (1998), *aff'd in
relevant part sub nom. Transmission Access Pol'y Study Grp. v. FERC*, 225 F.3d 667
(D.C. Cir. 2000), *aff'd sub nom. N. Y. v. FERC*, 535 U.S. 1 (2002); *pro forma* OATT
section I.1 (Definitions).  The term "transmission provider" includes a public utility
transmission owner when the transmission owner is separate from the transmission
provider, as is the case in regional transmission organizations (RTO) and independent
system operators (ISO).

[4] For purposes of Order No. 1920, Long-Term Transmission Needs are
transmission needs identified through Long-Term Regional Transmission Planning by,
among other things and as discussed in Order Nos. 1920 and 1920-A, running scenarios
and considering the enumerated categories of factors.  Order No. 1920, 187 FERC
¶ 61,068 at P 299; Order No. 1920-A, 189 FERC ¶ 61,126 at P 20 n.16.

[5] Order No. 1920, 187 FERC ¶ 61,068 at P 1.

[6] *Preventing Undue Discrimination & Preference in Transmission Serv.*, Order
No. 890, 72 FR 12266 (Mar. 15, 2007), 118 FERC ¶ 61,119 (2007), *order on reh'g,*
Order No. 890-A, 73 FR 2984 (Jan. 16, 2008), FERC Stats. & Regs. ¶ 31,261 (2007)
(cross-referenced at 118 FERC ¶ 61,119), *order on reh'g and clarification*, Order
No. 890-B, 73 FR 39092 (July 8, 2008), 123 FERC ¶ 61,299 (2008), *order on reh'g*,
Order No. 890-C, 74 FR 12540 (Mar. 25, 2009), 126 FERC ¶ 61,228 (2009), *order on
clarification*, Order No. 890-D, 74 FR 61511 (Nov. 25, 2009), 129 FERC ¶ 61,126
(2009).

[7] *Transmission Plan. & Cost Allocation by Transmission Owning & Operating
Pub. Utils.*, Order No. 1000, 76 FR 49842 (Aug. 11, 2011), 136 FERC ¶ 61,051 (2011),
Order No. 1000-A, 77 FR 32184 (May 31, 2012), 139 FERC ¶ 61,132 (2012), *order on
reh'g & clarification*, Order No. 1000-B, 141 FERC ¶ 61,044 (2012), *aff'd sub nom. S.C.
Pub. Serv. Auth. v. FERC*, 762 F.3d 41 (D.C. Cir. 2014) (*South Carolina*).

Docket No. RM21-17-003                                                                 - 4 -

Commission-jurisdictional rates remain just and reasonable and not unduly

discriminatory or preferential, including, *inter alia*, a requirement that transmission

providers in each transmission planning region participate in a regional transmission

planning process that includes Long-Term Regional Transmission Planning,[8] which will

ensure the identification, evaluation, and selection of more efficient or cost-effective

regional transmission facilities to address Long-Term Transmission Needs, as well as the

just and reasonable allocation of the costs of those facilities.[9]

2.      In Order No. 1920-A, the Commission largely sustained the reforms adopted in

Order No. 1920 while refining and improving those reforms to address concerns raised in

response to Order No. 1920 and to ensure that states have a robust role in Long-Term

Regional Transmission Planning and in the cost allocation processes established in the

final rule.  Specifically, and as relevant here, the Commission set aside, in part, and

clarified, in part, Order No. 1920 to provide that:  (1) transmission providers may not

plan for the needs of a non-jurisdictional transmission provider if that non-jurisdictional

transmission provider has not enrolled in the transmission planning region and thereby

---

[8] For purposes of Order No. 1920, Long-Term Regional Transmission Planning means regional transmission planning on a sufficiently long-term, forward-looking, and comprehensive basis to identify Long-Term Transmission Needs, identify transmission facilities that meet such needs, measure the benefits of those transmission facilities, and evaluate those transmission facilities for potential selection in the regional transmission plan for purposes of cost allocation as the more efficient or cost-effective regional transmission facilities to meet Long-Term Transmission Needs.  Order No. 1920, 187 FERC ¶ 61,068 at PP 38, 250-252; Order No. 1920-A, 189 FERC ¶ 61,126 at P 21 n.17.

[9] Order No. 1920, 187 FERC ¶ 61,068 at PP 1-2.

has not agreed to any cost allocation method applicable to selected Long-Term Regional

Transmission Facilities;[10] (2) when Relevant State Entities[11] agree on a Long-Term

Regional Transmission Cost Allocation Method(s)[12] and/or State Agreement Process[13]

resulting from the Engagement Period,[14] transmission providers must include that

---

[10] Order No. 1920-A, 189 FERC ¶ 61,126 at P 323.  For purposes of Order No. 1920, a Long-Term Regional Transmission Facility is a regional transmission facility, as defined in Order No. 1000, that is identified as part of Long-Term Regional Transmission Planning to address Long-Term Transmission Needs.  Order No. 1920, 187 FERC ¶ 61,068 at PP 41, 250; Order No. 1920-A, 189 FERC ¶ 61,126 at P 21 n.18.

[11] For purposes of Order No. 1920, a Relevant State Entity is any state entity responsible for electric utility regulation or siting electric transmission facilities within the state or portion of a state located in the transmission planning region, including any state entity as may be designated for that purpose by the law of such state.  Order No. 1920, 187 FERC ¶ 61,068 at PP 44, 1355; Order No. 1920-A, 189 FERC ¶ 61,126 at P 23 & n.23.

[12] For purposes of Order No. 1920, a Long-Term Regional Transmission Cost Allocation Method is an *ex ante* regional cost allocation method for one or more Long-Term Regional Transmission Facilities (or a portfolio of such Facilities) that are selected in the regional transmission plan for purposes of cost allocation.  Order No. 1920, 187 FERC ¶ 61,068 at P 1291; Order No. 1920-A, 189 FERC ¶ 61,126 at P 612 n.1539.

[13] For purposes of Order No. 1920, a State Agreement Process is a process by which one or more Relevant State Entities may voluntarily agree to a cost allocation method for Long-Term Regional Transmission Facilities (or a portfolio of such Facilities) before or no later than six months after they are selected in the regional transmission plan for purposes of cost allocation.  Order No. 1920, 187 FERC ¶ 61,068 at P 45; Order No. 1920-A, 189 FERC ¶ 61,126 at P 24 n.28.

[14] For purposes of Order No. 1920, an Engagement Period is a six-month time period during which transmission providers must:  (1) provide notice of the starting and end dates for the six-month time period; (2) post contact information that Relevant State Entities may use to communicate with transmission providers about any agreement among Relevant State Entities on a Long-Term Regional Transmission Cost Allocation Method(s) and/or a State Agreement Process, as well as a deadline for communicating such agreement; and (3) provide a forum for negotiation of a Long-Term Regional

method(s) and/or process in the transmittal or as an attachment to their Order No. 1920 regional transmission planning and cost allocation compliance filings, along with any information that Relevant State Entities provide to transmission providers regarding the state negotiations during the Engagement Period, even if transmission providers propose a different Long-Term Regional Transmission Cost Allocation Method or do not propose to adopt a State Agreement Process;[15] (3) the Commission will consider the entire record—including the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and the transmission provider's proposal—when setting the replacement rate in Order No. 1920 regional transmission planning and cost allocation compliance proceedings;[16] and (4) transmission providers must consult with Relevant State Entities prior to amending the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process or, if Relevant State Entities seek, consistent with their chosen method to reach agreement, for the transmission providers to amend that method or process.[17]  As further relevant here, the Commission disagreed with certain arguments raised on rehearing of Order No. 1920 and continued to:  (1) find that the Commission

---

Transmission Cost Allocation Method(s) and/or a State Agreement Process that enables robust participation by Relevant State Entities.  Order No. 1920, 187 FERC ¶ 61,068 at PP 5, 1354; Order No. 1920-A, 189 FERC ¶ 61,126 at P 24.

[15] Order No. 1920-A, 189 FERC ¶ 61,126 at P 651.

[16] *Id.* P 659.

[17] *Id.* P 691.

made adequate findings and marshalled sufficient evidence under the first prong of FPA

section 206 to establish that existing Commission-jurisdictional regional transmission

planning and cost allocation processes are unjust and unreasonable;[18] and (2) define

Relevant State Entities as any state entity responsible for electric utility regulation or

siting electric transmission facilities within the state or portion of a state located in the

transmission planning region, including any state entity as may be designated for that

purpose by the law of such state.[19]

3.      Seven petitioners have sought further rehearing and clarification of the

Commission's determinations in Order No. 1920-A,[20] and the Commission received

two additional filings.[21]  Pursuant to *Allegheny Defense Project v. FERC*,[22] the rehearing

---

[18] *See id.* PP 72-86.

[19] *See id.* P 685.

[20] Appendix A includes a list of petitioners submitting requests for rehearing and/or clarification of Order No. 1920-A.

[21] On February 5, 2025, NRECA sent a letter to Chairman Mark Christie addressing Order No. 1920-A.  On February 12, 2025, Developers Advocating Transmission Advancements submitted a late-filed pleading and white paper in response to the 2021 Advanced Notice of Proposed Rulemaking.  To the extent that they intend to seek rehearing, these pleadings are untimely and we therefore reject them.  16 U.S.C. 825*l*(a); 18 CFR 385.713(b) (2024).  They also do not include a separate section entitled "Statement of Issues" listing each issue presented to the Commission in a separately enumerated paragraph, as required by Rule 713(c)(2) of the Commission's Rules of Practice and Procedure.  18 CFR 385.713(c)(2).  Below, we address NRECA's rehearing request, which raised similar issues to those NRECA raised in its letter.  *See infra* Definition of Relevant State Entities section.

[22] 964 F.3d 1 (D.C. Cir. 2020) (en banc).

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 20 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 8 -

requests filed in this proceeding may be deemed denied by operation of law. However, as permitted by FPA section 313(a),[23] we are modifying the discussion in Order No. 1920-A and continue to reach the same result in this proceeding, as discussed below.[24] That is, in this order, we do not change the outcome of Order No. 1920-A.[25] This order also does not amend the Commission's regulations or the provisions of Attachment K to the *pro forma* OATT.

4.      We also grant, in part, and deny, in part, the requests for clarification. Specifically, we clarify one aspect of the Commission's discussion in Order No. 1920-A to explain that, consistent with Order No. 1000, transmission providers are not required to plan for the Long-Term Transmission Needs of unenrolled non-jurisdictional transmission providers, but voluntary arrangements for regional transmission planning and cost allocation that comply with the FPA and the Commission's cost causation precedent are not prohibited.[26] In addition, we sustain the requirement in Order

---

[23] 16 U.S.C. 825*l*(a) ("Until the record in a proceeding shall have been filed in a court of appeals, as provided in subsection (b), the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter.").

[24] *Allegheny Def. Project*, 964 F.3d at 16-17.

[25] *See Smith Lake Improvement & Stakeholders Ass'n v. FERC*, 809 F.3d 55, 56-57 (D.C. Cir. 2015).

[26] *See* Order No. 1920-A, 189 FERC ¶ 61,068 at P 323; *infra* Planning for the Long-Term Transmission Needs of Unenrolled Non-Jurisdictional Transmission Providers section.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 21 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                        - 9 -

No. 1920-A that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process resulting from the Engagement Period, and associated information provided to transmission providers regarding the state negotiations during the Engagement Period, in transmission providers' transmittal or as an attachment to their Order No. 1920 regional transmission planning and cost allocation compliance filings.[27]  We further sustain the requirement that transmission providers consult with Relevant State Entities:  (1) prior to amending the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process; or (2) if Relevant State Entities seek, consistent with their chosen method to reach agreement, for the transmission provider to amend that method or process.[28]  We are not persuaded, however, by NRECA's request to expand the definition of Relevant State Entity to include any entity that establishes or regulates electric rates under state law.[29]  Finally, we reject as procedurally barred Indicated PJM TOs' and SPP TOs' arguments that the Commission's findings under the first prong of FPA section 206 were insufficient to support its exercise of authority in Order No. 1920.[30]

---

[27] Order No. 1920-A, 189 FERC ¶ 61,126 at PP 651, 655; *infra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods section.

[28] Order No. 1920-A, 189 FERC ¶ 61,126 at P 691; *infra* Consultation with Relevant State Entities After the Engagement Period section.

[29] Order No. 1920-A, 189 FERC ¶ 61,126 at P 701; *infra* Definition of Relevant State Entities section.

[30] Order No. 1920-A, 189 FERC ¶ 61,126 at PP 72-86; *infra* Other Cost Allocation Issues section.

5.     We continue to find that these reforms, as refined and improved in Order

No. 1920-A, ensure that transmission providers will conduct sufficiently long-term,

forward looking, and comprehensive transmission planning and cost allocation processes

to meet the demands of the modern transmission grid, while facilitating meaningful

participation by the states, consistent with the jurisdictional boundaries delineated in the

FPA.

## II.    Long-Term Regional Transmission Planning

### A.    Planning for the Long-Term Transmission Needs of Unenrolled Non-Jurisdictional Transmission Providers

#### 1.    Order Nos. 1920 and 1920-A

6.     In Order No. 1920, the Commission required transmission providers in each

transmission planning region to participate in a regional transmission planning process

that includes Long-Term Regional Transmission Planning, meaning regional

transmission planning on a sufficiently long-term, forward-looking, and comprehensive

basis to identify Long-Term Transmission Needs, identify transmission facilities that

meet such needs, measure the benefits of those transmission facilities, and evaluate those

transmission facilities for potential selection in the regional transmission plan for

purposes of cost allocation as the more efficient or cost-effective transmission facilities to

meet Long-Term Transmission Needs.[31]   To identify Long-Term Transmission Needs

and to identify and evaluate transmission facilities that meet such needs, transmission

---

[31] Order No. 1920, 187 FERC ¶ 61,068 at P 224; *see also* Order No. 1920-A, 189 FERC ¶ 61,126 at P 138.

Docket No. RM21-17-003                                                    - 11 -

providers must develop a set of at least three plausible and diverse Long-Term

Scenarios,[32] each of which must:  (1) incorporate seven specific categories of factors that

represent known determinants of Long-Term Transmission Needs; and (2) account for

factors within each such category that the transmission provider determines are likely to

affect Long-Term Transmission Needs.[33]  Factor Category Three comprises

state-approved integrated resource plans and expected supply obligations for load-serving

entities.[34]

7.      In Order No. 1920-A, the Commission clarified that, for purposes of complying

with the requirements of Order No. 1920, transmission providers must plan for the needs

of non-jurisdictional entities that are among the transmission providers' transmission

customers as they would plan for the needs of any other transmission customer.  For

example, each Long-Term Scenario must account for and be consistent with factors

within Factor Category Three once transmission providers in a transmission planning

region have determined that such factors are likely to affect Long-Term Transmission

Needs.  This includes any non-jurisdictional transmission customer's resource planning

---

[32] Order No. 1920 defines Long-Term Scenarios as scenarios that incorporate various assumptions using best available data inputs about the future electric power system over a sufficiently long-term, forward-looking transmission planning horizon to identify Long-Term Transmission Needs and enable the identification and evaluation of transmission facilities to meet such transmission needs.  Order No. 1920, 187 FERC ¶ 61,068 at PP 40, 302.

[33] *Id*. PP 298, 409, 415.

[34] *Id*. P 447; *see also* Order No. 1920-A, 189 FERC ¶ 61,126 at PP 139, 263, 279.

and procurement processes that have been approved by that entity's respective governing
authority.[35]

8.    The Commission further clarified in Order No. 1920-A that "transmission
providers may *not* plan for the needs of a non-jurisdictional utility transmission provider
if that non-jurisdictional transmission provider has not enrolled in the transmission
planning region and thereby has not agreed to any cost allocation method applicable to
selected Long-Term Regional Transmission Facilities."[36]  The Commission stated that, if
transmission providers were to plan for and consider non-jurisdictional transmission
providers' Long-Term Transmission Needs without a way to ensure the non-jurisdictional
transmission provider contributes to the costs of the resulting Long-Term Regional
Transmission Facilities, the resulting cost allocation could violate the cost causation
principle and result in free-ridership.[37]

## 2.    Rehearing Requests

9.    NRECA and WestConnect CTOs request rehearing and/or clarification of the
statement in Order No. 1920-A that "transmission providers may *not* plan for the needs of

---

[35] Order No. 1920-A, 189 FERC ¶ 61,126 at P 323 (citing Order No. 1920,
187 FERC ¶ 61,068 at PP 507, 510).  The Commission issued this clarification in
response to a request to clarify that the resource planning and procurement processes of
non-jurisdictional transmission providers that have been approved by their respective
governing authorities should be included in Factor Category Three.  *Id.* P 315 (citing
SERTP Sponsors June 12, 2024 Rehearing Request at 5).

[36] *Id.* P 323 (citing Order No. 1000-A, 139 FERC ¶ 61,132 at P 276).

[37] *Id.* (citing *El Paso Elec. Co. v. FERC*, 76 F.4th 352, 363-66 (5th Cir. 2023) (*El
Paso*)).

Docket No. RM21-17-003                                                    - 13 -

a non-jurisdictional utility transmission provider if that non-jurisdictional transmission

provider has not enrolled in the transmission planning region and thereby has not agreed

to any cost allocation method applicable to selected Long-Term Regional Transmission

Facilities."[38]   In particular, NRECA and WestConnect CTOs assert that this statement

could be read to prohibit transmission providers from voluntarily agreeing to plan for the

needs of unenrolled non-jurisdictional transmission providers.[39]

10.     NRECA asks the Commission to clarify that Order No. 1920-A does not change

the Commission's existing regulations and policy, and thus transmission providers in a

transmission planning region continue to have the discretion to plan for the needs of a

non-jurisdictional transmission provider that has not enrolled in the regional transmission

planning process.[40]   NRECA asserts that its requested interpretation of Order No. 1920-A

is supported by the Commission's own citation to the language in Order No. 1000-A,

stating that the regional transmission planning process is not required to plan for the

---

[38] NRECA Rehearing Request at 3 (quoting Order No. 1920-A, 189 FERC
¶ 61,126 at P 323); WestConnect CTOs Rehearing Request at 1 (same).

[39] NRECA Rehearing Request at 3, 17; WestConnect CTOs Rehearing Request
at 1-5 (asserting that Order No. 1920-A, misinterpreting *El Paso*, establishes a
prohibition on voluntary planning with unenrolled non-jurisdictional transmission
providers).

[40] NRECA Rehearing Request at 3; *see also id.* at 16 ("NRECA requests that the
Commission clarify that 'may *not* plan' means 'is not *required* to plan' rather than 'is not
*permitted* to plan.'" (emphasis in original)).

transmission needs of a non-jurisdictional, unenrolled transmission provider.[41]  NRECA

states that the Commission has interpreted Order No. 1000-A as neither prohibiting nor

compelling regional transmission planning processes from planning for the transmission

needs of unenrolled non-jurisdictional transmission providers, i.e., non-jurisdictional

transmission providers that have not agreed to accept any applicable cost allocation

method for selected regional transmission facilities.[42]

11.    NRECA also argues that its requested interpretation of Order No. 1920-A is

consistent with the next sentence of Order No. 1920-A, which states that, "[i]f the

transmission provider were to plan for and consider non-jurisdictional transmission

providers' Long-Term Transmission Needs without a way to ensure the non-jurisdictional

transmission provider contributes to the costs of the resulting Long-Term Regional

Transmission Facilities, the resulting cost allocation could violate the cost causation

principle and result in free-ridership."[43]  NRECA asserts that this rationale supports

Order No. 1000-A's statement that the public utility transmission providers in a

transmission planning region are not compelled to plan for the transmission needs of an

unenrolled non-jurisdictional transmission provider that has not agreed to accept any

---

[41] *Id.* at 16 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 323 n.914 (citing Order No. 1000-A, 139 FERC ¶ 61,132 at P 276)).

[42] *Id.* at 16, 17 (citing *Pub. Serv. Co. of Colo.*, 148 FERC ¶ 61,213 (2014), *order on reh'g*, 151 FERC ¶ 61,128 (2015), *vacated & remanded*, *El Paso Elec. Co. v. FERC*, 832 F.3d 495 (5th Cir. 2016)).

[43] *Id.* at 16 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 323).

applicable cost allocation method for selected regional transmission facilities, but does not justify prohibiting voluntary planning for such needs if transmission providers in a transmission planning region can ensure that they will not be required to subsidize transmission projects that benefit the unenrolled non-jurisdictional transmission providers.[44]

12.     NRECA and WestConnect CTOs each argue that the court in *El Paso* did not hold that the FPA requires the Commission to prohibit transmission providers in a transmission planning region from voluntarily planning for unenrolled non-jurisdictional transmission providers' needs.[45]   NRECA states that the *El Paso* court had no reason for such a holding in reviewing an Order No. 1000 regional compliance filing but simply quoted with approval the Commission's "'clear' statement" in Order No. 1000-A.[46] Thus, NRECA contends, Order No. 1000-A and *El Paso* allow transmission providers in a transmission planning region to agree to plan for the transmission needs of unenrolled non-jurisdictional transmission providers if they have assurance that the enrolled

---

[44] *Id.* at 16-17.

[45] *Id.* at 17 (citing *El Paso*, 76 F.4th at 363); WestConnect CTOs Rehearing Request at 4 (asserting that *El Paso* holds only that public utilities may not be required to plan for the transmission needs of unenrolled non-jurisdictional utilities that do not accept the allocation of costs related to regional transmission projects from which they benefit (citing *El Paso*, 76 F.4th at 362-63)).

[46] NRECA Rehearing Request at 17 (quoting *El Paso*, 76 F.4th at 363).

transmission providers will not be required to subsidize transmission projects that benefit

the unenrolled non-jurisdictional transmission providers.[47]

13.     WestConnect CTOs assert that the issue on which the transmission providers

prevailed in *El Paso* was their objection to being forced to subsidize transmission

projects from which unenrolled non-jurisdictional transmission providers who did not

commit to the allocation of costs might nonetheless benefit.  WestConnect CTOs assert

that members of WestConnect believed that the risk of subsidization could be sufficiently

minimized to allow their long history of beneficial coordinated transmission planning to

continue without enrollment of the WestConnect unenrolled non-jurisdictional

transmission providers.[48]  WestConnect CTOs argue that, contrary to the Commission's

statement in Order No. 1920-A, it is untrue that transmission providers cannot ensure that

an unenrolled non-jurisdictional transmission provider contributes to the cost of a

regional transmission project from which it benefits without enrolling in the transmission

planning region.[49]  WestConnect CTOs assert that prohibiting joint regional transmission

planning is based on a false binary choice—that non-jurisdictional transmission providers

are not required to enroll in a transmission planning region and can only participate if

---

[47] *Id.*

[48] WestConnect CTOs Rehearing Request at 6 (citing *Ariz. Pub. Serv. Co.*, 181 FERC ¶ 61,223, at P 14 (2022)).

[49] *Id.* at 5 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 323).

they enroll.[50]  WestConnect CTOs represent that the WestConnect transmission planning

region's transmission providers remain open to considering a modified coordinating

transmission owner framework that provides them reasonable assurance that they will not

have to subsidize their non-jurisdictional counterparts without requiring their

enrollment.[51]

14.     WestConnect CTOs further state that banning the possibility of voluntary

arrangements for joint regional transmission planning with unenrolled non-jurisdictional

transmission providers violates FPA section 202(a), under which the Commission is

"affirmatively not only 'empowered,' but '*directed* to divide the country into regional

districts for the voluntary interconnection and coordination of facilities for the generation,

transmission, and sale of electric energy.'"[52]

15.     WestConnect CTOs and NRECA argue that a ban on regional transmission

planning by public utilities and unenrolled non-jurisdictional transmission providers

would be an unacknowledged, unexplained, and hence arbitrary departure from Order

No. 1000 precedent.[53]  WestConnect CTOs argue that the Commission's

---

[50] *Id.* at 6; *see also id.* at 9 n.17 (citing *Pub. Serv. Co. of Colo.*, WestConnect CTOs Request for Clarification, Docket No. ER13-75-014, et al., at n.2 (filed Nov. 18, 2024)).

[51] *Id.* at 5 (citing *Pub. Serv. Co. of Colo.*, WestConnect CTOs Request for Clarification, Docket No. ER13-75-014, et al. (filed Nov. 18, 2024)).

[52] *Id.* (quoting 16 U.S.C. 824a(a) (emphasis added)).

[53] *Id.* at 2-3, 6; NRECA Rehearing Request at 4-5, 18 (citing 5 U.S.C. § 706(2)(A) (other citations omitted)).

misinterpretation of *El Paso* is counterproductive to the Commission's professed goal of

Order Nos. 1000 and 1920—to encourage and enhance regional transmission planning.[54]

16.     WestConnect CTOs state that the Commission has noted that it "accepted the

WestConnect public utility transmission providers' proposed participation framework

[(i.e., the coordinating transmission owner framework)] under which non-public utility

transmission providers could participate in WestConnect as either enrolled transmission

owners or coordinating transmission owners."[55]  WestConnect CTOs also state that the

Commission expressly held that Order No. 1000 "does not preclude the enrolled public

utility transmission providers in a transmission planning region from conducting

transmission planning for unenrolled non-public utility transmission providers if the

enrolled public utility transmission providers elect to do so."[56]  WestConnect CTOs argue

---

[54] WestConnect CTOs Rehearing Request at 6; *see also id.* at 6-7 (asserting that, in Order No. 1000 compliance proceedings, WestConnect transmission providers explained that non-jurisdictional transmission providers' enrollment was not a prerequisite to their participation in regional transmission planning and would run contrary to the goals of Order No. 1000) ("It was precisely because of the presence of a large number of both public utility and non-jurisdictional utility transmission owners in the WestConnect region that the [j]urisdictional [u]tilities strove to create a compliance structure that would be superior to one in which non-jurisdictional utilities unwilling to subject themselves to Order No. 1000 cost allocation would be excluded from the region's planning process entirely." (quoting *Pub. Serv. Co. of Colo.*, Motion for Leave to Answer and Answer of the WestConnect Jurisdictional Utilities, Docket No. ER13-75-003 et al., at 13-14 (filed Nov. 8, 2013))).

[55] *Id.* at 7 (quoting *Pub. Serv. Co. of Colo.*, 189 FERC ¶ 61,028, at P 6 (2024) (WestConnect Remand Order), *order on reh'g*, 190 FERC ¶ 61,128 (2025) (Remand Rehearing Order)).

[56] *Id.* at 7-8 (quoting *Pub. Serv. Co. of Colo.*, 148 FERC ¶ 61,213 at P 55).

Docket No. RM21-17-003                                                    - 19 -

that this holding underpinned the development of WestConnect's existing coordinating
transmission owner framework and was not challenged or addressed in *El Paso*.  On the
contrary, WestConnect CTOs argue, *El Paso* does not alter—and could not have
altered—Order No. 1000's holdings, which were affirmed by the U.S. Court of Appeals
for the D.C. Circuit (D.C. Circuit).[57]

17.     WestConnect CTOs argue that the Commission's prohibition on transmission
providers planning for the needs of unenrolled non-jurisdictional transmission providers
fails to acknowledge, explain, or consider WestConnect CTOs' substantial reliance
interest in the Commission's prior approval of the coordinating transmission owner
framework.[58]

18.     WestConnect CTOs further note that, in Order No. 1000, the Commission required
that the scope of a transmission planning region "be governed by the integrated nature of
the regional power grid."[59]  WestConnect CTOs allege that the Commission stated that
without the participation of non-jurisdictional transmission providers interspersed
throughout the WestConnect transmission planning region that make up half of its
membership, WestConnect would be like "swiss cheese."[60]  WestConnect CTOs state

---

[57] *Id.* at 8 (citing *South Carolina*, 762 F.3d 41).

[58] *Id.* (citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30 (2020)).

[59] *Id.* (citing WestConnect Remand Order, 189 FERC ¶ 61,028 at P 23 & n.49).

[60] *Id.* at 8-9 (citing *Pub. Serv. Co. of Colo.*, 142 FERC ¶ 61,206, at P 349 (2013), *order on reh'g*, 148 FERC ¶ 61,213, *order on reh'g*, 151 FERC ¶ 61,128, *vacated &*

Docket No. RM21-17-003                                                    - 20 -

that one of the reasons coordinating transmission owners supported WestConnect's

coordinating transmission owner framework was the institutional difficulties

non-jurisdictional transmission providers face in agreeing to enrollment rather than

case-by-case acceptance of cost allocation for regional transmission projects.[61]

WestConnect CTOs argue that Order No. 1920-A does not acknowledge or explain how

transmission providers barred from joint regional transmission planning with unenrolled

non-jurisdictional transmission providers can meet Order No. 1000's integration

requirement in a transmission planning region like WestConnect.[62]

19.    WestConnect CTOs state that while the Commission found in its order on remand

from *El Paso* that WestConnect remains an integrated transmission planning region even

without participation of coordinating transmission owners, the Commission does not

incorporate or reference that finding in Order No. 1920-A.[63]  Nevertheless, WestConnect

CTOs object to the Commission's determination in its order on remand from *El Paso*

regarding the continued integration of the WestConnect transmission planning region.[64]

---

*remanded*, *El Paso Elec. Co. v. FERC*, 832 F.3d 495).  The order that WestConnect
CTOs cite does not contain this statement.

[61] *Id.* at 9.

[62] *Id.*

[63] *Id.* at 9 n.17 (citing WestConnect Remand Order, 189 FERC ¶ 61,028 at P 23).

[64] *Id.* (quoting *Pub. Serv. Co. of Colo.*, WestConnect CTOs Request for
Clarification, Docket No. ER13-75-013, et al. (filed Nov. 18, 2024) (internal quotations
omitted)).

Docket No. RM21-17-003                                                        - 21 -

20.     WestConnect CTOs assert that the ban on use of a coordinating transmission owner framework would all but ensure the failure of regional transmission planning in WestConnect, contrary to the objectives of Order Nos. 1000 and 1920.  WestConnect CTOs contend that the Commission's failure to acknowledge its departure from existing policy or explain how a mandatory enrollment requirement would be consistent with Order No. 1000's integration requirement was arbitrary.[65]

### 3.    Commission Determination

21.     We agree with rehearing petitioners that Order No. 1920-A does not modify the requirements of Order No. 1000 with respect to planning for the needs of unenrolled non-jurisdictional transmission providers.[66]  Although Order No. 1000 does not require a coordinating transmission owner framework, Order No. 1000 and *El Paso* do not explicitly foreclose the possibility that a voluntary arrangement for regional transmission planning *and* cost allocation that includes unenrolled non-jurisdictional transmission providers could comply with the FPA's mandate for just and reasonable rates and the Commission's cost causation precedent.[67]  Accordingly, we clarify the Commission's statement in Order No. 1920-A that transmission providers may *not* plan for the needs of a non-jurisdictional transmission provider if that non-jurisdictional transmission provider

---

[65] *Id.* at 9 (citing *FCC v. Fox Television Stations, Inc.*, 556 U.S. at 515).

[66] *See* NRECA Rehearing Request at 3, 17; WestConnect CTOs Rehearing Request at 8.

[67] *See* Remand Rehearing Order, 190 FERC ¶ 61,128 at P 28.

Docket No. RM21-17-003                                              - 22 -

has not enrolled in the transmission planning region and thereby has not agreed to any
cost allocation method applicable to selected Long-Term Regional Transmission
Facilities.[68]  Specifically, we agree with NRECA that transmission providers are not
*required* to plan for the Long-Term Transmission Needs of unenrolled non-jurisdictional
transmission providers.[69]  In *El Paso*, the U.S. Court of Appeals for the Fifth Circuit held
that the Commission's orders accepting WestConnect's coordinating transmission owner
framework were incompatible with the FPA and with the application of the cost causation
principle in Order No. 1000 because they permitted non-public utility transmission
providers to cause transmission costs to be incurred through the WestConnect regional
transmission planning process without bearing cost responsibility.[70]  The Commission
will evaluate any voluntary arrangement for regional transmission planning and cost
allocation that includes unenrolled non-jurisdictional transmission providers if and when
it comes before the Commission, and that is unaffected by Order No. 1920-A.  We

---

[68] Order No. 1920-A, 189 FERC ¶ 61,068 at P 323.  We find moot WestConnect
CTOs' arguments that the relevant language in Order No. 1920-A violates the
Commission's obligations under FPA section 202(a) and the objectives of Order
No. 1000 as well as NRECA's argument that this language conflicts with other
statements in Order No. 1920-A.  *See* WestConnect CTOs Rehearing Request at 4-5, 9;
NRECA Rehearing Request at 16-17.  Our clarification of Order No. 1920-A in relevant
part resolves these claims.

[69] *See* Order No. 1000-A, 139 FERC ¶ 61,132 at P 276 ("[T]he regional
transmission planning process is not required to plan for the transmission needs of such a
non-public utility transmission provider that has not made the choice to join a
transmission planning region."); *see also El Paso*, 76 F.4th at 362-63 (quoting the same).

[70] *El Paso*, 76 F.4th at 365-66; *id*. at 363 (discussing cost causation concerns).

Docket No. RM21-17-003                                                         - 23 -

emphasize that any transmission provider proposing to include unenrolled

non-jurisdictional transmission providers in regional transmission planning and cost

allocation, including Long-Term Regional Transmission Planning, must demonstrate that

its proposed arrangement will not result in free ridership in violation of the cost causation

principle and otherwise complies with the requirements of Order No. 1000, Order

No. 1920,            *El Paso*, and the FPA.[71]

22.     To the extent that WestConnect CTOs request that the Commission address in this

order the appropriate geographic scope of the WestConnect transmission planning region

or any other transmission planning region,[72] we decline to address such a request here

because it is outside the scope of this proceeding.[73]  We further note that the Commission

responded to these concerns in the Remand Rehearing Order and continued to find that

the WestConnect transmission planning region complies with Order No. 1000's

---

[71] *Id*. at 361-62; WestConnect Remand Order, 189 FERC ¶ 61,028 at PP 15-17.

[72] *See* WestConnect CTOs Rehearing Request at 9 n.17.

[73] The Commission has declined to evaluate the appropriate geographic scope of any particular transmission planning region in our transmission planning rules.  *See* Order No. 1000, 136 FERC ¶ 61,051 at P 160; Order No. 890, 118 FERC ¶ 61,119 at P 527. Instead, it is Commission practice to evaluate the proper scope of transmission planning regions in individual compliance or FPA section 205 proceedings.  *See, e.g.*, *Sw. Power Pool, Inc.*, 144 FERC ¶ 61,059, at P 31 (2013); *Louisville Gas & Elec. Co.*, 144 FERC ¶ 61,054, at PP 28, 30 (2013), *order on reh'g*, *Duke Energy Carolinas, LLC*, 147 FERC ¶ 61,241, at PP 46, 48 (2014); *Me. Pub. Serv. Co.*, 142 FERC ¶ 61,129, at P 21 (2013); *S. Co. Servs., Inc.*, 124 FERC ¶ 61,265, at P 71 (2008).  *See also PacifiCorp*, 170 FERC ¶ 61,298, at P 29 (2020) (evaluating scope of transmission planning region proposed pursuant to FPA section 205).

requirement that the scope of a transmission planning region should be governed by the integrated nature of the regional power grid.[74]

## III.    Regional Transmission Cost Allocation

### A.    Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods

#### 1.    Order Nos. 1920 and 1920-A

##### a.    Inclusion in Transmission Providers' Compliance Filings of Relevant State Entities' Agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process

23.    In Order No. 1920, the Commission:  (1) required transmission providers in each transmission planning region to revise their OATTs to include one or more Long-Term Regional Transmission Cost Allocation Method(s) for Long-Term Regional Transmission Facilities that are selected; and (2) permitted transmission providers to additionally revise their OATTs to include a State Agreement Process, if Relevant State Entities indicate that they have agreed to such a process.[75]

24.    The Commission also established in Order No. 1920 a six-month Engagement Period, during which transmission providers must, among other things, provide a forum for the negotiation of a Long-Term Regional Transmission Cost Allocation Method(s) and/or a State Agreement Process that enables meaningful participation by Relevant State Entities, and the Commission required transmission providers to explain on compliance

---

[74] *See* Remand Rehearing Order, 190 FERC ¶ 61,128 at PP 30-32.

[75] Order No. 1920, 187 FERC ¶ 61,068 at P 1291.

USCA4 Appeal: 25-1080     Doc: 72     Filed: 05/30/2025     Pg: 37 of 288
Document Accession #: 20250411-3071     Filed Date: 04/11/2025

Docket No. RM21-17-003                                               - 25 -

how they complied with the six-month Engagement Period requirements.[76]  The

Commission found that, if the Relevant State Entities participating in an Engagement

Period agree on a Long-Term Regional Transmission Cost Allocation Method(s) and/or

State Agreement Process and provide that Method(s) and/or State Agreement Process to

the transmission providers no later than the deadline for communicating agreement,[77] the

transmission providers may file the agreed-to Long-Term Regional Transmission Cost

Allocation Method(s) and/or State Agreement Process on compliance.  The Commission

noted, however, that the ultimate decision as to whether to file a Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process to which

Relevant State Entities have agreed will continue to lie with the transmission providers.[78]

The Commission did not impose any obligation on transmission providers to file a cost

allocation method for Long-Term Regional Transmission Facilities with which they

disagree, even if such a method were proposed to the transmission providers pursuant to a

Commission-approved State Agreement Process, unless the transmission providers have

---

[76] *Id.* PP 1354, 1357.

[77] Order No. 1920 requires that transmission providers in each transmission
planning region provide notice, such as on their OASIS or other public website, of the
deadline for Relevant State Entities to communicate their agreement on a Long-Term
Regional Transmission Cost Allocation Method(s) and/or a State Agreement Process, and
this deadline must be no earlier than the end date of the Engagement Period.  *Id.* P 1356.

[78] *Id.* PP 1359, 1363.

clearly indicated their assent to do so as part of a Commission-approved State Agreement Process in their OATT.[79]

25.    In Order No. 1920-A, the Commission set aside Order No. 1920, in part, and required that, when Relevant State Entities notify transmission providers by the deadline for communicating agreement that they agree on a Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process resulting from the Engagement Period, the transmission providers must include that method or process in the transmittal or as an attachment to their compliance filing, even if the transmission providers propose a different Long-Term Regional Transmission Cost Allocation Method or do not propose to adopt a State Agreement Process.[80]  The Commission further directed transmission providers to include in the transmittal or as an attachment to their compliance filings any information that Relevant State Entities provide to them regarding the state negotiations during the Engagement Period.[81]  As part of this requirement, the

---

[79] *Id.* P 1429.

[80] Order No. 1920-A, 189 FERC ¶ 61,126 at P 651.  The Commission clarified that, under this approach, the transmission providers decide what to submit as their actual Order No. 1920 compliance proposal, including relevant tariff language and supporting evidence or arguments, whether they decide to propose the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process or a different Long-Term Regional Transmission Cost Allocation Method.  The requirement to include Relevant State Entities' Long-Term Regional Transmission Cost Allocation Method and/or State Agreement Process as an addition to the compliance filing does not constitute a "proposal" from the transmission provider.  *Id.* P 654 n.1651.

[81] *Id.* P 651.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 39 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                    - 27 -

Commission clarified that transmission providers must include any and all supporting evidence and/or justification related to Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process that Relevant State Entities request that transmission providers include in their compliance filing.[82]

26.     The Commission found that the additional requirements adopted in Order No. 1920-A will allow the Commission to better evaluate whether transmission providers have complied with Order No. 1920's requirement to provide a forum for negotiation that enables meaningful participation by Relevant State Entities during the Engagement Period.[83]  The Commission recognized that it is critical to the success of the Long-Term Regional Transmission Planning reforms that states have an opportunity to have a significant role in the establishment of just and reasonable Long-Term Regional Transmission Cost Allocation Methods and State Agreement Processes.[84]  The Commission found that Order No. 1920, as modified in Order No. 1920-A, strikes a reasonable balance between, on the one hand, recognizing the rights and responsibilities of the Commission and transmission providers over regional transmission planning and,

---

[82] *Id.* P 655.  However, the Commission declined to require transmission providers to independently characterize this information.  For example, the Commission did not require transmission providers to separately characterize Relevant State Entities' agreement or independently justify Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process.  *Id.*

[83] *Id.* P 657 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1357).

[84] *Id.* P 649 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1415).

Docket No. RM21-17-003                                                      - 28 -

on the other, the states' critical interests in the resulting Long-Term Regional

Transmission Facilities and how the costs associated with those facilities will be

allocated.[85]

27.     Furthermore, noting that it was directing these facilitation and informational

requirements on compliance pursuant to the Commission's authority under FPA

section 206, the Commission found that these reforms do not implicate or infringe upon

transmission providers' filing rights under FPA section 205.[86]  The Commission

reiterated its determination in Order No. 1920 that existing regional transmission

planning and cost allocation requirements are unjust, unreasonable, and unduly

discriminatory or preferential under FPA section 206,[87] and that the Commission

therefore has both the authority and responsibility to "determine the just and

reasonable . . . practice . . . to be thereafter observed and in force," consistent with the

Commission's findings in Order No. 1920.[88]  The Commission explained that, pursuant

to its authority under FPA section 206, the Commission required transmission providers

to submit on compliance an *ex ante* cost allocation method.  The Commission further

explained that this compliance filing, submitted pursuant to FPA section 206, is not an

---

[85] *Id.* P 660.

[86] *Id.* P 657.

[87] *See id*. at P 652 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 113-114).

[88] *Id.* (quoting 16 U.S.C. 824e(a)).

Docket No. RM21-17-003                                                    - 29 -

FPA section 205 filing[89] and is thus distinct from any FPA section 205 filing that a

transmission provider might file in the future following compliance to propose a change

to its cost allocation method(s) for Long-Term Regional Transmission Facilities.[90]

> **b.    Commission Consideration of Relevant State Entities'
> Agreed-upon Long-Term Regional Transmission Cost
> Allocation Method(s) and/or State Agreement Processes**

28.    In Order No. 1920-A, the Commission noted that, when acting under FPA

section 206, the Commission's statutory burden is to "establish *a* just and reasonable and

not unduly discriminatory replacement rate that is supported by substantial evidence."[91]

The Commission further noted that the statute does not necessarily require the

Commission to adopt the transmission provider's proposal on compliance, even if that

proposal complies with the final rule's requirements.  Rather, the Commission need only

select a replacement rate that complies with the final rule and that is adequately supported

in the record, and then intelligibly explain the reasons for its choice.[92]

---

[89] *Id.* (citing *ISO New England Inc.*, 165 FERC ¶ 61,202 (2018), *order on reh'g*, 173 FERC ¶ 61,204, at P 8 (2020)).

[90] *Id.* (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1430).

[91] *Id.* P 658 (emphasis in original) (citing 16 U.S.C. 824e; 16 U.S.C. 825*l*(b)).

[92] *Id.* (citing *Entergy Ark., LLC v. FERC*, 40 F.4th 689, 701–02 (D.C. Cir. 2022) (*Entergy*) (noting that the Commission "is not required to choose the best solution, only a reasonable one" (first quoting *Petal Gas Storage, LLC v. FERC*, 496 F.3d 695, 703 (D.C. Cir. 2007); and then quoting *FERC v. Elec. Power Supply Ass'n*, 577 U.S. 260, 295 (2016) (*EPSA*)))).

29.     The Commission recognized that, while it generally does not consider alternate

compliance proposals other than those filed by the relevant public utility,[93] there are

"good reasons" for considering such alternatives with respect to cost allocation under

Order No. 1920.[94]  The Commission explained that states play a unique role in

Long-Term Regional Transmission Planning, as their laws, regulations, and policies drive

the need for Long-Term Regional Transmission Facilities, and they typically will have

responsibility to consider and approve the siting, permitting, and construction of

Long-Term Regional Transmission Facilities selected in a regional transmission plan.  As

such, states affect whether Long-Term Regional Transmission Facilities are timely,

efficiently, and cost-effectively developed such that customers actually receive the

benefits associated with the selection of more efficient or cost-effective transmission

solutions.[95]  The Commission further found that given the inherent uncertainty involved

in planning to meet Long-Term Transmission Needs, state-developed cost allocation

methods and State Agreement Processes take on heightened importance.[96]  The

Commission explained that this means that it will consider the entire record—including

---

[93] *Id.* P 659 (citing *PJM Interconnection, L.L.C.*, 173 FERC ¶ 61,134, at P 117 n.175 (2020); *PJM Interconnection, L.L.C.*, 119 FERC ¶ 61,318, at P 115 (2007); *ANR Pipeline Co.*, 110 FERC ¶ 61,069, at P 49 (2005)).

[94] *Id.* (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. at 515).

[95] *Id.* (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126, 268, 1293, 1362-1364, 1404, 1407, 1410-1411, 1415, 1477, 1515).

[96] *Id.* (citing Order No. 1920, 187 FERC ¶ 61,068 at P 227).

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 43 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                                - 31 -

the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost

Allocation Method(s) and/or State Agreement Process and the transmission provider's

proposal—when setting the replacement rate.  Specifically, the Commission found that it

is not required to accept a cost allocation proposal from a transmission provider on

compliance simply because it may comply with Order No. 1920 but may adopt any cost

allocation method proposed by the Relevant State Entities and submitted on compliance

so long as it complies with Order No. 1920.[97]

### 2.    Challenges to Order No. 1920-A

### a.    Statutory Filing Rights Under the FPA

### i.    Rehearing Requests

30.    Several of the rehearing requests argue that Order No. 1920-A unlawfully

impinges on transmission providers' FPA section 205 filing rights by requiring

transmission providers to include, in their transmittal or as an attachment to their

compliance filings, Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process.[98]  Multiple

---

[97] *Id.*

[98] *See, e.g.*, SPP TOs Rehearing Request at 7, 12-15 (alternately describing Order No. 1920-A as requiring transmission providers to include Relevant State Entities' preferred Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings, or as granting "preferential filing privileges" to Relevant State Entities); Indicated PJM TOs Rehearing Request at 6 (describing Order No. 1920-A as "granting filing rights" to Relevant State Entities); MISO TOs Rehearing Request at 20 (describing Order No. 1920-A a "giv[ing] filing rights to Relevant State Entities").

rehearing petitioners assert that this requirement in Order No. 1920-A is inconsistent with the division of authority set forth in the FPA, which provides public utilities with unilateral and exclusive FPA section 205 filing rights to propose rates, terms, and conditions of service, and provides the Commission with the authority to modify existing rates under FPA section 206 after finding that the existing rate is unjust, unreasonable, or unduly discriminatory or preferential.[99]

31.    Rehearing petitioners contend that requiring transmission providers to include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in transmission providers' compliance filings unlawfully conditions or encumbers transmission providers' FPA section 205 filing rights.  MISO TOs state that this requirement disrupts the balance set by FPA sections 205 and 206—allowing FPA section 206 to usurp FPA section 205—and encroaches on transmission providers' FPA section 205 filing rights.[100]  MISO TOs and

---

[99] *See, e.g.*, MISO TOs Rehearing Request at 5-7 (arguing that Order No. 1920-A disrupts the balance between the filing rights afforded to public utilities under FPA section 205 versus those afforded to the Commission under FPA section 206); *id.* at 7-8; SPP TOs Rehearing Request at 3; *id.* at 4-5 ("The FPA's distinction between section 205 and 206 filing rights is well-established and binding on the Commission."); EEI Rehearing Request at 7-8; WIRES Rehearing Request at 7-8, 10-11; Indicated PJM TOs Rehearing Request at 3-4.

[100] *See, e.g.,* MISO TOs Rehearing Request at 6-7; *id.* at 10-11; ("[T]he Commission uses its FPA section 206 authority to mandate a broad encroachment on transmission providers' FPA section 205 filing rights.  Given this encumbrance, transmission providers will be unable to exercise the full breadth of their FPA section 205 rights."); *id.* at 24-27 (arguing also that even if FPA sections 205 and 206 are ambiguous as to whether the Commission has this authority, a reviewing court will no longer afford the Commission's interpretation deference).

SPP TOs argue that states may not force public utilities to make FPA section 205 filings or require them to relinquish their filing rights to other entities.[101]  Indicated PJM TOs assert that this requirement "effectively forces utilities to cede their filing rights to others, contravening the statutory directive by Congress in [FPA] section 205 that grants utilities the exclusive right to propose their rates and terms of service."[102]

32.    Some rehearing petitioners assert that the Commission misconstrues the structure of FPA sections 205 and 206, and particularly the rights afforded to public utilities under FPA section 205.  For instance, they argue that FPA section 205 is intended for the benefit of the public utility, granting it the proactive right to initiate rate changes, in contrast to the passive role played by the Commission under that provision.[103]  Rehearing petitioners also assert that the FPA section 205 rights of public utilities to initiate rate

---

[101] *Id.* at 18 (citing *Mass. Dep't of Pub. Utils v. FERC*, 729 F.2d 886, 886-87 (1st Cir. 1984) (*Massachusetts Department of Public Utilities*)); SPP TOs Rehearing Request at 4-5 (asserting that "states may not force public utilities to make section 205 filings"); *see also id.* at 5-6 (arguing that circumstances in which public utilities voluntarily cede statutory filing rights to others are distinct from those in which the Commission attempts to encroach on those rights).

[102] Indicated PJM TOs Rehearing Request at 2; *id.* at 10-11.  *See also* EEI Rehearing Request at 6-8 (arguing that this requires utilities to file cost allocation methods they are opposed to and that the Commission did not identify text in the FPA authorizing this approach); WIRES Rehearing Request at 2, 15 (same).

[103] *See, e.g.*, MISO TOs Rehearing Request at 5-6 (citing *Emera Me. v. FERC*, 854 F.3d 9, 24 (D.C. Cir. 2017) (*Emera Maine*)); *id.* at 8-9, 11, 20, 25; Indicated PJM TOs Rehearing Request at 3-4, 19 n.69; *see also* SPP TOs Rehearing Request at 3.

Docket No. RM21-17-003                                                      - 34 -

changes are exclusive and unilateral.[104]  Rehearing petitioners further contend that public

utilities are the entities entitled to submit filings under FPA section 205 to set their rates

and initiate rate changes.[105]

33.     In addition, petitioners cite precedent that, they contend, reflects the fact that the

Commission cannot diminish public utilities' FPA section 205 filing rights and, therefore,

Order No. 1920-A's requirement for transmission providers to submit Relevant State

Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s)

and/or State Agreement Process with their compliance filings is unlawful.  Many of the

rehearing requests argue that the requirement to include Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process in transmission providers' compliance filings is contrary to

*Atlantic City Electric. Co. v. FERC*.[106]  They assert that *Atlantic City I* holds that public

utilities—and only public utilities—have FPA section 205 filing rights to propose rate

changes and that public utilities cannot be involuntarily divested of those rights as a result

---

[104] *See, e.g.*, Indicated PJM TOs Rehearing Request at 2-3, 10, 16; MISO TOs
Rehearing Request at 5, 8, 12-15; SPP TOs Rehearing Request at 5; EEI Rehearing
Request at 6-8, 12-13; WIRES Rehearing Request at 6.

[105] *See, e.g.*, WIRES Rehearing Request at 6, 8; EEI Rehearing Request at 10-11,
11 n.34; SPP TOs Rehearing Request at 9, 16 n.43, 19, 21; Indicated PJM TOs Rehearing
Request at 7.

[106] 295 F.3d 1 (D.C. Cir. 2002) (*Atlantic City I*); *see also Atl. City Elec. Co. v.
FERC*, 329 F.3d 856 (D.C. Cir. 2003) (*Atlantic City II*) (granting a petition for review
seeking to enforce the mandate of *Atlantic City I* in response to the Commission's order
on remand after *Atlantic City I*).

Docket No. RM21-17-003                                                      - 35 -

of an FPA section 206 compliance directive.[107]  Several rehearing petitioners point to

other decisions that, they contend, rejected attempts by the Commission to limit or

compromise public utilities' (or, in the parallel context of the Natural Gas Act (NGA),[108]

natural-gas companies') statutory authority to file rates.[109]  A number of the rehearing

requests also rely on *Massachusetts Department of Public Utilities*,[110] asserting that

---

[107] *See* MISO TOs Rehearing Request at 11-15 (discussing *Atlantic City I* and *Atlantic City II*, and asserting that these cases "stand as foundational determinations about the lawful statutory framework created by Congress vesting certain rights in public utilities under FPA section 205 and other rights in the Commission under section 206, and denying the Commission authority to overextend its authority under FPA section 206 when directing public utilities on compliance"); Indicated PJM TOs Rehearing Request at 2, 6, 11-12 (arguing that the requirement to include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in the transmittal or as an attachment to transmission providers' compliance filing forces transmission providers to cede their exclusive rights to Relevant State Entities and grants Relevant State Entities rights not provided by the FPA); SPP TOs Rehearing Request at 4-5, 9, 11-16; EEI Rehearing Request at 8-9 ("The precedent in *Atlantic City II*, is clear—the Commission cannot condition or encumber a utility's right under FPA section 205 to initiate rate changes, even as a result of an FPA section 206 compliance directive."); WIRES Rehearing Request at 5-6, 8, 10.

[108] 15 U.S.C. 717, *et seq.*

[109] *See, e.g.*, SPP TOs Rehearing Request at 5 (citing *NRG Power Mktg., LLC v. FERC*, 862 F.3d 108 (D.C. Cir. 2017) (*NRG Power Mktg.*); *Pub. Serv. Comm'n of N.Y. v. FERC*, 866 F.2d 487, 488-89 (D.C. Cir. 1989) (*NYPSC*); *W. Res., Inc. v. FERC*, 9 F.3d 1568, 1578 (D.C. Cir. 1993) (*Western Resources*); *Consumers Energy Co. v. FERC*, 226 F.3d 777, 780 (6th Cir. 2000); *Louisiana v. FPC*, 503 F.2d 844, 861 (5th Cir. 1974)); MISO TOs Rehearing Request at 9, 16 (citing *NRG Power Mktg.*, 862 F.3d 108; *Emera Maine*, 854 F.3d 9; *PJM Power Providers Grp. v. FERC*, 88 F.4th 250, 270 n.122 (3d Cir. 2023)).

[110] 729 F.2d at 888.

"states may not force public utilities to make section 205 filings" or require utilities to submit "'regulator-compelled' utility-proposed changes."[111]

34.    MISO TOs assert that Order No. 1920-A contravenes restrictions on the Commission's FPA section 206 authority because, by requiring attachment of Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process to transmission providers' compliance filings, it requires transmission providers to relinquish their right to file rate changes under FPA section 205 to Relevant State Entities.[112]  MISO TOs argue that the Commission in Order No. 1920 acknowledged that it could not encumber these filing rights by initially allowing transmission providers to determine which Long-Term Regional Transmission Cost Allocation Method(s) to file as part of their compliance filings.[113]  Indicated PJM TOs assert that FPA section 206 "does not authorize the Commission to provide [Relevant State Entities] with the statutory authority reserved solely to public utilities,

---

[111] SPP TOs Rehearing Request at 4-5; EEI Rehearing Request at 8 n.27; Indicated PJM TOs Rehearing Request at 6, 10; *see also* MISO TOs Rehearing Request at 9, 18, 25.

[112] MISO TOs Rehearing Request at 16-19 (arguing that this effectively forces transmission providers to make FPA section 205 filings that are not their own; also characterizing this as involuntarily transferring to Relevant State Entities the right to make FPA section 205 filings to make rate changes (citing *Atlantic City I*, 295 F.3d at 9-11; *Atlantic City II*, 329 F.3d at 858-59; *NRG Power Mktg.*, 862 F.3d at 114; *PJM Power Providers Grp.*, 88 F.4th at 270 n.122; *Emera Maine*, 854 F.3d at 24)).

[113] *See id.* at 16-17 (noting that, under Order No. 1920, filing a Relevant State Entity's proposed Long-Term Regional Transmission Cost Allocation Method was voluntary).

nor does it authorize the Commission to require public utilities to cede those rights to
[Relevant State Entities] by forcing them to submit proposals and materials prepared by
those [Relevant State Entities] that the public utilities do not support."[114]  EEI argues that,
"[b]y requiring the public utilities to file the Relevant State Entities' proposals, the
Commission is requiring those public utilities to cede their statutory rights to make filings
under the FPA to the Relevant State Entities and to provide those entities with statutory
rights that Congress did not intend them to have."[115]  SPP TOs argue that Order
No. 1920-A gives "preferential filing privileges to states that the FPA does not authorize
the Commission to grant," and thereby diminishes the FPA section 205 filing rights of
public utilities.[116]  WIRES states that the Commission does not have statutory authority to
require a public utility to file another entity's rate proposal, and that Order No. 1920-A

---

[114] Indicated PJM TOs Rehearing Request at 11-12 (citing 16 U.S.C. 824d; *Atlantic City I*, 295 F.2d at 9-11; *Massachusetts Department of Public Utilities*, 729 F.2d at 888).

[115] EEI Rehearing Request at 8 (citing *Atlantic City II*, 329 F.3d at 858-59) (arguing that the Commission "acknowledges this when it concedes that it generally does not consider alternate compliance proposals other than those filed by the relevant public utility" (quotation marks omitted)); *see id.* at 9-12 (arguing that under the FPA the Commission may not, in setting a replacement rate, divest public utilities of their filing rights and give them to Relevant State Entities).

[116] SPP TOs Rehearing Request at 13; *see id.* at 14 ("The FPA does not contemplate any party, including states, being allowed to make compliance filings on a regulated public utility's behalf.  Nor does it authorize third parties to somehow join or commandeer a public utility's compliance filing."); *id.* at 17 ("The fact that states are unable to file cost allocation methods themselves and must instead either comment on transmission providers' proposals or file section 206 complaints is exactly what the FPA requires." (quotation marks omitted)).

does not reflect a "mere change in the filing process" but rather a substantive change that the Commission is not authorized to make.[117]  WIRES further argues that Order No. 1920-A effectively elevates states to the equivalent of public utilities in requiring that their proposals be included in the compliance filing, which will be assessed under the same just and reasonable standard articulated in FPA section 205.[118]

35.    Many rehearing petitioners also contest the Commission's explanation for why this compliance filing requirement was statutorily permissible.  MISO TOs assert that the Commission's explanation that a Relevant State Entity's proposed method or process does not constitute a "proposal" is an "empty formalism with no grounding in the statutory text" that does not change the impact of the requirement on transmission

---

[117] WIRES Rehearing Request at 11-12; *id.* at 13 ("[B]y requiring a transmission provider to include in its compliance filing a state-agreed upon method or process, the transmission provider is forced to share its statutory filing rights with another entity under a just and reasonable standard.").

[118] *See id.* at 13-14 (arguing that the Commission has not previously taken the approach set forth in Order No. 1920-A and that, as the Commission recognizes, transmission planning is the tariff obligation of transmission providers); *see also id.* at 10-11 ("Procedurally, the public utility's obligation under compliance is the same as that under FPA section 205, *i.e.*, the public utility must submit a just and reasonable rate."); *id.* at 15-16 ("Whether a filing is submitted under FPA section 205 or 206, the public utility's filing is equally subject to a just and reasonable standard, as both statutory provisions ultimately rely on the same standard."); *cf.* SPP TOs Rehearing Request at 30 (claiming that "[t]he Commission failed to acknowledge that it was changing policy when it decided to afford public utility and state proposals equal status when the Commission's previous approach was to favor compliance proposals by the regulated entities that were the actual subject of compliance mandates").

providers' FPA section 205 filing rights.[119]  WIRES similarly argues that, despite this

clarification and the fact that transmission providers are not required to characterize or

justify the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost

Allocation Method(s) and/or State Agreement Process,[120] the compliance requirement

remains unlawful because neither states nor Relevant State Entities are public utilities

entitled to make FPA section 205 filings.[121]

36.     MISO TOs argue that the Commission's distinction between FPA section 205

filings and compliance filings under FPA section 206 is a "hollow explanation" that does

not allow the Commission to give filing rights to Relevant State Entities in violation of

the FPA or require public utilities to cede their filing rights under FPA section 205.[122]

SPP TOs acknowledge that Commission precedent distinguishes between FPA

section 205 filings and compliance filings under FPA section 206,[123] but still contend that

Order No. 1920-A's mandates are unlawful because they are forced encroachments on

---

[119] MISO TOs Rehearing Request at 19 (quoting Order No. 1920-A, 189 FERC
¶ 61,126 at P 654 n.1651).

[120] WIRES Rehearing Request at 13 (quoting Order No. 1920-A, 189 FERC
¶ 61,126 at PP 654 n.1651, 655).

[121] *See id.*

[122] MISO TOs Rehearing Request at 19-20.

[123] SPP TOs Rehearing Request at 3-4 (citing *N.Y. Indep. Sys. Operator, Inc.*,
131 FERC ¶ 61,242, at P 32 (2010); *PJM Interconnection, L.L.C.*, 85 FERC ¶ 61,111,
at 61,413 (1998); *PJM Interconnection, L.L.C.*, 142 FERC ¶ 61,214, at PP 5-7, 21
(2013)).

Docket No. RM21-17-003                                                          - 40 -

public utility filing rights under the FPA, which may only be relinquished voluntarily.[124]

EEI also recognizes that a compliance filing under FPA section 206 is not a change

initiated by a public utility but rather one directed by the Commission,[125] but asserts that,

even if the Commission were to act pursuant to FPA section 206 or via rulemaking,

whatever rate or regulation the Commission establishes may not usurp the rights of public

utilities to file proposed rates.[126]

37.     SPP TOs argue that the Commission has rejected attempts to use compliance

filings to bypass the FPA's filing requirements and circumvent FPA notice requirements,

and that the Commission has recognized that it could not circumvent these requirements

even by invoking FPA section 309.[127]  They contend that the Commission's approach

could lead it to improperly "bypass" FPA sections 205 and 206 in future cases, e.g., in

complaint proceedings, by authorizing "favored parties to include their preferred

alternative remedies in other parties' compliance filings without first having to make the

first step showings under FPA section 206 that are normally required of complainants or

---

[124] *See id.* at 4-5 ("Courts have firmly rebuffed various attempts to alter the FPA framework, especially when the purpose was to weaken public utilities' ability to independently exercise their statutory filing rights."); *id* at 6.

[125] EEI Rehearing Request at 8-9 (citing *S. Co. Servs, Inc.*, 61 FERC ¶ 61,339, at 62,328-29 (1992), *order on reh'g*, 63 FERC ¶ 61,217 (1993)).

[126] *Id*. at 9 (citing *Atlantic City I*, 295 F.3d at 10-11).

[127] SPP TOs Rehearing Request at 15 (citing 16 U.S.C. 825h; *PJM Interconnection, L.L.C.*, 178 FERC ¶ 61,083, at P 29 (2022)).

Docket No. RM21-17-003             - 41 -

protestors."[128]  SPP TOs claim that Order No. 1920-A's attempt to weaken FPA

sections 205 and 206's statutory constraints wrongly attempts to resolve a "major

question" under the statute in ways that Congress did not authorize and could not have

foreseen.[129]

38.     Indicated PJM TOs argue that Order No. 1920-A's requirement to include

Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process in transmission providers' compliance filings

intrudes into the decision making processes of public utilities as to whether to submit a

filing under FPA section 205.[130]  Indicated PJM TOs state that these are "internal

decisions by the public utility determined by its governing authority" that are beyond the

Commission's authority to regulate and contrary to the "passive role" assigned to the

Commission under FPA section 205.[131]  They assert that this requirement is a "direct

intervention into a public utility's decision regarding what to file even before the filing is

---

[128] *Id*. at 15 & n.39 ("The states or third parties would not have to show that the existing rates were unjust and unreasonable as they would under section 206.").

[129] SPP TOs Rehearing Request at 17-18 (citing *Biden v. Neb.*, 143 S. Ct. 2355, 2374 (2023); *W. Va. v. EPA*, 597 U.S. 697, 724 (2022)).

[130] Indicated PJM TOs Rehearing Request at 2-3, 6-7, 12-15.

[131] *Id.* at 12-15 (also arguing that under *EPSA*, 577 U.S. 260 and *Cal. Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 403 (D.C. Cir. 2004) (*CAISO*), the Commission's authority is limited to regulating practices directly affecting jurisdictional rates and does not extend to regulating how a public utility makes decisions).

made" and not a "practice affecting a rate" subject to Commission regulation.[132]

Indicated PJM TOs further assert that Commission precedent addressing RTO/ISO

governance is not relevant, as the two cases addressing participation in the bodies that

vote on rate proposals were decided prior to the Supreme Court's decision in *Loper*

*Bright Enterprises v. Raimondo*, did not "advance[ ] to judicial review," and did not

"address[ ] the D.C. Circuit's decision in *CAISO*."[133]

39.    EEI, SPP TOs, and WIRES assert that there are other avenues for parties to be

heard with respect to cost allocation, such that infringing on transmission providers' FPA

section 205 rights is not necessary or justified.  EEI argues that parties may file protests

to a transmission provider's compliance filing if they wish to advocate for an alternative

approach.[134]  SPP TOs argue that, because states are not authorized to file cost allocation

proposals, they are limited to commenting on or protesting transmission providers'

proposals or filing FPA section 206 complaints.[135]  WIRES argues that there are ways of

evaluating whether transmission providers have provided state regulators with a formal

---

[132] *Id.* at 14 (citing *Atlantic City I*, 295 F.3d at 10).

[133] *Id.* at 15 (citing *PJM Interconnection, L.L.C.*, 154 FERC ¶ 61,147, *order on reh'g,* 157 FERC ¶ 61,229 (2016); *New England Power Pool Participants Comm.*, 166 FERC ¶ 61,062 (2019)).

[134] EEI Rehearing Request at 9-10 (arguing that "[t]he Commission fails to explain what procedural infirmity would be created by requiring Relevant State Entities and other stakeholders to provide comments and feedback on these filings throughout the traditional regulatory process" and that the approach adopted in Order No. 1920-A could lead to confusion as to which proposal to provide feedback on); *see also id.* at 12.

[135] SPP TOs Rehearing Request at 17-18; *see also id.* at 15-16, 18-19.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 55 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 43 -

opportunity to develop a Long-Term Regional Transmission Cost Allocation Method

other than compelling transmission providers to include Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process in their compliance filing, but that Order No. 1920-A adopts an

adversarial approach of dueling compliance proposals.[136]

40.    MISO TOs assert that, under Order No. 1920-A, the Commission is particularly

likely to accept Relevant State Entities' Long-Term Regional Transmission Cost

Allocation Methods rather than transmission providers proposals because they assert that

Order No. 1920-A provides that Relevant State Entities' proposals "will be afforded

heightened preference over transmission providers' own proposals."[137]  MISO TOs argue

that accepting Relevant State Entities' cost allocation method over the transmission

provider's proposed cost allocation method would "subvert[ ] future FPA section 205

filings related to that rate scheme in a manner that disfavors the transmission provider's

FPA section 205 proposals."[138]

41.    Indicated PJM TOs and SPP TOs argue that, in claiming that the Commission

need not accept a transmission provider's proposal on compliance even if the proposal

complies with the final rule's requirements, the Commission's reliance on

---

[136] WIRES Rehearing Request at 14.

[137] MISO TOs Rehearing Request at 7; *see id.* at 24-25 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 659); *id.* at 9, 33-37.

[138] *Id.* at 24-25.

*Entergy Arkansas, LLC v. FERC* is misplaced.[139]  They contend that *Entergy* is inapposite because the Commission there rejected MISO's compliance filing before selecting a different replacement rate.[140]  SPP TOs argue that the Commission can accept a proposed replacement rate from a third party (including Relevant State Entities) only after finding that the transmission provider's compliance filing does not comport with the Commission's directives.[141]

42.    Indicated PJM TOs assert that the preference the Commission has articulated in its precedent for accepting public utilities' compliant, just and reasonable proposals rather than competing proposals[142] is, in fact, mandated by the FPA.[143]  Indicated PJM TOs state that FPA sections 205 and 206 are part of a single statutory structure under which rates

---

[139] Indicated PJM TOs Rehearing Request at 22-23 (citing *Entergy*, 40 F.4th at 701-02); SPP TOs Rehearing Request at 18-19 n.49 (same); *see* Order No. 1920-A, 189 FERC ¶ 61,126 at P 658 & n.1656.

[140] Indicated PJM TOs Rehearing Request at 22-23; SPP TOs Rehearing Request at 18-19 & n.49 ("[S]tates, like every other third party, should have to show that a public utility's proposed replacement rate does not satisfy compliance directives before their preferred alternatives are considered.").

[141] SPP TOs Rehearing Request at 14-15.

[142] *See infra* P 74 (summarizing arguments that the Commission departed from this precedent without adequate explanation).

[143] Indicated PJM TOs Rehearing Request at 17-18 (arguing that "[t]he statutory structure of the FPA requires the Commission give preference to the proposal submitted on compliance by public utilities" and the Commission "cannot simply choose the one it likes best" (citing *United Gas Pipe Line Co. v. Mobile Gas Serv. Corp.*, 350 U.S. 332, 340-41 (1956))); *see id.* at 20 ("This preference for the public utility's proposal is the only interpretation that conforms with the statutory text of the FPA.").

Docket No. RM21-17-003                                                    - 45 -

are initially established by the utility, such that the Commission must give preference to

compliance proposals by public utilities over those by other entities.[144]

43.    Indicated PJM TOs also assert that Order No. 1920-A "did not prescribe a specific

replacement rate," instead maintaining a "light touch" and providing flexibility to

transmission providers as to their compliance filings on cost allocation, and therefore

"forwent its opportunity to establish a specific replacement rate pursuant to

section 206."[145]  Indicated PJM TOs further maintain that the Commission's approach in

Order Nos. 1920 and 1920-A is inconsistent with FPA section 206, which Indicated PJM

TOs state requires that the replacement be "fixed by rule or by a later order on

compliance, but not by both."[146]  As a result, Indicated PJM TOs claim that "any later

filing made by the public utility to ensure that the public utility is compliant with the

Commission's rules is made pursuant to section 205"[147] such that the Commission's

"only recourse is to consider whether the rate submitted by the public utility on

compliance is just and reasonable."[148]  WIRES similarly argues that the Commission did

---

[144] *See id.* at 17.

[145] *Id.* at 27-28.

[146] *Id.* at 27 n.102 (citing 16 U.S.C. 824e(a); *Indep. Energy Producers Ass'n v. Cal. Indep. Sys. Operator Corp.*, 128 FERC ¶ 61,165, at PP 21-26 (2009)).

[147] *Id.* at 27-28 n.102.

[148] *Id.* at 28; *see also, e.g.*, *id.* at 3-4 ("Unless the Commission prescribes the specific replacement rate, the Commission must accept the utility's filing if it is just and reasonable, even if the Commission prefers a different rate."); *id.* at 5, 7-8.

Docket No. RM21-17-003          - 46 -

not "take the initiative in setting the replacement rates" but instead directed transmission providers on compliance to submit just and reasonable cost allocation methods consistent with the requirements of Order No. 1920, such that "the public utility need only propose a just and reasonable replacement rate in compliance with the Commission order."[149]

44. SPP TOs argue that certain Commission precedent cited in Order No. 1920-A[150] does not support—and, in fact, undermines—the requirement that transmission providers submit Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process with transmission providers' compliance filings.[151]

### ii. Commission Determination

45. For the reasons below and those stated in Order No. 1920-A, we sustain the Commission's determination in Order No. 1920-A requiring transmission providers to include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process resulting from the Engagement Period, and associated information provided to transmission providers regarding the state

---

[149] WIRES Rehearing Request at 10-11.

[150] Order No. 1920-A, 189 FERC ¶ 61,126 at P 658 & n.1657 (citing *PJM Interconnection, L.L.C.*, 173 FERC ¶ 61,134 at P 117 n.175; *PJM Interconnection, L.L.C.*, 119 FERC ¶ 61,318 at P 115; *ANR Pipeline Co.*, 110 FERC ¶ 61,069 at P 49) (reflecting that the Commission typically does not consider alternative proposals on compliance).

[151] *See* SPP TOs Rehearing Request at 16-17 & n.43 (arguing that these cases involved acceptance of and/or giving greater weight to transmission providers' compliance filings or settlement proposals).

Docket No. RM21-17-003                                                          - 47 -

negotiations during the Engagement Period, in transmission providers' transmittal or as an attachment to their Order No. 1920 regional transmission planning and cost allocation compliance filings.[152]  We further sustain the Commission's determination that, pursuant to its FPA section 206 authority, it will consider the entire record—including any agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and the transmission providers' proposal—when setting the replacement rate.[153]

> **(a)     The Statutory Text and Structure, and Applicable Precedent, Support the Commission's Order No. 1920-A Approach**

46.    Order No. 1920-A requires that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and associated information in the transmittal or as an attachment to their Order No. 1920 compliance filings and provides for the Commission's consideration of the entire record, which includes proposals from transmission providers and attachments to transmission providers' filings, when finalizing the replacement rate.  The challenges raised on rehearing to both of these aspects of Order No. 1920-A incorrectly treat filings to comply with Order Nos. 1920 and

---

[152] Order No. 1920-A, 189 FERC ¶ 61,126 at PP 651, 654-655.

[153] *Id.* P 659.  As discussed further below, pursuant to FPA section 205, transmission providers retain their discretion over whether to make and the contents of any future FPA section 205 filings, and Order No. 1920-A's requirements do not affect that discretion.  *See infra* PP 69, 118.

Docket No. RM21-17-003                                                                - 48 -

1920-A as arising under or implicating FPA section 205, which sets forth public utilities'

filing rights and obligations.  Rather, these aspects of Order No. 1920-A arise from FPA

section 206, which sets forth the Commission's authority to determine and fix by order a

replacement rate after appropriate findings.[154]  The compliance filings required by Order

Nos. 1920 and 1920-A are a tool to implement the Commission's authority under FPA

section 206, and do not implicate public utilities' rights and obligations under FPA

section 205.  Thus, we address at the outset the statutory text and structure of the FPA, as

well as relevant Commission and judicial decisions, in addressing these arguments.

47.      Order Nos. 1920 and 1920-A were issued pursuant to Commission-initiated

proceedings under FPA section 206.[155]  As the Commission stated in Order No. 1920-A,

having determined that the Commission's existing regional transmission planning and

cost allocation requirements are unjust, unreasonable, and unduly discriminatory or

preferential under FPA section 206, "[t]he Commission thus had both the authority and

responsibility to 'determine the just and reasonable . . . practice . . . to be thereafter

observed and in force.'"[156]  The Commission required the submission of compliance

filings to assist in effectuating the Commission's authority under FPA section 206,

---

[154] 16 U.S.C. 824d (setting forth public utility filing rights and obligations); 16 U.S.C. 824e (setting forth power of Commission to fix rates and charges).

[155] *See Bldg. for the Future Through Elec. Reg'l Transmission Plan. & Cost Allocation & Generator Interconnection*, 179 FERC ¶ 61,028, at P 1 (2022) (NOPR); Order No. 1920, 187 FERC ¶ 61,068 at P 1; Order No. 1920-A, 189 FERC ¶ 61,126 at PP 1, 652.

[156] Order No. 1920-A, 189 FERC ¶ 61,126 at P 652 (quoting 16 U.S.C. 824e(a)).

Docket No. RM21-17-003                                                                      - 49 -

explaining in Order No. 1920-A that "[t]his compliance filing submitted pursuant to FPA

section 206 is not an FPA section 205 filing."[157]

48.    While FPA sections 205 and 206 embody a complementary structure for

regulating the rates and practices of public utilities, they are distinct provisions which

assign rights and responsibilities to different entities under different circumstances.  FPA

section 205 requires that the public utility, subject to Commission oversight, "file with

the Commission . . . schedules showing all rates and charges for any transmission or sale

subject to the jurisdiction of the Commission, and the classifications, practices, and

regulations affecting such rates and charges."[158]  FPA section 206(a), by contrast,

delineates the authority of the Commission—the subject of the provision—to modify

public utilities' existing rates on appropriate findings and, itself, determine and fix by

order the just and reasonable rate, charge, classification, rule, regulation, practice, or

contract to be observed and in force.[159]

49.    The express text of FPA section 206 does not provide public utilities with

statutory filing rights with respect to the just and reasonable replacement rate following a

---

[157] *Id.* (citing *ISO New England Inc.*, 173 FERC ¶ 61,204 at P 8).

[158] 16 U.S.C. 824d(c); *cf. id.* 824d(a) (requiring that "[a]ll rates and charges made, demanded, or received by any public utility for or in connection with the transmission or sale of electric energy subject to the jurisdiction of the Commission, and all rules and regulations affecting or pertaining to such rates or charges shall be just and reasonable, and any such rate or charge that is not just and reasonable is hereby declared to be unlawful").

[159] 16 U.S.C. 824e(a) (providing that "the Commission shall determine" the replacement rate and "shall fix the same by order").

finding that existing rates are unjust, unreasonable, or unduly discriminatory or preferential.  Rather, the authority to "determine the just and reasonable rate, charge, classification, rule, regulation, practice, or contract to be thereafter observed and in force" is vested in the Commission, and—in Commission-initiated proceedings under FPA section 206—the Commission must find that the replacement rate it determines and fixes meets the statutory criteria.[160]  To implement this authority the Commission frequently requires public utilities to submit compliance filings, as it did in Order Nos. 1920 and 1920-A, which the Commission will review and address in further orders.[161]

50.    As the D.C. Circuit held in discussing what it means to "'fix' a rate within the meaning of [FPA section 206]," when the Commission determines that an existing rate is

---

[160] *Id.*; *see E. Tenn. Nat. Gas Co. v. FERC*, 863 F.2d 932, 937 (D.C. Cir. 1988) (explaining that, under the parallel provisions of the NGA, "[w]hen review of existing rates is initiated by the Commission, . . . the burden of proving that the existing rates are unjust or unreasonable, and that those it orders in replacement are just and reasonable, rests with [the Commission]"); *ISO New England Inc.*, 153 FERC ¶ 61,224, at P 24 (2015) ("The Commission did not place the burden on Connecticut and Rhode Island to prove that the dynamic de-list bid threshold [proposed in a compliance filing] was unreasonable.  Rather, the Commission affirmatively found the dynamic de-list bid threshold to be just and reasonable.").

[161] *See, e.g.*, *Improvements to Generator Interconnection Procs. & Agreements*, Order No. 2023, 184 FERC ¶ 61,054, at P 1762, *order on reh'g*, 185 FERC ¶ 61,063 (2023), *order on reh'g*, Order No. 2023-A, 186 FERC ¶ 61,199, *errata notice*, 188 FERC ¶ 61,134 (2024); *Participation of Distributed Energy Res. Aggregations in Mkts. Operated by Reg'l Transmission Orgs. & Indep. Sys. Operators*, Order No. 2222, 172 FERC ¶ 61,247, at P 360 (2020), *order on reh'g*, Order No. 2222-A, 174 FERC ¶ 61,197 (2021).  This particular compliance process, however, is not prescribed by the statute and by no means required.  *See Elec. Dist. No. 1 v. FERC*, 774 F.2d 490, 494 (D.C. Cir. 1985) (*Electrical District*) (explaining that the Commission may instead "complete the process itself and fix the rates in its initial order").

unjust and unreasonable, it is not "inevitable that the Commission has the obligation to end an unlawful rate from the moment it finds unlawfulness."[162]  The court therefore rejected the Commission's argument that a replacement rate necessarily must go into effect as of the date the Commission finds that an existing rate is not lawful under the FPA, rather than the effective date provided when the Commission determines and fixes the replacement rate on compliance.[163]  This decision underscores that the Commission's authority and responsibility under FPA section 206 to fix the replacement rate continued, in the Order Nos. 1920 and 1920-A context,  from the point at which the Commission determines that existing rates are unlawful and requires compliance filings until the Commission fixes the replacement rate by order.[164]  The submission and Commission

---

[162] *Electrical District*, 774 F.2d at 492.  The D.C. Circuit later explained how this decision could be reconciled with *Pub. Serv. Co. of New Hampshire v. FERC*, 600 F.2d 944 (D.C. Cir. 1979), which applied a seemingly lower standard with respect to the necessary notice required under the FPA as to certain types of rates.  *See Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 577-78 (D.C. Cir. 1990).  The reconciliation of these cases does not affect the relevance of the analysis from the D.C. Circuit discussed herein regarding the Commission's ongoing FPA section 206 authority.

[163] *See Electrical District*, 774 F.2d at 492 ("Or to use a more remote analogy, it is not the case that once a court has concluded that a particular action challenged before it is unlawful it must immediately issue an injunction, instead of taking time for further deliberations necessary to determine what the precise terms of that injunction should be."); *see also Kern River Gas Transmission Co.*, 133 FERC ¶ 61,162, at P 22 (2010) (*Kern River*) ("Since *Electrical District*, the Commission's general practice in determining the effective date of rate changes ordered pursuant to NGA section 5 has been to follow the approach suggested by the court in that case.").

[164] *See Electrical District*, 774 F.2d at 492 (citing FPA section 206(a), 16 U.S.C. 824e(a), as establishing "the procedures that the statute establishes for adjusting unlawful rates" and finding that these procedures for the Commission to follow in fixing the replacement rate by order, pursuant to the statutory text are "not at all ambiguous").

consideration of compliance filings pursuant to those orders, and the Commission's

subsequent determination of the replacement rate, are thus later stages occurring as part

of a continuing process under FPA section 206, not under FPA section 205.[165]

Accordingly, the Commission has distinguished compliance filings that assist the

Commission's exercise of its authority under FPA section 206 from other filings made by

public utilities under the distinct rights afforded to them under FPA section 205.[166]

51.    FPA section 206 does not prevent the Commission, after having found an existing

rate unjust and unreasonable, from choosing in a specific rulemaking proceeding to

---

[165] *See id.*  Similarly, *Entergy* recognizes that the Commission may select the just
and reasonable rate in an FPA section 206 proceeding and that its authority to do so
remains intact throughout the compliance process.  40 F.4th at 701-02.  This stands in
contrast to FPA section 205 proposals where the Commission's role is passive and
reactive.  *See City of Winnfield, La. v. FERC*, 744 F.2d 871, 876 (D.C. Cir. 1984) (*City of
Winnfield*); *NRG Power Mktg.*, 862 F.3d at 114.

[166] *See, e.g.*, *ISO New England Inc.*, 173 FERC ¶ 61,204 at P 8 (explaining that a
filing from ISO-NE would be considered as a new FPA section 205 filing, rather than a
compliance filing related to an FPA section 206 investigation, because the Commission
"did not make a finding that ISO-NE's tariff was unjust and unreasonable without such
revisions, a necessary precursor to the Commission considering ISO-NE's tariff revisions
as a compliance filing setting forth a proposed replacement rate"); *N.Y. Indep. Sys.
Operator, Inc.*, 131 FERC ¶ 61,242 at P 32 (stating that "the Commission has always
treated compliance filings differently than a company-initiated rate change application
filed pursuant to section 205 of the FPA," including that they are not subject to the
60-day prior notice requirement under section 205(d) of the FPA); *Ameren Servs. Co. v.
Midwest Indep. Transmission Sys. Operator, Inc.*, 132 FERC ¶ 61,186, at P 28 (2010)
(finding that aspects of a filing exceeded the scope of compliance and should, instead,
have been submitted under FPA section 205); *PJM Interconnection, L.L.C.*, 85 FERC
¶ 61,111 at 61,413 ("Although PJM purported to file its market monitoring plan in part
pursuant to Section 205 of the FPA, it was in fact a filing in compliance with Ordering
Paragraph V of the November 25 Order.  Such compliance filings are pursuant to a
Commission directive and are not subject to the procedures of Section 205(d).") (cleaned
up).

consider the approaches of entities other than the public utility to inform the Commission's determination of the replacement rate;[167] rather, it states that "the Commission shall determine the just and reasonable rate" to be thereafter observed and in force.[168]  It also does not preclude the Commission from requiring that transmission providers submit Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process with transmission providers' compliance filings.[169]  Neither does FPA section 205, which governs the distinct process of a public utility filing its own rates in the first instance, subject to Commission oversight,[170] rather than the determination of a replacement rate by the Commission after appropriate findings under FPA section 206.  Moreover, that a public utility is the entity that submits a compliance filing does not transform that

---

[167] As discussed below, Order No. 1920-A's approach to considering compliance filings on cost allocation represents a limited departure, in these particular circumstances, from the Commission's typical approach of adopting public utilities' proposals in compliance filings if they are compliant with the requirements of the final rule.  *See infra* PP 86-87.

[168] 16 U.S.C. 824e(a).

[169] *See* 16 U.S.C. 824e(a), (b) (setting forth certain procedural requirements relating to proceedings under FPA section 206, which do not include such restrictions); *see also Interstate Nat. Gas Ass'n of Am. v. FERC*, 285 F.3d 18, 38–39 (D.C. Cir. 2002) (*INGAA*) (holding under parallel provisions of the NGA that "the Commission has authority under [NGA section] 5 to order hearings to determine whether a given pipeline is in compliance with FERC's rules . . . and under [NGA sections] 10 and 14 to require pipelines to submit needed information for making its [NGA section] 5 decisions"); 16 U.S.C. 825c(a), 825f(a), 825h.

[170] *See* 16 U.S.C. 824d.

submission into an FPA section 205 filing, subject to the requirements of that

provision.[171]   A contrary conclusion would fail to recognize and give effect to the distinct

and express statutory authority afforded to the Commission in FPA section 206, which

arises pursuant to specific statutory findings and which, once triggered, is subject to

different requirements than FPA section 205 filings.

52.    We agree with rehearing petitioners that FPA section 205 expressly provides

public utilities with statutory filing rights.  But when considered in the correct statutory

context, the arguments on rehearing that the Commission has intruded on those public

utilities' FPA section 205 filing rights by:  (1) requiring that public utilities attach to their

compliance filings Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process and associated

information; or (2) considering, and potentially adopting, Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process in determining the replacement rate, are not persuasive.[172]   These

aspects of Order No. 1920-A were adopted pursuant to FPA section 206, to assist in

building the record for the Commission's exercise of its own authority to determine and

fix the just and reasonable rate, as well as in monitoring compliance with the

requirements related to the Engagement Period and efficiently considering the views of

---

[171] *See supra* P 50 & note 166 (discussing cases distinguishing compliance filings
made by public utilities, which the Commission and courts consistently and correctly
treated as made under FPA section 206, from FPA section 205 filings).

[172] *See supra* PP 30-31.

Docket No. RM21-17-003                                                                          - 55 -

both Relevant State Entities and transmission providers.  FPA section 205 is not

implicated by these aspects of Order No. 1920-A and arguments to the contrary conflate

compliance filings to assist the Commission in implementing its authority under FPA

section 206 with public utilities' rate filings under FPA section 205.

53.      Efforts to connect public utilities' FPA section 205 rights to this distinct FPA

section 206 process by appealing to the structure of FPA sections 205 and 206[173] are

misplaced for similar reasons; these arguments incorrectly blur the line between the

separate authorities assigned in FPA sections 205 and 206.  As the petitioners seeking

rehearing observe, public utilities have the statutory right under FPA section 205 to file

proposals to set and revise their rates of their own initiative in the first instance, and

under that section, the Commission plays an essentially passive role in reviewing—and

then accepting or rejecting—those proposals based on their consistency with the statutory

requirements.[174]  And as discussed below, public utilities retain their discretion as to

whether to file—or not file—those proposals using this FPA section 205 authority.[175]

But as to existing, Commission-approved rates, the FPA separately assigns to the

Commission under FPA section 206 the authority to review those rates of its own

---

[173] *See supra* P 32.

[174] *See, e.g.*, EEI Rehearing Request at 13; Indicated PJM TOs Rehearing Request
at 2-4; MISO TOs Rehearing Request at 5-6; SPP TOs Rehearing Request at 3, 5-6;
WIRES Rehearing Request at 8.

[175] *See infra* P 118.

initiative or in response to a complaint.[176]  Upon appropriate findings, the

Commission—not the public utility—has the authority itself to determine and fix the

replacement rate,[177] including determining such rate through the use of compliance

filings.[178]  Subsequently, public utilities may seek to revise that Commission-determined

replacement rate through the exercise of their FPA section 205 rights.[179]  FPA

sections 205 and 206 are thus complementary provisions under a coherent statutory

structure, but they embody a statutorily-imposed division of rights and responsibilities

between public utilities under FPA section 205 and the Commission under FPA

section 206.[180]

---

[176] 16 U.S.C. 824e(a).

[177] *Id.*; *see also FirstEnergy Serv. Co. v. FERC*, 758 F.3d 346, 353 (D.C. Cir. 2014) (stating that, under FPA section 206, "[i]t is the Commission's job—not the petitioner's—to find a just and reasonable rate." (internal quotations omitted)).

[178] Arguments on rehearing attempting to conflate compliance filings under FPA section 206 with public utilities' filings under FPA section 205 because both are evaluated based on a just and reasonable standard, *see, e.g.*, WIRES Rehearing Request at 14-15, incorrectly blur the lines between these two distinct statutory provisions.

[179] *See, e.g.*, *PJM Power Providers Grp. v. FERC*, 88 F.4th at 270 n.122 (describing the statutory structure and stating that public utilities may seek, through FPA section 205 filings, to modify rates set by the Commission under FPA section 206).

[180] *See, e.g.*, *Emera Maine*, 854 F.3d at 24 (describing this division, where FPA section 205 is intended for the benefit of the utility, but FPA section 206 has a "quite different" purpose of empowering the Commission to modify rates upon complaint or its own initiative, with "entirely different" and "stricter" procedures, such as the burden of proof and required two-step findings under FPA section 206 (quotation marks and citations omitted)).

Docket No. RM21-17-003                                                                - 57 -

54.     Nor does the precedent that the rehearing requests rely on[181] to claim that Order

No. 1920-A unlawfully intrudes on public utilities' FPA section 205 filing rights support

this argument.[182]  These cases do not address the context—applicable here—of how the

Commission may exercise its authority, under FPA section 206, to determine the just and

reasonable replacement rate, including how or from whom it obtains views concerning

the replacement rate or which replacement rate it may determine and fix.  Rather, they

arise in proceedings under different statutory provisions—particularly including FPA

section 205 and the parallel context of NGA section 4[183]—as discussed in greater detail

below.  As a result, none of these cases support the conclusion that the Commission

intrudes on FPA section 205 when it exercises its authority under FPA section 206 by

requiring that public utilities attach to their compliance filings Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process and associated information or by potentially adopting that

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process in determining the replacement rate.

---

[181] *See, e.g.*, *Atlantic City I*, 295 F.3d at 9-11; *Atlantic City II*, 329 F.3d at 858-59; *NRG Power Mktg.*, 862 F.3d at 114; *Western Resources*, 9 F.3d at 1578; *Massachusetts Department of Public Utilities*, 729 F.2d at 886-88.

[182] *See supra* P 33 (summarizing the arguments by rehearing petitioners asserting that Order No. 1920-A is contrary to judicial precedent relating to public utilities' FPA section 205 filing rights).

[183] 15 U.S.C. 717c.

55.     *Atlantic City I* provides a straightforward example of this distinction.  The D.C.

Circuit there rebuffed a Commission attempt, under FPA section 205,[184] to require that

public utilities cede to an ISO their FPA section 205 right to make unilateral changes in

rate design, terms or conditions of service such that "only the ISO could propose changes

in rate design."[185]  The court held that the Commission "lacks the authority to require the

petitioners to cede their right under [FPA] section 205 . . . to file changes in rate design

with the Commission,"[186] explaining that the Commission was "attempting to deny the

utility petitioners the very statutory rights given to them by Congress."[187]  Here, by

contrast, public utilities retain all of their rights to file proposed rate changes under FPA

section 205.  Order No. 1920-A's approach to cost allocation in compliance filings, under

which transmission providers must attach or include Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process and associated material in transmission providers' compliance filings and the

Commission may consider and adopt Relevant State Entities' agreed-upon Long-Term

Regional Transmission Cost Allocation Method(s) and/or State Agreement Process, is

---

[184] 16 U.S.C. 824d.

[185] *Atlantic City I*, 295 F.3d at 7; *see id.* at 9 ("FERC disapproved this sharing arrangement and directed the utility petitioners to give up all authority to make unilateral changes to rate design.").

[186] *Id.* at 11.

[187] *Id.* at 9.

Docket No. RM21-17-003                                                            - 59 -

pursuant to the Commission's authority to set a replacement rate in FPA section 206

proceedings.[188]

56.    Other cases that the rehearing requests rely on are similarly inapposite because

they rejected attempts by the Commission or its predecessor, the Federal Power

Commission (FPC), to modify public utilities' FPA section 205 filings or natural gas

companies' NGA section 4 filings, without first exercising its authority and carrying its

burden under FPA section 206 or NGA section 5, as appropriate.[189]  Also distinguishable

are cases involving Commission attempts—in NGA section 4 proceedings—to require

that natural gas companies refile their rates at regular intervals, rather than the

---

[188] *Atlantic City II* is inapposite for the same reason, as that decision involved a
petition to enforce the mandate of *Atlantic City I* where the Commission "rather than
simply vacating the offending portions of its prior order . . . commanded the utilities
comprising the ISO to relitigate before it the very issues upon which they had theretofore
prevailed before th[e] court."  *Atlantic City II*, 329 F.3d at 858; *see also id.* at 859 ("[W]e
reaffirm and clarify our prior decision that [the Commission] has no jurisdiction to enter
limitations requiring utilities to surrender their rights under [section] 205 of the FPA to
make filings to initiate rate changes.").

[189] *See NRG Power Mktg.*, 862 F.3d at 110, 114-17 & n.2 (explaining that, in FPA
section 205 proceedings, the Commission may not unilaterally impose a new rate scheme
of its own making without the consent of the utility, but that it "may unilaterally impose a
new rate scheme on a utility or [RTO] only under a different provision of the Act[,][FPA
section 206,]" which was not "the basis for [the Commission's] decision in this case");
*Western Resources*, 9 F.3d at 1577-79 ("After careful consideration of the statutory
framework, we cannot accept the Commission's argument that [NGA section] 4 permits
it to approve any rate, no matter how materially different from that proposed by the
pipeline, so long as it can be viewed as a 'part' of the original request."); *Louisiana v.
FPC*, 503 F.2d at 861-62 ("The difficulty is this:  FPC approved the interim four-level
plan as 'just and reasonable,' and in the next breath it ordered a new, three-level plan to
take its place.").

Docket No. RM21-17-003                                                    - 60 -

Commission employing its NGA section 5[190] authority to review existing rates.[191]  Again,

none of these cases address the circumstances presented here, where the Commission has

invoked its FPA section 206 authority, made findings that existing practices do not meet

the statutory standard, and then further exercised its authority to determine and fix the

replacement rate.

57.    *Massachusetts Department of Public Utilities* also does not support rehearing

petitioners' arguments.  In that case, the D.C. Circuit held that the Commission correctly

concluded that Massachusetts could not compel a public utility to exercise its FPA

section 205 rights to change its Commission-jurisdictional rates.[192]  The court there

described the "procedural dichotomy" reflected in FPA sections 205 and 206.[193]  It

explained that Massachusetts's argument that it could compel a public utility to make

FPA section 205 rate changes "would prevent the utility from choosing among reasonable

rate-practice alternatives."[194]  By contrast, the Commission's view was "more consistent

with the purposes of the entire procedural scheme" in that it allows the utility's filed rate

to remain in effect absent a finding that the rate is unjust, unreasonable, or unduly

---

[190] 15 U.S.C. 717d.

[191] *See, e.g.*, *Consumers Energy Co. v. FERC*, 226 F.3d 777, 780–81 (6th Cir. 2000); *NYPSC*, 866 F.2d 487, 488–92 (D.C. Cir. 1989).

[192] *Massachusetts Department of Public Utilities*, 729 F.2d at 886-87.

[193] *Id.* at 886-88.

[194] *Id.* at 888.

discriminatory or preferential and allows the utility to change its rate so long as the utility can prove the proposed change is reasonable.[195]  This same "procedural dichotomy" supports the lawfulness of Order No. 1920-A; public utilities are not exercising (or being compelled to exercise) their FPA section 205 filing rights.  Rather, the Commission has made the requisite findings to support the exercise of its own authority under FPA section 206—a posture that the court in *Massachusetts Department of Public Utilities* differentiated[196]—and the compliance filings that Order Nos. 1920 and 1920-A require and the subsequent fixing of the replacement rate by order occurs under that authority, not FPA section 205.

> **(b)    Inclusion of Relevant State Entities' Agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in Transmission Providers' Compliance Filings**

58.    As explained above, Order No. 1920-A's compliance process with respect to cost allocation does not infringe on or encumber transmission providers' FPA section 205 filing rights, as a matter of statutory text, structure, and applicable precedent.

---

[195] *Id.*; *see id.* (explaining further that "the net effect of accepting Massachusetts' argument is to allow a state to do what FERC itself cannot, namely, to change an *inter*state rate practice that FERC has not found unreasonable" and also identifying pragmatic considerations relating to the availability of refunds under FPA section 205 and concerns of "confusion, possibly chaos" that could result if states attempted to require conflicting changes); 16 U.S.C. 824e(a).

[196] *Massachusetts Department of Public Utilities*, 729 F.2d at 866-88 (contrasting the two procedural "tracks" under which rates are regulated in FPA sections 205 and 206).

Docket No. RM21-17-003                                                           - 62 -

Specifically, the compliance process requirement that transmission providers include in

their transmittals or attach to their Order No. 1920 regional transmission planning and

cost allocation compliance filings Relevant State Entities' agreed-upon Long-Term

Regional Transmission Cost Allocation Method(s) and/or State Agreement Process does

not infringe or encumber transmission providers' FPA section 205 filing rights.  We

address in additional detail here certain of the arguments raised on rehearing challenging

this requirement.

59.     We disagree with rehearing petitioners' claims that requiring transmission

providers to include or attach these materials in transmission providers' FPA section 206

compliance filings in response to Order Nos. 1920 and 1920-A constitutes a "filing"

requirement under FPA section 205, requires transmission providers to "cede" FPA

section 205 filing rights or encumbers those rights, or grants such filing rights to Relevant

State Entities.  The Commission required only that transmission providers include this

material in their FPA section 206 compliance filings, either in the transmittal or an

attachment thereto.[197]  The Commission did not require transmission providers to

independently characterize this material.[198]  The Commission was further clear that "the

transmission providers decide what to submit as their actual Order No. 1920 compliance

proposal, including relevant tariff language and supporting evidence or arguments."[199]

---

[197] Order No. 1920-A, 189 FERC ¶ 61,126 at P 651.

[198] *Id.* P 655.

[199] *Id.* P 654 n.1651 ("The requirement to include Relevant State Entities'
Long-Term Regional Transmission Cost Allocation Method and/or State Agreement

Docket No. RM21-17-003                                                                - 63 -

Put in practical terms, in Order No. 1920-A, the Commission requires nothing more from

transmission providers than attaching one or more additional documents, produced by

parties other than transmission providers, to a compliance filing made under FPA

section 206, to assist in building the record for the Commission's exercise of its own

authority to determine and fix the just and reasonable rate under that statutory provision,

as well as monitoring compliance with the requirements related to the Engagement Period

and efficiently considering the views of both Relevant State Entities and transmission

providers.[200]  Furthermore, this is a one-time filing requirement associated with this FPA

section 206 proceeding—not an ongoing obligation affecting any future filings by

_____

Process as an addition to the compliance filing does not constitute a 'proposal' from the
transmission provider.").

[200] FPA section 206 does not mandate a specific process through which the
Commission chooses to build the record to determine and fix the replacement rate; rather,
FPA section 206 merely requires a hearing prior to finding the existing rate unjust and
reasonable, and then empowers the Commission to determine and fix the replacement
rate by order.  *See* 16 U.S.C. 824e; *see also Pension Ben. Guar. Corp. v. LTV Corp.*,
496 U.S. 633, 653, 655-56 (1990) (holding that when the Due Process Clause is not
implicated and an agency's governing statute contains no specific procedural mandates,
the APA establishes the maximum procedural requirements a reviewing court may
impose on agencies); *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council,
Inc.*, 435 U.S. 519, 524 (1978) ("Even apart from the [APA,] this Court has for more than
four decades emphasized that the formulation of procedures was basically to be left
within the discretion of the agencies to which Congress had confided the responsibility
for substantive judgments."); *FPC v. Transcont'l Gas Pipe Line Corp.*, 423 U.S. 326, 333
(1976); *Towns of Concord, Norwood, & Wellesley, Mass. v. FERC*, No. 90–1179, 1991
WL 17224, at *3 (D.C. Cir. 1991) (noting "the Commission's broad authority to establish
its own rules of procedure and structure its own methods of inquiry"); 5 U.S.C. 706(2)(D)
(permitting courts to hold unlawful and set aside action found to be "without observance
of procedure *required by law*" (emphasis added)).

Docket No. RM21-17-003                                                                - 64 -

transmission providers under section 205 or any other section of the FPA.[201]  And where

transmission providers' FPA section 205 rights are at stake, Order No. 1920-A does not

include these same requirements.[202]

60.    Arguments asserting that the Commission has offered only a "hollow" explanation

for this requirement, resting on "empty formalisms,"[203] wrongly conflate the two distinct

procedural postures and authorities set forth in FPA sections 205 and 206.  The fact that a

"compliance filing submitted pursuant to FPA section 206 [as required by Order

Nos. 1920 and 1920-A] is not an FPA section 205 filing"[204] carries legal consequences.

Moreover, as the Commission explained, the requirement to include materials from

Relevant State Entities in the context of this FPA section 206 compliance filing "does not

constitute a 'proposal' from the transmission provider"[205] and transmission providers

remain free to present whatever proposal they desire (and believe is compliant with the

requirements of Order Nos. 1920 and 1920-A).  Furthermore, transmission providers

retain their full and exclusive discretion as to whether to file—or not file—proposed

changes to Long-Term Regional Transmission Cost Allocation Method(s) and/or State

---

[201] Order No. 1920-A, 189 FERC ¶ 61,126 at P 651.

[202] *See infra* P 118.

[203] MISO TOs Rehearing Request at 19-20; *see also* WIRES Rehearing Request at 13; SPP TOs Rehearing Request at 4-5; EEI Rehearing Request at 8-9.

[204] Order No. 1920-A, 189 FERC ¶ 61,126 at P 652.

[205] *Id.* P 654 n.1651

Docket No. RM21-17-003                                                      - 65 -

Agreement Process under FPA section 205.  Transmission providers continue to be able

to fully participate in the FPA section 206 compliance process, their FPA section 205

rights are not implicated in this process, and FPA section 206 does not constrain the

Commission, as it effectuates its own authority under that section, from requiring

transmission providers to include information from Relevant State Entities in

transmission providers' compliance filings to assist the Commission in setting the just

and reasonable rate.

61.    SPP TOs' argument that "[t]he Commission previously rejected attempts to use

compliance filings to bypass the FPA's filing requirements" and cannot "'circumvent the

notice and filing requirements of FPA sections 205 and 206'"[206] is immaterial because

Order No. 1920-A does not have these effects—no notice and filing requirements are

"bypassed," and no filings under FPA section 205 are required at all.  Rather, Order

No. 1920-A's approach to cost allocation in the required compliance filings is a proper

exercise of the Commission's authority under FPA section 206.  For the same reason, we

disagree with SPP TOs' assertion that Order No. 1920-A raises a "major question"

because it attempts to weaken FPA sections 205 and 206's statutory constraints:[207]  Order

No. 1920-A is a clear and unequivocal application of the Commission's authority under

FPA section 206.

---

[206] SPP TOs Rehearing Request at 15 & nn.37-38 (quoting *PJM Interconnection, L.L.C.*, 178 FERC ¶ 61,083 at P 29).

[207] *Id.* at 17-18.

Docket No. RM21-17-003                                                    - 66 -

62.    We similarly disagree with SPP TOs' claim that Order No. 1920-A sets a
precedent in which, "in a future section 206 complaint proceeding, the Commission could
authorize states or other favored parties to include their preferred alternative remedies in
other parties' compliance filings without first having to make the first step showings
under FPA section 206 that are normally required."[208]  The Commission considers
compliance filings in FPA section 206 rulemaking proceedings only after it makes a
first-step determination that existing rates are unjust, unreasonable, or unduly
discriminatory or preferential,[209] as it did in Order No. 1920.  Once such a finding is
made, the Commission determines and fixes the replacement rate, including through the
use of compliance filings.[210]

63.    Indicated PJM TOs claim that Order No. 1920-A intrudes into transmission
providers' decision making processes by requiring that transmission providers include
Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation

---

[208] *Id.* at 15.

[209] 16 U.S.C. 824e(a); *see, e.g.*, *Emera Maine*, 854 F.3d at 24 (holding that "unlike
section 205, section 206 mandates a two-step procedure that requires FERC to make an
explicit finding that the existing rate is unlawful before setting a new rate").

[210] In a complaint proceeding under FPA section 206, the burden of proof to make
this first prong showing is on the complainant, *see id.* 824e(b), but once that showing is
made, the replacement rate is determined and fixed by the Commission, *see id.* 824e(a);
*see also supra* PP 51 (discussing that the Commission is not, under the FPA, constrained
to consider proposals only from particular entities in receiving compliance filings); *infra*
PP 86-87 (discussing the Commission's ordinary practice of accepting the compliant, just
and reasonable proposal of the public utility and its reasons for taking a different
approach with respect to cost allocation under Order No. 1920-A).

USCA4 Appeal: 25-1080   Doc: 72   Filed: 05/30/2025   Pg: 79 of 288
Document Accession #: 20250411-3071      Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 67 -

Method(s) and/or State Agreement Process in transmission providers' compliance filings.[211]  We disagree, however, with the factual premise of this argument—that the requirement to include the Relevant State Entities' Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in transmission providers' compliance filings changes transmission providers' decision-making process as to what proposal transmission providers choose to make in their compliance filing.[212]  Regardless of Order No. 1920-A's filing requirement, transmission providers will need to decide whether to adopt Relevant State Entities' Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process, or file a different proposal.  And if transmission providers decide to file a different proposal, the requirement to simply include or attach, without characterization, Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and associated information received from Relevant State Entities need not involve deliberation.  In short, the Commission is not regulating transmission providers' decision as to what proposal they make on compliance.[213]

---

[211] Indicated PJM TOs Rehearing Request at 12-15.

[212] *See id.* at 12-13.

[213] For this reason, Indicated PJM TOs' discussion of the applicability of precedent relating to RTO governance, *see* Indicated PJM TOs Rehearing Request at 15 & n.50, is mistaken and beside the point.  We further find that the Commission's regulation of cost allocation methods for Long-Term Regional Transmission Facilities as practices directly affecting Commission-jurisdictional rates falls well within its authority pursuant to *EPSA*, 577 U.S. at 278.  Moreover, *CAISO*, in which the court found that a Commission attempt to order a public utility to replace its governing board exceeded the Commission's authority, 372 F.3d at 398, 403, bears no resemblance whatsoever to the facts before us

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 80 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                    - 68 -

64.     Indicated PJM TOs' argument is also incorrect for other reasons.  This argument is further premised on an alleged intrusion on public utilities' "internal decisions on whether to submit a filing *under section 205 of the FPA* and the content of that filing."[214] But, as discussed above, compliance filings are not submitted under FPA section 205. The compliance filing at issue here is a one-time requirement under FPA section 206.  So the premise of this argument is also mistaken as a matter of law and fact.

65.     EEI, SPP TOs, and WIRES each argue that there are other avenues (e.g., protests) for parties to be heard with respect to cost allocation, such that allegedly infringing on transmission providers' FPA section 205 rights by requiring inclusion of Relevant State Entities' materials in transmission provider's compliance filings is not necessary or justified.[215]  For the most part, these arguments appear to be claims that the Commission's decision on this point was arbitrary and capricious or that the Commission should have adopted a different approach.[216]  At times, however, rehearing petitioners

---

here, given that the Commission is in no way regulating transmission providers decision-making process or governance structure.  Indeed, we note that Indicated PJM TOs' argument proves too much:  every time the Commission directs a public utility to make a compliance filing, it requires that the utility make decisions as to what proposal to adopt.

[214] Indicated PJM TOs Rehearing Request at 6-7 (emphasis added); *see also id.* at 2-3; *id.* at 14 (citing *Atlantic City I*, which addressed FPA section 205 rights, and referring to the "passive" role of the Commission, which pertains under FPA section 205).

[215] *See* EEI Rehearing Request at 9-10, 12; SPP TOs Rehearing Request at 15-18; WIRES Rehearing Request at 14.

[216] *See infra* PP 78-80 (addressing these arguments).

link these arguments to their claims that the Commission has afforded Relevant State Entities rights not found in the FPA.[217]  We reject these arguments as inconsistent with the statutory text and structure, as well as applicable precedent.  Although protests are one way that other entities can be heard, the FPA does not limit the Commission's ability to determine how to build the record when determining and fixing an appropriate replacement rate under FPA section 206.[218]

> **(c)  Commission Consideration of Relevant State Entities' Agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process**

66.    The above discussion of the statutory text, structure, and precedent rebuts the core of the challenges to the Commission's determination that it will "consider the entire record—including the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method and/or State Agreement Process and the transmission providers' proposal—when setting the replacement rate."[219]  We address in

---

[217] *See, e.g.*, EEI Rehearing Request at 9 (arguing that the Commission "goes beyond its authority under the FPA" and that the proper method for submitting an alternative to a replacement rate proposed by a public utility on compliance is to file a protest); SPP TOs Rehearing Request at 17-18 ("The fact that states 'are unable to file cost allocation methods themselves' and must instead either comment on transmission providers' proposals or file section 206 complaints is exactly what the FPA requires." (quoting Order No. 1920-A, 189 FERC ¶ 61,126 at P 645)); WIRES Rehearing Request at 11, 14 (advancing this argument in contending the Commission does not have statutory authority to require a public utility to file another entity's rate proposal).

[218] *See supra* PP 51-52, 59.

[219] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659.

Docket No. RM21-17-003                                                              - 70 -

additional detail certain of the specific arguments raised on rehearing challenging Order No. 1920-A in this respect.

67.     We continue to conclude that "the Commission need only select a replacement rate that complies with the final rule and that is adequately supported in the record, and then intelligibly explain the reasons for its choice."[220]  Claims that Order No. 1920-A distorts the statutory scheme by "elevating" Relevant State Entities to the equivalent of public utilities by requiring that their agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process be included in the compliance filing, which will be assessed under the same just and reasonable standard as articulated in FPA section 205,[221] are unpersuasive.  As discussed above, FPA section 206 does not specify that the Commission may only consider public utilities' proposals for a replacement rate; rather, FPA section 206 merely requires a hearing prior to finding the existing rate unjust and reasonable, and then empowers the Commission to determine and fix the replacement rate by order.[222]  In fact, the D.C. Circuit has explained that the Commission is not required to await public utilities' proposals on compliance at all but may instead determine and fix the replacement rate coincident with the finding under the first prong of FPA section 206 that the existing rate is unjust and unreasonable.[223]  And

---

[220] *Id*. P 658 (citing *Entergy*, 40 F.4th at 701-02).

[221] *See, e.g.*, SPP TOs Rehearing Request at 13-14.

[222] *See supra* P 51.

[223] *See Electrical District*, 774 F.2d at 494; *Kern River Gas Transmission Co.*, 133 FERC ¶ 61,162 at PP 21-22 ("[A]s an alternative to waiting for the pipeline to

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 83 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                      - 71 -

while the Commission has typically adopted public utilities' compliant just and

reasonable proposals for the replacement rate without considering alternate proposals by

other entities, FPA section 206 does not prevent the Commission from taking a different

approach in a specific rulemaking proceeding.  Rather, and as discussed further below,[224]

where the Commission has adopted transmission providers' proposals on compliance

where it finds them compliant with the requirements of the final rule, it has done so based

on pragmatic considerations and pursuant to its authority and discretion to determine and

fix a just and reasonable rate.[225]

68.     Relatedly, MISO TOs misunderstand Order No. 1920-A in contending that the

Commission has ascribed "heightened importance" to state-developed cost allocation

methods in the context of planning to meet Long-Term Transmission Needs, such that the

Commission will be particularly likely to accept Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

---

calculate the rates in a compliance filing, the Commission may calculate and fix the rate
itself in the initial order.").

   [224] *See infra* PP 71, 86-87.

   [225] *See, e.g.*, *Entergy*, 40 F.4th at 701–02 ("[A]t bottom, Petitioners simply argue
that, in its view, a better method exists.  But [the Commission] is not required to choose
the best solution, only a reasonable one." (quotation marks and citation omitted)); *Duke
Energy Trading & Mktg., L.L.C. v. FERC*, 315 F.3d 377, 382 (D.C. Cir. 2003) ("[T]here
may be a number of different potential rates all of which are just and reasonable."); *Kern
River*, 142 FERC ¶ 61,132 at P 37 ("Here, the Commission is acting under NGA
section 5, not section 4.  However, just as there may be several just and reasonable rates,
terms, or conditions which a pipeline may propose in a section 4 proceeding, there may
be several just and reasonable rates, terms or conditions which the Commission may
adopt as a just and reasonable remedy in a section 5 proceeding.").

Process rather than those of transmission providers.[226]  Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Methods and State

Agreement Processes take on heightened importance in relation to other commenters'

views, not in relation to transmission providers' proposals for a replacement rate in

transmission providers' compliance filings.  Further, MISO TOs' argument disregards the

Commission's explanation that "the Commission will consider the entire

record—including the Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method and/or State Agreement Process and the

transmission provider's proposal—when setting the replacement rate."[227]  The

Commission did not state that it was adopting any generic or *per se* preference for

Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process.  Rather, the Commission provided that it will

make determinations as to the appropriate replacement rate on a case-by-case basis, based

on the entire record and consistent with the Commission's statutory authority and

discretion to determine and fix the replacement rate.[228]  And, consistent with the

---

[226] *See, e.g.*, MISO TOs Rehearing Request at 24-25, 33-37 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 659).

[227] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659; *see also id.* (explaining that the Commission was "not required to accept a cost allocation proposal from a transmission provider simply because it may comply with Order No. 1920" but could, instead, "adopt any cost allocation method proposed by Relevant State Entities and submitted on compliance so long as it complies with Order No. 1920").

[228] *See id.* P 658 (explaining how the Commission will consider replacement rate proposals) (citing 16 U.S.C. 824e, 825*l*(b)).

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 85 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                    - 73 -

discussion herein, nothing prevents the Commission from determining and fixing the

replacement rate of its choosing, including choosing the Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process, pursuant to FPA section 206, so long as it is consistent with the final

rule, adequately supported in the record, and the Commission adequately explains the

reason for its choice.

69.     MISO TOs claim that "[i]f the Commission accepts the Relevant State Entities'

Cost Allocation Method over the transmission provider's method . . . the Commission has

subverted future FPA section 205 filings related to that rate scheme in a manner that

disfavors the transmission provider's FPA section 205 proposals."[229]  Although MISO

TOs do not sufficiently explain this specific argument,[230] namely by indicating how they

believe the Commission is "subverting" future FPA section 205 filings, this argument

again appears to ascribe effects to Order No. 1920-A that it does not have, which we have

already addressed.  Irrespective of the replacement rate that the Commission sets under

FPA section 206, the Commission will assess transmission providers' future FPA

section 205 filings according to the statutory standard prescribed by the FPA for such

filings.  Nothing in Order No. 1920-A "disfavors" or "subvert[s]" those hypothetical

---

[229] MISO TOs Rehearing Request at 24-25.

[230] A rehearing request must set forth with specificity the grounds on which the request is based.  16 U.S.C. 825*l*(a); 18 CFR 385.713(c)(2) (2024); *see ZEP Grand Prairie Wind, LLC*, 183 FERC ¶ 61,150, at P 10 (2023); *Ind. Util. Regul. Comm'n v. FERC*, 668 F.3d 735, 738-40 (D.C. Cir. 2012).

Docket No. RM21-17-003                                                                                     - 74 -

future filings.[231]  Moreover, any challenges related to the Commission's treatment of such

future FPA section 205 filings can be raised when those filings are made.

70.      We find unpersuasive Indicated PJM TOs' and SPP TOs' arguments that *Entergy*

is inapposite to Order No. 1920-A because the Commission in that case first rejected

MISO's compliance filing before selecting a different replacement rate.[232]  First, the

Commission's determination that it may, in compliance proceedings, consider and set as

the replacement rate Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process is consistent

with both the text and structure of the FPA, for the reasons already discussed.[233]  Second,

*Entergy* supports this conclusion because it reflects that the Commission, when

addressing compliance filings in FPA section 206 proceedings, is not required to adopt a

replacement rate proposed by public utilities,[234] but instead may determine and fix any

---

[231] Challenges to the Commission's treatment of those potential filings are not
before us at this time.

[232] *See* Indicated PJM TOs Rehearing Request at 22-23; SPP TOs Rehearing
Request at 18-19 n.49.

[233] *See supra* PP 48-53.

[234] In other words, if compliance filings were subject to the requirements of FPA
section 205, under which the Commission plays a passive role, once the Commission
rejected MISO's proposal in *Entergy* it would not have been empowered to itself fashion
a different rate.  *Entergy* reflects that this is not the case, as the Commission itself
fashioned the replacement rate and the court upheld this result.  *See Entergy*, 40 F.4th
at 701-02.

just and reasonable replacement rate of its choosing.[235]  Third, Indicated PJM TOs and

SPP TOs misconstrue *Entergy* as reflecting a requirement that the Commission must first

reject a public utility's proposal on compliance before adopting a different replacement

rate.  That the Commission in that case elected to first consider and reject MISO's

proposal[236] before selecting a different replacement rate does not demonstrate that it was

legally required to do so—and nothing in *Entergy* holds to the contrary.[237]

71.     We are also not convinced by Indicated PJM TOs' contention that the statutory

structure of FPA sections 205 and 206 mandates a preference for the public utility's

proposal on compliance.[238]  Although the Commission has historically identified

prudential and policy reasons for adopting public utilities' proposals in compliance

---

[235] *See id.* (noting that the Commission "is not required to choose the best solution, only a reasonable one" (citations omitted)).

[236] The approach in *Entergy* was consistent with the Commission's general practice with respect to compliance filings under FPA section 206 by public utilities, but, as we have explained above, this practice is not a statutory or legal requirement under FPA section 206.

[237] Contrary to SPP TOs' contention that the Commission erroneously relied on certain cases that do not support its approach, *see* SPP TOs Rehearing Request at 16-17, the Commission cited these cases in "recogni[tion]" of the Commission's typical practice that it "generally does not consider alternate compliance proposals other than those filed by the relevant public utility (here, the transmission provider)," before then explaining why it was not adopting that practice in Order No. 1920-A with respect to these cost allocation proposals.  Order No. 1920-A, 189 FERC ¶ 61,126 at P 659; *see F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. at 515 ("To be sure, the requirement that an agency provide reasoned explanation for its action would ordinarily demand that it display awareness that it *is* changing position." (emphasis in original)).

[238] *See* Indicated PJM TOs Rehearing Request at 17-18, 20.

filings if they are compliant with the requirements of a final rule issued pursuant to FPA

section 206,[239] these prudential and policy reasons are not statutory commands.[240]

Interpreting the FPA as Indicated PJM TOs urge renders meaningless this aspect of the

statutory divide of FPA sections 205 and section 206 and would impermissibly convert

the Commission's statutory authority to determine the replacement rate into a substantive

statutory right for the public utilities.

72.     Indicated PJM TOs and WIRES are similarly incorrect in arguing that the

Commission is limited to considering whether the rate submitted by the public utility on

compliance is just and reasonable because the Commission failed to prescribe a specific

replacement rate in Order No. 1920-A.[241]  Consistent with the D.C. Circuit's holding in

---

[239] *See, e.g.*, *Kern River*, 142 FERC ¶ 61,132 at P 37 (noting that "[i]f the pipeline supports one such just and reasonable remedy, the Commission finds that adopting the pipeline's remedy, in preference to other possible remedies, properly recognizes the NGA's policy of giving pipelines the primary initiative to establish their rates, terms, and conditions of service" but also recognizing that "there may be several just and reasonable rates, terms or conditions which the Commission may adopt as a just and reasonable remedy in [an NGA] section 5 proceeding"); *PJM Interconnection, L.L.C.*, 173 FERC ¶ 61,134 at P 117 n.175 ("Because PJM may make a section 205 filing to revise these [OATT] provisions, we find it reasonable to accept PJM's proposal over alternatives if PJM's proposal is just and reasonable.").

[240] *See* 16 U.S.C. 824e(a); *Electrical District*, 774 F.2d at 492.  Reinforcing this conclusion, the D.C. Circuit has explained that the Commission is not required to await public utilities' proposals on compliance at all but may instead set the replacement rate. *See Electrical District*, 774 F.2d at 494; *Kern River Gas Transmission Co.*, 133 FERC ¶ 61,162 at PP 21-22 ("[A]s an alternative to waiting for the pipeline to calculate the rates in a compliance filing, the Commission may calculate and fix the rate itself in the initial order.").

[241] Indicated PJM TOs Rehearing Request at 28; *see also, e.g.*, *id.* at 3-4, 5, 7-8; WIRES Rehearing Request at 10-11.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 89 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 77 -

*Electrical District*, the Commission is not "obligat[ed] to end an unlawful rate from the moment it finds unlawfulness" but rather may "tak[e] time for further deliberations necessary to determine what the precise terms of [the replacement rate] should be."[242] The "not at all ambiguous" procedures set forth in FPA section 206 establish that after finding existing rates are unjust, unreasonable, or unduly discriminatory or preferential "'the Commission shall determine the just and reasonable rate . . . *to be thereafter observed and in force, and shall fix the same by order*.'"[243]  Claims that the Commission somehow in Order No. 1920 or 1920-A forfeited to transmission providers the responsibility—assigned to the Commission by the statute's plain text— to fix the replacement rate, consistent with the requirements of those orders, are not grounded in the statutory text or structure, and are contrary to precedent.[244]

---

[242] *Electrical District*, 774 F.2d at 492; *see also Entergy*, 40 F.4th at 701-02 (affirming order in which the Commission, after rejecting MISO's compliance filings, subsequently determined the replacement rate on its own initiative, under FPA section 206).

[243] *Electrical District*, 774 F.2d at 492 (quoting FPA section 206(a), 16 U.S.C. 824e(a); emphasis in original).

[244] Contrary to Indicated PJM TOs' argument, *see* Indicated PJM TOs Rehearing Request at 27 n.102, the Commission's decision in *Indep. Energy Producers Ass'n v. Cal. Indep. Sys. Operator Corp.*, 128 FERC ¶ 61,165 (2009) does not suggest that the Commission forwent the opportunity to establish a specific replacement rate.  Rather, the discussion in that case addressed the point at which a sufficient degree of specificity has been provided such that a rate can be deemed fixed for purposes of a particular effective date, *id.* PP 21-26, and—in fact—is consistent with viewing the Commission's authority under FPA section 206 as part of an ongoing process until the replacement rate is fixed.

Docket No. RM21-17-003                                                           - 78 -

### b.    Compliance with the APA

### i.    Rehearing Requests

73.    Several petitioners argue that the Commission failed to engage in reasoned decision-making as required by the Administrative Procedure Act (APA) in adopting the requirement that transmission providers include in the transmittal or as an attachment to their compliance filings any Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process agreed to by Relevant State Entities as well as any and all supporting evidence and/or justification related to such method(s) and/or process.[245]  MISO TOs, Indicated PJM TOs, SPP TOs, and EEI argue that the Commission failed to explain why states did not already have adequate opportunities to provide input to cost allocation through previously existing processes—generally connecting these arguments to their view that the compliance filing requirements in Order No. 1920-A are inconsistent with FPA section 205.[246]  MISO TOs and SPP TOs argue

---

[245] Indicated PJM TOs Rehearing Request at 8 (citing *Mayor of Balt. v. Azar*, 973 F.3d 258, 275 (4th Cir. 2020) (other citations omitted)); MISO TOs Rehearing Request at 20-21 (citing 5 U.S.C. § 706 (other citations omitted)); SPP TOs Rehearing Request at 2 (citing 5 U.S.C. § 706(2)).

[246] MISO TOs Rehearing Request at 8-9, 20-22 (arguing that the Commission provides notice and comment review of compliance filings, through Commission Rules of Practice and Procedure 211 and 214, which is "reasonable and more statutorily aligned" than the approach adopted in Order No. 1920-A); Indicated PJM TOs Rehearing Request at 8 ("The Commission made no finding and there is no substantial evidence that the Commission would not have been able to consider those proposals or that the [Relevant State Entities] would not have been able to submit their proposals to the Commission or were in any way impeded from doing so."); *id.* at 12 n.35, 32-33; SPP TOs Rehearing Request at 29 (arguing that the importance the Commission ascribes to state perspectives reflects that state views would be taken seriously if presented through other means, such that there is no need for additional avenues for state participation

that Order No. 1920-A's compliance filing requirements are inconsistent with the

Commission's determination that transmission providers have the obligation, subject to

Commission oversight, to engage in transmission planning and cost allocation.[247]

WIRES argues that the approach the Commission selected in Order No. 1920-A is

adversarial, leading to delay and litigation, and that "the record demonstrates that there

are other less intrusive means by which states can meaningfully participate in the

development of Long-Term Regional [Transmission] Cost Allocation [M]ethods and

State Agreement Processes."[248]  EEI argues that the Commission's stated justification for

requiring transmission providers to include in their compliance filings the preferred

approach of Relevant State Entities to cost allocation (i.e., the unique role of Relevant

State Entities) does not relate to cost allocation and does not justify infringing on utilities'

---

through "preferential filing privileges that are not contemplated by the FPA"); EEI
Rehearing Request at 9-10 ("After all, state commissions are already afforded special
treatment under the Commission's procedural rules because they can intervene in rate
proceedings as a matter of right.").

[247] MISO TOs Rehearing Request at 22-23 (citing Order No. 1920-A, 189 FERC
¶ 61,126 at P 661) ("The Commission fails to explain how it maintains this 'tariff
obligation' if it requires transmission providers to subordinate their interests and
preferences those of state entities."); SPP TOs Rehearing Request at 14, 29 (similar).

[248] WIRES Rehearing Request at 14, 16-17 (asserting that the same set of facts
relied on in Order No. 1920 were used to justify the requirements of Order No. 1920-A,
such that "there seems little connection between what are essentially the same facts and
the choices made").  WIRES here challenges both the compliance filing requirements,
discussed above, and certain consultation requirements set forth by Order No. 1920-A,
*see infra* Consultation with Relevant State Entities After the Engagement Period section,
as arbitrary and capricious for the same reasons.

FPA filing rights.[249]  EEI further argues that the requirement to include Relevant State

Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s)

and/or State Agreement Process in transmission providers' compliance filings could

confuse stakeholders as to which material to provide feedback on—that of the

transmission provider or of the Relevant State Entities—and result in stakeholder

feedback that is not focused on the transmission provider's proposal.[250]

74.    MISO TOs, Indicated PJM TOs, SPP TOs, and EEI all argue that the Commission

has departed—without sufficient basis or explanation—from its precedent establishing a

preference for accepting the compliant just and reasonable compliance proposals of

public utilities (or, in the context of the NGA, natural-gas companies), rather than

competing proposals.[251]  They assert that this preference is justified (as recognized by

---

[249] EEI Rehearing Request at 12.

[250] *Id*. at 10.

[251] *See* MISO TOs Rehearing Request at 33-38 (arguing that the Commission failed to provide adequate reasoning to support this decision); Indicated PJM TOs Rehearing Request at 18-20; *id.* at 21 (arguing that "the Commission does not explain how these considerations [that it identified as supporting its approach in Order No. 1920-A] are any different in the planning process under Order No. 1920 and 1920-A than they are in the planning processes under other prior rule changes" such as Order No. 1000); SPP TOs Rehearing Request at 16-17; *id.* at 30 (arguing that this departure from the Commission's approach in other contexts is arbitrary and capricious); EEI Rehearing Request at 10-11.  These petitioners cite several Commission decisions reflecting this preference, *see, e.g.*, *PJM Interconnection, L.L.C.*, 119 FERC ¶ 61,318 at P 115 n.124; *Midwest Indep. Transmission Sys. Operator, Inc.*, 122 FERC ¶ 61,084, at P 21 n.18 (2008); *PJM Interconnection, L.L.C.*, 117 FERC ¶ 61,331, at P 85 (2006); *Kern River Gas Transmission Co.*, Opinion No. 486-F, 142 FERC ¶ 61,132 at P 37 & n.50 ; *ANR Pipeline Co.*, 109 FERC ¶ 61,138, at P 28 (2004), *order on reh'g*, 111 FERC ¶ 61,113, at P 19 (2005), as well as certain judicial decisions, *see, e.g.*, *Emera Maine*, 854 F.3d at 674; *Pub. Serv. Comm'n of N.Y. v. FERC*, 642 F.2d 1335, 1343-44 (D.C. Cir.

Commission precedent) because public utilities have the primary initiative to set their rates, terms, and conditions of service and because, should the Commission adopt a compliance proposal from an entity other than the public utility, the public utility could immediately refile its own proposal under FPA section 205.[252]

75.     SPP TOs contend that the Commission improperly imposed different requirements on compliance proposals addressing cost allocation for Relevant State Entities versus transmission providers.[253]  Specifically, SPP TOs state that compliance filings by transmission providers must comply with five of Order No. 1000's six regional cost allocation principles, but Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process must merely comply with the cost-causation principle and any other legal requirements for cost allocation.[254]  SPP TOs aver that it is unclear how the Commission will choose between competing replacement rate proposals given that they are subject to different criteria, and assert that the Commission will struggle to explain a decision to adopt, as the

---

1980); *ANR Pipeline Co. v. FERC*, 771 F.2d 507, 514 (D.C. Cir. 1985); *Consol. Edison Co. v. FERC*, 165 F.3d 992, 1000 (D.C. Cir. 1999).

[252] *See, e.g.*, MISO TOs Rehearing Request at 33-35; *id.* at 37-38 (arguing that Order No. 1920-A creates a layer of bureaucratic delay); Indicated PJM TOs Rehearing Request at 18-21.

[253] *See* SPP TOs Rehearing Request at 20-21.

[254] *See id.*; *see also id.* at 7 (arguing that Order No. 1920-A violates the structure of FPA sections 205 and 206 because it imposes on transmission providers a higher burden than on Relevant State Entities).

replacement rate, Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process.[255]

## ii.    Commission Determination

76.    We disagree with arguments raised on rehearing that the Commission failed to

comply with the APA in adopting the requirement that transmission providers include

Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process and associated information in their Order

No. 1920 regional transmission planning and cost allocation compliance filings.

77.    Under the APA, agency action must be upheld unless it is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with the law.[256]  In *South Carolina*,

the D.C. Circuit set forth the standard that the Commission must meet in issuing a rule for

the court to find that the Commission met its obligations under the APA:

> The Commission must examine the relevant data and
> articulate a satisfactory explanation for its action including a
> rational connection between the facts found and the choice
> made.  The Commission's factual findings are conclusive if
> supported by substantial evidence.  Substantial evidence is
> such relevant evidence as a reasonable mind might accept as
> adequate to support a conclusion, and requires more than a
> scintilla but less than a preponderance of evidence.  When
> applied to rulemaking proceedings, the substantial evidence
> test is identical to the familiar arbitrary and capricious
> standard, which requires the Commission to specify the

---

[255] *See id*.

[256] 5 U.S.C § 706(2)(A).

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 95 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                                     - 83 -

evidence on which it relied and to explain how that evidence supports the conclusion it reached.[257]

78.    We disagree with the rehearing petitioners who argue that the requirement that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings fails to satisfy these requirements.  Specifically, we disagree with the arguments by MISO TOs, Indicated PJM TOs, SPP TOs, and EEI that the Commission failed to explain why states did not already have adequate opportunities to provide input on regional transmission cost allocation issues through previously existing processes. Recognizing the increased importance of state engagement regarding cost allocation for Long-Term Regional Transmission Facilities, the Commission in Order No. 1920 established the Engagement Period and required transmission providers on compliance to explain how they complied with the requirement to provide a forum for negotiation of a Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process that enables meaningful participation by Relevant State Entities.[258]  In Order No. 1920-A, the Commission reiterated that it is critical to the success of the Long-Term Regional Transmission Planning reforms that states have an opportunity to have a

---

[257] *South Carolina*, 762 F.3d at 54 (quotation marks omitted) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); 16 U.S.C. 825*l*(b); *Murray Energy Corp. v. FERC*, 629 F.3d 231, 235 (D.C. Cir. 2011); *Fla. Gas Transmission Co. v. FERC*, 604 F.3d 636, 645 (D.C. Cir. 2010); *Wis. Gas Co. v. FERC*, 770 F.2d 1144, 1156 (D.C. Cir. 1985)).

[258] Order No. 1920, 187 FERC ¶ 61,068 at PP 126, 1354, 1357.

significant role in the establishment of just and reasonable Long-Term Regional

Transmission Cost Allocation Methods and State Agreement Processes.[259]  Consistent

with these findings, when the Commission adopted the requirement that transmission

providers include Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process, and any

information relevant thereto, in their compliance filings, the Commission found that the

additional requirement would allow it to better evaluate whether transmission providers

have complied with Order No. 1920's requirement to provide a forum for negotiations

that enables meaningful participation by Relevant State Entities during the Engagement

Period.[260]  The Long-Term Regional Transmission Cost Allocation Method(s) and/or

State Agreement Process agreed upon by Relevant State Entities during the Engagement

Period are thus evidence for compliance purposes that will assist the Commission as it

determines and fixes the replacement rate.

79.    Moreover, receiving Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process, and any

information relevant thereto, in tandem with transmission providers' compliance filings is

procedurally consistent with the Commission's intention, as stated in Order No. 1920-A,

to review the entire record in determining and fixing a replacement rate.  We further

conclude that, in these circumstances, there is significant administrative efficiency in

---

[259] Order No. 1920-A, 189 FERC ¶ 61,126 at PP 649, 654-657.

[260] *Id.*

Docket No. RM21-17-003                                              - 85 -

receiving these materials together, as—for instance—it will allow interested stakeholders

to comment simultaneously on both transmission providers' proposal and Relevant State

Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s)

and/or State Agreement Process.  We anticipate that this process will provide the

Commission with a more comprehensive, better-developed record for the exercise of its

FPA section 206 authority to determine and fix the replacement rate.[261]

80.    Rehearing petitioners argue that there are other avenues available for Relevant

State Entities to present their views, such as through protests.[262]  But the availability of

such alternative approaches, and rehearing petitioners' view that they are adequate or

preferable, does not render Order No. 1920-A's requirements unjust and unreasonable or

arbitrary and capricious.[263]  The Commission has adequately explained and supported the

approach that it adopted in Order No. 1920-A.

81.    We also disagree with MISO TOs' and SPP TOs' arguments that Order

No. 1920-A's compliance filing requirements are inconsistent with the Commission's

---

[261] *Id.* P 659.

[262] *See, e.g.*, EEI Rehearing Request at 9-10; SPP TOs Rehearing Request
at 17-18, 29; WIRES Rehearing Request at 14.

[263] *See, e.g.*, *EPSA*, 577 U.S. at 292 ("A court is not to ask whether a regulatory
decision is the best one possible or even whether it is better than the alternatives.  Rather,
the court must uphold a rule if the agency has 'examine[d] the relevant [considerations]
and articulate[d] a satisfactory explanation for its action[,] including a rational connection
between the facts found and the choice made.'" (alterations in original) (quoting *State
Farm*, 463 U.S. at 43)); *Entergy*, 40 F.4th at 701–02 ("[A]t bottom, Petitioners simply
argue that, in its view, a better method exists.  But [the Commission] is not required to
choose the best solution, only a reasonable one." (quotation marks and citation omitted)).

Docket No. RM21-17-003                                               - 86 -

determination that transmission providers have the obligation, subject to Commission

oversight, to engage in transmission planning and cost allocation. Order No. 1920-A is

clear that, as in Order No. 1920, transmission providers decide what to submit as their

actual Order No. 1920 compliance proposal, including relevant tariff language and

supporting evidence or arguments, whether they decide to propose the Relevant State

Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s)

and/or State Agreement Process or a different Long-Term Regional Transmission Cost

Allocation Method.[264] This requirement therefore does not diminish transmission

providers' role in transmission planning and cost allocation matters. Further, Order

No. 1920-A retains the Commission's oversight of transmission providers' transmission

planning and cost allocation, as the Commission will exercise its authority under FPA

section 206 to determine the replacement rate on compliance.[265]

82.    We disagree with WIRES that Order No. 1920-A is arbitrary and capricious

because, in WIRES' opinion, Order No. 1920-A "adopts an adversarial approach" that is

"likely to engender years of costly litigation that would cast a cloud over successfully

siting and developing critically needed transmission in a timely manner."[266]  To begin

---

[264] Order No. 1920-A, 189 FERC ¶ 61,126 at P 654 n.1651 ("The requirement to include Relevant State Entities' Long-Term Regional Transmission Cost Allocation Method and/or State Agreement Process as an addition to the compliance filing does not constitute a 'proposal' from the transmission provider.").

[265] *Id.* P 659.

[266] WIRES Rehearing Request at 14.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 99 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                    - 87 -

with, as rehearing petitioners recognize,[267] absent Order No. 1920-A's requirement that

transmission providers include Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process in their

compliance filings, Relevant State Entities would be able to submit their agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process in comments in opposition to transmission providers' compliance filings.

Therefore, were a transmission provider to choose not to propose Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process on compliance, the proceedings related to the transmission provider's

compliance filing could still result in disagreement between the transmission provider

and Relevant State Entities, regardless of whether the Commission required transmission

providers to include Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process in their

compliance filings.  However, as discussed above, the requirement that transmission

providers include Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process in their

compliance filings, as well as any information that Relevant State Entities provide to

them regarding the state negotiations during the Engagement Period, will allow the

Commission to better evaluate whether transmission providers have complied with Order

---

[267] *See, e.g.*, EEI Rehearing Request at 9-10; SPP TOs Rehearing Request
at 17-18, 29; WIRES Rehearing Request at 14.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 100 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                  - 88 -

No. 1920's requirement to provide a forum for negotiations that enables meaningful participation by Relevant State Entities during the Engagement Period.[268]  Moreover, we believe that ensuring that such a forum exists—and verifying compliance with this requirement—is likely to reduce the prospect of disputes over cost allocation methods by ensuring Relevant State Entities' views are considered by transmission providers and therefore that their participation is meaningful.[269]  Therefore, on balance, the Commission reasonably required that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings.

83.    We also disagree with WIRES' argument that the Commission's adoption of Order No. 1920-A's "compliance mandates" is arbitrary and capricious because the Commission in Order No. 1920-A "defend[ed] its amendments by using the same justification relied upon in Order No. 1920."[270]  In Order No. 1920-A, the Commission "weighed [the] competing views" presented by rehearing petitioners and, based upon the substantial evidence it identified in Order No. 1920, concluded that the requirement that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional

---

[268] We note that no rehearing petitioners challenge the requirements of Order Nos. 1920 and 1920-A regarding the Engagement Period.

[269] *E.g.*, Order No. 1920, 187 FERC ¶ 61,068 at P 124 ("As the Commission discussed in the NOPR and we continue to find in this final rule, facilitating state regulatory involvement in the cost allocation process could minimize delays and additional costs associated with state and local siting proceedings.").

[270] WIRES Rehearing Request at 15.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 101 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                      - 89 -

Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings is just and reasonable.[271]  The Commission further concluded that this and other requirements adopted in Order No. 1920-A strike a reasonable balance between, on the one hand, recognizing the rights and responsibilities of the Commission and transmission providers over regional transmission planning and, on the other, the states' critical interests in the resulting Long-Term Regional Transmission Facilities and how the costs associated with those facilities will be allocated.[272]  Therefore, the Commission's decision-making in this regard satisfies the APA.

84.    We also are not persuaded by EEI's argument that the unique role of Relevant State Entities does not relate to cost allocation or justify the requirement that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings.[273]  In Order No. 1920-A, the Commission reiterated that states play a

---

[271] *See Entergy*, 40 F.4th at 701-02 ("It is not our job to determine that 'FERC made the better call,' rather, our 'important but limited role is to ensure that the Commission engaged in reasoned decisionmaking.'" (quoting *EPSA*, 577 U.S. at 295)). *See also* Order No. 1920-A, 189 FERC ¶ 61,126 at P 649 ("As the Commission recognized in Order No. 1920, and we reiterate in this order, it is critical to the success of the Long-Term Regional Transmission Planning reforms that states have an opportunity to have a significant role in the establishment of just and reasonable Long-Term Regional Transmission Cost Allocation Methods and State Agreement Processes." (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1415)); *id.* P 659 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126, 268, 1293, 1362-1364, 1404, 1407, 1410-1411, 1415, 1477, 1515).

[272] Order No. 1920-A, 189 FERC ¶ 61,126 at P 660.

[273] *See* EEI Rehearing Request at 12.

USCA4 Appeal: 25-1080   Doc: 72   Filed: 05/30/2025   Pg: 102 of 288
Document Accession #: 20250411-3071   Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 90 -

unique role in Long-Term Regional Transmission Planning, as their laws, regulations, and policies drive the need for Long-Term Regional Transmission Facilities, and they typically will have responsibility to consider and approve the siting, permitting, and construction of Long-Term Regional Transmission Facilities selected in a regional transmission plan.[274]  As such, states affect whether Long-Term Regional Transmission Facilities are timely, efficiently, and cost-effectively developed such that customers actually receive the benefits associated with the selection of more efficient or cost-effective transmission solutions.[275]  The effect of Relevant State Entities' decisions on such timely, efficient, and cost-effective development of Long-Term Regional Transmission Facilities directly relates to the allocation of costs for those facilities.  It is therefore reasonable to require that transmission providers provide the Commission with any Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process that Relevant State Entities have agreed upon.

85.    Further, we disagree with EEI that stakeholders are likely to be confused as to whether they should provide feedback on the transmission provider's proposal or the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process that Relevant State Entities have agreed upon.[276]  As the Commission clarified in

---

[274] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659.

[275] *Id.* (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126, 268, 1293, 1362-1364, 1404, 1407, 1410-1411, 1415, 1477, 1515).

[276] *See* EEI Rehearing Request at 10.

Docket No. RM21-17-003                                                    - 91 -

Order No. 1920-A, any Long-Term Regional Transmission Cost Allocation Method(s)
and/or State Agreement Process agreed upon by Relevant State Entities and included in a
transmission provider's transmittal or as an attachment to its compliance filing does not
constitute a proposal from the transmission provider.  Furthermore, commenters may
provide their support for, or feedback on, either or both the transmission provider's
proposal and any Long-Term Regional Transmission Cost Allocation Method(s) and/or
State Agreement Process agreed upon by Relevant State Entities.

86.     We disagree with MISO TOs, Indicated PJM TOs, SPP TOs, and EEI that the
Commission departed—without sufficient basis or explanation—from its precedent
establishing a preference for accepting compliant, just and reasonable compliance
proposals of public utilities rather than competing proposals.[277]  The Supreme Court has
held that "agency action representing a policy change [need not] be justified by reasons
more substantial than those required to adopt a policy in the first instance."[278]  Rather,
where an agency changes its position, "it suffices that the new policy is permissible under
the statute, that there are good reasons for it, and that the agency *believes* it to be better,
which the conscious change of course adequately indicates."[279]

---

[277] *See* MISO TOs Rehearing Request at 33-38; Indicated PJM TOs Rehearing
Request at 18-21; SPP TOs Rehearing Request at 16-17, 30; EEI Rehearing Request
at 10-11.

[278] *FCC v. Fox Television Stations, Inc.*, 556 U.S. at 514.

[279] *Id.* at 515.

Docket No. RM21-17-003                                                    - 92 -

87.    Order No. 1920-A satisfies these requirements.  First, as explained above,[280] the

Commission's typical practice of accepting compliant just and reasonable compliance

proposals of public utilities rather than competing proposals is just that:  a practice, not a

requirement of the FPA.  Next, in Order No. 1920-A, the Commission recognized that,

while it generally does not consider alternate compliance proposals other than those filed

by the relevant public utility,[281] there are "good reasons" for considering Relevant State

Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s)

and/or State Agreement Process in addition to transmission providers' proposals here.[282]

Specifically, and as discussed:  (1) states play a unique role in Long-Term Regional

Transmission Planning;[283] (2) states affect whether Long-Term Regional Transmission

Facilities are timely, efficiently, and cost-effectively developed;[284] and (3) given the

inherent uncertainty involved in planning to meet Long-Term Transmission Needs,

state-developed cost allocation methods and State Agreement Processes take on

---

[280] *See supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods, Statutory Filing Rights Under the FPA section.

[281] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659 (citing *PJM Interconnection, L.L.C.*, 173 FERC ¶ 61,134 at P 117 n.175; *PJM Interconnection, L.L.C.*, 119 FERC ¶ 61,318 at P 115; *ANR Pipeline Co.*, 110 FERC ¶ 61,069 at P 49).

[282] *Id.* P 659.

[283] *Id.*; *supra* P 84.

[284] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126, 268, 1293, 1362-1364, 1404, 1407, 1410-1411, 1415, 1477, 1515); *supra* P 84.

Docket No. RM21-17-003 - 93 -

heightened importance.[285] The Commission thus adequately explained its belief, based

on these "good reasons," that considering Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process along with the transmission provider's proposal is not simply warranted, but

"better" than considering the transmission provider's proposal alone and to the exclusion

of alternatives.[286]

88.    We recognize that, even if the Commission adopts Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process as the replacement rate under FPA section 206, transmission

providers may subsequently file an FPA section 205 proposal seeking to implement their

preferred approach to cost allocation.[287]  Nonetheless, we sustain Order No. 1920-A's

determination that the Commission will consider the entire record on compliance in

selecting the replacement rate and may permissibly adopt Relevant State Entities'

agreed-upon approach.  While transmission providers' ability to submit an FPA

section 205 filing of their own initiative proposing a set of preferred rates is a

consideration the Commission has identified as relevant to our typical approach to

---

[285] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 227).

[286] *FCC v. Fox Television Stations, Inc.*, 556 U.S. at 514-15.

[287] *See* MISO TOs Rehearing Request at 35, 37-38; Indicated PJM TOs Rehearing Request at 20-21.

Docket No. RM21-17-003                                                                          - 94 -

assessing compliance filings,[288] this consideration—standing alone—cannot render it

inherently arbitrary and capricious for the Commission to require, in FPA section 206

proceedings, a replacement rate other than the one proposed by the transmission provider.

A contrary conclusion would effectively amend FPA section 206, removing the

Commission as the entity that "determine[s] the just and reasonable rate . . . to be

thereafter observed and in force."[289]   As discussed above, this is not the design Congress

enacted.[290]

89.    We disagree with SPP TOs' argument that the Commission improperly imposed

different requirements on Long-Term Regional Transmission Cost Allocation Methods

agreed upon by Relevant State Entities—which need not comply with any of the Order

No. 1000 regional cost allocation principles—and Long-Term Regional Transmission

Cost Allocation Methods to which Relevant State Entities do not agree—which must

comply with Order No. 1000 regional cost allocation principles (1) through (5).[291]   We

reiterate that all cost allocation methods must comply with the cost causation principle, as

---

[288] *See PJM Interconnection, L.L.C.*, 173 FERC ¶ 61,134 at P 117 n.175 ("Because PJM may make a section 205 filing to revise these Tariff provisions, we find it reasonable to accept PJM's proposal over alternatives if PJM's proposal is just and reasonable.").

[289] 16 U.S.C. 824e(a).

[290] *See supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods, Statutory Filing Rights Under the FPA section.

[291] *See* SPP TOs Rehearing Request at 7, 20-21.

Docket No. RM21-17-003                                                        - 95 -

required by the FPA.[292]  We also continue to find that although there are different

requirements for cost allocation methods resulting from a State Agreement Process or

Long-Term Regional Transmission Cost Allocation Method that Relevant State Entities

indicate that they have agreed to and have asked transmission providers to file, as

compared to Long-Term Regional Transmission Cost Allocation Methods to which states

do not agree, this distinction is appropriate to afford flexibility in order to encourage their

use of these methods, which are likely to facilitate agreement over development of such

Long-Term Regional Transmission Facilities and thus facilitate the selection of more

efficient or cost-effective Long-Term Regional Transmission Facilities.[293]  We further

find speculative and disagree with SPP TOs' assertion that the Commission will struggle

to explain a decision to adopt Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process as the

replacement rate.  If the Commission fixes Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process as the replacement rate, the Commission will necessarily and intelligibly explain

why that method(s) and/or process complies with the final rule based on support in the

record.[294]

---

[292] Order No. 1920-A, 189 FERC ¶ 61,126 at P 763 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1305 & n.2786).

[293] Order No. 1920, 187 FERC ¶ 61,068 at P 1477; *see also* Order No. 1920-A, 189 FERC ¶ 61,126 at P 763 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1477).

[294] *See Entergy*, 40 F.4th at 701-02.

### c.     Cooperative Federalism

### i.     Rehearing Requests

90.     SPP TOs argue that Order No. 1920-A is contrary to the FPA's structure of cooperative federalism because "[t]here is a very real possibility that a proposal could be added to a compliance filing despite one or more of the Relevant State Entities' opposition."[295]  In this respect, SPP TOs differentiate Order No. 1920-A from the Commission action at issue in the Supreme Court's decision in *EPSA*, asserting that the Court there upheld the Commission's "treatment of demand response resources in wholesale markets [because it] did not 'negate state decisions' regarding retail demand response programs on the basis that there was a 'veto power . . . granted to the States.'"[296]

### ii.     Commission Determination

91.     We are not persuaded by SPP TOs' argument invoking cooperative federalism principles.  The Supreme Court in *EPSA* addressed arguments that the Commission's regulation of demand response, pursuant to the Commission's authority over wholesale markets, allegedly intruded on a particular area of reserved state authority over retail

---

[295] SPP TOs Rehearing Request at 30-31 ("[U]nder Order No. 1920-A, some state policies could be imposed, not only on the transmission provider, but on dissenting states if the Commission used its claimed power to accept favored compliance filings reached through any means other than unanimity."); *see also id.* at 31 ("When the outcome of the Engagement Period process was merely advisory as the Commission originally ordered in Order No. 1920, the methodology developed during the Engagement Period could only be filed with the Commission on compliance if adopted by the transmission provider *as its own.*").

[296] *Id.* (quoting *EPSA*, 577 U.S. at 288).

rates.[297]  SPP TOs do not point to a similar alleged intrusion on a particular area of

reserved state authority here.  Moreover, even in that context where reserved state

authority was implicated, *EPSA* did not describe the state veto power afforded in the

Commission's order on demand response as "dispositive" as SPP TOs contend,[298] but

rather as a "finishing blow . . . [that] removes any conceivable doubt as to [the order's]

compliance with [FPA section 201(b)]'s allocation of federal and state authority."[299]  In

other words, the Court treated the state "veto power" in that case as confirming the

Commission's compliance with principles of cooperative federalism, having already

discussed at length why the Commission, regulating within the areas of its jurisdiction,

was not intruding on state prerogatives.[300]  We further note that, in Order No. 1920-A, the

Commission explained that it would defer to the Relevant State Entities themselves to

determine what constitutes "agreement" on a Long-Term Regional Transmission Cost

Allocation Method(s) and/or State Agreement Process.[301]  Accordingly, we continue to

---

[297] *See EPSA*, 577 U.S. at 281-82.

[298] SPP TOs Rehearing Request at 31.

[299] *EPSA*, 577 U.S. at 287-88.

[300] *See id.* at 281-87 (concluding the Commission's order was consistent with FPA section 201(b) notwithstanding that it "affects—even substantially—the quantity or terms of retail sales" because it "addresses—and addresses only—transactions occurring on the wholesale market" that are within the Commission's jurisdiction, and the Commission's regulatory justification "are all about, and only about, improving the wholesale market").

[301] Order No. 1920-A, 189 FERC ¶ 61,126 at P 654 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1360).

Docket No. RM21-17-003                                                      - 98 -

find that the Commission's approach in Order No. 1920-A is consistent with the division

of responsibility set forth in the FPA, consistent with our discussion in Order

No. 1920-A.[302]

### d.    Sub-Delegation

### i.    Rehearing Requests

92.    MISO TOs and SPP TOs assert that the Commission in Order No. 1920-A

impermissibly sub-delegated its authority to Relevant State Entities.[303]  MISO TOs argue

that the Commission is giving Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process "heightened

importance" over those of transmission providers, with the effect of permitting Relevant

State Entities to set interstate transmission rates.[304]  MISO TOs state that statutory

authority to determine whether transmission rates are unwarranted or excessive lies with

the Commission, under the FPA, and cannot be sub-delegated to state commissions.[305]

SPP TOs assert that the Commission "effectively purports to delegate the right to file

---

[302] *Id.* PP 135-165.

[303] *See* MISO TOs Rehearing Request at 8, 9-10, 38-41; SPP TOs Rehearing
Request at 32-34.

[304] MISO TOs Rehearing Request at 38-41 (arguing that the "most reasonable way
to interpret the rule is that the Commission is empowering states with such new
'authority,' permitting Relevant State Entities to dictate transmission cost allocation,
critically, over the objection of the filing utility itself").

[305] *Id.* at 39-41 (citing Order No. 1920-A, 189 FERC ¶ 61,126 (Christie, Comm'r,
concurring at P 3)).

compliance filings—which [is] granted to public utilities under the FPA—to the states,"

which is impermissible under *Atlantic City I* and other cases, but also not within the set of

circumstances in which federal agencies may sub-delegate matters to the states.[306]  SPP

TOs also assert that under Order No. 1920-A "the Commission will, in practice, show a

high degree of deference to alternative state proposals that would be tantamount to a

sub-delegation of Commission authority to the states."[307]

### ii.       Commission Determination

93.       We find arguments that the Commission has unlawfully sub-delegated its

authority[308] are incorrect because there is no sub-delegation, impermissible or otherwise,

of Commission authority here.[309]  Contrary to MISO TOs' and SPP TOs' claims, the

Commission has not sub-delegated to states its FPA section 206 authority to determine

the replacement rate:  the Commission has expressly stated that it will consider the entire

---

[306] SPP TOs Rehearing Request at 32-33 (citing *U.S. Telecom Ass'n v. FCC*, 359 F.3d 554, 565, 567-68 (D.C. Cir. 2004) (*U.S. Telecom*)).

[307] *Id.* at 33-34.

[308] *See* MISO TOs Rehearing Request at 8, 9-10, 38-41; SPP TOs Rehearing Request at 32-34.

[309] *U.S. Telecom* does not support MISO TOs' or SPP TOs' arguments.  There, the FCC had extensively sub-delegated its authority over unbundling of mass market switches to state commissions—indeed, there was no dispute that such a sub-delegation had occurred, with the FCC arguing instead that the sub-delegation was permissible.  *See U.S. Telecom*, 359 F.3d at 564-68.  Here, by contrast, the compliance process set forth in Order No. 1920-A as to cost allocation provides a vehicle for the receipt of Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and the Commission retains all decision-making authority under FPA section 206 to determine the replacement rate.

record before it and, itself, determine the replacement rate.[310]  That the Commission will

entertain on compliance Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process, *in addition* to

any proposals made by transmission providers, and may fix one of those as the

replacement rate does not suggest that the Commission has abdicated to states the

Commission's clear and exclusive authority to determine and fix the replacement rate

under FPA section 206.  SPP TOs' argument that the Commission has unlawfully

sub-delegated to states the right to make compliance filings, which—SPP TOs claim—is

granted solely to public utilities, is also mistaken.  As explained above, the compliance

process assists the Commission in determining the replacement rate, under FPA

section 206.  Order No. 1920-A requires that transmission providers—not states—make

compliance filings, and sets out the information that transmission providers must include

in those filings.  Arguments that Order No. 1920-A intrudes on public utilities' rights or

unlawfully assigns those rights to Relevant State Entities are incorrect.[311]

---

[310] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659; *see also supra* P 68
(explaining that the Commission expects to determine the replacement rate on a
case-by-case basis, consistent with its authority and discretion to select from the range of
just and reasonable replacement rates).

[311] *See supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost
Allocation Methods, Statutory Filing Rights Under the FPA section.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 113 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                                                 - 101 -

### e.    First Amendment

### i.    Rehearing Requests

94.    Indicated PJM TOs argue that the requirement to include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in transmission providers' compliance filings is governmentally compelled speech that violates the First Amendment to the Constitution.[312]  Indicated PJM TOs assert that the First Amendment protects the right to petition the government, including through filings with courts and administrative agencies.[313]  Indicated PJM TOs contend that the compliance filing requirement violates their rights not to speak by mandating that a public utility present views with which it disagrees when filing its own proposal.[314]  Indicated PJM TOs state that the Supreme Court has held that "the government may not require that an entity present views with which it disagrees when it

---

[312] Indicated PJM TOs Rehearing Request at 29-34 (citing, *inter alia*, *Pac. Gas & Elec. Co. v. Pub. Util. Comm'n of Cal.*, 475 U.S. 1, 12-14 (1986) (*PG&E*)); *cf.* SPP TOs Rehearing Request at 13-14 (arguing that requiring a transmission provider to include Relevant State Entities' information with its own commandeers the transmission provider's compliance filing, citing *PG&E*, 475 U.S. 1).

[313] Indicated PJM TOs Rehearing Request at 29 (citing U.S. Const. amend. I; *E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000)).

[314] *Id.* at 30-32 (citing *PG&E*, 475 U.S. at 12-14; *Moody v. Netchoice, LLC*, 603 U.S. 707, 726-33 (2024); *Wooley v. Maynard*, 430 U.S. 705, 714 (1977); *United States v. United Foods, Inc.*, 533 U.S. 405, 409-10 (2001)).

Docket No. RM21-17-003                                                           - 102 -

engages in expressive speech."[315]  They compare this case to the Supreme Court's

decision in *PG&E*, which overturned a state regulation requiring a utility to include

material from a consumer advocacy group in a newsletter regularly included in the

utility's billing envelopes expressing the utility's views of energy policy.[316]

95.     Indicated PJM TOs state that the Order No. 1920-A compliance filing requirement

at issue here would not meet the strict scrutiny standard under the First Amendment,

asserting that it is not content neutral because it is "intended to give more weight to the

views of [Relevant State Entities] in the Order No. 1920 context than it normally would

give in other proceedings" and that there is no compelling government interest justifying

the requirement.[317]  Indicated PJM TOs also argue that the compliance filing requirement

would not survive the intermediate scrutiny standard, stating that it is not narrowly

tailored to achieve the Commission's stated interest, and burdens substantially more of

transmission providers' First Amendment petitioning right than necessary to advance that

interest.[318]

96.     Indicated PJM TOs assert that the limitations the Commission imposed on the

compliance filing requirement—that transmission providers do not need to separately

---

[315] *Id.* at 30 (citing *Moody,* 603 U.S. at 726-33).

[316] *See id.* (discussing *PG&E*, 475 U.S. at 12-14).

[317] *Id.* at 31-32.

[318] *Id.* at 32-33 (arguing that states have other opportunities to make their views known, rendering the requirement unnecessary).

Docket No. RM21-17-003                                                          - 103 -

characterize or justify Relevant State Entities' agreed-upon Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process—do not

obviate this alleged First Amendment violation.[319]  They also state that it is

"inconsequential that the Commission knows and understands that the [Relevant State

Entities'] proposal is not the public utility transmission provider's proposal."[320]  Indicated

PJM TOs assert specifically that the state-generated information at issue is not relevant to

the transmission provider's rate proposal, but rather the compliance filing requirement

mandates that transmission providers submit information that "undermines the public

utility transmission provider's own advocacy."[321]

## ii.    Commission Determination

97.    We disagree with the arguments raised on rehearing by Indicated PJM TOs that

the requirement that transmission providers include Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process in their Order No. 1920 regional transmission planning and cost allocation

compliance filings violates the First Amendment.[322]  We agree as a general matter that

---

[319] *See id.* at 33.

[320] *Id.* at 33-34 (citing *Moody*, 603 U.S. at 739-40; *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 655 (1994)).

[321] *Id.* at 34.

[322] *See id.* at 29-34; *cf.* SPP TOs Rehearing Request at 13-14.

transmission providers have First Amendment rights.[323]  However, Order No. 1920-A does not implicate those rights.  Order No. 1920-A imposes no actual burden or limitation on transmission providers' speech, but instead requires nothing more than the attachment of one or more files, containing the information provided by Relevant State Entities, to transmission providers' compliance proposals under FPA section 206.

98.    As explained, given states' unique role in Long-Term Regional Transmission Planning and the heightened importance of state-developed cost allocation methods and State Agreement Processes, the Commission will consider the entire record—including the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process and the transmission provider's proposal—when setting the replacement rate.[324]  The requirement that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings assists the Commission in monitoring compliance with the requirements related to the Engagement Period, allows the Commission to efficiently consider the views of both Relevant State Entities and transmission providers, and helps ensure that the Commission has a sufficient record on compliance to set a just and

---

[323] *PG&E*, 475 U.S. at 8.

[324] Order No. 1920-A, 189 FERC ¶ 61,126 at P 659; *supra* P 29.

reasonable replacement rate.[325]  Correctly viewed in this light, the compliance

requirements of Order No. 1920-A do not compel speech in violation of the First

Amendment.  Indeed, a myriad of Commission orders have similarly directed public

utilities, following a finding that an existing rate is unjust, unreasonable, and unduly

discriminatory, to submit information they otherwise would not submit that is necessary

for the Commission to determine whether they have met the relevant orders'

requirements.[326]  Considering the critical importance of Relevant State Entities' views as

to how the costs of Long-Term Regional Transmission Facilities will be allocated,[327] the

requirement that transmission providers include information concerning those views in

their compliance filings is akin to any other "informational requirement[ ] that public

---

[325] *See supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods, Statutory Filing Rights Under the FPA section.

[326] For example, transmission providers' First Amendment rights were not implicated by Order No. 1000's directive that transmission providers propose on compliance an *ex ante* method(s) for allocating the costs of new transmission facilities selected in the regional transmission plan for purposes of cost allocation and show on compliance (i.e., provide record evidence) that this proposed method(s) is just and reasonable and not unduly discriminatory by, *inter alia*, demonstrating that it satisfies the regional cost allocation principles.  Order No. 1000, 136 FERC ¶ 61,051 at PP 558, 603. As in Order No. 1000, Order No. 1920-A requires that transmission providers provide the necessary record evidence—which, given the importance of states' views on cost allocation, necessarily includes those views—for the Commission to act on transmission providers' compliance filings.

[327] Order No. 1920-A, 189 FERC ¶ 61,126 at P 649.

Docket No. RM21-17-003                                                                 - 106 -

utilities must follow to support their filings"[328] and, therefore, does not implicate any

First Amendment concerns.[329]

99.     Further, we disagree with Indicated PJM TOs' contention that "the Commission is

not requiring the transmission provider to file state-generated information that is relevant

to the Commission's decision on the *transmission provider's rate proposal*."[330]  Given

the importance of Relevant State Entities' views as to how the costs of Long-Term

Regional Transmission Facilities will be allocated, we find that those views—and any

---

[328] Indicated PJM TOs Rehearing Request at 29.  *See also* Order No. 1920-A, 189 FERC ¶ 61,126 at P 657 ("[W]e direct these facilitation and informational requirements on compliance pursuant to the Commission's authority under FPA section 206."); *supra* The Statutory Text and Structure, and Applicable Precedent, Support the Commission's Order No. 1920-A Approach section.

[329] *Full Value Advisors, LLC v. SEC*, 633 F.3d 1101, 1108-09 (D.C. Cir. 2011) (holding that required disclosures of information related to the securities over which institutional managers exercise control "are indistinguishable from other underlying and oft unnoticed forms of disclosure the Government requires for its 'essential operations.'" (quoting *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 645 (1943) (Murphy, J., concurring)); *United States v. Sindel*, 53 F.3d 874, 878 (8th Cir. 1995) (holding that disclosures required by the Internal Revenue Service did not implicate the First Amendment); *Scahill v. District of Columbia*, 909 F.3d 1177, 1185 (D.C. Cir. 2018); *see also Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978) ("Numerous examples could be cited of communications that are regulated without offending the First Amendment, such as the exchange of information about securities, corporate proxy statements, the exchange of price and production information among competitors, and employers' threats of retaliation for the labor activities of employees." (citations omitted)).

[330] Indicated PJM TOs Rehearing Request at 34 (emphasis in original).  *Cf.* Order No. 1920-A, 189 FERC ¶ 61,126 at P 659 ("[T]he Commission will consider the entire record – including the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method and/or State Agreement Process and the transmission provider's proposal – when setting the replacement rate.").

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 119 of 288
Document Accession #: 20250411-3071        Filed Date: 04/11/2025

Docket No. RM21-17-003                                                - 107 -

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process—are relevant to the Commission's decision on the transmission

provider's rate proposal.[331]   Moreover, even if this material were not relevant to the

assessment of transmission providers' proposals, this would not alter our conclusion that

Order No. 1920-A's requirements do not impinge on transmission providers' First

Amendment rights, as discussed below.[332]

---

[331] *See* Order No. 1920-A, 189 FERC ¶ 61,126 at P 657 ("We find that these additional requirements will allow the Commission to better evaluate whether transmission providers have complied with Order No. 1920's requirement to provide a forum for negotiation that enables meaningful participation by Relevant State Entities during the Engagement Period." (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1357)).

[332] We further note that the Commission regularly requires public utilities to submit information relevant to other entities' proposals or positions on issues.  *See, e.g.*, *pro forma* Large Generator Interconnection Procedures, § 11.3 (Execution and Filing) (requiring, when an interconnection customer determines that negotiations with the transmission provider on the terms of the Large Generator Interconnection Agreement (LGIA) are at an impasse and requests that the transmission provider submit the unexecuted LGIA to the Commission, that the transmission provider "shall file the LGIA with FERC, together with its explanation of any matters as to which Interconnection Customer and Transmission Provider disagree"); *Wholesale Competition in Regions with Organized Elec. Mkts.*, Order No. 719, 73 FR 64100 (Oct. 28, 2008), 125 FERC ¶ 61,071, at P 274 (2008), *order on reh'g*, Order No. 719-A, 74 FR 37776 (Jul. 29, 2009), 128 FERC ¶ 61,059, *order on reh'g*, Order No. 719-B, 129 FERC ¶ 61,252 (2009) (requiring RTOs/ISOs to submit a compliance filing identifying any significant minority views as to remaining barriers to comparable treatment of jurisdictional demand response resources); *Allegheny Elec. Coop., Inc. v. PJM Interconnection, L.L.C*, 119 FERC ¶ 61,165, at P 14, app., attach. (Data and Document Request to PJM Interconnection, L.L.C) (2007) (directing PJM, in response to a complaint alleging tariff violations by PJM related to actions taken by PJM management with respect to the submission of reports by the PJM Market Monitoring Unit (MMU), to provide "[c]omplete details of any communications . . . with any MMU personnel regarding suggested alterations to the State of the Market Report . . . [and] [a]ny and all documents made in connection with such communication(s)").

100.    Turning to Indicated PJM TOs' specific First Amendment claims, as a preliminary

matter it is unclear which rights protected by the First Amendment Indicated PJM TOs

believe are implicated by Order No. 1920-A.  The First Amendment protects against

government action abridging both "the freedom of speech" and the right "to petition the

government for a redress of grievances."[333]  Although the Supreme Court has described

these two rights as "cognate rights,"[334] the Court has also explained that courts "should

not presume there is always an essential equivalence in the two Clauses or that Speech

Clause precedents necessarily and in every case resolve Petition Clause claims."[335]  We

assume that Indicated PJM TOs' position is that Order No. 1920-A violates both

transmission providers' freedom of speech and their right to petition the government,[336]

and we therefore address these claims separately.[337]

101.    As to the First Amendment right to petition, we disagree with Indicated PJM TOs

that the requirement that transmission providers include Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

---

[333] U.S. Const. amend. I.

[334] *Thomas v. Collins*, 323 U.S. 516, 530 (1945).

[335] *Borough of Duryea v. Guarnieri*, 564 U.S 379, 388 (2011).

[336] *See* Indicated PJM TOs Rehearing Request at 29-30 (arguing that Order
No. 1920-A "compel[s] speech in violation of the First Amendment" and "violat[es] First
Amendment petitioning rights").

[337] *Borough of Duryea*, 564 U.S at 388 (there is not a presumption of "essential
equivalence" in the speech and petition clauses negating the need to address them
individually).

Docket No. RM21-17-003                                             - 109 -

Agreement Process in their compliance filings violates transmission providers'

"First Amendment petitioning rights."[338]  The Supreme Court has described the

First Amendment right to petition as "allow[ing] citizens to express their ideas, hopes,

and concerns to their government," and a petition as "convey[ing] the special concerns of

its author to the government and, in its usual form, request[ing] action by the government

to address those concerns."[339]  Assuming, *arguendo*, that transmission providers' filings

made in compliance with the requirements of Order Nos. 1920 and 1920-A—or filings

made in compliance with the requirements of any Commission order for that

matter[340]—constitute petitions under the First Amendment,[341] we find that the

---

[338] Indicated PJM TOs Rehearing Request at 30.

[339] *Borough of Duryea*, 564 U.S at 388-89 (citing *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984)).

[340] *S. Co. Svcs.*, 61 FERC at 62,328-29 (1992) ("A compliance filing is not a change initiated by a utility, but rather is a change expressly directed by the Commission . . . which the utility is merely implementing or carrying out."); *id.* at 62,330 ("A public utility submits compliance filings in response to Commission directives.  The Commission issues these directives under its authority to fix a rate by order.").

[341] Indicated PJM TOs contend that "a public utility's right to present its rates and charges and proposals that affect such rates and charges with the Commission are protected speech under the First Amendment" based on the general observation that "[m]aking a submission or filing with a governmental body is First Amendment protected petitioning."  Indicated PJM TOs Rehearing Request at 29 (citing *Noerr Motor Freight, Inc.*, 365 U.S. at 138; *Trucking Unlimited*, 404 U.S. at 510; *White v. Lee*, 227 F.3d at 1231).  However, we find no relevant parallels between, on the one hand, the compliance requirements adopted in Order No. 1920-A and, on the other, the "publicity campaign designed to influence the passage of state laws" in *Noerr Motor Freight, Inc.*, 365 U.S. at 131, the alleged conspiracy "to institute state and federal proceedings to resist and defeat applications . . . to acquire [highway carrier] operating rights or to transfer or

requirement that transmission providers include Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in their compliance filings does not infringe on transmission providers' right to petition. Order No. 1920-A does not prevent transmission providers from "express[ing] their ideas" to the Commission or "request[ing] action by the [Commission] to address [their] concerns."[342] Rather, Order No. 1920-A makes clear that "transmission providers decide what to submit as their actual Order No. 1920 compliance proposal, including relevant tariff language and supporting evidence or arguments, whether they decide to propose the Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process or a different Long-Term Regional Transmission Cost Allocation Method."[343]

102.    As to the First Amendment guarantee of freedom of speech, we find that the line of cases Indicated PJM TOs rely on in support of their argument that the compliance requirements of Order No. 1920-A violate transmission providers' right not to speak are inapposite. In both *PG&E* and *Moody*, the Supreme Court reviewed government action regulating the communication of *political* messages to and amongst the *public*.[344] In

---

register those rights" in *Trucking Unlimited*, 404 U.S. at 509, or the opposition to a zoning permit in *White v. Lee*.

[342] *See Borough of Duryea*, 564 U.S at 388-89.

[343] Order No. 1920-A, 189 FERC ¶ 61,126 at P 654 n.1651.

[344] *PG&E* concerned an order issued by the California Public Utilities Commission requiring PG&E to include third-party political editorials in its monthly billing statements to its customers. *PG&E*, 475 U.S. at 5-6, 12 (describing the audience of these editorials

contrast with the political discourse at issue in *PG&E* and *Moody*, the Supreme Court has

held that under the standard articulated in *Central Hudson Gas & Electric Corp. v. Public*

*Service Commission of New York*,[345] commercial speech—"that is, expression related

solely to the economic interests of the speaker and its audience"[346]—is entitled to a

"limited measure of protection, commensurate with its subordinate position in the scale

of First Amendment values."[347]  Further, courts have held that the First Amendment is

not violated when agencies require the disclosure of information, not to influence public

debate, but instead as a means to fulfilling the agencies' statutory mandates.[348]  Given

---

as the "public at large").  In *Moody*, the Supreme Court reviewed a Texas law banning
censorship on social-media platforms with over 50 million monthly active users, which
officials justified on the basis that those platforms "skewed against politically
conservative voices."  *Moody*, 603 U.S. at 718-19, 721.

[345] 447 U.S. 557 (1980) (*Central Hudson*).

[346] *Id.* at 561; *see also Md. Shall Issue, Inc. v. Anne Arundel Cnty.*, 91 F.4th 238,
248 (4th Cir. 2024) (rejecting the argument that "commercial speech" is limited to speech
that "propose[s] a commercial transaction" and describing that argument as
"understand[ing] 'commercial' far too narrowly").

[347] *See Bd. of Trs. of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 477 (1989) ("Our
jurisprudence has emphasized that 'commercial speech' . . .  is subject to 'modes of
regulation that might be impermissible in the realm of noncommercial expression.'"
(quoting *Ohralik*, 436 U.S. at 456)); *Central Hudson*, 447 U.S. at 563 ("The Constitution
therefore accords a lesser protection to commercial speech than to other constitutionally
guaranteed expression."); *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 64-65
(1983).  *See also Rubin v. Coors Brewing Co.*, 514 U.S. 476, 492 (1995) (Stevens, J.,
concurring) ("The First Amendment generally protects the right not to speak as well as
the right to speak.  In the commercial context, however, government . . . often requires
affirmative disclosures that the speaker might not make voluntarily." (internal citations
omitted)).

[348] *See Full Value Advisors, LLC*, 633 F.3d at 1108-09 ("Here the
Commission—not the public—is [the regulated entity's] only audience.  The

that Relevant State Entities' agreed-upon Long-Term Regional Transmission Cost

Allocation Method(s) and/or State Agreement Process relate "solely to the economic

interests"[349] of those who will be allocated the costs of Long-Term Regional

Transmission Facilities, and that disclosure of this information is made to the

Commission so that it may ensure compliance with its directives,[350] we find Indicated

PJM TOs' reliance on *PG&E* and *Moody* misplaced.[351]

---

[Dodd–Frank Wall Street Reform and Consumer Protection] Act is an effort to regulate complex securities markets, inspire confidence in those markets, and protect proprietary information in the process. It is not a veiled attempt to 'suppress unpopular ideas or information or manipulate the public debate through coercion rather than persuasion'" (citing *Turner Broad. Sys., Inc.*, 512 U.S. at 641)); *Sindel*, 53 F.3d at 878 ("There is no right to refrain from speaking when 'essential operations of government may require it for the preservation of an orderly society,—as in the case of compulsion to give evidence in court.' The IRS summons requires [appellant] only to provide the government with information which his clients have given him voluntarily, not to disseminate publicly a message with which he disagrees." (quoting *West Va. State Bd. of Educ. v. Barnette*, 319 U.S. at 645 (Murphy, J., concurring))).

[349] *See Central Hudson*, 447 U.S. at 561; *Md. Shall Issue, Inc.*, 91 F.4th at 248.

[350] *S. Co. Svcs.*, 61 FERC at 62,330. *See also* Order No. 1920, 187 FERC ¶ 61,068 at P 1768 (requiring each transmission provider to submit a compliance filing "as necessary to demonstrate that it meets all of the requirements adopted in [Order No. 1920]").

[351] Indicated PJM TOs cite to, but do not discuss, several additional Supreme Court decisions in stating that "the Commission's desire to receive the views of the [Relevant State Entities] on cost allocation does not justify mandating that the public utility present those views when filing its own proposal." Indicated PJM TOs Rehearing Request at 31 (citing *Turner Broad. Sys., Inc.*, 512 U.S. at 647; *Hurley v. Irish-Am. Gay, Lesbian, & Bisexual Grp. of Bos., Inc.*, 515 U.S. 557, 570 (1995); *Mia. Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 256-58 (1974)). These cases are distinguishable on the facts from Order No. 1920-A. *Hurley* and *Tornillo*, like *PG&E* and *Moody*, concerned expression in the public sphere on matters beyond those of a purely commercial nature. *See Hurley*, 515 U.S. at 561-62, 570 (discussing whether a public accommodations law prohibiting discrimination on the basis of sexual orientation compelled organizers of

Docket No. RM21-17-003                                                                                    - 113 -

103.    Even assuming for the sake of argument that the compliance requirements of

Order No. 1920-A implicate transmission providers' freedom of speech under the

First Amendment, we disagree with Indicated PJM TOs' contention that any infringement

on transmission providers' rights should be judged under strict scrutiny or the form of

intermediate scrutiny described by Indicated PJM TOs.[352]  In arguing that strict scrutiny

should apply because the compliance requirements of Order No. 1920-A are not

content-neutral,[353] Indicated PJM TOs ignore that the Supreme Court "has consistently

applied intermediate scrutiny to commercial speech restrictions, even those that were

content- and speaker-based."[354]  We find, assuming Order No. 1920-A's compliance

_____

Boston's St. Patrick's Day parade to allow a group of openly gay, lesbian, and bisexual descendants of Irish immigrants to march in the parade in violation of organizers' First Amendment rights); *Tornillo*, 418 U.S. at 243 (reviewing a statute "granting a political candidate a right to equal space to reply to criticism and attacks on his record by a newspaper").  Further, the portion of *Turner* cited by Indicated PJM TOs merely discusses why the requirements at issue there were "unrelated to the content of speech" (i.e., content-neutral), and does not explore the appropriate standard of review for regulations concerning a particular category of speech, such as commercial speech. *Turner Broad. Sys., Inc.*, 512 U.S. at 647.

[352] Indicated PJM TOs Rehearing Request at 31.

[353] *Id.* at 31 n.116 ("Here, the requirement to file the [Relevant State Entities'] proposal is applied only when the transmission provider disagrees with the content of the [Relevant State Entities'] proposal." (citing *Reed v. Town of Gilbert*, 576 U.S. 155, 171 (2015); *Turner Broad. Sys., Inc.*, 512 U.S. at 642)).

[354] *Greater Phila. Chamber of Com. v. Philadelphia*, 949 F.3d 116, 138 (3rd Cir. 2020).  *See also Sorrell v. IMS Health Inc.*, 564 U.S. 552, 571-72 (2011) (applying *Central Hudson* intermediate scrutiny to a law imposing a "targeted, content-based burden").  The Supreme Court has described a content-based regulation as being "targeted at specific subject matter . . . even if it does not discriminate among viewpoints within that subject matter.  *Reed*, 576 U.S. at 169.  While content-based regulations of noncommercial speech are typically subject to strict scrutiny, content-based regulations

Docket No. RM21-17-003                                                - 114 -

requirements implicate transmission providers' First Amendment rights at all, the less

demanding standard applied to commercial speech set forth in *Central Hudson*, should

apply to the requirement that transmission providers include Relevant State Entities'

agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process in their compliance filings given that these requirements "relate[ ]

solely to [transmission providers'] economic interests."[355]   Furthermore, we find that this

requirement satisfies *Central Hudson*.   Under *Central Hudson*, the Supreme Court

undertakes a four-part analysis to determine whether a regulation that infringes on an

entity's First Amendment rights is unconstitutional:

> At the outset, we must determine whether the expression is
> protected by the First Amendment.  For commercial speech to
> come within that provision, it at least must concern lawful
> activity and not be misleading.  Next, we ask whether the
> asserted governmental interest is substantial.  If both inquiries
> yield positive answers, we must determine whether the
> regulation directly advances the governmental interest

---

of commercial speech are not.  *See, e.g.*, *SEC v. AT&T, Inc.*, 626 F. Supp. 3d 703, 743
(S.D.N.Y 2022) ("[D]efendants' suggestion that all content-based regulations must
satisfy strict scrutiny overlooks the significant body of decisions involving laws and
regulations mandating affirmative disclosures of information . . . . These disclosure
provisions are explicitly content based.").

[355] *Central Hudson*, 447 U.S. at 561; *Recht v. Morrisey*, 32 F.4th 398, 409
(4th Cir. 2022) ("To be clear: Commercial speech regulations are analyzed under *Central
Hudson*."); *Stuart v. Camnitz*, 774 F.3d 238, 244 (4th Cir. 2014).  *See also Ohralik*,
436 U.S. at 456 ("To require a parity of constitutional protection for commercial and
noncommercial speech alike could invite dilution, simply by a leveling process, of the
force of the Amendment's guarantee with respect to the latter kind of speech.").

asserted, and whether it is not more extensive than is necessary to serve that interest.[356]

104.   First, the Commission has a substantial interest in monitoring transmission providers' compliance with the requirements concerning the Engagement Period, being able to efficiently consider the views of both Relevant State Entities and transmission providers, and ensuring that when setting the replacement rate on compliance, the record before it includes Relevant State Entities' views concerning how the cost of Long-Term Regional Transmission Facilities will be allocated,[357] and the Commission directly and materially advances that substantial interest by requiring that transmission providers document those views in their compliance filings.[358]  Additionally, Order No. 1920-A is not more extensive than is necessary to serve the Commission's substantial interest because it requires only the attachment of one or more files, containing the information provided by Relevant State Entities, to transmission providers' proposal and does not require that transmission providers separately characterize any of this information.[359]

---

[356] *Central Hudson*, 447 U.S. at 566.  Courts have described the *Central Hudson* analysis as a type of intermediate scrutiny.  *See Recht v. Morrisey*, 32 F.4th at 408.

[357] *Central Hudson*, 447 U.S. at 569 ("The State's concern that rates be fair and efficient represents a clear and substantial governmental interest."); Order No. 1920-A, 189 FERC ¶ 61,126 at PP 649, 659.

[358] *Edenfield v. Fane*, 507 U.S. 761, 767 (1993).

[359] Contrary to Indicated PJM TOs' contention, the fact that Relevant State Entities could alternatively submit their agreed-upon Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process in comments in response to transmission providers' compliance filings is immaterial under intermediate scrutiny. Indicated PJM TOs Rehearing Request at 32-33.  Under intermediate scrutiny, both for content-neutral regulations of noncommercial speech and for commercial speech,

Docket No. RM21-17-003                                                    - 116 -

### B.    Consultation with Relevant State Entities After the Engagement Period

### 1.    Order Nos. 1920 and 1920-A

105.    In Order No. 1920, the Commission declined to require future Engagement

Periods but noted that transmission providers may hold future Engagement Periods if

they believe that such periods would be beneficial.[360]

106.    In Order No. 1920-A, the Commission set aside Order No. 1920, in part, and

required that, as part of transmission providers' obligations with respect to transmission

planning and cost allocation, transmission providers shall consult with Relevant State

Entities:  (1) prior to amending the Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process; or (2) if Relevant State Entities seek,

consistent with their chosen method to reach agreement, for the transmission provider to

amend that method(s) or process.[361]  The Commission found that the consultation

requirement will provide a mechanism through which transmission providers and

Relevant State Entities can engage with each other regarding possible future FPA

_____

regulations need not be the least restrictive means of achieving the government's
substantial interest.  *Recht v. Morrisey*, 32 F.4th at 409; *Bd. of Trs. of State Univ. of N.Y.*,
492 U.S. at 477 ("The ample scope of regulatory authority [with respect to commercial
speech] would be illusory if it were subject to a least-restrictive means requirement,
which imposes a heavy burden on the State."); *Turner Broad. Sys., Inc.*, 520 U.S.
at 217-18 ("Our precedents establish that when evaluating a content-neutral regulation
which incidentally burdens speech, we will not invalidate the preferred remedial scheme
because some alternative solution is marginally less intrusive on a speaker's
First Amendment interests.").

[360] Order No. 1920, 187 FERC ¶ 61,068 at P 1368.

[361] Order No. 1920-A, 189 FERC ¶ 61,126 at P 691.

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 129 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                              - 117 -

section 205 filings that seek to change cost allocation methods accepted by the

Commission in compliance with Order No. 1920.[362]  The Commission further required

transmission providers to include in their OATTs a description of how they will consult

with Relevant State Entities in these circumstances.  Additionally, for a consultation

initiated by a transmission provider, the Commission required the transmission provider

to document publicly on their OASIS or other public website the results of their

consultation with Relevant State Entities prior to filing their amendment.  For a

consultation initiated by Relevant State Entities, if the transmission provider chooses not

to propose any amendments to the Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process preferred by Relevant State Entities during

the required consultation, the Commission also required the transmission provider to

document publicly on their OASIS or other public website the results of their

consultation with Relevant State Entities, including an explanation for why they have

chosen not to propose any amendments.[363]

107.    The Commission found that these requirements will ensure that states have the

opportunity to be involved in establishing cost allocation methods for Long-Term

Regional Transmission Facilities subsequent to the Commission's acceptance of

---

[362] *Id.*  The Commission clarified that this consultation requirement neither
requires transmission providers to submit, nor prohibits transmission providers from
submitting, FPA section 205 filings to modify cost allocation methods accepted in
compliance with Order No. 1920, and transmission providers therefore retain their
currently effective FPA section 205 rights.  *Id.* P 691 n.1747.

[363] *Id.*

transmission providers' filings made in compliance with Order No. 1920, which has the

potential to minimize additional costs and delays in the siting process and to facilitate the

development of Long-Term Regional Transmission Facilities.[364]  The Commission noted

that, while it provided transmission providers with flexibility as to the form and duration

of their required consultation with Relevant State Entities, one way transmission

providers could satisfy the requirement to consult with Relevant State Entities is by

revising their OATTs to include a process under which the transmission provider must

present to the Commission, in addition to its own FPA section 205 proposal, an

alternative cost allocation method proposed by Relevant State Entities for evaluation by

the Commission on equal footing.[365]  The Commission noted that transmission providers

could also satisfy the requirement to consult with Relevant State Entities by revising their

OATTs to include mechanisms similar to those used in SPP[366] and MISO.[367]

---

[364] *Id.* P 692 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126).

[365] *Id.* (citing ISO New England Inc., FERC FPA Electric Tariff, ISO New England Inc. Agreements and Contracts, TOA, Transmission Operating Agreement (5.0.0), 3.04(h)(vi)(C); *The Governors of Conn., Me., Mass., N.H., R.I., Vt.*, 112 FERC ¶ 61,049, at P 25 (2005)).

[366] *Id.* (citing SPP, Governing Documents Tariff, Bylaws, First Revised Volume No. 4 (0.0.0), 7.2 (Regional State Committee); *Sw. Power Pool, Inc.*, 106 FERC ¶ 61,110, at PP 218-220, *order on reh'g*, 109 FERC ¶ 61,010, at PP 92-94 (2004); *Sw. Power Pool, Inc.*, 108 FERC ¶ 61,003, at P 127 & n.90 (2004), *order on reh'g*, 110 FERC ¶ 61,138, at P 33 (2005)).

[367] *Id.* (citing MISO, FERC Electric Tariff, MISO Rate Schedules, MISO Transmission Owner Agreement, app. K (Filing Rights Pursuant To Section 205 Of The FPA) (3.0.0), II.E.3.a.i-ii; *Midwest Indep. Transmission Sys. Operator, Inc.*, 143 FERC ¶ 61,165, at PP 30, 32 (2013)).

Docket No. RM21-17-003                                                    - 119 -

### 2.    Challenges to Order No. 1920-A

#### a.    Statutory Filing Rights Under the FPA

##### i.    Rehearing Requests

108.    Several rehearing petitioners argue that the consultation requirement unlawfully

impinges on transmission providers' FPA section 205 filing rights by conditioning the

exercise of those rights on consultation with Relevant State Entities before filing a

proposed tariff amendment.[368]   They argue that FPA section 205 is intended for the

benefit of the public utilities, that this provision provides public utilities with the

unilateral and exclusive right to make filings setting their rates (subject to Commission

approval), and that the Commission cannot encumber this right by conditioning it on such

consultation.[369]   In support, some rehearing petitioners cite *Atlantic City I* as reflecting

that the Commission cannot abridge the statutory rights afforded to public utilities by

Congress.[370]   MISO TOs, SPP TOs, and WIRES also rely on a statement in *City of*

---

[368] *See* MISO TOs Rehearing Request at 5-9, 27-31; Indicated PJM TOs Rehearing
Request at 3, 7; SPP TOs Rehearing Request at 2, 7, 10-12; EEI Rehearing Request at 7,
11-12; WIRES Rehearing Request at 5-9.

[369] *See, e.g.*, MISO TOs Rehearing Request at 29-31 (citing *Atlantic City I*,
295 F.3d at 9-10; *Emera Maine*, 854 F.3d at 24; *Vistra Corp. v. FERC*, 80 F.4th 302, 318
(D.C. Cir. 2023); *MISO Transmission Owners v. FERC*, 45 F.4th 248, 253 (D.C. Cir.
2022); EEI Rehearing Request at 13-14 ("In seeking to create such a condition, the
Commission seeks to fundamentally and unlawfully alter its role, as well as transmission
providers' and public utilities' rights, under section 205."); WIRES Rehearing Request
at 7-8.

[370] *See, e.g.*, MISO TOs Rehearing Request at 27-28; EEI Rehearing Request
at 13-14; WIRES Rehearing Request at 7-8; SPP TOs Rehearing Request at 11 (also

*Cleveland v. Federal Power Commission* that a public utility "may, without negotiation or consultation with anyone, set the rates it will charge prospective customers, and change them at will, so long as they have not been set aside by the Commission on grounds of inconsistency with the [FPA]."**371**

109.   MISO TOs argue that the requirement that transmission providers consult with Relevant State Entities prior to amending the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process "encumbers the transmission providers' ability to exercise their FPA section 205 rights to amend their tariffs 'at any time.'"**372**  SPP TOs similarly argue that the Commission cannot "impos[e] pre-conditions that could delay section 205 filings, potentially for an indefinite time."**373**  WIRES argues that this requirement is a pre-condition to transmission providers exercising their filing

---

asserting that this approach contravenes *Massachusetts Department of Public Utilities*, 729 F.2d at 888).

**371** 525 F.2d 845, 855 (D.C. Cir. 1976) (*City of Cleveland*) (citing *United Gas Pipe Line Co.*, 350 U.S. at 338-344; *Permian Basin Area Rate Cases*, 390 U.S. 747, 822 (1968)); *see* MISO TOs Rehearing Request at 30-31 (also noting the Commission's passive role under FPA section 205); SPP TOs Rehearing Request at 7; WIRES Rehearing Request at 6, 8.

**372** MISO TOs Rehearing Request at 27-29 (quoting *Atlantic City I*, 295 F.3d at 9) (asserting that this aspect of Order No. 1920-A "provides Relevant State Entities with the ability to delay and exert statutorily inappropriate influence or control over the transmission providers' statutory right to file rate changes").

**373** SPP TOs Rehearing Request at 11 (citing *NRG Power Mktg.*, 862 F.3d at 115; *Western Resources*, 9 F.3d at 1578; *Midwest Indep. Transmission Sys. Operator, Inc.*, 133 FERC ¶ 61,221 (2010), *order on reh'g*, 137 FERC ¶ 61,074, at P 187 (2011), *vacated in part sub nom. Ill. Com. Comm'n v. FERC*, 721 F.3d 764 (7th Cir. 2013)).

Docket No. RM21-17-003                                                                 - 121 -

rights that is not contemplated under the statute which could, "[i]n the extreme, . . . serve as a prohibition to a public utility's ability to file revisions under FPA section 205," in contrast to the intent of the FPA to allow public utilities to act quickly and without obstacles.[374]

110.    EEI asserts that the consultation requirement impermissibly changes the Commission's role from passively considering rate proposals to actively infringing upon public utilities' exclusive power under FPA section 205 to initiate rate changes.[375]  EEI contends that the structure of the consultation requirement implicitly shows that the Commission recognizes that it cannot reject a tariff filing by a public utility for failing to consult a Relevant State Entity.[376]

111.    A number of the rehearing requests also argue that decisions by public utilities to adopt a similar consultation mechanism in certain circumstances, allow greater state participation in regional transmission planning or cost allocation, or otherwise cede their FPA section 205 filing rights to other entities do not support the Commission's decision here because those decisions were voluntary, rather than compelled by the Commission.[377]  EEI recommends that the Commission reconsider the consultation

---

[374] WIRES Rehearing Request at 8-9.

[375] EEI Rehearing Request at 13.

[376] *Id*. at 14.

[377] *See* MISO TOs Rehearing Request at 29; SPP TOs Rehearing Request at 5-6; EEI Rehearing Request at 14-15.

requirement, averring that uncoerced, voluntary agreements, such as when transmission owners in the MISO region voluntarily ceded certain rights to the Organization of MISO States in 2013, offer a lawful and more appropriate means of ensuring engagement between transmission providers and Relevant State Entities.[378]

112.    MISO TOs, Indicated PJM TOs, and SPP TOs contend that Order No. 1920-A is also inconsistent with the FPA in requiring, in certain circumstances, that transmission providers publicly document the results of their consultations with Relevant State Entities on transmission providers' OASIS or other public website.[379]  In particular, SPP TOs assert that the Commission may not "require a public utility to justify a decision *not* to make a section 205 filing when the filing decision is wholly voluntary under the FPA."[380] Indicated PJM TOs argue, citing *Atlantic City I*, that "inherent in a public utility's right to file to change its own rates under section 205 is its right to *not* change its own just and reasonable rates" and that "nothing in section 205 requires a utility to explain why it is not changing a just and reasonable rate."[381]

---

[378] EEI Rehearing Request at 14-15 (citing *Midwest Indep. Transmission Sys. Operator, Inc.*, 143 FERC ¶ 61,165 at P 30).

[379] *See* MISO TOs Rehearing Request at 5 ("These changes reframe the roles of the entities involved, blurring the FPA's division of authority."); Indicated PJM TOs Rehearing Request at 7, 15-17; SPP TOs Rehearing Request at 2, 7, 10-11.

[380] SPP TOs Rehearing Request at 11.

[381] Indicated PJM TOs Rehearing Request at 16; *id.* at 16-17 (arguing that the statutory vehicle for Relevant State Entities to attempt to change a Commission-approved cost allocation method is a complaint pursuant to FPA section 206).

Docket No. RM21-17-003                                                    - 123 -

## ii.    Commission Determination

113.    We disagree with the arguments that Order No. 1920-A's cost allocation

consultation requirement is unlawful because it infringes on or abridges transmission

providers' FPA section 205 filing rights.  The consultation requirement does not regulate

transmission providers' filing rights under FPA section 205, but rather addresses the

practices through which cost allocation methods for Long-Term Regional Transmission

Facilities are developed, which is integrally tied to the likelihood of the construction of

those facilities and their associated costs.[382]

114.    In Order No. 1000, the Commission required—and the D.C. Circuit upheld—that

transmission providers' transmission planning processes "have a method for allocating *ex

ante* among beneficiaries the costs of new transmission facilities in the regional

transmission plan, and the method must satisfy six regional cost allocation principles."[383]

In doing so, the Commission regulated not only the substantive content of such cost

allocation methods (i.e., consistency with the six regional cost allocation principles), but

also the very practice of developing cost allocation methods by "[r]eforming the

practice[ ] of failing to engage in . . . *ex ante* cost allocation."[384]  Order No. 1920-A's

---

[382] *South Carolina*, 762 F.3d at 48; *see id.* at 82-83 (discussing how "the lack of methods that ascertain the beneficiaries of new and improved transmission facilities and allocate costs to entities that benefit" creates risks to transmission providers and results in misaligned incentives).

[383] *Id.* at 48.

[384] *Id.* at 57 (holding that this reform was within the Commission's jurisdiction to regulate); *see also id.* at 84-87.

Docket No. RM21-17-003                                             - 124 -

consultation requirement, similarly, aims to ensure the development and application of

cost allocation methods that will themselves facilitate the timely, efficient development

of Long-Term Regional Transmission Facilities, through states' critical role in that

process.

115.    In Order No. 1920-A, the Commission determined—and we here sustain—that

requiring transmission providers to consult with Relevant State Entities will provide an

opportunity for state input, which "has the potential to minimize additional costs and

delays in the siting process and to facilitate the development of Long-Term Regional

Transmission Facilities."[385]  As the Commission explained in the NOPR, Long-Term

Regional Transmission Planning "may entail a more complex set of considerations

compared to existing regional transmission planning requirements, which, in turn, may

increase the importance of ensuring that the cost allocations method for projects

identified and developed through these processes are perceived as fair."[386]  "As

---

[385] Order No. 1920-A, 189 FERC ¶ 61,126 at P 692 ("We find that these requirements will ensure that states have the opportunity to be involved in establishing cost allocation methods for Long-Term Regional Transmission Facilities subsequent to the Commission's acceptance of transmission providers' filings made in compliance with Order No. 1920.").

[386] NOPR, 179 FERC ¶ 61,028 at P 54 (proposing to "address these concerns in part through greater state involvement, particularly in the development of cost allocation methods"); *see id.* P 244; *id.* PP 297-300 (discussing the challenges associated with developing cost allocation methods perceived as fair, especially in multi-state transmission planning regions, and how this may undermine the development of more efficient or cost-effective regional transmission facilities; discussing the critical role of states in such processes); *id.* P 301 ("We believe that providing an opportunity for state involvement in regional transmission planning cost allocation processes is becoming more important as states take a more active role in shaping the resource mix and demand, which, in turn, means that those state actions are increasingly affecting the long-term

such, . . . state entities charged with siting transmission facilities within their state may, at

least in certain circumstances, take a more skeptical approach to evaluating applications

to site Long-Term Regional Transmission Facilities."[387]  To address this problem, the

Commission proposed that providing opportunities for state involvement in establishing a

cost allocation method "would help to address any such concerns on the part of state

regulators, increasing the likelihood that Long-Term Regional Transmission Facilities are

actually developed, and without delay."[388]

116.   Order No. 1920 sustained these preliminary findings from the NOPR, which

provide the foundation for the expanded opportunities for state participation in cost

allocation adopted in that order and in Order No. 1920-A.[389]  The Commission in Order

---

transmission needs for which we are proposing to require public utility transmission
providers to plan in this NOPR.").

[387] *Id.* P 317; *see also id.* P 314 (discussing how additional state involvement in
cost allocation may "decrease the controversy over development of such facilities," and
thereby "reduce instances in which a Long-Term Regional Transmission Facility is
selected, has an established *ex ante* cost allocation method that applies to it, but
nevertheless fails to be developed because it cannot receive a necessary state regulatory
approval.  After all, states retain siting authority over transmission facilities and will
review whether Long-Term Regional Transmission Facilities are consistent with the
public interest and state siting regulations."); *cf. id.* P 321 ("Moreover, state siting
proceedings may proceed more efficiently if states have better information about the
costs and benefits of such regional transmission facilities.").

[388] *Id.* P 317.

[389] *See* Order No. 1920, 187 FERC ¶ 61,068 at P 124 ("As the Commission
discussed in the NOPR and we continue to find in this final rule, facilitating state
regulatory involvement in the cost allocation process could minimize delays and
additional costs associated with state and local siting proceedings."); *id.* P 126
(concluding that ensuring a dedicated process through which states have an opportunity
to participate in the development of regional cost allocation "is particularly relevant to

No. 1920-A recognized that such concerns over inadequate state participation—and the

Commission's findings as to how increased state involvement in cost allocation can help

ensure that the benefits of Long-Term Regional Transmission Planning are realized—will

also arise in the future, as transmission providers consider whether changes are warranted

to the cost allocation process.[390]  Likewise, the same dynamic may occur where Relevant

State Entities have identified an alternative approach to the existing cost allocation

mechanism; consulting with the Relevant State Entities regarding alternative approaches

may increase Relevant State Entities' confidence in Long-Term Regional Transmission

---

Long-Term Regional Transmission Planning, given:  (1) the lengthy planning
horizon . . . ; (2) the resultant increased uncertainty for Long-Term Regional
Transmission Facilities; and (3) accordingly, the increased importance for state
engagement regarding cost allocation to increase the likelihood such facilities obtain
needed siting approvals from the states and are thus timely and cost-effectively
developed"); *id.* PP 1293, 1295, 1362, 1404, 1411; Order No. 1920-A, 189 FERC
¶ 61,126 at P 659 ("[G]iven the inherent uncertainty involved in planning to meet
Long-Term Transmission Needs, state-developed cost allocation methods and State
Agreement Process take on heightened importance."); *id.* PP 10, 59; 632, 671-673,
677-678.

[390] *See* Order No. 1920-A, 189 FERC ¶ 61,126 at P 692 ("We find that these
requirements will ensure that states have the opportunity to be involved in establishing
cost allocation methods for Long-Term Regional Transmission Facilities subsequent to
the Commission's acceptance of transmission providers' filings made in compliance with
Order No. 1920, which has the potential to minimize additional costs and delays in the
siting process and to facilitate the development of Long-Term Regional Transmission
Facilities."); *see also id.* P 688 (summarizing NESCOE's argument that "a transmission
provider could undo the efforts of Relevant State Entities in agreeing to a Long-Term
Regional Transmission Cost Allocation Method during the initial Engagement Period by
filing a new Long-Term Regional Transmission Cost Allocation Method without
consulting with Relevant State Entities"); *id.* P 691 ("We are persuaded by NARUC's
and NESCOE's arguments raised on rehearing.").

Planning processes, thereby minimizing delays, disputes, and costs associated with those processes.

117.    The Commission in Order No. 1920-A therefore addressed transmission providers' processes for developing cost allocation methods for Long-Term Regional Transmission Facilities by requiring that transmission providers engage in consultation with Relevant State Entities on cost allocation to receive input from these key stakeholders.[391] Specifically, it required the adoption of the consultation mechanisms discussed above, and required "transmission providers to include in their OATTs a description of how they will consult with Relevant State Entities in these circumstances."[392]  These consultation practices occur prior to any FPA section 205 filing that transmission providers might make addressing cost allocation and are directed toward transmission providers' communications with Relevant State Entities regarding cost allocation, rather than any such FPA section 205 filing.[393]

---

[391] Order No. 1920-A also provided examples of how transmission providers could satisfy these consultation requirements, including revising their OATTs to adopt mechanisms similar to those used in SPP and MISO, *id.* P 692, but it did not rely on the voluntary decision of RTOs/ISOs to adopt such mechanisms as support for establishing these requirements.  Thus, arguments on rehearing that such voluntary decisions are distinguishable from a Commission-imposed consultation requirement, *see* MISO TOs Rehearing Request at 29; SPP TOs Rehearing Request at 5-6; EEI Rehearing Request at 14-15, are beside the point.

[392] Order No. 1920-A, 189 FERC ¶ 61,126 at P 691.

[393] Indeed, there may not be any FPA section 205 filing associated with any such consultation, as the transmission provider has full discretion on whether or not to proceed with any FPA section 205 filing.

Docket No. RM21-17-003                                                          - 128 -

118.    We agree with rehearing petitioners that FPA section 205 expressly grants rights

to transmission providers.  But contrary to the arguments raised on rehearing,[394]

regulation of these consultation practices does not infringe on those rights.[395]

Transmission providers retain their full and exclusive discretion as to whether to file—or

not file—proposed changes to Long-Term Regional Transmission Cost Allocation

Method(s) and/or State Agreement Process under FPA section 205.  Transmission

providers likewise retain their full and exclusive discretion to determine the content of

any such proposal, notwithstanding that transmission providers are required to engage in

this consultation process.  Transmission providers also control the timing of when they

choose to make any such filing, including, to reiterate, *whether to make such a filing at*

*all*.[396]  Under this framework, the Commission demonstrably retains its passive and

reactive role of reviewing the transmission providers' FPA section 205 filings.[397]  As a

result, FPA section 205 continues to function to the benefit of the transmission providers

---

[394] *See supra* P 108.

[395] Order No. 1920-A, 189 FERC ¶ 61,126 at P 691 n.1747 ("We clarify that this
consultation requirement neither requires transmission providers to submit, nor prohibits
transmission providers from submitting, FPA section 205 filings to modify cost allocation
methods accepted in compliance with Order No. 1920, and transmission providers
therefore retain their currently effective FPA section 205 rights.").

[396] The Commission also afforded "transmission providers flexibility as to the
form and duration of their required consultation with Relevant State Entities."  *Id.* P 692.

[397] *Emera Maine*, 854 F.3d at 24.

in allowing them, subject to Commission review and approval, to propose to set and change their own rates.[398]

119.     Thus, the precedent relied on by rehearing petitioners challenging these requirements is inapposite.  As discussed in greater detail above, the court in *Atlantic City I*[399] was not addressing a Commission regulation akin to the regulation of transmission providers' consultation practices relating to cost allocation for Long-Term Regional Transmission Facilities.[400]  Rather, the court there overturned a Commission order requiring that public utilities clearly cede to an ISO their FPA section 205 rights, such that only the ISO could propose changes in rate design.  Here, by contrast, transmission providers retain the full scope of their FPA section 205 filing rights.  For similar reasons, this consultation requirement does not contravene *Massachusetts Department of Public Utilities*[401] because transmission providers retain their full authority to file only the FPA section 205 proposals of their own choosing, as well as the right to file nothing at all.[402]

---

[398] *See, e.g.*, *id.* (contrasting FPA sections 205 and 206, noting that FPA section 205 is intended for the benefit of the utility, allowing it to propose to change its own rates, subject to the Commission's passive and reactive oversight); *Vistra Corp.*, 80 F.4th at 318; *MISO Transmission Owners*, 45 F.4th at 253.

[399] 295 F.3d at 9-11.

[400] *See supra* P 55 (discussing the facts and holding of *Atlantic City I*).

[401] 729 F.2d at 886-87.

[402] *See supra* P 57 (discussing the facts and holding of *Massachusetts Department of Public Utilities*).  For similar reasons, we are not persuaded by Indicated PJM TOs' suggestion of a tension between this consultation requirement and the availability of a

120.    We are also not persuaded by challenges to this consultation requirement relying

on *City of Cleveland*.[403]   In that case, the court considered "whether the Federal Power

Commission erred in adopting a rate structure specified in a schedule filed by a public

electric utility without resolving its municipal customer's contention that the schedule

contravenes a preexisting agreement between the parties."[404]   The court held that where a

public utility has actually agreed to particular rates, by contract, the Commission cannot

overlook that agreement and approve different rates.[405]   While the court in that case stated

that a utility "may, without negotiation or consultation with anyone, set the rates it will

charge prospective customers, and change them at will, so long as they have not been set

aside by the Commission on grounds of inconsistency with the [FPA],"[406] the court was

---

complaint under FPA section 206 as a mechanism to compel a change to a transmission
provider's cost allocation method.  *See* Indicated PJM TOs Rehearing Request at 16-17.
The consultation requirement does not allow Relevant State Entities to compel a
transmission provider to change or not change its cost allocation method.

[403] *See* MISO TOs Rehearing Request at 30-31; SPP TOs Rehearing Request at 7;
WIRES Rehearing Request at 6, 8.

[404] *See City of Cleveland*, 525 F.2d at 846, 853-54.

[405] *See id.* at 855 (explaining that the petitioner's "thesis is that . . . it had reached
agreement with CEI as to the rates to be charged for the proposed load transfer service,
and that a racheting of contract demand was not a part of the bargain" such that a "rachet
clause" included in the public utility's proposed rate schedule had been impermissibly
included); *id.* at 855-56 ("[A] utility is no more at liberty to alter an agreed rate as yet
unfiled than it is to depart from one that has been filed.").

[406] *Id.* at 855; *see also United Gas Pipe Line Co.*, 350 U.S. at 343 ("The obvious
implication is that, except as specifically limited by the Act, the rate-making powers of
natural gas companies were to be no different from those they would possess in the

not called upon to address the Commission's authority, under FPA section 206, to regulate transmission providers' practices for developing cost allocation methods.[407] Moreover, that decision substantially pre-dates the Supreme Court and D.C. Circuit's precedent affirming the Commission's authority over the practices of public utilities that directly affect the areas subject to the Commission's jurisdiction.[408]  Regardless, under Order No. 1920-A, transmission providers are still entitled, subject to Commission review and approval, "without negotiation or consultation with anyone, [to] *set* the rates [they] will charge prospective customers, and *change* them at will,"[409] including as to cost allocation.  Despite Order No. 1920-A's regulation of their pre-filing practices, transmission providers' filing rights as set forth by FPA section 205[410] remain wholly intact and unchanged; any FPA section 205 filing that transmission providers make seeking to set or change their rates does not need to reflect a compromise proposal resulting from negotiation or consultation.

---

absence of the Act: to establish ex parte, and change at will, the rates offered to prospective customers . . . .").

[407] *See City of Cleveland*, 525 F.2d at 851-57.

[408] *See EPSA*, 577 U.S. at 288; *South Carolina*, 762 F.3d at 48; *cf. CAISO*, 372 F.3d at 403 (overturning Commission order, finding that it did not meet the "directly affects" test).

[409] *City of Cleveland*, 525 F.2d at 855 (emphasis added).

[410] *See* 16 U.S.C. 824d(c) (providing that "every public utility shall file with the Commission . . . schedules showing all rates and charges for any transmission or sale subject to the jurisdiction of the Commission, and the classifications, practices, and regulations affecting such rates and charges").

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 144 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003    - 132 -

121.    MISO TOs, SPP TOs, and WIRES assert that the requirement that transmission providers consult with Relevant State Entities prior to an FPA section 205 filing unlawfully limits their ability to propose to change their rates at any time.[411]  We disagree.  Order No. 1920-A's regulation of transmission provider practices in this respect may result in practical considerations affecting the timing of transmission providers' FPA section 205 filings, which transmission providers must plan for in order to file their proposal at their preferred time, but it does not amount to a curtailment of transmission providers' filing rights.   Indeed, the same challenge could be leveled at essentially *any* Commission order that imposes a requirement on a public utility that may affect the contents of a FPA section 205 filing, because meeting this requirement could impose a practical constraint on the timing of that filing.[412]  We note that transmission providers must follow any applicable stakeholder processes to that effect under their currently effective governing documents, and we view those to be functionally similar to the consultation requirement.[413]

---

[411] *See supra* P 109.

[412] For instance, where the Commission imposes a requirement on a public utility to consider a certain issue (e.g., a category of factors affecting Long-Term Transmission Needs) in support of ensuring just and reasonable rates, doing so could delay the utility's ability to make an FPA section 205 filing as compared to a situation without that requirement.

[413] *See, e.g.*, PJM Interconnection, L.L.C., Intra-PJM Tariffs, OA, § 18.6(a) (requiring the support of PJM stakeholders for certain FPA section 205 filings to amend PJM's Operating Agreement).

Docket No. RM21-17-003                                                              - 133 -

122.    None of the precedent cited by MISO TOs, SPP TOs, or WIRES holds to the

contrary.  While *Atlantic City I* states that under FPA section 205(d) "a public utility may

file changes to rates, charges, classification, or service at any time upon 60 days

notice,"[414] it does not suggest that a Commission regulation that might, as a practical

matter, affect the timing of such filings is unlawful as an intrusion on public utilities'

filing rights.[415]  Neither do the cases on which SPP TOs rely,[416] which addressed

Commission attempts to modify a FPA section 205 filing made by a public utility[417] or

explained that, where a filing is made under FPA section 205, the Commission has "a

statutory obligation to process the filing in a timely manner."[418]

123.    Challenges to Order No. 1920-A's requirements that transmission providers

publicly document the results of their consultation with Relevant State Entities[419] do not

change our analysis.  Here, too, these documentation requirements do not impinge on or

---

[414] 295 F.3d at 9; *see* MISO TOs Rehearing Request at 28.

[415] *See* 295 F.3d at 9-11; *see supra* P 55 (discussing the holding of *Atlantic City I*).

[416] *See* SPP TOs Rehearing Request at 11 (citing *NRG Power Mktg.*, 862 F.3d at 115; *City of Winnfield*, 774 F.2d at 876; *Western Resources*, 9 F.3d at 1578; *Midwest Indep. Transmission Sys. Operator, Inc.*, 137 FERC ¶ 61,074 at P 187).

[417] *See NRG Power Mktg.*, 862 F.3d at 115; *City of Winnfield*, 774 F.2d at 876; *Western Resources*, 9 F.3d at 1578.  That these cases discuss notice requirements under FPA section 205 does not support SPP TOs' suggestion that a Commission regulation is invalid as abridging FPA section 205 filing rights if it may, as a practical matter, require greater planning on a public utilities' part to make their filing at a desired time.

[418] *Midwest Indep. Transmission Sys. Operator, Inc.*, 137 FERC ¶ 61,074 at P 187.

[419] *See* MISO TOs Rehearing Request at 5; Indicated PJM TOs Rehearing Request at 7, 15-17; SPP TOs Rehearing Request at 2, 7, 10-11.

alter transmission providers' FPA section 205 filing rights, as transmission providers

retain their full, exclusive, and unilateral right to file, or not file,[420] FPA section 205

proposals of their own choosing.  This aspect of Order No. 1920-A regulates only

transmission providers' practices around publicly documenting their consultation with

Relevant State Entities, pursuant to the Commission's authority under FPA section 206.

The Commission has often introduced documentation requirements aimed at increasing

transparency.[421]  Nothing in FPA section 205 precludes the Commission from exercising

---

[420] *See* Indicated PJM TOs Rehearing Request at 16 (arguing that inherent in a public utility's right to change its own rates under FPA section 205 is the right not to seek to change its rates under that provision); SPP TOs Rehearing Request at 11 (arguing that the filing decision is wholly voluntary under FPA section 205).

[421] *See, e.g.*, Order No. 1920, 187 FERC ¶ 61,068 at P 1753 (requiring transmission providers to publicly document certain information, including Long-Term Transmission Needs discussed in interregional transmission coordination meetings); *id.* PP 1625-1630 (establishing documentation and transparency requirements for local transmission planning processes); Order No. 2023, 184 FERC ¶ 61,054 at PP 135-137 (requiring transmission providers to publicly post available generator interconnection information); Order No. 1000, 136 FERC ¶ 61,051 at P 458 (directing transmission providers "to maintain a website or e-mail list for the communication of information related to interregional transmission coordination procedures" to stakeholders); *id.* PP 668-669 (requiring that "cost allocation methods and their corresponding data requirements for determining benefits and beneficiaries [of regional and interregional transmission facilities] must be open and transparent" in order to "ensure[] that such methods are just and reasonable and not unduly discriminatory or preferential"); *Reform of Generator Interconnection Procs. & Agreements*, Order No. 845, 163 FERC ¶ 61,043, at PP 305, 307 (requiring transmission providers to post interconnection study metrics, in order to "increase the transparency of interconnection study completion timeframes"), *order on reh'g*, Order No. 845-A, 166 FERC ¶ 61,137 (2018), *order on reh'g*, Order No. 845-B, 168 FERC ¶ 61,092 (2019); *Uplift Cost Allocation & Transparency in Mkts. Operated by Reg'l Transmission Orgs. & Indep. Sys. Operators*, Order No. 844, 163 FERC ¶ 61,041, at PP 27, 30-34 (2018) (finding that certain RTO/ISO reporting practices were insufficiently transparent, resulting in unjust and unreasonable rates, and establishing four public reporting requirements).

that FPA section 206 authority to require documentation of these discussions, including in scenarios where the transmission provider elects not to file an FPA section 205 proposal to change its approach to cost allocation.

124.    Moreover, the Commission has authority under the FPA to require the disclosure of information as necessary or appropriate to assist the Commission in the administration of its duties under the FPA, in the "manner or form" as the Commission may prescribe and providing "specific answers to all questions upon which the Commission may need information."[422]   Order No. 1920-A's requirements that transmission providers publicly document the results of their consultation with Relevant State Entities fall comfortably within this broad authority.[423]

## b.    Compliance with the APA

### i.    Rehearing Requests

125.    MISO TOs, SPP TOs, and WIRES assert that Order No. 1920-A's consultation requirement is inconsistent with the objectives of Order No. 1920 and insufficiently

---

[422] 16 U.S.C. 825c(a) ("[E]very public utility shall file with the Commission such annual and other periodic or special reports as the Commission may by rules and regulations or order prescribe as necessary or appropriate to assist the Commission in the proper administration of this chapter"); *see also id.* 825f(a), 825h; *INGAA,* 285 F.3d at 39; *PJM Interconnection* ¶ 61,224, at P 26 (2015) ("Court and Commission precedent recognize that the Commission retains the ability to require informational filings without exceeding its authority under section 205.  The Commission's authority to prescribe informational filings and require informational reports, moreover, is statutory."); *PJM Interconnection, L.L.C.*, 123 FERC ¶ 61,037, at P 12 (2008); *supra* note 421 (public documentation requirements issued pursuant to FPA section 206).

[423] For instance, these requirements will help ensure that consultations with Relevant State Entities are occurring consistent with transmission providers' tariffs.

supported and is therefore arbitrary and capricious under the APA.[424]  MISO TOs argue

that the requirement contravenes the stated purpose of Order No. 1920 of promoting

efficiency and cost-effectiveness of transmission solutions stating that "when the

Commission places roadblocks, such as additional consultations and detailed

explanations of decisions, in the way of reaching appropriate [c]ost [a]llocation

[m]ethods, it belies the purpose of the reforms, does not demonstrate a clear path of

reasoning, and is, thus, arbitrary and capricious."[425]  SPP TOs broadly challenge Order

No. 1920-A's consultation requirement as insufficiently supported by the Commission's

explanation that states have a unique role and voice in regional transmission planning,

given that states have other avenues to be heard and transmission providers have every

incentive to consult voluntarily with Relevant State Entities.[426]  WIRES argues that

"[b]ecause the record demonstrates that there are other less intrusive means by which

---

[424] MISO TOs Rehearing Request at 32-33 (citing 5 U.S.C. 706; *Hoopa Valley Tribe v. FERC*, 913 F.3d 1099, 1102 (D.C. Cir. 2019)); SPP TOs Rehearing Request at 28 (citing *State Farm*, 463 U.S. at 43); WIRES Rehearing Request at 15 (citing 5 U.S.C. 706(2)(A); *Am. Gas Ass'n v. FERC*, 593 F.3d 14, 19 (D.C. Cir. 2010); *Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 541 (D.C. Cir. 1999)).

[425] MISO TOs Rehearing Request at 32-33; *see also id.* at 27.

[426] SPP TOs Rehearing Request at 28-29 (arguing that there is no need to "create preferential filing privileges" not contemplated by the FPA and "that statutory limits exist and may frustrate some parties cannot be a reasoned basis for evading those limits"); *see also id.* at 11-12 (arguing that the Commission's explanation for the consultation requirements cannot support infringing on transmission providers' FPA section 205 filing rights, and that "public utilities will continue to have every incentive to *voluntarily* consult with Relevant State Entities and to consider their input before making section 205 filings").

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 149 of 288
Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Docket No. RM21-17-003                                           - 137 -

states can meaningfully participate in the development of Long-Term Regional

[Transmission] Cost Allocation [M]ethods and State Agreement Processes, the

Commission's revisions are arbitrary and capricious."[427]

### ii.    Commission Determination

126.    We disagree with the arguments raised on rehearing that the Commission failed to

comply with the APA in adopting the requirement that transmission providers consult

with Relevant State Entities prior to amending the Long-Term Regional Transmission

Cost Allocation Method(s) and/or State Agreement Process.[428]  First, MISO TOs

mischaracterize the consultation requirement in calling it a "roadblock[ ] . . . in the way

of reaching appropriate [c]ost [a]llocation [m]ethods,"[429] as Order No. 1920-A provides

transmission providers flexibility as to both the form and duration of the required

consultation.[430]  Moreover, Order No. 1920-A does not require that transmission

---

[427] WIRES Rehearing Request at 16-17 (asserting that the same set of facts relied on in Order No. 1920 were used to justify the requirements of Order No. 1920-A, such that "there seems little connection between what are essentially the same facts and the choices made.").  WIRES here challenges both the consultation requirements and the compliance filing requirements adopted in Order No. 1920-A, discussed above, *see supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods section, as arbitrary and capricious for the same reasons.

[428] *See* MISO TOs Rehearing Request at 32-33; SPP TOs Rehearing Request at 28; WIRES Rehearing Request at 15.

[429] MISO TOs Rehearing Request at 33.

[430] Order No. 1920-A, 189 FERC ¶ 61,126 at P 692.

providers post any detail beyond the results of any consultation,[431] and for consultations initiated by Relevant State Entities, Order No. 1920-A requires only an explanation for why the transmission provider has chosen not to propose any amendments to the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process preferred by Relevant State Entities during the required consultation.[432]  Contrary to MISO TOs' contention that the consultation requirement contravenes the purpose of Order No. 1920, we find that the consultation requirement directly furthers the essential purpose of Long-Term Regional Transmission Planning to develop more efficient or cost-effective regional transmission facilities.[433]  The consultation requirement, in ensuring that states have the opportunity to be involved in development of cost allocation methods for Long-Term Regional Transmission Facilities subsequent to the Commission's acceptance of transmission providers' filings made in compliance with Order No. 1920, has the potential to minimize additional costs and delays in the siting process and to facilitate the development of Long-Term Regional Transmission Facilities.[434]  Therefore, on balance, we find that the consultation requirement adopted in

---

[431] *See* MISO TOs Rehearing Request at 33 (asserting that that this requirement obligates transmission providers to provide "detailed explanations of decisions").

[432] Order No. 1920-A, 189 FERC ¶ 61,126 at P 691.

[433] Order No. 1920, 187 FERC ¶ 61,068 at P 125.

[434] Order No. 1920-A, 189 FERC ¶ 61,126 at P 692.

Docket No. RM21-17-003                                                                    - 139 -

Order No. 1920-A is an appropriate, tailored means of furthering Order No. 1920's

essential purpose.

127.    We also disagree with SPP TOs' and WIRES' arguments that the Commission's

adoption of the consultation requirement is arbitrary or capricious because Relevant State

Entities have other means of participating in the development of Long-Term Regional

Transmission Cost Allocation Methods and/or State Agreement Process, or because

transmission providers would otherwise be incented to consult with Relevant State

Entities and consider their input before making FPA section 205 filings.[435]  In Order

No. 1920-A, the Commission found that the consultation requirement will ensure that

states have the opportunity to be involved in developing cost allocation methods for

Long-Term Regional Transmission Facilities subsequent to the Commission's acceptance

of transmission providers' filings made in compliance with Order No. 1920.[436]

Transmission providers may already have an incentive to provide states with an

opportunity to be involved in establishing cost allocation methods for Long-Term

Regional Transmission Facilities subsequent to the Commission's acceptance of

transmission providers' filings made in compliance with Order No. 1920—given such

involvement has the potential to minimize additional costs and delays in the siting

process and to facilitate the development of Long-Term Regional Transmission

---

[435] *See* SPP TOs Rehearing Request at 28-29; WIRES Rehearing Request at 16-17.

[436] Order No. 1920-A, 189 FERC ¶ 61,126 at P 692.

Docket No. RM21-17-003                                          - 140 -

Facilities.[437]  However, the consultation requirement adopted in Order No. 1920-A

*ensures* that Relevant State Entities have such an opportunity.

### c.     First Amendment

### i.     Rehearing Requests

128.   Indicated PJM TOs argue that the requirement that transmission providers explain

why they have chosen not to propose any amendments to the Long-Term Regional

Transmission Cost Allocation Method(s) and/or State Agreement Process preferred by

Relevant State Entities during the required consultation violates the First Amendment to

the United States Constitution.[438]  Indicated PJM TOs contend that the First Amendment

protects transmission providers' right to speak as well as their right not to speak, and that

this requirement constitutes governmentally compelled speech that the Commission

cannot require.[439]

### ii.     Commission Determination

129.   Above, we address Indicated PJM TOs' argument that transmission providers'

First Amendment rights are violated by Order No. 1920-A's requirement that

transmission providers include in the transmittal or as an attachment to their Order

No. 1920 regional transmission planning and cost allocation compliance filing the

---

[437] *Id.* P 692 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126).

[438] Indicated PJM TOs Rehearing Request at 29.

[439] *Id.* at 29-30, 33-34 (citing *Wooley*, 430 U.S. at 714; *United Foods, Inc.*, 533 U.S. at 409-10; *PG&E*, 475 U.S. at 10-19; *Central Hudson*, 447 U.S. 557).

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process agreed to by Relevant State Entities during the Engagement Period.[440]  For similar reasons, we find that the requirement that transmission providers explain why they have chosen not to propose any amendments to the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process preferred by Relevant State Entities during the required consultation does not implicate transmission providers' rights under the First Amendment.  As discussed above,[441] the requirement that transmission providers explain why they have chosen not to propose any amendments to the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process preferred by Relevant State Entities during the required consultation is a regulation of the practices surrounding cost allocation to ensure the development of cost allocation methods that will facilitate the timely, efficient development of Long-Term Regional Transmission Facilities, given the critical role of states in that process.  This requirement is not a "veiled attempt to . . . 'manipulate the public debate through coercion'"[442] but rather an integral component in Order No. 1920's

---

[440] *See supra* Requirements Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods section.

[441] Consultation with Relevant State Entities After the Engagement Period, Statutory Filing Rights Under the FPA section.

[442] *Full Value Advisors, LLC*, 633 F.3d at 1108-09 (rejecting a First Amendment challenge to a statute "indistinguishable from other underlying and oft unnoticed forms of disclosure the Government requires for its 'essential operations'" (first quoting *Turner Broad. Sys., Inc.*, 512 U.S. at 641; then quoting *W. Va. State Bd. of Educ. v. Barnette*, 319

reforms facilitating the timely, efficient development of Long-Term Regional

Transmission Facilities, and thus ensuring just and reasonable Commission-jurisdictional

rates.  We therefore find no difference for the purposes of the First Amendment between

this requirement and Order No. 1000's reform, necessary to ensure just and reasonable

Commission-jurisdictional rates, of the "practices of failing to engage in . . . *ex ante* cost

allocation for development of new regional transmission facilities."[443]

130.    As with Indicated PJM TOs' First Amendment arguments with respect to the

requirement that transmission providers include Relevant State Entities' agreed-upon

Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement

Process in their compliance filings, we find that Indicated PJM TOs' reliance on cases

concerning compelled expression of political and ideological messages such as *Wooley*

and *PG&E* is misplaced.  The Supreme Court has consistently held that "expression

related solely to the economic interests of the speaker and its audience"[444] is entitled to

only a "limited measure of protection, commensurate with its subordinate position in the

scale of First Amendment values."[445]  The requirement that transmission providers

---

U.S. at 645)).  *See also Sindel*, 53 F.3d at 878; *Scahill v. District of Columbia*, 909 F.3d
at 1185.

    [443] *South Carolina*, 762 F.3d at 57 (describing this Order No. 1000 reform as
"involv[ing] a core reason underlying Congress' instruction in [FPA] Section 206").

    [444] *Central Hudson*, 447 U.S. at 561; *see also Md. Shall Issue, Inc.*, 91 F.4th
at 248.

    [445] *See Bd. of Trs. of State Univ. of N.Y.*, 492 U.S. 469; *see supra* Requirements
Concerning Relevant State Entities' Agreed-upon Cost Allocation Methods section.

Docket No. RM21-17-003                                                                                    - 143 -

explain why they have chosen not to propose any amendments to the Long-Term

Regional Transmission Cost Allocation Method(s) and/or State Agreement Process

preferred by Relevant State Entities during the required consultation does not compel

transmission providers to utter phrases "repugnant to their moral, religious, and political

beliefs,"[446] but instead simply requires that they explain their disagreement with Relevant

State Entities as to the economic matter of how the cost of Long-Term Regional

Transmission Facilities ought to be allocated.[447]   Therefore, at most, the requirement that

transmission providers explain why they have chosen not to propose any amendments to

the Long-Term Regional Transmission Cost Allocation Method(s) and/or State

Agreement Process preferred by Relevant State Entities during the required consultation

should be judged under the *Central Hudson* standard applied to regulations on

commercial speech.[448]   We find that this requirement satisfies *Central Hudson*, as it

---

[446] *Wooley*, 430 U.S. at 707.

[447] *Md. Shall Issue, Inc.*, 91 F.4th at 248.

[448] *Recht*, 32 F.4th at 409.  While Indicated PJM TOs argue that either strict or
intermediate scrutiny should apply to the requirement that transmission providers include
in their compliance filings the Long-Term Regional Transmission Cost Allocation
Method(s) and/or State Agreement Process agreed upon by Relevant State Entities,
Indicated PJM TOs do not specify the level of constitutional scrutiny they believe should
apply to the requirement that transmission providers explain why they have chosen not to
propose any amendments to the Long-Term Regional Transmission Cost Allocation
Method(s) and/or State Agreement Process preferred by Relevant State Entities during
the required consultation.  Indicated PJM TOs Rehearing Request at 31-33.  For the
avoidance of doubt, we find that strict scrutiny is inapplicable to the requirement that
transmission providers explain why they have chosen not to propose any amendments to
the Long-Term Regional Transmission Cost Allocation Method(s) and/or State

directly advances the Commission's substantial interest in ensuring that states have the opportunity to be involved in establishing cost allocation methods for Long-Term Regional Transmission Facilities subsequent to the Commission's acceptance of transmission providers' filings made in compliance with Order No. 1920, which has the potential to minimize additional costs and delays in the siting process and to facilitate the development of Long-Term Regional Transmission Facilities,[449] and is "in proportion to" and not more extensive than is necessary to serve the Commission's substantial interest.[450]

### C.    Definition of Relevant State Entities

#### 1.    Order Nos. 1920 and 1920-A

131.    In Order No. 1920, the Commission defined a "Relevant State Entity" as "any state entity responsible for electric utility regulation or siting electric transmission

---

Agreement Process preferred by Relevant State Entities during the required consultation after the Engagement Period.

[449] Order No. 1920-A, 189 FERC ¶ 61,126 at P 692 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 124, 126).

[450] *See Bd. of Trs. of State Univ. of N.Y.*, 492 U.S. at 480 (quoting *In re R.M.J.*, 455 U.S. 191, 203 (1982)). As discussed above at note 359, regulations on commercial speech such as the requirement that transmission providers explain why they have chosen not to propose any amendments to the Long-Term Regional Transmission Cost Allocation Method(s) and/or State Agreement Process preferred by Relevant State Entities during the required consultation need not be the least restrictive means of achieving the government's substantial interest. *Id.* Thus, the fact that Relevant State Entities could alternatively "file their own proposal under FPA section 206" has no bearing on the constitutionality of this requirement. Indicated PJM TOs Rehearing Request at 33.

facilities within the state or portion of a state located in the transmission planning region,
including any state entity as may be designated for that purpose by the law of such
state."[451]  In response to comments on the NOPR, the Commission declined to expand the
definition of Relevant State Entities to include additional entities, including electric
cooperatives, and explained that providing state regulators with a formal opportunity to
develop cost allocation methods in Long-Term Regional Transmission Planning could
increase state support for Long-Term Regional Transmission Facilities that transmission
providers select and that this may increase the likelihood that such facilities are sited and
ultimately developed with fewer costly delays and better ensure just and reasonable
Commission-jurisdictional rates.[452]  The Commission made clear, however, that nothing
in Order No. 1920 diminishes the role of stakeholders that are not Relevant State Entities
nor absolves transmission providers of any existing obligations that they may have to
provide opportunities for stakeholder input.[453]

132.   Order No. 1920 provided opportunities for Relevant State Entities to participate in
Long-Term Regional Transmission Planning, including, but not limited to, the
requirements that transmission providers in each transmission planning region:

(1) consult with and seek support from Relevant State Entities regarding the evaluation

---

[451] Order No. 1920, 187 FERC ¶ 61,068 at PP 44, 1355; *see also* Order
No. 1920-A, 189 FERC ¶ 61,126 at P 701.

[452] Order No. 1920, 187 FERC ¶ 61,068 at P 1364.

[453] *Id.* P 1000.

Docket No. RM21-17-003                                                    - 146 -

process, including selection criteria, that transmission providers propose to use to identify

and evaluate Long-Term Regional Transmission Facilities for selection;[454] (2) include in

their OATTs a process to provide Relevant State Entities and interconnection customers

with the opportunity to voluntarily fund the cost of, or a portion of the cost of, a

Long-Term Regional Transmission Facility that otherwise would not meet the

transmission providers' selection criteria;[455] and (3) provide a forum for negotiation of a

Long-Term Regional Transmission Cost Allocation Method(s) and/or a State Agreement

Process that enables meaningful participation by Relevant State Entities.[456]  The

Commission declined to expand participation in the Engagement Period beyond Relevant

State Entities but stated that other participants beyond Relevant State Entities may

participate in the State Agreement Process, if agreed to by Relevant State Entities.[457]

133.    In Order No. 1920-A, the Commission recognized the valuable insight that

municipal electric regulatory bodies and non-public utilities provide as stakeholders in

Commission-sanctioned processes but declined requests to expand the definition of

Relevant State Entity to encompass other entities.[458]  In support of its decision, the

Commission emphasized that state entities responsible for electric utility regulation or

---

[454] *Id.* P 994.

[455] *Id.* P 1012.

[456] *Id.* P 1354.

[457] *Id.* PP 1364 & n.2914, 1402, 1416, 1421.

[458] Order No. 1920-A, 189 FERC ¶ 61,126 at PP 700-701.

siting electric transmission facilities are uniquely situated to influence whether or not a Long-Term Regional Transmission Facility reaches completion.[459]  The Commission continued to find that "regional transmission facilities face significant uncertainty and risk of not reaching construction if certain stakeholders—in particular, a state regulator responsible for permitting transmission facilities—do not perceive the regional transmission facilities' value as commensurate with their costs."[460]  However, the Commission did not make a determination on whether an individual state's laws, regulations, and/or policies, or inclusion in a larger association of regulators, deem any particular entity to be a Relevant State Entity, though the Commission noted that state law may be a persuasive or dispositive factor in such determinations.[461]

## 2.     Rehearing Requests

134.    NRECA requests that the Commission modify the definition of Relevant State Entity to include any entity that establishes or regulates electric rates under state law, in light of Order No. 1920-A's modifications to the roles played by Relevant State Entities.[462]  NRECA states that Order No. 1920-A substantially changes the final rule by creating expanded and additional opportunities for Relevant State Entities to influence and determine Long-Term Regional Transmission Planning and associated cost allocation

---

[459] *Id.* P 701 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1364).

[460] *Id.* P 700 (citing Order No. 1920, 187 FERC ¶ 61,068 at P 1364).

[461] *Id.* P 703.

[462] NRECA Rehearing Request at 12.

Docket No. RM21-17-003                                                    - 148 -

methods, such as requiring incorporation of input from Relevant State Entities in developing Long-Term Scenarios and requiring compliance filings to include any Long-Term Regional Transmission Cost Allocation Method or State Agreement Process agreed upon by Relevant State Entities.[463]

135.    NRECA argues that Order No. 1920-A's modifications to the final rule are incomplete, and the Commission's goal of giving the entities that represent electric consumers under state law a greater voice in transmission planning and cost allocation decisions is not met, because the order does not ensure comparable representation of all electric consumers in a state.[464]  NRECA points out that many state public utility commissions do not regulate the rates of all electric utilities in their respective states and that often electric cooperatives establish their rates independently of their state's utility commission.  NRECA asserts that the Commission arbitrarily and without explanation excluded or allowed transmission planning regions to exclude the representatives of some electric consumers from the more robust process created by Order No. 1920-A.[465]  NRECA states that the Commission's definition of Relevant State Entity in Order Nos. 1920 and 1920-A is not bound by statute or prior regulations, as the Commission crafted this definition for the purpose of Order Nos. 1920 and 1920-A.[466]

---

[463] *Id.* at 5-8.

[464] *Id.* at 9.

[465] *Id.* at 10.

[466] *Id.* at 11-12 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 704).

Docket No. RM21-17-003                                                    - 149 -

136.    NRECA argues that the FPA's prohibition on undue discrimination or preference

extends to practices affecting jurisdictional rates as well as the rates themselves.[467]

Accordingly, NRECA claims that Order No. 1920-A is arbitrary, capricious, not in

accordance with law, and not the product of reasoned decision-making, as it does not

require transmission providers to provide the expanded opportunities for participation in

transmission planning and cost allocation decision-making processes on a

nondiscriminatory and non-preferential basis to all entities "responsible for electric utility

regulation" under state law.[468]

137.    Finally, NRECA argues that the Commission should clarify or modify Order

No. 1920-A to require transmission providers to demonstrate in their compliance filings

how they are ensuring that all entities that establish or regulate electric rates under state

law will be treated without undue discrimination or preference.[469]

### 3.    Commission Determination

138.    We are not persuaded by NRECA's request to expand the definition of Relevant

State Entity to include any entity that establishes or regulates electric rates under state

law.[470]  As discussed in Order No. 1920-A, while we recognize the important role that

many stakeholders, including municipal electric regulatory bodies and non-public utility

---

[467] *Id.* at 13.

[468] *Id.* at 4, 13-14.

[469] *Id.* at 15.

[470] *Id.* at 12.

Docket No. RM21-17-003                                              - 150 -

entities, play in Commission-sanctioned processes, we continue to find that the definition

of Relevant State Entities should encompass only state entities responsible for electric

utility regulation or siting electric transmission facilities within the state or portion of a

state located in the transmission planning region, including any state entity as may be

designated for that purpose by the law of such state.[471]

139.    In Order No. 1920-A, the Commission reaffirmed and enhanced the important role

of states in the Long-Term Regional Transmission Planning process by recognizing that

meaningful engagement with states is critical to the success of the Long-Term Regional

Transmission Planning reforms established in Order No. 1920.[472]  Specifically, the

Commission in Order No. 1920-A better integrated states' input into regional

transmission planning and cost allocation processes, both in the transmission providers'

development of Order No. 1920 compliance filings and the ongoing implementation of

these reforms in the future.

140.    Importantly, however, this strengthened role of Relevant State Entities does not

limit or inhibit other entities from engaging robustly via the Commission's or state's

standard procedures for public participation.  We also reiterate that Order No. 1920

allows other participants, including the municipal electric regulatory bodies and

non-public utility entities mentioned above that do not otherwise meet the definition of a

Relevant State Entity, to participate in a State Agreement Process, if agreed to by

---

[471] Order No. 1920-A, 189 FERC ¶ 61,126 at P 701.

[472] *Id.* P 3.

Docket No. RM21-17-003                                                    - 151 -

Relevant State Entities.[473]  Further, we emphasize that nothing in Order No. 1920 or

Order No. 1920-A prevents transmission providers generally from consulting or working

closely with stakeholders in addition to Relevant State Entities to ensure the success of

Long-Term Regional Transmission Planning.  Indeed, we welcome such collaboration.

141.   We disagree with NRECA's argument that the definition of Relevant State Entity

allows for unduly discriminatory and preferential transmission planning and cost

allocation practices by not expressly encompassing any entity that establishes or regulates

electric rates under state law.[474]  As discussed in Order No. 1920, allowing Relevant State

Entities to better realize Long-Term Regional Transmission Facilities' value through an

enhanced role in the regional transmission planning process greatly increases the

likelihood of their support for those facilities.  Relevant State Entities play a unique role

in that they retain a variety of authorities that are integral to the success of Long-Term

Regional Transmission Planning.[475]  Therefore, the support of Relevant State Entities

may increase the likelihood that those facilities are sited and ultimately developed with

fewer costly delays, and thus better ensures just and reasonable

Commission-jurisdictional rates.[476]  Additionally, we reiterate that we are not excluding

---

[473] Order No. 1920, 187 FERC ¶ 61,068 at PP 1364 n.2914, 1402; Order No. 1920-A, 189 FERC ¶ 61,126 at P 701.

[474] NRECA Rehearing Request at 13.

[475] Order No. 1920, 187 FERC ¶ 61,068 at P 1000.

[476] *Id.* P 1364.

Docket No. RM21-17-003                                    - 152 -

any specific entities from this process; instead, we make no findings regarding whether

any individual municipal electric regulatory body or non-public utility entity meets the

definition of a Relevant State Entity, as those determinations properly rest with entities in

a state, based upon their interpretation of their state laws.[477]

142.    We further are not persuaded by NRECA's request for a requirement that

transmission providers demonstrate in their compliance filings how they are ensuring that

all entities that establish or regulate electric rates under state law will be treated without

undue discrimination or preference.[478]  Nothing in Order No. 1920 diminishes the role of

stakeholders that are not Relevant State Entities, nor absolves transmission providers of

any existing obligations that they may have to provide opportunities for stakeholder

input.[479]

> **D.    Other Cost Allocation Issues**
>
> **1.    Order Nos. 1920 and 1920-A**

143.    In Order No. 1920, the Commission found that there is substantial evidence to

support the determination that sufficiently long-term, forward-looking, and

comprehensive regional transmission planning and cost allocation to meet Long-Term

Transmission Needs is not occurring on a consistent and sufficient basis, and that the

absence of such processes is resulting in piecemeal transmission expansion to address

---

[477] Order No. 1920-A, 189 FERC ¶ 61,126 at P 703.

[478] NRECA Rehearing Request at 15.

[479] *See* Order No. 1920, 187 FERC ¶ 61,068 at P 1000.

relatively near-term transmission needs.  The Commission found that the status quo

approach results in transmission providers undertaking investments in relatively

inefficient or less cost-effective transmission infrastructure, the costs of which are

ultimately recovered through Commission-jurisdictional rates.[480]

144.    The Commission concluded that revisions to the Commission's regional

transmission planning and cost allocation requirements are necessary to ensure that

Commission-jurisdictional rates, terms, and conditions are just, reasonable, and not

unduly discriminatory or preferential.  The Commission found that, absent the reforms

instituted by Order No. 1920, regional transmission planning processes will continue to

fail to identify, evaluate, and select regional transmission facilities that can more

efficiently or cost-effectively meet Long-Term Transmission Needs, requiring customers

to pay for relatively inefficient or less cost-effective transmission development.[481]

145.    The Commission therefore concluded, based on the record in the proceeding, that

there is substantial evidence to support the conclusion that deficiencies in the

Commission's existing regional transmission planning and cost allocation requirements

are resulting in Commission-jurisdictional rates that are unjust, unreasonable, and unduly

discriminatory or preferential.

146.    As relevant here, the Commission specifically found that the Commission's

current cost allocation requirements, which were designed and established in the context

---

[480] *Id.* P 112.

[481] *Id.* P 113.

Docket No. RM21-17-003                                                    - 154 -

of existing Order No. 1000 regional transmission planning processes, are insufficient to

appropriately allocate costs associated with regional transmission facilities that are

selected in accordance with the new Long-Term Regional Transmission Planning

requirements that the Commission established in Order No. 1920.  Accordingly, the

Commission found that it is both necessary and appropriate to establish specific cost

allocation requirements that are tailored to the Long-Term Regional Transmission

Planning reforms in Order No. 1920.[482]

147.   In Order No. 1920-A, the Commission responded to rehearing requests that argued

that the Commission had failed to satisfy its FPA section 206 burden to demonstrate that

existing Order No. 1000 regional transmission planning and cost allocation processes are

unjust, unreasonable, or unduly discriminatory or preferential[483] and sustained its Order

No. 1920 determinations as to its action under the first prong of FPA section 206.[484]  As

relevant here, the Commission continued to find that the Commission made adequate

findings and marshalled substantial evidence under the first prong of FPA section 206,

and that it found rehearing petitioners' arguments to the contrary to be unpersuasive.  The

Commission concluded that the evidence on which it relied—both empirical and generic

---

[482] *Id.* P 126.

[483] *See* Order No. 1920-A, 189 FERC ¶ 61,126 at PP 70-71 (describing rehearing requests received from Designated Retail Regulators, Undersigned States, Arizona Commission, and Industrial Customers challenging the sufficiency under the first prong of FPA section 206 of the evidence relied upon by the Commission in Order No. 1920).

[484] *Id.* P 72.

Docket No. RM21-17-003                                                                        - 155 -

factual predictions—was more than sufficient to meet its evidentiary burden under FPA section 206.[485]

### 2.    Rehearing Requests

148.    Indicated PJM TOs and SPP TOs argue that the Commission failed to make an adequate finding under the first prong of FPA section 206 that substantial evidence supports the determination that existing regional cost allocation methods are unjust and unreasonable.[486]  Indicated PJM TOs state that FPA section 206 requires the Commission to prove that each rate or practice affecting such rate that it seeks to change is unlawful based on substantial evidence.[487]  Indicated PJM TOs assert that "[t]he Commission makes several findings that *the existing regional planning process* is unjust and unreasonable but makes no findings that the existing *regional cost allocation method[]* is unjust and unreasonable."[488]  Indicated PJM TOs aver that the findings in Order Nos. 1920 and 1920-A that an existing rate is unjust and unreasonable are confined to the transmission planning process, and that the Commission "simply assume[d]" that existing

---

[485] *Id.* PP 72-83.

[486] Indicated PJM TOs Rehearing Request at 7, 23-27; SPP TOs Rehearing Request at 7-8, 21-28.

[487] Indicated PJM TOs Rehearing Request at 24-25 (citing 16 U.S.C. 825*l*(b); *Emera Maine*, 854 F.3d at 24; *South Carolina*, 762 F.3d at 56-69).

[488] *Id.* at 5; *see id.* at 7 (emphasis in original).

Docket No. RM21-17-003                                               - 156 -

regional cost allocation methods are unjust and unreasonable on the basis of evidence that

existing regional transmission planning processes are unjust and unreasonable.[489]

149.    Indicated PJM TOs argue that the Commission justified its decision by stating that

existing cost allocation methods do not properly reflect the benefits to be considered in

the new Order No. 1920 long-term transmission planning requirements and that there is

no process to engage states in the development of regional cost allocation methods, but

there is not substantial evidence in the record or analysis supporting these

determinations.[490]    Indicated PJM TOs argue that the Commission acknowledged that it

may be just and reasonable to continue to apply existing regional cost allocation methods,

that the Commission cannot conclude that a rate is unjust and unreasonable simply

because it differs from the rate the Commission seeks to impose, and that the

Commission has shifted the burden onto public utilities to demonstrate their cost

allocation methods are consistent with the requirements of Order No. 1920.[491]    Indicated

PJM TOs contend that because the Commission has not carried its burden under the first

prong of FPA section 206 with respect to the cost allocation methods for Long-Term

---

[489] *Id.* at 24 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at PP 47 & n.80, 52 & n.92).

[490] *Id.* at 25 (arguing that the Commission failed to consider the example of whether PJM's cost allocation method for multi-driver projects would be appropriate under Order No. 1920 or whether PJM's existing State Agreement Approach provided sufficient state involvement in cost allocation processes).

[491] *See id.* at 26 (citing *Emera Maine*, 854 F.3d at 22-26; Order No. 1920-A, 189 FERC ¶ 61,126 at P 714).

Docket No. RM21-17-003                                                    - 157 -

Regional Transmission Facilities, any proposals related to such cost allocation methods

must be made and considered under FPA section 205 and approved if just and

reasonable.[492]

150.    SPP TOs assert that Order Nos. 1920 and 1920-A do not present substantial

evidence establishing a causal link between the Commission's changes to its transmission

planning requirements and the need for replacement rates on cost allocation.[493]  SPP TOs

acknowledge that the Commission made such findings in Order Nos. 1920 and 1920-A

but contend that these findings fall short of statutory requirements.[494]  Specifically, they

argue that "[t]he creation of new benefits in the transmission planning process does not

support the Commission's conclusion that a new transmission cost allocation scheme is

also needed" because costs need not be allocated with exacting precision and there is

more than one just and reasonable rate, such that existing rates may still be just and

reasonable.[495]  Further, SPP TOs contend that the Commission disavowed in Order

No. 1920 any causal link between the benefits required to be used and measured for

planning purposes and the proposed replacement rate such that an acceptable cost

allocation method need not include a mechanism for allocating the costs of Long-Term

---

[492] *Id.* at 26-27 (citing 16 U.S.C. 824d(e); *Sw. Power Pool, Inc.*, 189 FERC ¶ 61,128, at P 60 n.230 (2024)).

[493] SPP TOs Rehearing Request 22-23; *see also id.* at 7-8.

[494] *Id.* at 21-22 (citing Order No. 1920, 187 FERC ¶ 61,068 at PP 113-114; Order No. 1920-A, 189 FERC ¶ 61,126 at PP 34-124, 652).

[495] *Id.* at 23-24.

Docket No. RM21-17-003                                                        - 158 -

Regional Transmission Facilities in line with the measurement of benefits.  Therefore,

SPP TOs argue, the Commission was required to make additional factual findings, such

as showing that Order No. 1920's transmission planning requirements would cause

existing cost allocation methods to fail to meet the cost causation principle.[496]

151.    SPP TOs assert that the holding in *South Carolina* that "'substantial evidence' is

not limited to empirical evidence and may include generic factual predictions"[497] does not

support the Commission's decision because "the Commission fails to show any support

for 'generic factual predictions' related to supposed cost allocation deficiencies."[498]  SPP

TOs further contend that the Commission's discussion of the need for reform in Order

Nos. 1920 and 1920-A does not support a finding under the first prong of FPA

section 206 as to cost allocation, because the relevant material in the record addresses the

need for improved transmission planning, not cost allocation.[499]  In addition, SPP TOs

argue that the Commission does not cite any record evidence that existing cost allocation

methods fail to adequately consider the views of states, does not support the need for a

dedicated process through which states have the opportunity to participate in regional

---

[496] *Id.*

[497] *South Carolina*, 762 F.3d at 65.

[498] SPP TOs Rehearing Request at 25 (discussing Order No. 1920, 187 FERC ¶ 61,068 at PP 113-114, and asserting that "[b]oth paragraphs merely state conclusions regarding the need for cost allocation reforms").

[499] *Id.* at 25-26 (discussing Order No. 1920-A, 189 FERC ¶ 61,126 at P 77, and associated record material, as well as Order No. 1920, 187 FERC ¶ 61,068 at PP 117, 121, 123).

cost allocation methods, and does not show that existing methods are insufficient to appropriately allocate costs in this context.[500]

### 3.    Commission Determination

152.    FPA section 313(a) provides that a party aggrieved by an order issued by the Commission "may apply for a rehearing within thirty days after the issuance of such order."[501]  That provision further requires that "[t]he application for rehearing shall set forth specifically the ground or grounds upon which such application is based."[502]  An aggrieved party is entitled to one opportunity to ask the Commission to reconsider a decision.[503]  Arguments that are not made at the first opportunity cannot be made later unless there is reasonable ground for failure to do so.[504]  Successive rehearing requests

---

[500] *Id.* at 27-28 (citing Order No. 1920-A, 189 FERC ¶ 61,126 at P 83; Order No. 1920, 187 FERC ¶ 61,068 at P 126).

[501] 16 U.S.C. 825*l*(a); *see also* 18 CFR 385.713(b) (rehearing request must be filed not later than 30 days after issuance of a final decision or order).

[502] 16 U.S.C. 825*l*(a).

[503] *See Tenn. Gas Pipeline Co. v. FERC*, 871 F.2d 1099, 1110 n.18 (D.C. Cir. 1989) ("[I]f a party does not raise an argument *that it could have raised* in its first petition for review of a Commission action, it cannot preserve that argument for judicial review simply by filing a second petition for rehearing from a subsequent Commission order which implicates the same action." (emphasis in original)); *Smith Lake Improvement & Stakeholders Ass'n*, 809 F.3d at 58 (holding that, when a Commission rehearing order does not alter an aspect of the underlying order, seeking further rehearing as to that unchanged aspect does not toll the 60-day period for requesting judicial review).

[504] *Columbia Gas Transmission Corp. v. FERC*, 477 F.3d 739, 741-42 (D.C. Cir. 2007); *Appalachian Power Co.*, 149 FERC ¶ 61,137, at P 8 (2014); *accord N.C. Utils. Comm'n v. FERC*, 741 F.3d 439, 449 (4th Cir. 2014).

Docket No. RM21-17-003                                                    - 160 -

are only proper when the order on rehearing modifies the result reached in the original

order in a manner that gives rise to a "wholly new objection."[505]

153.    Here, Indicated PJM TOs did not request rehearing of this aspect of Order

No. 1920,[506] and SPP TOs did not request rehearing of Order No. 1920.  Nor have

Indicated PJM TOs or SPP TOs provided a reasonable ground for their failure to timely

raise their objections to Order No. 1920's findings under the first prong of FPA

section 206.  Nevertheless, the concerns they raise regarding the Commission's findings

under the first prong of FPA section 206 and sufficiency of evidence to support its

exercise of authority in Order No. 1920[507] were thoroughly addressed in Order

No. 1920-A,[508] which sustained Order No. 1920's outcome on this issue.[509]  The

---

[505] *Appalachian Power Co.*, 149 FERC ¶ 61,137 at P 8 (citing, *inter alia*, *S. Nat. Gas Co. v. FERC*, 877 F.2d 1066, 1073 (D.C. Cir. 1989)); *see also Smith Lake Improvement & Stakeholders Ass'n* , 809 F.3d at 58 (finding, in a case "where the result did not change on first rehearing and petitioner sought a second rehearing nonetheless," that "there can be no dispute that [precedent] precludes judicial review of an untimely petition").

[506] *See generally* Indicated PJM TOs June 12, 2024 Rehearing Request.

[507] Indicated PJM TOs Rehearing Request at 23-27; SPP TOs Rehearing Request at 21-28.

[508] *See* Order No. 1920-A, 189 FERC ¶ 61,126 at PP 70-71 (describing rehearing requests received from Designated Retail Regulators, Undersigned States, Arizona Commission, and Industrial Customers challenging the sufficiency under the first prong of FPA section 206 of the evidence relied upon by the Commission in Order No. 1920).

[509] *Id.* P 72 ("We continue to find that the Commission made adequate findings under the first prong of FPA section 206 and marshalled substantial evidence to support those findings.  We are therefore not persuaded by rehearing parties' arguments to the contrary.").  *See Appalachian Power Co*., 149 FERC ¶ 61,137 at P 10 n.18 ("An 'improved rationale' for the Commission's underlying decision ... does not support a

Docket No. RM21-17-003                                                                          - 161 -

reasoning therein fully responds to the challenges on this issue raised here by the

Indicated PJM TOs and SPP TOs.

154.    Accordingly, we find that successive requests for rehearing of this determination

in Order No. 1920 do not lie, and SPP TOs' arguments regarding the sufficiency of the

Commission's findings in Order No. 1920,[510] as well as both Indicated PJM TOs' and

SPP TOs' objections to the sufficiency of statements made in Order No. 1920-A that

merely sustain Order No. 1920,[511] are rejected.[512]

## IV.    Document Availability

155.    In addition to publishing the full text of this document in the Federal Register, the

Commission provides all interested persons an opportunity to view and/or print the

---

second request for rehearing." (citing *Erie Boulevard Hydropower, L.P.*, 118 FERC ¶ 61,196, at P 8 (2007))); *Smith Lake Improvement & Stakeholders Ass'n*, 809 F.3d at 56-57 ("We have made clear that a second rehearing petition must be filed if—and only if—the first rehearing order 'modifie[d] the results of the earlier one in a significant way.' We subsequently explained that means a change in the 'outcome,' not merely a change in reasoning." (internal citations omitted)).

[510] *See* SPP TOs Rehearing Request at 23-24 nn.64-65, 25 nn.68-70, 26-27 nn.77-79.

[511] *See* Indicated PJM TOs Rehearing Request at 24 nn.89-91, 25 n.94; SPP TOs Rehearing Request at 22-23 nn.58-60, 24-25 n.67, 25-26 nn.71-73, 26 nn.75-76, 27 nn.80-82.  *See also* Indicated PJM TOs Rehearing Request at 5 ("*Order No. 1920-A* fails to make the finding required by the first prong and to establish a replacement rate under the second prong." (emphasis added)).

[512] *See NEXUS Gas Transmission, LLC*, 187 FERC ¶ 61,098, at P 13 (2024) (citing *Calpine Corp.*, 173 FERC ¶ 61,061, at P 144 (2020) (rejecting an argument as an impermissible request for rehearing of an order on rehearing)).

contents of this document via the Internet through the Commission's Home Page

(http://www.ferc.gov).

156.    From the Commission's Home Page on the Internet, this information is available

on eLibrary.  The full text of this document is available on eLibrary in PDF and

Microsoft Word format for viewing, printing, and/or downloading.  To access this

document in eLibrary, type the docket number excluding the last three digits of this

document in the docket number field.

157.    User assistance is available for eLibrary and the Commission's website during

normal business hours from FERC Online Support at 202-502-6652 (toll free at 1-866-

208-3676) or email at ferconlinesupport@ferc.gov, or the Public Reference Room at

(202) 502-8371, TTY (202)502-8659.  E-mail the Public Reference Room at

public.referenceroom@ferc.gov.

## V.    Effective Date

158.    The effective date of the document published on December 6, 2024

(89 FR 97,174), is confirmed:  January 6, 2025.

By the Commission.  Commissioner See is not participating.

( S E A L )


                                        Carlos D. Clay,
                                        Deputy Secretary.

NOTE:  The following appendix will not appear in the Code of Federal Regulations.

Appendix A:  Abbreviated Names of Rehearing Petitioners

| Abbreviation | Rehearing Party(ies) |
|---|---|
| Developers Advocating Transmission Advancements | Ameren Services Company; Eversource Energy; Exelon Corporation; ITC Holdings Corp., National Grid USA; Xcel Energy |
| EEI | Edison Electric Institute |
| Indicated PJM TOs | American Electric Power Service Corporation on behalf of its affiliates, Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Wheeling Power Company, AEP Appalachian Transmission Company, Inc., AEP Indiana Michigan Transmission Company, Inc., AEP Kentucky Transmission Company, Inc., AEP Ohio Transmission Company, Inc., and AEP West Virginia Transmission Company, Inc.; the Dayton Power and Light Company; Dominion Energy Services, Inc. on behalf of Virginia Electric and Power Company; Duke Energy Corporation on behalf of its affiliates Duke Energy Ohio, Inc., Duke Energy Kentucky, Inc., and Duke Energy Business Services LLC; Duquesne Light Company; East Kentucky Power Cooperative; Exelon Corporation on behalf of its affiliates Atlantic City Electric Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, Delmarva Power & Light Company, PECO Energy Company, and Potomac Electric Power Company; FirstEnergy Service Company, on behalf of its affiliates American Transmission Systems, Incorporated, Jersey Central Power & Light Company, Mid-Atlantic |

Docket No. RM21-17-003                                                    - 2 -

| Abbreviation | Rehearing Party(ies) |
|---|---|
| | Interstate Transmission LLC, West Penn Power Company, Potomac Edison Company, Monongahela Power Company, Keystone Appalachian Transmission Company, and Trans-Allegheny Interstate Line Company; PPL Electric Utilities Corporation; Public Service Electric and Gas Company; Rockland Electric Company; and UGI Utilities Inc. |
| MISO TOs | AEP Indiana Michigan Transmission Company; Ameren Services Company, as agent for Union Electric Company, Ameren Illinois Company, and Ameren Transmission Company of Illinois; American Transmission Company LLC; Big Rivers Electric Corporation; Central Minnesota Municipal Power Agency; City Water, Light & Power (Springfield, IL); Cleco Power LLC; Dairyland Power Cooperative; Duke Energy Business Services, LLC for Duke Energy Indiana, LLC; Great River Energy; Hoosier Energy Rural Electric Cooperative, Inc.; Indiana Municipal Power Agency; Indianapolis Power & Light Company; Lafayette Utilities System; MidAmerican Energy Company; Minnesota Power (and its subsidiary Superior Water, L&P); Montana-Dakota Utilities Co.; Northern Indiana Public Service Company LLC; Northern States Power Company, a Minnesota corporation, and Northern States Power Company, a Wisconsin corporation, subsidiaries of Xcel Energy Inc.; Northwestern Wisconsin Electric Company; Otter Tail Power Company; Prairie Power, Inc.; Southern Illinois Power Cooperative; Southern Indiana Gas & Electric Company; Southern Minnesota Municipal Power Agency; Wabash Valley Power Association, Inc.; and Wolverine Power Supply Cooperative, Inc. |

USCA4 Appeal: 25-1080    Doc: 72    Filed: 05/30/2025    Pg: 177 of 288
Document Accession #: 20250411-3071      Filed Date: 04/11/2025

Docket No. RM21-17-003                                                              - 3 -

| Abbreviation | Rehearing Party(ies) |
|---|---|
| NRECA | National Rural Electric Cooperative Association |
| SPP TOs | American Electric Power Service Corporation, on behalf of Southwestern Electric Power Company, Public Service Company of Oklahoma, AEP Oklahoma Transmission Company, Inc., and AEP Southwestern Transmission Company, Inc.; the Evergy Companies; and Xcel Energy Services Inc. on behalf of Southwestern Public Service Company |
| WestConnect CTOs | Colorado Springs Utilities; Imperial Irrigation District; Los Angeles Department of Water and Power; Platte River Power Authority; Sacramento Municipal Utility District; Salt River Project Agricultural Improvement and Power District; and the Transmission Agency of Northern California |
| WIRES | WIRES |

Document Accession #: 20250411-3071    Filed Date: 04/11/2025

Document Content(s)

RM21-17-003.docx........................................................1

# Exhibit B

**FERC** Online – Web Applications of the Federal Energy Regulatory Commission



FERC Online Home
**About FERC Online**

Log Out

Edit Registration
**Company Registration**

eFiling
eSubscription
eComment

Query Mailing
List/Recipients by State
Query Service List
My Service List
My Filing List
**eLibrary**
**eTariff Viewer**

**Help**

Service List for RM21-17-000 Building for the Future Through Electric Regional Transmission Planning and Cost

Contacts marked ** must be postal served

| Party | Primary Person or Counsel of Record to be Served | Other Contact to be Served |
|---|---|---|
| Tom Pike | Tom Pike<br>4703 STEWART CT<br>MURRYSVILLE, PENNSYLVANIA 15668<br>UNITED STATES<br>tom.r.pike@gmail.com | |
| Elise Silvestri | Elise Silvestri<br>1000 N Negley Ave<br>Pittsburgh, PENNSYLVANIA 15206<br>UNITED STATES<br>elise.m.silvestri@gmail.com | |
| Amanda Waxman | Amanda Waxman<br>531 Mellon St<br>1R<br>Pittsburgh, PENNSYLVANIA 15206<br>UNITED STATES<br>aewaxman@gmail.com | |
| John Blau | John Blau<br>Mr<br>3 Bayard Road<br>Pittsburgh, PENNSYLVANIA 15213<br>UNITED STATES<br>johnpblau@gmail.com | |
| Christian Pelfrey | Christian Pelfrey<br>3223 Piedmont Ave<br>Pittsburgh, PENNSYLVANIA 15216<br>UNITED STATES<br>cpelfrey89@gmail.com | |
| Danielle McGuire | Danielle McGuire<br>4107 Willow St<br>Pittsburgh, PENNSYLVANIA 15201<br>UNITED STATES<br>dcm678@gmail.com | |
| Ilyas Khan | Ilyas Khan<br>1219 Commercial Street<br>Pittsburgh, PENNSYLVANIA 15218<br>UNITED STATES<br>ilsomoshi@gmail.com | |
| Ronald Belval | Ronald Belval<br>6746 E Calle Cadena<br>Tucson, ARIZONA 85715<br>UNITED STATES<br>Ron@BelvalConnections.com | |
| Aaron Litz | Aaron Litz<br>856 Carroll Street<br>Baltimore, MARYLAND 21230<br>UNITED STATES<br>litz.progress@gmail.com | |
| Seth Handy | Seth Handy<br>Principal<br>42 Weybosset Street<br>Providence, RHODE ISLAND 02903<br>UNITED STATES<br>seth@handylawllc.com | |
| Brandon Crawford | Brandon Crawford<br>1948 Walnut Street<br>Lauderdale, MINNESOTA 55113<br>UNITED STATES<br>crawf560@umn.edu | |
| Seth Handy | Seth Handy<br>Principal<br>42 Weybosset Street<br>Providence, RHODE ISLAND 02903 | |

| | | |
|---|---|---|
| | UNITED STATES<br>seth@handylawllc.com | |
| Robert Cowles | Robert Cowles<br>PO BOX 7882<br>MADISON, WISCONSIN 53707<br>UNITED STATES<br>Sen.Cowles@legis.wisconsin.gov | |
| Jack Spencer | Jack Spencer<br>656 BUSBEES POINT RD<br>BUMPASS, VIRGINIA 23024<br>UNITED STATES<br>jack.spencer@heritage.org | |
| Julian Bradley | Julian Bradley<br>Senator<br>PO Box 7882<br>Madison, WISCONSIN 53707<br>UNITED STATES<br>sen.bradley@legis.wi.gov | |
| David Gardner | David Gardner<br>United States Senate Committee<br>304 Dirksen Senate Office Building<br>Washington, DISTRICT OF COLUMBIA 20510<br>UNITED STATES<br>david_gardner@energy.senate.gov | |
| Advanced Energy United | Caitlin Marquis<br>Advanced Energy United<br>1010 VERMONT AVE NW STE 1050<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>cmarquis@advancedenergyunited.org | |
| Advanced Power Alliance | Robert Gaw<br>1200 County Road 382<br>Holts Summit, MISSOURI 65043<br>UNITED STATES<br>RSGaw1@gmail.com | |
| Alabama Public Service Commission | Chad Mason<br>State of Alabama<br>100 N. Union St.<br>Montgomery, ALABAMA 36104<br>UNITED STATES<br>chad.mason@psc.alabama.gov | |
| Alabama Public Service Commission | | Luther D. Bentley, IV<br>Attorney - Alabama Public Serv<br>Alabama Public Service Commission<br>100 N UNION ST STE 836<br>MONTGOMERY, ALABAMA 36104<br>luke.bentley@psc.alabama.gov |
| Alabama Public Service Commission | Chad Mason<br>State of Alabama<br>100 N. Union St.<br>Montgomery, ALABAMA 36104<br>UNITED STATES<br>chad.mason@psc.alabama.gov | |
| ALLETE, Inc.,d.b.a. Minnesota Power | David Moeller<br>Senior Regulatory Counsel<br>Minnesota Power, Inc.<br>30 West Superior Street<br>Duluth, MINNESOTA 55802-2093<br>UNITED STATES<br>dmoeller@allete.com | |
| Alliance for Clean Energy New York | Anne Reynolds<br>Executive Director<br>Alliance for Clean Energy New York<br>119 WASHINGTON AVE<br>ALBANY, NEW YORK 12210<br>UNITED STATES<br>areynolds@aceny.org | |
| Alliant Energy Corporate Services, Inc. | | Angela M Cavallucci<br>Regulatory Relations Manager<br>Alliant Energy Corporate Services, Inc.<br>801 Pennsylvania Ave NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>angelacavallucci@alliantenergy.com |
| Alliant Energy Corporate | | Jane E. Rueger<br>Perkins Coie LLP |

| | | |
|---|---|---|
| Services, Inc. | | 700 Thirteenth Street, N.W.<br>Suite 800<br>WASHINGTON, DISTRICT OF COLUMBIA 3960<br>jrueger@perkinscoie.com |
| Alliant Energy Corporate Services, Inc. | Andrew Cardon<br>Managing Counsel<br>Alliant Energy Corporate Services, Inc.<br>200 First Street SE<br>Cedar Rapids, IOWA 52401<br>UNITED STATES<br>andrewcardon@alliantenergy.com | Mitchell Myhre<br>Manager of Transmission Planni<br>ALLIANT ENERGY<br>4902 N BILTMORE LN<br>MADISON, WISCONSIN 53718<br>MitchellMyhre@alliantenergy.com |
| Amazon Energy LLC | Glenn Benson<br>Partner<br>Baker Hostetler LLP<br>1050 CONNECTICUT AVE NW STE 1100<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>gbenson@bakerlaw.com | |
| Ameren Service Company, as agent for Union Electric Company d/b/a Ameren MS, Ameren IL Company d/b/a Ameren IL and Ameren Transmission Company of IL | Anne Dailey<br>Senior Corporate Counsel<br>Ameren Services Company<br>1331 Pennsylvania, NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>adailey@ameren.com | |
| Ameren Services Company | Matthew Tomc<br>Director and Assistant General<br>Ameren Corporation<br>1901 Chouteau Ave<br>MC 1310<br>St. Louis, MISSOURI 63040<br>UNITED STATES<br>mtomc@ameren.com | Denice Simpson<br>Regulatory Affairs Specialist<br>Ameren Corporation<br>1331 Pennsylvania Ave, NW<br>Suite 550 South<br>Washington, DISTRICT OF COLUMBIA 2(<br>dsimpson@ameren.com |
| Ameren Services Company | Anne Dailey<br>Senior Corporate Counsel<br>Ameren Services Company<br>1331 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>adailey@ameren.com | |
| Ameren Services Company | Anne Dailey<br>Senior Corporate Counsel<br>Ameren Services Company<br>1331 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>adailey@ameren.com | |
| American Chemistry Council | Charles Franklin<br>Senior Director, Energy, Clima<br>700 2ND ST NE<br>WASHINGTON, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>cfranklinindc@gmail.com | |
| American Clean Power Association | Gabriel Tabak<br>Counsel<br>American Clean Power Association<br>1501 M St NW<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>gtabak@cleanpower.org | eugene grace<br>Regulatory Attorney<br>1501 M St NW, Ste 1000<br>washington, DISTRICT OF COLUMBIA 2(<br>ggrace@awea.org |
| American Clean Power Association | | Steven Shparber<br>Mintz, Levin, Cohn, Ferris, Glovsky and I<br>555 12TH ST NW STE 1100<br>WASHINGTON, DISTRICT OF COLUMBIA<br>sshparber@mintz.com |
| American Clean Power Association | | Omar Bustami<br>Mintz, Levin, Cohn, Ferris, Glovsky and I<br>3580 Carmel Mountain Road<br>Suite 300 |

| | | |
|---|---|---|
| | | San Diego, CALIFORNIA 92130<br>OBustami@mintz.com |
| American Clean Power Association | Andrew Kaplan<br>Partner<br>Pierce Atwood LLP<br>100 SUMMER ST<br>BOSTON, MASSACHUSETTS 02110<br>UNITED STATES<br>akaplan@pierceatwood.com | Sharon Thomas<br>9410 KINGSLEY AVE<br>BETHESDA, MARYLAND 20814<br>sharonmt93@gmail.com |
| American Clean Power Association | | Jason Burwen<br>Vice President, Energy Storage<br>American Clean Power Association<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jburwen@cleanpower.org |
| American Clean Power Association | | Jason Burwen<br>Vice President, Energy Storage<br>American Clean Power Association<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jburwen@cleanpower.org |
| American Council on Renewable Energy | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Tyler Stoff<br>American Council on Renewable Energy<br>1150 Connecticut Ave<br>Suite 401<br>Washington, DISTRICT OF COLUMBIA 20<br>stoff@acore.org |
| American Council on Renewable Energy | | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20<br>palexander@crowell.com |
| American Council on Renewable Energy | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| American Council on Renewable Energy | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20<br>palexander@crowell.com |
| American Council on Renewable Energy | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| American Council on Renewable Energy | Elise Caplan<br>Director of Electricity Policy<br>American Council on Renewable Energy<br>1150 CONNECTICUT AVE NW STE 401<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>caplan@acore.org | |
| American Council on Renewable Energy | Barbara Tyran<br>Director of the Macro Grid Ini<br>Macro Grid Initiative<br>1150 Connecticut Ave NW<br>Suite 401<br>Washington, DISTRICT OF COLUMBIA 20035<br>UNITED STATES<br>tyran@acore.org | |
| American Council on Renewable Energy | Elise Caplan<br>Director of Electricity Policy<br>American Council on Renewable Energy<br>1150 CONNECTICUT AVE NW STE 401<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>caplan@acore.org | |

| | | |
|---|---|---|
| American Council on Renewable Energy | Elise Caplan<br>Director of Electricity Policy<br>American Council on Renewable Energy<br>1150 CONNECTICUT AVE NW STE 401<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>caplan@acore.org | |
| American Electric Power Service Corporation | Stacey Burbure<br>American Electric Power Company<br>801 Pennsylvania Avenue, NW<br>Washington DC, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>slburbure@aep.com | LaChon Turner<br>AEP COMPANIES<br>801 PENNSYLVANIA AVE NW STE 735<br>WASHINGTON, DISTRICT OF COLUMBIA<br>lturner@aep.com |
| American Electric Power Service Corporation | Amanda Conner<br>Assistant General Counsel<br>American Electric Power Service Corporation<br>1 RIVERSIDE PLZ<br>COLUMBUS, OHIO 43215<br>UNITED STATES<br>arconner@aep.com | |
| American Electric Power Service Corporation | Stacey Burbure<br>American Electric Power Company<br>801 Pennsylvania Avenue, NW<br>Washington DC, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>slburbure@aep.com | |
| American Electric Power Service Corporation | Amanda Conner<br>Assistant General Counsel<br>American Electric Power Service Corporation<br>1 RIVERSIDE PLZ<br>COLUMBUS, OHIO 43215<br>UNITED STATES<br>arconner@aep.com | |
| AMERICAN FARMLAND TRUST | Tim Fink<br>AMERICAN FARMLAND TRUST<br>1150 Connecticut Ave NW #600<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>tfink@farmland.org | |
| American Municipal Power, Inc. | Lisa McAlister<br>Deputy General Counsel - FERC/<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>UNITED STATES<br>lmcalister@amppartners.org | |
| American Municipal Power, Inc. | Gerit Hull<br>Deputy General Counsel - Regul<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>COLUMBUS, OHIO 43229<br>UNITED STATES<br>ghull@amppartners.org | |
| American Municipal Power, Inc. | Gerit Hull<br>Deputy General Counsel - Regul<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>COLUMBUS, OHIO 43229<br>UNITED STATES<br>ghull@amppartners.org | |
| American Municipal Power, Inc. | Lisa McAlister<br>Deputy General Counsel - FERC/<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>UNITED STATES<br>lmcalister@amppartners.org | Christopher J Norton<br>Director of Market Regulatory<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>cnorton@amppartners.org |
| American Municipal Power, Inc. | Gerit Hull<br>Deputy General Counsel - Regul<br>American Municipal Power, Inc.<br>1111 Schrock Road | |

| | | |
|---|---|---|
| | Suite 100<br>COLUMBUS, OHIO 43229<br>UNITED STATES<br>ghull@amppartners.org | |
| American Municipal Power, Inc. | Lisa McAlister<br>Deputy General Counsel - FERC/<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>Columbus, OHIO 43229<br>UNITED STATES<br>lmcalister@amppartners.org | |
| American Municipal Power, Inc. | Gerit Hull<br>Deputy General Counsel - Regul<br>American Municipal Power, Inc.<br>1111 Schrock Road<br>Suite 100<br>COLUMBUS, OHIO 43229<br>UNITED STATES<br>ghull@amppartners.org | |
| American Public Power Association | Desmarie Waterhouse<br>American Public Power Association<br>2451 Crystal Drive<br>Suite 1000<br>Arlington, VIRGINIA 22202<br>UNITED STATES<br>dwaterhouse@publicpower.org | Delia D. Patterson, ESQ<br>SVP, Advocacy & Communications<br>American Public Power Association<br>2451 Crystal Drive<br>Suite 1000<br>Arlinton, VIRGINIA 22202<br>dpatterson@publicpower.org |
| American Public Power Association | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | |
| American Public Power Association | | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>wwilliamson@odec.com |
| American Transmission Company LLC | Trevor Stiles<br>Manager, Reliability Standards<br>American Transmission Company LLC<br>PO Box 47<br>Waukesha, WISCONSIN 53187<br>UNITED STATES<br>tstiles@atcllc.com | |
| American Transmission Company LLC | | Val Lehner<br>American Transmission Company LLC (A<br>W234N2000 Ridgeview Parkway Court<br>Waukesha, WISCONSIN 53188<br>vlehner@atcllc.com |
| Americans for a Clean Energy Grid | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |
| Americans for a Clean Energy Grid | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |
| Americans for a Clean Energy Grid | Linda Walsh<br>Husch Blackwell LLP<br>750 17th Street NW<br>Washington DC, DISTRICT OF COLUMBIA 200067<br>UNITED STATES<br>linda.walsh@huschblackwell.com | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>rgramlich@gridstrategiesllc.com |
| Americans for a Clean Energy Grid | | James Hoecker<br>Senior Counsel<br>Husch Blackwell LLP<br>1801 PENNSYLVANIA AVE NW STE 1000 |

| | | |
|---|---|---|
| | | WASHINGTON, DISTRICT OF COLUMBIA<br>james.hoecker@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | | Sylvia J. S. Bartell<br>Husch Blackwell<br>Husch Blackwell LLP<br>750 17th Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 2(<br>sylvia.bartell@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | | Michael Blackwell<br>Attorney<br>Husch Blackwell LLP<br>10700 VALLEY DR<br>CARMEL, INDIANA 46280<br>michael.blackwell@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | James Hoecker<br>Senior Counsel<br>Husch Blackwell LLP<br>1801 PENNSYLVANIA AVE NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>james.hoecker@huschblackwell.com | Linda L Walsh, ESQ<br>Husch Blackwell LLP<br>750 17th Street NW<br>Washington DC, DISTRICT OF COLUMBI.<br>linda.walsh@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | | Sylvia J. S. Bartell<br>Husch Blackwell<br>Husch Blackwell LLP<br>750 17th Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 2(<br>sylvia.bartell@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | | Michael Blackwell<br>Attorney<br>Husch Blackwell LLP<br>10700 VALLEY DR<br>CARMEL, INDIANA 46280<br>michael.blackwell@huschblackwell.com |
| Americans for a<br>Clean Energy Grid | | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>rgramlich@gridstrategiesllc.com |
| Americans for a<br>Clean Energy Grid | | Anjali G Patel<br>Vice President for Clean Energ<br>Americans for a Clean Energy Grid<br>3100 CLARENDON BLVD STE 800<br>ARLINGTON, VIRGINIA 22201<br>anjali@dgardiner.com |
| Americans for<br>Fair Energy<br>Prices, Inc. | Meagan Bolton<br>Of Counsel<br>Ice Miller, LLP<br>200 MASSACHUSETTS AVE NW STE 400<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>Meagan.Bolton@Icemiller.com | |
| Ample, Inc. | Levi Tillemann<br>Vice President for Policy and<br>Ample, Inc.<br>100 Hooper St.<br>Suite 25<br>San Francisco, CALIFORNIA 94107<br>UNITED STATES<br>ltillemann@ample.com | |
| Anbaric<br>Development<br>Partners, LLC | | Susan M Antonio<br>Santonio@anbaric.com |
| Anbaric<br>Development<br>Partners, LLC | Clarke Bruno<br>CEO<br>401 EDGEWATER PL STE 680<br>WAKEFIELD, MASSACHUSETTS 01880<br>UNITED STATES<br>cbruno@anbaric.com | |
| Anbaric<br>Development<br>Partners, LLC | Clarke Bruno<br>CEO<br>401 EDGEWATER PL STE 680<br>WAKEFIELD, MASSACHUSETTS 01880 | |

| | | |
|---|---|---|
| | UNITED STATES<br>cbruno@anbaric.com | |
| Appalachian Voices | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Arizona Corporation Commission | Maureen Scott<br>Arizona Corporation Commission<br>1200 W WASHINGTON ST<br>PHOENIX, ARIZONA 85007<br>UNITED STATES<br>mscott@azcc.gov | Katherine L Kane<br>kkane@azcc.gov |
| Arizona Corporation Commission | | Kathryn Ust<br>kust@azcc.gov |
| Arizona Corporation Commission | Maureen Scott<br>Arizona Corporation Commission<br>1200 W WASHINGTON ST<br>PHOENIX, ARIZONA 85007<br>UNITED STATES<br>mscott@azcc.gov | Maureen Scott<br>Arizona Corporation Commission<br>1200 W WASHINGTON ST<br>PHOENIX, ARIZONA 85007<br>mscott@azcc.gov |
| Arizona Corporation Commission | | Kathryn Ust<br>kust@azcc.gov |
| Arizona Public Service Company | Jennifer Spina<br>Associate General Counsel<br>Pinnacle West Capital Corporation<br>400 N 5TH ST<br>MAIL STATION 8695<br>PHOENIX, ARIZONA 85004<br>UNITED STATES<br>jennifer.spina@pinnaclewest.com | Thomas E McCall, III<br>Manager Federal Regulation<br>Arizona Public Service Company<br>400 N 5TH ST<br>PHOENIX, ARIZONA 85004<br>Thomas.McCall@aps.com |
| Arizona Public Service Company | Alyssa Koslow<br>Federal Regualtory Advisor<br>Arizona Public Service Company<br>400 5th Ave.<br>MB9712<br>Phoenix, ARIZONA 85004<br>UNITED STATES<br>alyssa.koslow@aps.com | |
| Arkansas Public Service Commission | Justin Craig<br>Commission Counsel<br>Arkansas Public Service Commission<br>1000 CENTER ST<br>LITTLE ROCK, ARKANSAS 72201<br>UNITED STATES<br>justin.craig@arkansas.gov | Glen Ortman<br>glen.ortman@stinson.com |
| Arkansas Public Service Commission | | Keith Berry<br>38 River Ridge Circle<br>Little Rock, ARKANSAS 72227<br>berry@hendrix.edu |
| Arkansas Public Service Commission | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | |
| Associated Electric Cooperative, Inc. | Brian Prestwood<br>SVP General Counsel and CCO<br>Associated Electric Cooperative, Inc.<br>2814 S. Golden Ave.<br>Springfield, MISSOURI 65807<br>UNITED STATES<br>bprestwood@aeci.org | |
| Associated Electric Cooperative, Inc. | Brian Prestwood<br>SVP General Counsel and CCO<br>Associated Electric Cooperative, Inc.<br>2814 S. Golden Ave.<br>Springfield, MISSOURI 65807<br>UNITED STATES<br>bprestwood@aeci.org | |

| | | |
|---|---|---|
| Associated Electric Cooperative, Inc. | Brian Prestwood<br>SVP General Counsel and CCO<br>Associated Electric Cooperative, Inc.<br>2814 S. Golden Ave.<br>Springfield, MISSOURI 65807<br>UNITED STATES<br>bprestwood@aeci.org | |
| Associated Electric Cooperative, Inc. | Brian Prestwood<br>SVP General Counsel and CCO<br>Associated Electric Cooperative, Inc.<br>2814 S. Golden Ave.<br>Springfield, MISSOURI 65807<br>UNITED STATES<br>bprestwood@aeci.org | |
| Association of Fish and Wildlife Agencies | David Lind<br>Government Affairs Coordinator<br>Association of Fish and Wildlife Agencies<br>1100 First St NE<br>Suite 825<br>Washington, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>dlind@fishwildlife.org | David Lind<br>Government Affairs Coordinator<br>Association of Fish and Wildlife Agencies<br>1100 First St NE<br>Suite 825<br>Washington, DISTRICT OF COLUMBIA 2(<br>dlind@fishwildlife.org |
| Attorney General of Kentucky | Joseph West<br>Assistant Attorney General<br>Kentucky Attorney General<br>1024 Capital Center Drive<br>Suite 200<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>michael.west@ky.gov | |
| Attorney General of Kentucky | Larry Cook<br>Kentucky Attorney General<br>700 CAPITAL AVE<br>FRANKFORT, KENTUCKY 40601<br>UNITED STATES<br>larry.cook@ky.gov | |
| Attorney General of Texas | John Hulme<br>Assistant Attorney General<br>Texas Attorney General's Office<br>PO Box 12548<br>Austin,TEXAS 78711-2548<br>UNITED STATES<br>john.hulme@oag.texas.gov | |
| Attorney General's Office | Jeff Roberson<br>Assistant Attorney General<br>PO Box 40128<br>Olympia, WASHINGTON 98504<br>UNITED STATES<br>jeff.roberson@utc.wa.gov | |
| Attorney General's Office | Jeff Roberson<br>Assistant Attorney General<br>PO Box 40128<br>Olympia, WASHINGTON 98504<br>UNITED STATES<br>jeff.roberson@utc.wa.gov | |
| Avangrid Service Company | Kenna Hagan<br>Sr. Counsel<br>Avangrid Networks, Inc.<br>180 Marsh Hill Road<br>Orange, CONNECTICUT 06477<br>UNITED STATES<br>kenna.hagan@avangrid.com | |
| Avangrid, Inc. | Scott Mahoney<br>Senior Vice President - Genera<br>Avangrid, Inc.<br>180 Marsh Hill Road<br>Orange, CONNECTICUT 06470<br>UNITED STATES<br>Scott.Mahoney@avangrid.com | Alan Trotta<br>United Illuminating Company, The<br>157 Church Street<br>New Haven, CONNECTICUT 06510<br>alan.trotta@uinet.com |
| Avangrid, Inc. | | Kevin Kilgallen<br>Director, Market Structure & P<br>Avangrid, Inc.<br>411 OAKLAND DR<br>DOWNINGTOWN, PENNSYLVANIA 19335<br>kevin.kilgallen@avangrid.com |

| | | |
|---|---|---|
| Avangrid, Inc. | | Kenna Hagan<br>Sr. Counsel<br>Avangrid Networks, Inc.<br>180 Marsh Hill Road<br>Orange, CONNECTICUT 06477<br>kenna.hagan@avangrid.com |
| Avangrid, Inc. | | Toan-Hao Nguyen, ESQ<br>Deputy General Counsel<br>Avangrid Renewables, LLC<br>1125 NW Couch, Suite 700<br>Portland, OREGON 97209<br>toan.nguyen@avangrid.com |
| Avangrid, Inc. | Danielle Mechling<br>Avangrid Networks, Inc.<br>180 MARSH HILL RD<br>ORANGE, CONNECTICUT 06477<br>UNITED STATES<br>Danielle.Mechling@avangrid.com | Alan Trotta<br>United Illuminating Company, The<br>157 Church Street<br>New Haven, CONNECTICUT 06510<br>alan.trotta@uinet.com |
| Avangrid, Inc. | | Toan-Hao Nguyen, ESQ<br>Deputy General Counsel<br>Avangrid Renewables, LLC<br>1125 NW Couch, Suite 700<br>Portland, OREGON 97209<br>toan.nguyen@avangrid.com |
| Avangrid, Inc. | | Kevin Kilgallen<br>Director, Market Structure & P<br>Avangrid, Inc.<br>411 OAKLAND DR<br>DOWNINGTOWN, PENNSYLVANIA 19335<br>kevin.kilgallen@avangrid.com |
| Avangrid, Inc. | | Kevin Kilgallen<br>Director, Market Structure & P<br>Avangrid, Inc.<br>411 OAKLAND DR<br>DOWNINGTOWN, PENNSYLVANIA 19335<br>kevin.kilgallen@avangrid.com |
| Avangrid, Inc. | | Toan-Hao Nguyen, ESQ<br>Deputy General Counsel<br>Avangrid Renewables, LLC<br>1125 NW Couch, Suite 700<br>Portland, OREGON 97209<br>toan.nguyen@avangrid.com |
| Avista Corporation | Greg Hesler<br>Senior VP,General Counsel<br>Avista Corporation<br>Corporate Secretary and Chief Ethics/Compliance Officer<br>1411 E. Mission Avenue, MSC-10<br>Spokane, WASHINGTON 99202<br>UNITED STATES<br>greg.hesler@avistacorp.com | |
| Avista Corporation | Jeff Schlect<br>Manager, Transmission Services<br>Avista Corporation<br>1411 E MISSION AVE # MSC-16<br>AVISTA CORPORATION<br>SPOKANE, WASHINGTON 99202<br>UNITED STATES<br>jeff.schlect@avistacorp.com | |
| Bekaert | Daniel Berkowitz<br>Bekaert<br>1395 S MARIETTA PKWY SE BLDG 500<br>MARIETTA, GEORGIA 30067<br>UNITED STATES<br>daniel.berkowitz@bekaert.com | |
| BELMONT MUNICIPAL LIGHT DEPARTMENT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| BELMONT MUNICIPAL | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W. | |

| | | |
|---|---|---|
| LIGHT DEPARTMENT | Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| BELMONT MUNICIPAL LIGHT DEPARTMENT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Block Island Utility District | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Block Island Utility District | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Block Island Utility District | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Bonneville Power Administration | Jennifer Gingrich<br>Attorney<br>Bonneville Power Administration<br>905 NE 11TH AVE<br>LT-7<br>PORTLAND, OREGON 97232<br>UNITED STATES<br>jagingrich@bpa.gov | |
| Bonneville Power Administration | Jennifer Gingrich<br>Attorney<br>Bonneville Power Administration<br>905 NE 11TH AVE<br>LT-7<br>PORTLAND, OREGON 97232<br>UNITED STATES<br>jagingrich@bpa.gov | |
| BP America Inc. | | Isabel Mogstad<br>BP America Inc.<br>1101 New York Avenue NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>isabel.mogstad@bp.com |
| BP America Inc. | | Hiba Abedrabo<br>Manager - Policy Advocacy & Fe<br>BP Energy Company<br>1101 New York Ave NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>Hiba.Abedrabo@bp.com |
| Braintree Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Braintree Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |

| | | |
|---|---|---|
| Braintree Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Breakthrough Energy | James Hewett<br>Breakthrough Energy<br>Breakthrough Energy<br>1333 H ST NW STE 520E<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>james@breakthroughenergy.org | |
| Breakthrough Energy | Daniel Wolf<br>Manager, U.S. Policy & Advocac<br>Breakthrough Energy<br>1333 H ST NW STE 520E<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>daniel.wolf@breakthroughenergy.org | |
| Breakthrough Energy | Daniel Wolf<br>Manager, U.S. Policy & Advocac<br>Breakthrough Energy<br>1333 H ST NW STE 520E<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>daniel.wolf@breakthroughenergy.org | |
| Bridgelink Investments | Justin Crossie<br>Director of Government and Pub<br>Bridgelink Investments<br>777 Main St.<br>Ft. Worth, TEXAS 76102<br>UNITED STATES<br>justin.crossie@bridgelinkinvestments.com | |
| Burbank Water & Power | Jon Stickman<br>Attorney<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jrs@duncanallen.com | |
| Business Council for Sustainable Energy | Lisa Jacobson<br>President<br>805 15TH ST NW STE 710<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>ljacobson@bcse.org | |
| Business Council for Sustainable Energy | Lisa Jacobson<br>President<br>805 15TH ST NW STE 710<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>ljacobson@bcse.org | |
| California Department of Water Resources State Water Project | | Lisa Dowden<br>Senior Counsel<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>Lisa.Dowden@spiegelmcd.com |
| California Department of Water Resources State Water Project | | Amanda C. Drennen<br>Attorney<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>amanda.drennen@spiegelmcd.com |
| California Department of Water Resources State Water Project | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |

| | | |
|---|---|---|
| California Department of Water Resources State Water Project | Matthew Goldman<br>Deputy Attorney General<br>California Department of Justice<br>PO Box 944255<br>Sacramento,CALIFORNIA<br>UNITED STATES<br>matthew.goldman@doj.ca.gov | |
| California Energy Commission | Lisa DeCarlo<br>California Energy Commission<br>715 P ST<br>MS-14<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>lisa.decarlo@energy.ca.gov | |
| California Energy Commission | Lisa DeCarlo<br>California Energy Commission<br>715 P ST<br>MS-14<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>lisa.decarlo@energy.ca.gov | |
| California Independent System Operator Corporation | Anthony Ivancovich<br>Assistant General Counsel<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>UNITED STATES<br>aivancovich@caiso.com | Andrew Ulmer<br>Assistant General Counsel<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>aulmer@caiso.com |
| California Independent System Operator Corporation | | e-recipient Legal and Regulatory<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>e-recipient@caiso.com |
| California Independent System Operator Corporation | | William H Weaver<br>Senior Counsel<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Washington, CALIFORNIA 20001<br>bweaver@caiso.com |
| California Independent System Operator Corporation | | Jordan Pinjuv<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>jpinjuv@caiso.com |
| California Independent System Operator Corporation | | e-recipient Legal and Regulatory<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>e-recipient@caiso.com |
| California Independent System Operator Corporation | | Jordan Pinjuv<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>jpinjuv@caiso.com |
| California Independent System Operator Corporation | | e-recipient Legal and Regulatory<br>California Independent System Operator Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>e-recipient@caiso.com |
| California Independent System Operator Corporation | | Bradley R. Miliauskas<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas<br>21st Floor<br>New York, NEW YORK 10020<br>bradleymiliauskas@dwt.com |
| California Independent | | Sean A Atkins, ESQ<br>Partner<br>Davis Wright Tremaine LLP |

| | | |
|---|---|---|
| System Operator Corporation | | 1301 K Street NW<br>Suite 500 East<br>Washington, DISTRICT OF COLUMBIA 2(<br>seanatkins@dwt.com |
| California Independent System Operator Corporation | | e-recipient Legal and Regulatory<br>California Independent System Operator<br>Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>e-recipient@caiso.com |
| California Independent System Operator Corporation | | Sean A Atkins, ESQ<br>Partner<br>Davis Wright Tremaine LLP<br>1301 K Street NW<br>Suite 500 East<br>Washington, DISTRICT OF COLUMBIA 2(<br>seanatkins@dwt.com |
| California Independent System Operator Corporation | | Bradley R. Miliauskas<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas<br>21st Floor<br>New York, NEW YORK 10020<br>bradleymiliauskas@dwt.com |
| California Independent System Operator Corporation | | Sarah Kozal<br>California Independent System Operator<br>Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>skozal@caiso.com |
| California Independent System Operator Corporation | | Sean A Atkins, ESQ<br>Partner<br>Davis Wright Tremaine LLP<br>1301 K Street NW<br>Suite 500 East<br>Washington, DISTRICT OF COLUMBIA 2(<br>seanatkins@dwt.com |
| California Independent System Operator Corporation | | Bradley R. Miliauskas<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas<br>21st Floor<br>New York, NEW YORK 10020<br>bradleymiliauskas@dwt.com |
| California Municipal Utilities Association | C. Anthony Braun<br>Braun Blaising & Wynne, P.C.<br>555 Capitol Mall<br>Suite 570<br>Sacramento, CALIFORNIA 95814<br>UNITED STATES<br>braun@braunlegal.com | Marissa Nava<br>Braun Blaising & Wynne, P.C.<br>555 CAPITOL MALL STE 570<br>SACRAMENTO, CALIFORNIA 95814<br>nava@braunlegal.com |
| California Municipal Utilities Association | C. Anthony Braun<br>Braun Blaising & Wynne, P.C.<br>555 Capitol Mall<br>Suite 570<br>Sacramento, CALIFORNIA 95814<br>UNITED STATES<br>braun@braunlegal.com | |
| California Municipal Utilities Association | C. Anthony Braun<br>Braun Blaising & Wynne, P.C.<br>555 Capitol Mall<br>Suite 570<br>Sacramento, CALIFORNIA 95814<br>UNITED STATES<br>braun@braunlegal.com | |
| California Public Utilities Commission | Anand Durvasula<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>UNITED STATES<br>anand.durvasula@cpuc.ca.gov | Christine Jun Hammond<br>Attorney- Legal Division<br>California Public Utilities Commission<br>505 Van Ness Ave.<br>San Francisco, CALIFORNIA 94102-3298<br>christine.hammond@cpuc.ca.gov |
| California Public Utilities Commission | | Christopher E Clay<br>Assistant Chief Counsel<br>Public Utilities Commission of The State<br>California<br>505 VAN NESS AVE |

| | | SAN FRANCISCO, CALIFORNIA 94102 christopher.clay@cpuc.ca.gov |
|---|---|---|
| California Public Utilities Commission | | Elaine Sison-Lebrilla elaine.sison-lebrilla@cpuc.ca.gov |
| California Public Utilities Commission | | Simon Hurd California Public Utilities Commission 505 VAN NESS AVE SAN FRANCISCO, CALIFORNIA 94102 Simon.Hurd@cpuc.ca.gov |
| California Public Utilities Commission | | Sushil C. Jacob Staff Counsel California Public Utilities Commission 505 Van Ness Ave. San Francisco, CALIFORNIA 94102 sushil.jacob@cpuc.ca.gov |
| California Public Utilities Commission | | Marybelle C Ang, ESQ Attorney 505 VAN NESS AVE SAN FRANCISCO, CALIFORNIA 94102 marybelle.ang@cpuc.ca.gov |
| California Public Utilities Commission | Christofer Nolan California Public Utilities Commission 505 Van Ness Avenue SAN FRANCISCO, CALIFORNIA 94102 UNITED STATES christofer.nolan@cpuc.ca.gov | |
| Center for Biological Diversity | Howard Crystal Senior Attorney Center for Biological Diversity 1411 K ST NW STE 1300 WASHINGTON, DISTRICT OF COLUMBIA 20005 UNITED STATES hcrystal@biologicaldiversity.org | |
| Center for Biological Diversity | Howard Crystal Senior Attorney Center for Biological Diversity 1411 K ST NW STE 1300 WASHINGTON, DISTRICT OF COLUMBIA 20005 UNITED STATES hcrystal@biologicaldiversity.org | |
| Center for Renewables Integration | Kerinia Cusick Center for Renewables Integration 107 S West St #731 Alexandria, VIRGINIA 22314 UNITED STATES kcusick@center4ri.org | |
| Center for Renewables Integration | Kerinia Cusick Center for Renewables Integration 107 S West St #731 Alexandria, VIRGINIA 22314 UNITED STATES kcusick@center4ri.org | |
| Center for Sustainable Energy | Kaily Wakefield Corporate Counsel Center for Sustainable Energy 3980 Sherman Street, Suite 170 San Diego, CALIFORNIA 92110 UNITED STATES kaily.wakefield@energycenter.org | |
| Central Hudson Gas & Electric Corporation | John Borchert Sr Director Energy Policy & Tr Central Hudson Gas & Electric Corporation 285 South Avenue Poughkeepsie, NEW YORK 12601 UNITED STATES jborchert@cenhud.com | |
| Central Hudson Gas & Electric Corporation | John Borchert Sr Director Energy Policy & Tr Central Hudson Gas & Electric Corporation 285 South Avenue Poughkeepsie, NEW YORK 12601 | |

| | | |
|---|---|---|
| | UNITED STATES<br>jborchert@cenhud.com | |
| Ceres | Zach Friedman<br>Ceres<br>99 CHAUNCY ST FL 6<br>BOSTON, MASSACHUSETTS 02111<br>UNITED STATES<br>zfriedman@ceres.org | |
| CHAMBER OF COMMERCE OF THE UNITED STATES | Heath Knakmuhs<br>Vice President and Policy Coun<br>CHAMBER OF COMMERCE OF THE UNITED STATES<br>U.S. Chamber of Commerce<br>1615 H Street NW<br>Washington, DISTRICT OF COLUMBIA 20062<br>UNITED STATES<br>hknakmuhs@uschamber.com | |
| CHAMBER OF COMMERCE OF THE UNITED STATES | Heath Knakmuhs<br>Vice President and Policy Coun<br>CHAMBER OF COMMERCE OF THE UNITED STATES<br>U.S. Chamber of Commerce<br>1615 H Street NW<br>Washington, DISTRICT OF COLUMBIA 20062<br>UNITED STATES<br>hknakmuhs@uschamber.com | |
| CHICOPEE ELECTRIC LIGHT DEPARTMENT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| CHICOPEE ELECTRIC LIGHT DEPARTMENT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| CITIZENS ENERGY CORPORATION | Ashley Bond<br>Duncan & Allen LLP<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>amb@duncanallen.com | Donald R. Allen<br>Duncan & Allen LLP<br>1575 Eye Street, N.W.<br>Suite 300<br>Washington, DISTRICT OF COLUMBIA 2(<br>dra@duncanallen.com |
| CITIZENS ENERGY CORPORATION | | Amy E McDonnell<br>Counsel<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aem@duncanallen.com |
| Citizens Energy Corporation | Ashley Bond<br>Duncan & Allen LLP<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>amb@duncanallen.com | Donald R. Allen<br>Duncan & Allen LLP<br>1575 Eye Street, N.W.<br>Suite 300<br>Washington, DISTRICT OF COLUMBIA 2(<br>dra@duncanallen.com |
| Citizens Enterprises Corporation | Brian Morrissey<br>Managing Director<br>CITIZENS ENERGY CORP (MA)<br>2 SEAPORT LN STE 5C<br>BOSTON, MASSACHUSETTS 02210<br>UNITED STATES<br>bmorrissey@citizensenergy.com | Brian Morrissey<br>Managing Director<br>CITIZENS ENERGY CORP (MA)<br>2 SEAPORT LN STE 5C<br>BOSTON, MASSACHUSETTS 02210<br>bmorrissey@citizensenergy.com |
| City of New York, New York | Jay Goodman<br>Partner<br>Couch White, LLP<br>PO Box 22222<br>Albany,NEW YORK 12201-2222<br>UNITED STATES<br>jgoodman@couchwhite.com | Julie A Yedowitz<br>Couch White, LLP<br>540 Broadway<br>P.O. Box 22222<br>Albany, NEW YORK 12207<br>jyedowitz@couchwhite.com |
| City of New York, New York | | Seth Berkman<br>Energy Policy Advisor<br>New York City Mayor's Office of Sustaina |

| | | |
|---|---|---|
| | | 253 Broadway<br>14th Floor<br>New York, NEW YORK 1007<br>sberkman@sustainability.nyc.gov |
| City of New York, New York | Jay Goodman<br>Partner<br>Couch White, LLP<br>PO Box 22222<br>Albany,NEW YORK 12201-2222<br>UNITED STATES<br>jgoodman@couchwhite.com | |
| City of New York, New York | Jay Goodman<br>Partner<br>Couch White, LLP<br>PO Box 22222<br>Albany,NEW YORK 12201-2222<br>UNITED STATES<br>jgoodman@couchwhite.com | |
| City of New York, New York | Jay Goodman<br>Partner<br>Couch White, LLP<br>PO Box 22222<br>Albany,NEW YORK 12201-2222<br>UNITED STATES<br>jgoodman@couchwhite.com | |
| Clean Coalition | Ben Schwartz<br>Policy Manager<br>1800 GARDEN ST<br>SANTA BARBARA, CALIFORNIA 93101<br>UNITED STATES<br>ben@clean-coalition.org | |
| Clean Energy Buyers Association | | Brian Morgan<br>Clean Energy Buyers Association<br>1425 K ST NW STE 1110<br>WASHINGTON, DISTRICT OF COLUMBIA<br>bmorgan@cebuyers.org |
| Clean Energy Buyers Association | Bryn Baker<br>Clean Energy Buyers Associatio<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bbaker@cebuyers.org | |
| Clean Energy Buyers Association | | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>wwilliamson@odec.com |
| Clean Energy Buyers Association | | Jecoliah R. Williams<br>Latham & Watkins LLP<br>555 11TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jecoliah.williams@lw.com |
| Clean Energy Buyers Association | Bryn Baker<br>Clean Energy Buyers Associatio<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bbaker@cebuyers.org | |
| Clean Energy Buyers Association | Bryn Baker<br>Clean Energy Buyers Associatio<br>1501 M ST NW STE 900<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bbaker@cebuyers.org | |
| Clean Energy States Alliance | Warren Leon<br>Clean Energy States Alliance<br>613 ANNURSNAC HILL RD<br>CONCORD, MASSACHUSETTS 01742<br>UNITED STATES<br>wleon@cleanegroup.org | |
| Clean Grid Alliance | Natalie McIntire<br>Clean Grid Alliance<br>20 N Wacker, Suite 1600<br>Chicago, ILLINOIS 60606 | |

| | |
|---|---|
| | UNITED STATES<br>nmcintire@nrdc.org |
| Clean Grid Alliance | Natalie McIntire<br>Clean Grid Alliance<br>20 N Wacker, Suite 1600<br>Chicago, ILLINOIS 60606<br>UNITED STATES<br>nmcintire@nrdc.org |
| Clean Grid Alliance | Rhonda Peters<br>InterTran Energy Consulting<br>1610 S Valentine Way<br>Lakewood, COLORADO 80228<br>UNITED STATES<br>intertranec@gmail.com |
| Clean Grid Alliance | Natalie McIntire<br>Clean Grid Alliance<br>20 N Wacker, Suite 1600<br>Chicago, ILLINOIS 60606<br>UNITED STATES<br>nmcintire@nrdc.org |
| Clean Wisconsin | Ciaran Gallagher<br>Clean Wisconsin<br>634 W Main St<br>#300<br>Madison, WISCONSIN 53703<br>UNITED STATES<br>cgallagher@cleanwisconsin.org |
| Clenera, LLC | Michael Uda<br>Attorney<br>Uda Law Firm, PC<br>7 W 6th Ave<br>Power Block Suite 615<br>Helena, MONTANA 59601<br>UNITED STATES<br>michaeluda@udalaw.com |
| Clenera, LLC | Michael Uda<br>Attorney<br>Uda Law Firm, PC<br>7 W 6th Ave<br>Power Block Suite 615<br>Helena, MONTANA 59601<br>UNITED STATES<br>michaeluda@udalaw.com |
| Coastal Conservation League | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org |
| Colorado Office of the Utility Consumer Advocate | Thomas Dixon<br>First Assistant Attorney Gener<br>Colorado Attorney General's Office<br>1300 N BROADWAY FL 7<br>COLORADO DEPARTMENT OF LAW<br>DENVER, COLORADO 80203<br>UNITED STATES<br>thomas.dixon@coag.gov |
| Competitive Energy Services, LLC | Richard Silkman<br>CEO, Competitive Energy Servic<br>Competitive Energy Services, LLC<br>148 Middle Street<br>Portland, MAINE 04101<br>UNITED STATES<br>rsilkman@competitive-energy.com |
| Competitive Power Ventures, Inc. | Joel Gordon<br>Vice President, External & Reg<br>CPV Power Holdings, LP<br>7 Steeple Lane<br>Amherst, NEW HAMPSHIRE 03031<br>UNITED STATES<br>jgordon@cpv.com |
| CONNECTICUT ATTORNEY GENERAL WILLIAM TONG | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and<br>Environmental Protection |

| | | |
|---|---|---|
| | 10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>UNITED STATES<br>robert.snook@ct.gov | |
| CONNECTICUT<br>ATTORNEY<br>GENERAL<br>WILLIAM TONG | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and<br>Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>UNITED STATES<br>robert.snook@ct.gov | Seth A. Hollander<br>Assistant Attorney General<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>seth.hollander@ct.gov |
| CONNECTICUT<br>ATTORNEY<br>GENERAL<br>WILLIAM TONG | | John S. Wright, ESQ<br>Assistant Attorney General<br>Connecticut Office of Attorney General<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>john.wright@ct.gov |
| CONNECTICUT<br>ATTORNEY<br>GENERAL<br>WILLIAM TONG | | Lauren H Bidra<br>Office of Consumer Counsel<br>Office of Consumer Counsel<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>Lauren.Bidra@ct.gov |
| Connecticut<br>Department of<br>Energy &<br>Environmental<br>Protection | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and<br>Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>UNITED STATES<br>robert.snook@ct.gov | Kirsten Rigney<br>Connecticut Department of Energy & En<br>Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>Kirsten.Rigney@ct.gov |
| Connecticut<br>Department of<br>Energy and<br>Environmental<br>Protection | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and<br>Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>UNITED STATES<br>robert.snook@ct.gov | Kirsten Rigney<br>Connecticut Department of Energy & En<br>Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>Kirsten.Rigney@ct.gov |
| Connecticut<br>Department of<br>Energy and<br>Environmental<br>Protection | Kirsten Rigney<br>Connecticut Department of Energy & Environmental<br>Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>UNITED STATES<br>Kirsten.Rigney@ct.gov | |
| Connecticut<br>Department of<br>Energy and<br>Environmental<br>Protection | Kirsten Rigney<br>Connecticut Department of Energy & Environmental<br>Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>UNITED STATES<br>Kirsten.Rigney@ct.gov | |
| Connecticut<br>Department of<br>Energy and<br>Environmental<br>Protection | Kirsten Rigney<br>Connecticut Department of Energy & Environmental<br>Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06051<br>UNITED STATES<br>Kirsten.Rigney@ct.gov | Robert Snook<br>Assistant Attorney General<br>Connecticut Department of Energy and<br>Environmental Protection<br>10 Franklin Square<br>New Britain, CONNECTICUT 06106<br>robert.snook@ct.gov |
| Connecticut<br>Municipal Electric<br>Energy<br>Cooperative | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jeffrey.schwarz@spiegelmcd.com |
| Connecticut<br>Municipal Electric<br>Energy<br>Cooperative | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |

| | | |
|---|---|---|
| Connecticut Municipal Electric Energy Cooperative | | Robin Kipnis<br>Assistant General Counsel<br>Connecticut Municipal Electric Energy Co<br>30 Stott Avenue<br>Norwich, CONNECTICUT 06360<br>rkipnis@cmeec.org |
| Connecticut Municipal Electric Energy Cooperative | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| Connecticut Municipal Electric Energy Cooperative | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| Connecticut Municipal Electric Energy Cooperative | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>eService@spiegelmcd.com |
| Connecticut Office of Consumer Counsel | Andrew Minikowski<br>Andrew W. Minikowski, Esq.<br>Office of Consumer Counsel<br>10 FRANKLIN SQ<br>CONNECTICUT OFFICE OF CONSUMER COUNSEL<br>NEW BRITAIN, CONNECTICUT 06051<br>UNITED STATES<br>andrew.minikowski@ct.gov | Megan Sullo<br>Paralegal<br>Connecticut Office of Consumer Counsel<br>10 FRANKLIN SQ<br>NEW BRITAIN, CONNECTICUT 06051<br>megan.sullo@ct.gov |
| Connecticut Office of Consumer Counsel | James Talbert-Slagle<br>Connecticut Office of Consumer Counsel<br>Ten Franklin Square<br>NEW BRITAIN, CONNECTICUT 06051-2644<br>UNITED STATES<br>james.talbert-slagle@ct.gov | |
| Conservation Law Foundation | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>UNITED STATES<br>pturner@clf.org | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>pturner@clf.org |
| Conservation Law Foundation | | Shannon I Laun<br>Conservation Law Foundation<br>62 Summer St<br>Boston, MASSACHUSETTS 02110<br>slaun@clf.org |
| Conservation Law Foundation | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>pturner@clf.org | |
| Conservation Law Foundation | | Shannon I Laun<br>Conservation Law Foundation<br>62 Summer St<br>Boston, MASSACHUSETTS 02110<br>slaun@clf.org |
| Conservation Law Foundation | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>pturner@clf.org | |

| | | |
|---|---|---|
| Conservation Law Foundation | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>UNITED STATES<br>pturner@clf.org | |
| Conservation Law Foundation | Phelps Turner<br>Senior Attorney<br>Conservation Law Foundation<br>Conservation Law Foundation<br>53 Exchange Street, Suite 200<br>Portland, MAINE 04101<br>UNITED STATES<br>pturner@clf.org | |
| Consolidated Edison Company of New York, Inc. | Susan LoFrumento<br>Consolidated Edison Company of New York, Inc.<br>4 Irving Place<br>New York, NEW YORK 10003<br>UNITED STATES<br>lofrumentos@coned.com | |
| Consolidated Edison Company of New York, Inc. and Orange and Rockland Utilities, Inc. | Susan LoFrumento<br>Consolidated Edison Company of New York, Inc.<br>4 Irving Place<br>New York, NEW YORK 10003<br>UNITED STATES<br>lofrumentos@coned.com | |
| Consolidated Edison Development, Inc. | Jeff Dannels<br>Senior Manager Market Analytic<br>Con Edison Clean Energy Businesses, Inc.<br>100 Summit Lake Drive<br>Valhalla, NEW YORK 10595<br>UNITED STATES<br>dannelsj@conedceb.com | |
| Consumer Organizations | Keryn Newman<br>6 Ella Drive<br>Shepherdstown, WEST VIRGINIA 25443<br>UNITED STATES<br>keryn@stoppathwv.com | |
| Consumer Organizations | Keryn Newman<br>6 Ella Drive<br>Shepherdstown, WEST VIRGINIA 25443<br>UNITED STATES<br>keryn@stoppathwv.com | |
| Consumer Organizations | Keryn Newman<br>6 Ella Drive<br>Shepherdstown, WEST VIRGINIA 25443<br>UNITED STATES<br>keryn@stoppathwv.com | |
| Consumers Energy Company | | Kevin J Van Oirschot<br>Electric Transmission and Mark<br>Consumers Energy Company<br>1945 W. Parnall Rd.<br>Jackson, MICHIGAN 49201<br>kevin.vanoirschot@cmsenergy.com |
| Consumers Energy Company | Deborah Moss<br>Principal Attorney<br>1730 Rhode Island Avenue NW<br>Suite 1007<br>Washington, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>deborah.moss@cmsenergy.com | Emerson Hilton<br>Assistant General Counsel<br>One Energy Plaza EP11-201<br>Jackson, MICHIGAN 49201<br>emerson.hilton@cmsenergy.com |
| Consumers Energy Company | Maxwell Multer<br>Counsel<br>Nixon Peabody LLP<br>799 9TH ST NW STE 500<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>mmulter@nixonpeabody.com | Maxwell K Multer<br>Counsel<br>Nixon Peabody LLP<br>799 9TH ST NW STE 500<br>WASHINGTON, DISTRICT OF COLUMBIA<br>mmulter@nixonpeabody.com |
| Consumers Energy Company | Emerson Hilton<br>Assistant General Counsel<br>Consumers Energy Company<br>One Energy Plaza EP11-201<br>Jackson, MICHIGAN 49201 | |

| | | |
|---|---|---|
| | UNITED STATES<br>emerson.hilton@cmsenergy.com | |
| Consumers Energy Company | Emerson Hilton<br>Assistant General Counsel<br>Consumers Energy Company<br>One Energy Plaza EP11-201<br>Jackson, MICHIGAN 49201<br>UNITED STATES<br>emerson.hilton@cmsenergy.com | |
| Council of the City New Orleans | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | David S Shaffer<br>Dentons US LLP<br>1900 K ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>david.shaffer@dentons.com |
| Council of the City New Orleans | | Erin Spears<br>Chief of Staff, Council Utilit<br>Council of the City of New Orleans, Louis<br>1300 Perdido Street<br>Room 6E07<br>New Orleans, LOUISIANA 70112<br>espears@nola.gov |
| Council of the City New Orleans | | Presley Reed, JR<br>Partner<br>Dentons US LLP<br>1900 K St. NW,<br>Washington, DISTRICT OF COLUMBIA 2(<br>presley.reedjr@dentons.com |
| Council of the City New Orleans | | David S Shaffer<br>Dentons US LLP<br>1900 K ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>david.shaffer@dentons.com |
| Council of the City New Orleans | | Cassandra Mastrostefano<br>Attorney<br>Dentons US LLP<br>1900 K St NW<br>washington, DISTRICT OF COLUMBIA 2(<br>cassandra.mastrostefano@dentons.com |
| Council of the City New Orleans | | Erin Spears<br>Chief of Staff, Council Utilit<br>Council of the City of New Orleans, Louis<br>1300 Perdido Street<br>Room 6E07<br>New Orleans, LOUISIANA 70112<br>espears@nola.gov |
| Cross-Sector Coalition | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| CTC Global Corporation | Maeve Tibbetts<br>Associate Attorney<br>Norton Rose Fulbright (US) LLP<br>799 9TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>maeve.tibbetts@nortonrosefulbright.com | |
| CTC Global Corporation | Ruta Skucas<br>Partner<br>Crowell & Moring LLP<br>1001 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>rskucas@crowell.com | |
| CTC Global Corporation | Ruta Skucas<br>Partner<br>Crowell & Moring LLP<br>1001 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>rskucas@crowell.com | |

| | | |
|---|---|---|
| CTC Global Corporation | Theodore Paradise<br>Partner<br>94 CRESCENT ST<br>NORTHAMPTON, MASSACHUSETTS 01060<br>UNITED STATES<br>theodore.paradise@klgates.com | |
| Cypress Creek Renewables, LLC | Matthew Crosby<br>Cypress Creek Renewables, LLC<br>3402 PICO BLVD<br>SANTA MONICA, CALIFORNIA 90405<br>UNITED STATES<br>matthew.crosby@ccrenew.com | |
| Dalton Utilities | John Thomas<br>CEO<br>Dalton Utilities<br>PO BOX 869<br>DALTON, GEORGIA 30722<br>UNITED STATES<br>jthomas@dutil.com | |
| DC Public Service Commission | Brian Edmonds<br>DC Public Service Commission<br>1325 G ST NW STE 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bedmonds@psc.dc.gov | Richard S Herskovitz<br>D.C. Public Service Commission<br>1333 H Street, N.W.<br>7th Floor, East Tower<br>Washington, DISTRICT OF COLUMBIA 2(<br>rherskovitz@psc.dc.gov |
| DEFENDERS OF WILDLIFE | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| DEFENDERS OF WILDLIFE | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| DELAWARE ENERGY USERS GROUP | Samuel Coburn<br>CHRISTIAN & BARTON, L.L.P.<br>901 EAST CARY STREET<br>SUITE 1800<br>RICHMOND, VIRGINIA 23219<br>UNITED STATES<br>pcoburn@cblaw.com | |
| DELAWARE ENERGY USERS GROUP | Christian Tucker<br>Attorney<br>Christian & Barton LLP<br>901 E Cary St.<br>Suite 1800<br>RICHMOND, VIRGINIA 23219<br>UNITED STATES<br>ctucker@cblaw.com | |
| Delaware Public Service Commission | Dimitar Kozhuharov<br>Public Utility Analyst<br>Delaware Public Utility Commission<br>861 Silver Lake Blvd.<br>Suit 100<br>Dover, DELAWARE 19904<br>UNITED STATES<br>dimitar.kozhuharov@delaware.gov | |
| Department of Justice | Erica Mintzer<br>Senior Counsel<br>Department of Justice<br>950 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20530<br>UNITED STATES<br>erica.mintzer@usdoj.gov | Erica Mintzer<br>Senior Counsel<br>Department of Justice<br>950 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>erica.mintzer@usdoj.gov |
| Department of the Interior - OEPC | Stephen Tryon<br>stephen_tryon@ios.doi.gov | Shawn K. Alam<br>U.S. Department of Interior<br>1849 C Street, N.W.<br>Mail Stop 2629-MIB |

Washington, DISTRICT OF COLUMBIA 20
Shawn_Alam@ios.doi.gov

| | |
|---|---|
| Developers Advocating Transmission Advancements | Lisa Luftig<br>901 F Street NW<br>Suite 602<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>lisa.luftig@eversource.com |
| Developers Advocating Transmission Advancements | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com |
| Developers Advocating Transmission Advancements | Matthew Tomc<br>Director and Assistant General<br>Ameren Corporation<br>1901 Chouteau Ave<br>MC 1310<br>St. Louis, MISSOURI 63040<br>UNITED STATES<br>mtomc@ameren.com |
| Developers Advocating Transmission Advancements | Patrick Tarmey<br>Senior Counsel<br>National Grid<br>170 Data Drive<br>Waltham, MASSACHUSETTS 02451<br>UNITED STATES<br>patrick.tarmey@nationalgrid.com |
| Developers Advocating Transmission Advancements | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com |
| Developers Advocating Transmission Advancements | Lisa Luftig<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com |
| Developers Advocating Transmission Advancements | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com |
| Developers Advocating Transmission Advancements | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com |
| Developers Advocating Transmission Advancements | Terri Eaton<br>Director, Regulatory Admin.<br>Xcel Energy Inc.<br>1800 LARIMER ST<br>DENVER, COLORADO 80202<br>UNITED STATES<br>terri.k.eaton@xcelenergy.com |
| Developers Advocating Transmission Advancements | Mary Grover<br>Assistant General Counsel<br>Eversource Energy Service Company<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>UNITED STATES<br>mary.grover@eversource.com |
| Developers Advocating | Daniel Galaburda<br>Senior Counsel<br>Niagara Mohawk Power Corporation |

| | | |
|---|---|---|
| Transmission Advancements | 40 Sylvan Road<br>Waltham, MASSACHUSETTS 02451-1120<br>UNITED STATES<br>daniel.galaburda@nationalgrid.com | |
| Developers Advocating Transmission Advancements | Anne Dailey<br>Senior Corporate Counsel<br>Ameren Services Company<br>1331 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>adailey@ameren.com | |
| Developers Advocating Transmission Advancements | Lisa Luftig<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com | Viet H Ngo<br>Associate Counsel, Federal Reg<br>Public Service Enterprise Group Incorpor<br>601 New Jersey Ave, NW<br>Suite 310<br>WASHINGTON, DISTRICT OF COLUMBIA<br>Viet.Ngo@pseg.com |
| Developers Advocating Transmission Advancements | | Terri K. Eaton<br>Director, Regulatory Admin.<br>Xcel Energy Inc.<br>1800 LARIMER ST<br>DENVER, COLORADO 80202<br>terri.k.eaton@xcelenergy.com |
| Developers Advocating Transmission Advancements | | Amber N Thornhill<br>Director, FERC & ISO Relations<br>National Grid<br>801 PENNSYLVANIA AVE NW STE 801<br>WASHINGTON, DISTRICT OF COLUMBIA<br>Amber.Thornhill@nationalgrid.com |
| Developers Advocating Transmission Advancements | | Mary E. Grover<br>Assistant General Counsel<br>Eversource Energy Service Company<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>mary.grover@eversource.com |
| Developers Advocating Transmission Advancements | | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jbixby@itctransco.com |
| Developers Advocating Transmission Advancements | | Anne K. Dailey<br>Senior Corporate Counsel<br>Ameren Services Company<br>1331 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>adailey@ameren.com |
| Developers Advocating Transmission Advancements | Lisa Luftig<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com | |
| Division of Public Utilities - Utah | Chris Parker<br>Director<br>UTAH DIVISION OF PUBLIC UTILITIES<br>160 E BROADWAY<br>SALT LAKE CITY, UTAH 84111<br>UNITED STATES<br>chrisparker@utah.gov | |
| Dominion Energy Services, Inc. | Sara Weinberg<br>Assistant General Counsel<br>Dominion Energy, Inc.<br>220 Operation Way<br>MC OSC 1A<br>C222<br>Cayce, SOUTH CAROLINA 29033<br>UNITED STATES<br>sara.weinberg@dominionenergy.com | |
| Dominion Energy Services, Inc. | Sara Weinberg<br>Assistant General Counsel<br>Dominion Energy, Inc.<br>220 Operation Way | |

| | | |
|---|---|---|
| | MC OSC 1A<br>C222<br>Cayce, SOUTH CAROLINA 29033<br>UNITED STATES<br>sara.weinberg@dominionenergy.com | |
| Dominion Energy Services, Inc. | Sara Weinberg<br>Assistant General Counsel<br>Dominion Energy, Inc.<br>220 Operation Way<br>MC OSC 1A<br>C222<br>Cayce, SOUTH CAROLINA 29033<br>UNITED STATES<br>sara.weinberg@dominionenergy.com | |
| Dominion Energy Services, Inc. | Sara Weinberg<br>Assistant General Counsel<br>Dominion Energy, Inc.<br>220 Operation Way<br>MC OSC 1A<br>C222<br>Cayce, SOUTH CAROLINA 29033<br>UNITED STATES<br>sara.weinberg@dominionenergy.com | |
| DTE Electric Company | Jane Rueger<br>Perkins Coie LLP<br>700 Thirteenth Street, N.W.<br>Suite 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20005-3960<br>UNITED STATES<br>jrueger@perkinscoie.com | Jane E. Rueger<br>Perkins Coie LLP<br>700 Thirteenth Street, N.W.<br>Suite 800<br>WASHINGTON, DISTRICT OF COLUMBIA 3960<br>jrueger@perkinscoie.com |
| DTE Electric Company | | Mary Emerson<br>Corporate Counsel<br>Alliant Energy Corporation<br>801 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>maryemerson@alliantenergy.com |
| DTE Electric Company | | Lauren D Donofrio<br>DTE Energy Company<br>215 S CASCADE ST<br>FERGUS FALLS, MINNESOTA 56537<br>lauren.donofrio@dteenergy.com |
| DTE Electric Company | | Mary Emerson<br>Corporate Counsel<br>Alliant Energy Corporation<br>801 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>maryemerson@alliantenergy.com |
| DTE Electric Company | Jane Rueger<br>Perkins Coie LLP<br>700 Thirteenth Street, N.W.<br>Suite 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20005-3960<br>UNITED STATES<br>jrueger@perkinscoie.com | Mary Emerson<br>Corporate Counsel<br>Alliant Energy Corporation<br>801 Pennsylvania Avenue, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>maryemerson@alliantenergy.com |
| DTE Electric Company | | Lauren D Donofrio<br>DTE Energy Company<br>215 S CASCADE ST<br>FERGUS FALLS, MINNESOTA 56537<br>lauren.donofrio@dteenergy.com |
| Duke Energy Carolinas, LLC | Jennifer Stenger<br>jennifer.stenger@duke-energy.com | |
| Duke Energy Carolinas, LLC and Duke Energy Progress, LLC | Jennifer Stenger<br>jennifer.stenger@duke-energy.com | |
| Duke Energy Carolinas, LLC and Duke Energy Progress, LLC | Jennifer Stenger<br>jennifer.stenger@duke-energy.com | |
| Duke Energy Carolinas, LLC and Duke Energy Progress, LLC | Jennifer Stenger<br>jennifer.stenger@duke-energy.com | |

| | | |
|---|---|---|
| Duke Energy Corporation | Molly Suda<br>Associate General Counsel<br>Duke Energy Corporation<br>1301 PENNSYLVANIA AVE NW STE 200<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>molly.suda@duke-energy.com | William J Sauer<br>1301 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>william.sauer@duke-energy.com |
| Duke Energy Progress, LLC | Jennifer Stenger<br>jennifer.stenger@duke-energy.com | |
| Duquesne Light Company | Regina Speed-Bost<br>Deputy General Counsel - Regul<br>SB Law, PLLC<br>1000 MAINE AVE SW<br>WASHINGTON GAS LIGHT COMPANY<br>WASHINGTON, DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>regina.speed-bost@washgas.com | Tishekia E Williams<br>Director of External Affairs a<br>Duquesne Light Company<br>411 Seventh Avenue<br>15th Floor<br>Pittsburgh, PENNSYLVANIA 15219<br>twilliams@duqlight.com |
| Duquesne Light Company | | Christin Domian<br>Federal/RTO Specialist<br>Duquesne Light Company<br>411 Seventh Ave<br>Mail Stop 15-5<br>Pittsburgh, PENNSYLVANIA 15219<br>cdomian@duqlight.com |
| Duquesne Light Company | Regina Speed-Bost<br>Deputy General Counsel - Regul<br>SB Law, PLLC<br>1000 MAINE AVE SW<br>WASHINGTON GAS LIGHT COMPANY<br>WASHINGTON, DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>regina.speed-bost@washgas.com | Michael Zimmerman<br>Sr. Regulatory Counsel<br>Duquesne Light Company<br>411 Seventh Avenue<br>Pittsburgh, PENNSYLVANIA 15219<br>mzimmerman@duqlight.com |
| Duquesne Light Company | | Christin Domian<br>Federal/RTO Specialist<br>Duquesne Light Company<br>411 Seventh Ave<br>Mail Stop 15-5<br>Pittsburgh, PENNSYLVANIA 15219<br>cdomian@duqlight.com |
| East Kentucky Power Cooperative, Inc. | Denise Foster Cronin<br>Vice President, Federal and RT<br>East Kentucky Power Cooperative, Inc.<br>4775 LEXINGTON ROAD<br>LEXINGTON, KENTUCKY 40392<br>UNITED STATES<br>denise.cronin@ekpc.coop | |
| East Kentucky Power Cooperative, Inc. | Denise Foster Cronin<br>Vice President, Federal and RT<br>East Kentucky Power Cooperative, Inc.<br>4775 LEXINGTON ROAD<br>LEXINGTON, KENTUCKY 40392<br>UNITED STATES<br>denise.cronin@ekpc.coop | |
| EDF Renewables, Inc. | Norman Bay<br>1875 K ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>nbay@willkie.com | |
| Edison Electric Institute | Lopa Parikh<br>Edison Electric Institute<br>701 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>lparikh@eei.org | |
| Edison Electric Institute | Lopa Parikh<br>Edison Electric Institute<br>701 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>lparikh@eei.org | |
| Edison Electric Institute | Lopa Parikh<br>Edison Electric Institute<br>701 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004 | |

| | | |
|---|---|---|
| | UNITED STATES<br>lparikh@eei.com | |
| Edison Electric Institute | Douglas Green<br>Steptoe LLP<br>1330 Connecticut Ave, NW<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>dgreen@steptoe.com | Christopher M Randall<br>Edison Electric Institute<br>Edison Electric Institute<br>701 Pennsylvania Avenue, NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>crandall@eei.org |
| Edison Electric Institute | Philip Moeller<br>Edison Electric Institute<br>701 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>pmoeller@eei.org | Sandra Safro<br>Edison Electric Institute<br>701 Pennsylvania Ave, NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>ssafro@eei.org |
| Edison Electric Institute | Kevin Huyler<br>Managing Director, Edison Elec<br>Edison Electric Institute<br>701 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>khuyler@eei.org | Christopher M Randall<br>Edison Electric Institute<br>Edison Electric Institute<br>701 Pennsylvania Avenue, NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>crandall@eei.org |
| EDP Renewables North America LLC | Vincenzo Franco<br>Rock Creek Energy Group, LLP<br>1 Thomas Circle NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>vfranco@rockcreekenergygroup.com | Erin K. Bartlett<br>Partner<br>Foley & Lardner LLP<br>1301 PENNSYLVANIA AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>erin.bartlett@kirkland.com |
| EDP Renewables North America LLC | | Meredith Berger Chambers<br>Chief Legal Officer<br>EDP Renewables North America LLC<br>1501 McKinney Street<br>Houston, TEXAS 77010<br>meredith.chambers@edp.com |
| EDP Renewables North America LLC | | David Mindham<br>EDP Renewables North America LLC<br>51360 Knightsbridge Blvd<br>Novi, MICHIGAN 48374<br>david.mindham@edpr.com |
| El Paso Electric Company (EPE) | Matthew Loftus<br>Senior Transmission Attorney<br>El Paso Electric Company (EPE)<br>100 N Stanton St.<br>El Paso, TEXAS 79901<br>UNITED STATES<br>matthew.loftus@epelectric.com | |
| ELCON | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | Travis Fisher<br>Electricity Consumers Resource Council<br>1101 K St NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>tfisher@elcon.org |
| ELCON | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | |
| Electric Power Supply Association | Nancy Bagot<br>Vice President<br>Electric Power Supply Association<br>1401 NEW YORK AVE NW STE 950<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>NancyB@epsa.org | |
| Electric Power Supply Association | Bill Zuretti<br>Electric Power Supply Association<br>1401 New York Ave, NW, Suite 950<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bzuretti@epsa.org | |

| | | |
|---|---|---|
| Electric Power Supply Association | Nancy Bagot<br>Vice President<br>Electric Power Supply Association<br>1401 NEW YORK AVE NW STE 950<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>NancyB@epsa.org | |
| Electricity Consumers Resource Council | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | Travis Fisher<br>Electricity Consumers Resource Council<br>1101 K St NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>tfisher@elcon.org |
| Electricity Consumers Resource Council | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | |
| Electricity Consumers Resource Council | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | |
| Electricity Transmission Competition Coalition | Robert Weishaar<br>McNees Wallace & Nurick LLC<br>1200 G Street, NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bweishaar@mcneeslaw.com | |
| Electricity Transmission Competition Coalition | | Kenneth R Stark<br>McNees Wallace & Nurick LLC<br>100 PINE ST<br>HARRISBURG, PENNSYLVANIA 17101<br>kstark@mcneeslaw.com |
| Electricity Transmission Competition Coalition | | Susan E Bruce<br>McNees Wallace & Nurick LLC<br>PO Box 1166<br>Harrisburg, 17108<br>sbruce@mcneeslaw.com |
| Electricity Transmission Competition Coalition | | David S. Mabry<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>Harrisburg, PENNSYLVANIA 17101<br>dmabry@mwn.com |
| Electricity Transmission Competition Coalition | | Lauren Huff<br>Paralegal<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PENNSYLVANIA 17108<br>lhuff@mwn.com |
| Enel North America, Inc. | Adam Stern<br>12 Nicholson Street NW<br>Washington, DISTRICT OF COLUMBIA 20011<br>UNITED STATES<br>adam.stern@enel.com | Betsy R Beck<br>Director, Organized Markets<br>Enel Green Power North America, Inc.<br>100 Brickstone Square<br>Andover, MASSACHUSETTS 01810<br>betsy.beck@enel.com |
| Enel North America, Inc. | Adam Stern<br>12 Nicholson Street NW<br>Washington, DISTRICT OF COLUMBIA 20011<br>UNITED STATES<br>adam.stern@enel.com | |
| Enel North America, Inc. | Adam Stern<br>12 Nicholson Street NW<br>Washington, DISTRICT OF COLUMBIA 20011 | |

| | | |
|---|---|---|
| | UNITED STATES<br>adam.stern@enel.com | |
| Energy Alabama | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Energy Alabama | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Energy Alabama | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| ENGIE North America Inc. | Sarah Bresolin Silver<br>Director Government and Regula<br>ENGIE North America Inc.<br>1360 Post Oak Blvd<br>Houston, TEXAS 77056<br>UNITED STATES<br>sarah.bresolin@engie.com | |
| ENGIE North America Inc. | Sarah Bresolin Silver<br>Director Government and Regula<br>ENGIE North America Inc.<br>1360 Post Oak Blvd<br>Houston, TEXAS 77056<br>UNITED STATES<br>sarah.bresolin@engie.com | |
| Entergy Arkansas, LLC | Gregory Camet<br>Assistant General Counsel<br>Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Arkansas, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Arkansas, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Arkansas, LLC | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |
| Entergy Arkansas, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Louisiana, LLC | Gregory Camet<br>Assistant General Counsel | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs |

| | | |
|---|---|---|
| | Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy<br>Louisiana, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy<br>Louisiana, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy<br>Louisiana, LLC | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |
| Entergy<br>Louisiana, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy<br>Mississippi, LLC | Gregory Camet<br>Assistant General Counsel<br>Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy<br>Mississippi, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy<br>Mississippi, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy<br>Mississippi, LLC | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |

| | | |
|---|---|---|
| Entergy Mississippi, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Mississippi, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy New Orleans, LLC | Gregory Camet<br>Assistant General Counsel<br>Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy New Orleans, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy New Orleans, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy New Orleans, LLC | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |
| Entergy New Orleans, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Services, LLC | Gregory Camet<br>Assistant General Counsel<br>Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Services, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Services, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW | |

| | | |
|---|---|---|
| | Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Services, LLC | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |
| Entergy Services, LLC | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Texas, Inc. | Gregory Camet<br>Assistant General Counsel<br>Entergy Services, Inc.<br>101 Constitution Avenue, N.W.<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gcamet@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Texas, Inc. | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Texas, Inc. | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | |
| Entergy Texas, Inc. | Glen Bernstein<br>Entergy Services, Inc.<br>101 CONSTITUTION AVE NW<br>INC000000471985<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>gbernst@entergy.com | |
| Entergy Texas, Inc. | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Entergy Texas, Inc. | Jim Cunningham<br>Senior Counsel<br>Entergy Services, LLC<br>101 Constitution Avenue NW<br>Suite 200 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jcunni7@entergy.com | Andrea J Weinstein, ESQ<br>VP. Federal Regulatory Affairs<br>Entergy Services, LLC<br>101 CONSTITUTION AVE NW<br>SUITE 200 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>aweinst@entergy.com |
| Environmental Defense Fund | Ted Kelly<br>Senior Attorney<br>Environmental Defense Fund<br>1875 Connecticut Ave NW Suite 600<br>Washington, DISTRICT OF COLUMBIA 20012<br>UNITED STATES<br>tekelly@edf.org | |
| Environmental Defense Fund | Ted Kelly<br>Senior Attorney | |

| | |
|---|---|
| | Environmental Defense Fund<br>1875 Connecticut Ave NW Suite 600<br>Washington, DISTRICT OF COLUMBIA 20012<br>UNITED STATES<br>tekelly@edf.org |
| Environmental Defense Fund | Ted Kelly<br>Senior Attorney<br>Environmental Defense Fund<br>1875 Connecticut Ave NW Suite 600<br>Washington, DISTRICT OF COLUMBIA 20012<br>UNITED STATES<br>tekelly@edf.org |
| Environmental Defense Fund | Adam Kurland<br>ENVIRONMENTAL DEFENSE FUND<br>1875 Connecticut Ave NW<br>Washington, DISTRICT OF COLUMBIA 20009<br>UNITED STATES<br>akurland@edf.org |
| ENVIRONMENTAL LAW & POLICY CENTER | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org |
| ENVIRONMENTAL LAW & POLICY CENTER | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org |
| ENVIRONMENTAL LAW & POLICY CENTER | Tanmay Shukla<br>Associate Attorney<br>Environmental Law and Policy Center<br>35 E WACKER DR STE 1600<br>CHICAGO, ILLINOIS 60601<br>UNITED STATES<br>tshukla@elpc.org |
| ENVIRONMENTAL LAW & POLICY CENTER | Nicholas Wallace<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 E WACKER DR STE 1600<br>CHICAGO, ILLINOIS 60601<br>UNITED STATES<br>nwallace@elpc.org |
| Environmental Law and Policy Center | Tanmay Shukla<br>Associate Attorney<br>Environmental Law and Policy Center<br>35 E WACKER DR STE 1600<br>CHICAGO, ILLINOIS 60601<br>UNITED STATES<br>tshukla@elpc.org |
| Evergreen Action | Charles Harper<br>Evergreen Action<br>PO Box 21961<br>Seattle, WASHINGTON 98111<br>UNITED STATES<br>charles@evergreenaction.com |
| Evergreen Action | Jessica Hamilton<br>1908 W LAKE ST<br>FORT COLLINS, COLORADO 80521<br>UNITED STATES<br>jessica@evergreenaction.com |
| Eversource Energy | Mary Grover<br>Assistant General Counsel<br>Eversource Energy Service Company<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>UNITED STATES<br>mary.grover@eversource.com |
| Eversource Energy | Mary Grover<br>Assistant General Counsel<br>Eversource Energy Service Company |

|  |  |  |
|---|---|---|
|  | 247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>UNITED STATES<br>mary.grover@eversource.com |  |
| Eversource<br>Energy Service<br>Company |  | Mary E. Grover<br>Assistant General Counsel<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>mary.grover@eversource.com |
| Eversource<br>Energy Service<br>Company | Mary Grover<br>Assistant General Counsel<br>Eversource Energy Service Company<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>UNITED STATES<br>mary.grover@eversource.com |  |
| Eversource<br>Energy Service<br>Company | Thomas Lemon<br>Senior Counsel<br>Eversource Energy<br>800 BOYLSTON ST # P1700<br>BOSTON, MASSACHUSETTS 02199<br>UNITED STATES<br>thomas.lemon@eversource.com |  |
| Eversource<br>Energy Service<br>Company | Mary Grover<br>Assistant General Counsel<br>Eversource Energy Service Company<br>247 Station Drive SE 100<br>Westwood, MASSACHUSETTS 02090<br>UNITED STATES<br>mary.grover@eversource.com |  |
| Eversource<br>Energy Service<br>Company | Thomas Lemon<br>Senior Counsel<br>Eversource Energy<br>800 BOYLSTON ST # P1700<br>BOSTON, MASSACHUSETTS 02199<br>UNITED STATES<br>thomas.lemon@eversource.com |  |
| Eversource<br>Energy Service<br>Company | David Burnham<br>56 PROSPECT ST<br>HARTFORD, CONNECTICUT 06103<br>UNITED STATES<br>david.burnham@eversource.com |  |
| Exelon<br>Corporation | Christopher Wilson<br>Director, Federal Regulatory A<br>Constellation Energy Generation, LLC<br>101 Constitution Ave, NW<br>Suite 400E<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>FERCe-filings1@Constellation.com |  |
| Exelon<br>Corporation | Gary Guy<br>Assistant General Counsel<br>Exelon Business Services Company<br>701 9th Street, N.W.<br>Washington, DISTRICT OF COLUMBIA 20068<br>UNITED STATES<br>gary.guy@exeloncorp.com |  |
| Exelon<br>Corporation | AMBER THOMAS<br>AMBER.THOMAS@EXELONCORP.COM |  |
| Exelon<br>Corporation | Robert Taylor<br>Director of Transmission New M<br>Invenergy Transmission LLC<br>1 S Wacker Dr<br>Chicago, ILLINOIS 60606<br>UNITED STATES<br>rtaylor@invenergy.com |  |
| Exelon<br>Corporation | Jordan Kwok<br>Director, Federal Regulatory A<br>Exelon Business Services<br>701 9TH ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>jordan.kwok@exeloncorp.com |  |
| Exelon<br>Corporation | Lisa Luftig<br>Assistant General Counsel |  |

| | | |
|---|---|---|
| | Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com | |
| Exelon Corporation | Lisa Luftig<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com | Jordan Kwok<br>Director, Federal Regulatory A<br>Exelon Business Services<br>701 9TH ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jordan.kwok@exeloncorp.com |
| Exelon Corporation | Lisa Luftig<br>Assistant General Counsel<br>Exelon BSC-Legal Regulatory<br>701 Ninth Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>lisa.luftig@exeloncorp.com | |
| Fervo Energy | Laura Singer<br>Fervo Energy<br>609 MAIN ST FL 25<br>HOUSTON, TEXAS 77002<br>UNITED STATES<br>laura.singer@fervoenergy.com | Marc Reyes<br>Interconnection Director<br>910 Louisiana Street<br>Suite 4400<br>Houston, TEXAS 77002<br>marc.reyes@fervoenergy.com |
| Fervo Energy Company | Marc Reyes<br>Interconnection Director<br>910 Louisiana Street<br>Suite 4400<br>Houston, TEXAS 77002<br>UNITED STATES<br>marc.reyes@fervoenergy.com | |
| Form Energy | Andrew Kaplan<br>Partner<br>Pierce Atwood LLP<br>100 SUMMER ST<br>BOSTON, MASSACHUSETTS 02110<br>UNITED STATES<br>akaplan@pierceatwood.com | |
| Form Energy | Andrew Kaplan<br>Partner<br>Pierce Atwood LLP<br>100 SUMMER ST<br>BOSTON, MASSACHUSETTS 02110<br>UNITED STATES<br>akaplan@pierceatwood.com | |
| Foundation for Resilient Societies | Foundation for Resilient Societies<br>Foundation for Resilient Socie<br>24 Front Street<br>Suite 203<br>Exeter, NEW HAMPSHIRE 03833<br>UNITED STATES<br>thomasp@resilientsocieties.org | |
| Foundation for Resilient Societies | Foundation for Resilient Societies<br>Foundation for Resilient Socie<br>24 Front Street<br>Suite 203<br>Exeter, NEW HAMPSHIRE 03833<br>UNITED STATES<br>thomasp@resilientsocieties.org | |
| Freeport-McMoran Copper & Gold Energy Services, LLC | Gregory Jones<br>Paul Hastings LLP<br>2050 M Street, NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>gregoryjones@paulhastings.com | Gregory Jones<br>Paul Hastings LLP<br>2050 M Street, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>gregoryjones@paulhastings.com |
| Freeport-McMoran Copper & Gold Energy Services, LLC | | Sophia Faram<br>Paul Hastings LLP<br>2050 M St NW<br>Washington, DISTRICT OF COLUMBIA 20<br>sophiafaram@paulhastings.com |
| Fresh Energy | Michael Schowalter<br>Senior Policy Associate<br>Fresh Energy<br>408 St. Peter St. | |

| | | |
|---|---|---|
| | Suite 350<br>Saint Paul, MINNESOTA 55102<br>UNITED STATES<br>schowalter@fresh-energy.org | |
| Fresh Energy | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| Fresh Energy | Michael Schowalter<br>Senior Policy Associate<br>Fresh Energy<br>408 St. Peter St.<br>Suite 350<br>Saint Paul, MINNESOTA 55102<br>UNITED STATES<br>schowalter@fresh-energy.org | |
| Fresh Energy | Michael Schowalter<br>Senior Policy Associate<br>Fresh Energy<br>408 St. Peter St.<br>Suite 350<br>Saint Paul, MINNESOTA 55102<br>UNITED STATES<br>schowalter@fresh-energy.org | |
| Fresh Energy | Michael Schowalter<br>Senior Policy Associate<br>Fresh Energy<br>408 St. Peter St.<br>Suite 350<br>Saint Paul, MINNESOTA 55102<br>UNITED STATES<br>schowalter@fresh-energy.org | |
| Geenex Solar LLC | Donna Robichaud<br>2180 Conner Cove Ln<br>Denver, NORTH CAROLINA 28037<br>UNITED STATES<br>drobichaud@qf-solutions-llc.com | |
| Georgetown Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Georgetown Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Georgetown Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Georgia Public Service Commission | Alex Davis<br>Attorney<br>Georgia Public Service Commission<br>244 Washington Street, SW<br>Atlanta, GEORGIA 30334<br>UNITED STATES<br>adavis@psc.ga.gov | Robert Trokey<br>Direct, Electric Regulation<br>Georgia Public Service Commission<br>Georgia Public Service Commission<br>244 Washington St SW<br>Atlanta, GEORGIA 30334<br>rtrokey@psc.state.ga.us |
| Georgia Public Service Commission | Preston Thomas<br>Attorney<br>Georgia Public Service Commission<br>244 Washington Street, SW<br>Atlanta, GEORGIA 30334<br>UNITED STATES<br>pthomas@psc.ga.gov | |

| | | |
|---|---|---|
| Georgia Transmission Corporation | Alexander Kaplen<br>Paul Hastings LLP<br>401 9TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>alexander.kaplen@troutman.com | Gregory Jones<br>Paul Hastings LLP<br>2050 M Street, NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>gregoryjones@paulhastings.com |
| Glendale Water & Power Dept. | Jon Stickman<br>Attorney<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jrs@duncanallen.com | |
| Golden State Clean Energy | Dan Kim<br>dan@westlandssolarpark.com | Nancy Saracino<br>Strategic Advisor<br>WESTERN ENERGY & WATER, PC<br>1020 Coronado Blvd<br>Sacramento, CALIFORNIA 95864<br>nsaracino@waterenergystrategies.com |
| Golden State Clean Energy | Dan Kim<br>dan@westlandssolarpark.com | Ian Kearney<br>Golden State Clean Energy<br>3962 BANCROFT ST UNIT 3<br>SAN DIEGO, CALIFORNIA 92104<br>ian@goldenstatecleanenergy.com |
| Great River Energy | Donna Stephenson<br>Associate General Counsel<br>Great River Energy<br>12300 Elm Creek Blvd N<br>Maple Grove, MINNESOTA 55369<br>UNITED STATES<br>dstephenson@grenergy.com | Mike Saer<br>Great River Energy<br>12300 Elm Creek Blvd<br>Maple Grove, MINNESOTA 55369<br>msaer@grenergy.com |
| Great River Energy | Mike Saer<br>Great River Energy<br>12300 Elm Creek Blvd<br>Maple Grove, MINNESOTA 55369<br>UNITED STATES<br>msaer@grenergy.com | |
| GREENFIELDS IRRIGATION DISTRICT | Michael Uda<br>Attorney<br>Uda Law Firm, PC<br>7 W 6th Ave<br>Power Block Suite 615<br>Helena, MONTANA 59601<br>UNITED STATES<br>michaeluda@udalaw.com | |
| GREENFIELDS IRRIGATION DISTRICT | Michael Uda<br>Attorney<br>Uda Law Firm, PC<br>7 W 6th Ave<br>Power Block Suite 615<br>Helena, MONTANA 59601<br>UNITED STATES<br>michaeluda@udalaw.com | |
| Grid Strategies LLC | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |
| Grid Strategies LLC | Jay Caspary<br>Grid Strategies LLC<br>P O Box 460<br>194 Tice Road<br>Higden, ARKANSAS 72067<br>UNITED STATES<br>jcaspary@gridstrategiesllc.com | |
| Grid United LLC | Kristen Golden<br>General Counsel<br>Grid United LLC<br>1717 West Loop South, Suite 1800<br>Houston, TEXAS 77027<br>UNITED STATES<br>Kristen.golden@gridunited.com | |
| Grid United LLC | Kristen Golden<br>General Counsel | |

| | |
|---|---|
| | Grid United LLC<br>1717 West Loop South, Suite 1800<br>Houston, TEXAS 77027<br>UNITED STATES<br>Kristen.golden@gridunited.com |
| Grid United LLC | Kristen Golden<br>General Counsel<br>Grid United LLC<br>1717 West Loop South, Suite 1800<br>Houston, TEXAS 77027<br>UNITED STATES<br>Kristen.golden@gridunited.com |
| Grid United LLC | Kristen Golden<br>General Counsel<br>Grid United LLC<br>1717 West Loop South, Suite 1800<br>Houston, TEXAS 77027<br>UNITED STATES<br>Kristen.golden@gridunited.com |
| GridLab | Ric O'Connell<br>Executive Director<br>GridLab<br>2150 ALLSTON WAY STE 420<br>BERKELEY, CALIFORNIA 94704<br>UNITED STATES<br>ric@gridlab.org |
| Groveland Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| Handy Law, LLC | Seth Handy<br>Principal<br>42 Weybosset Street<br>Providence, RHODE ISLAND 02903<br>UNITED STATES<br>seth@handylawllc.com |
| Handy Law, LLC | Seth Handy<br>Principal<br>42 Weybosset Street<br>Providence, RHODE ISLAND 02903<br>UNITED STATES<br>seth@handylawllc.com |
| Hannon Armstrong Sustainable Infrastructure Capital, Inc. | Susan Nickey<br>Hannon Armstrong Capital, LLC<br>1 PARK PL STE 200<br>ANNAPOLIS, MARYLAND 21401<br>UNITED STATES<br>snickey@hannonarmstrong.com |
| Hannon Armstrong Sustainable Infrastructure Capital, Inc. | Susan Nickey<br>Hannon Armstrong Capital, LLC<br>1 PARK PL STE 200<br>ANNAPOLIS, MARYLAND 21401<br>UNITED STATES<br>snickey@hannonarmstrong.com |
| Harvard Electricity Law Initiative | Ari Peskoe<br>Senior Fellow in Electricity L<br>Harvard Environmental Policy Initiative<br>6 Everett St<br>Suite 4119<br>Cambridge, MASSACHUSETTS 02138<br>UNITED STATES<br>apeskoe@law.harvard.edu |
| Harvard Electricity Law Initiative | Ari Peskoe<br>Senior Fellow in Electricity L<br>Harvard Environmental Policy Initiative<br>6 Everett St<br>Suite 4119<br>Cambridge, MASSACHUSETTS 02138<br>UNITED STATES<br>apeskoe@law.harvard.edu |
| Harvard Electricity Law | Ari Peskoe<br>Senior Fellow in Electricity L |

| | |
|---|---|
| Initiative | Harvard Environmental Policy Initiative<br>6 Everett St<br>Suite 4119<br>Cambridge, MASSACHUSETTS 02138<br>UNITED STATES<br>apeskoe@law.harvard.edu |
| Harvard Electricity Law Initiative | Ari Peskoe<br>Senior Fellow in Electricity L<br>Harvard Environmental Policy Initiative<br>6 Everett St<br>Suite 4119<br>Cambridge, MASSACHUSETTS 02138<br>UNITED STATES<br>apeskoe@law.harvard.edu |
| Harvard Electricity Law Initiative | Ari Peskoe<br>Senior Fellow in Electricity L<br>Harvard Environmental Policy Initiative<br>6 Everett St<br>Suite 4119<br>Cambridge, MASSACHUSETTS 02138<br>UNITED STATES<br>apeskoe@law.harvard.edu |
| HINGHAM MUNICIPAL LIGHTING PLANT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| HINGHAM MUNICIPAL LIGHTING PLANT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| HINGHAM MUNICIPAL LIGHTING PLANT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| Idaho Governor's Office of Energy and Mineral Resources | Marissa Warren<br>Energy Program Manager<br>Idaho Governor's Office of Energy and Mineral Resources<br>304 N 8TH ST STE 250<br>BOISE, IDAHO 83702<br>UNITED STATES<br>marissa.warren@oer.idaho.gov |
| Idaho Power Company | Lisa O'Hara<br>Corporate Attorney<br>Idaho Power Company<br>1221 W IDAHO ST<br>BOISE, IDAHO 83702<br>UNITED STATES<br>lo'hara@idahopower.com |
| Idaho Public Utilities Commission | Jan Noriyuki<br>Idaho Public Utilities Commiss<br>Idaho Public Utilities Commission<br>11331 W Chinden Blvd Ste 201A<br>Boise, IDAHO 83714<br>UNITED STATES<br>jan.noriyuki@puc.idaho.gov |
| Idaho Public Utilities Commission | Monica Barrios-Sanchez<br>Commission Secretary<br>Idaho Public Utilities Commission<br>11331 W CHINDEN BLVD BLDG 8 STE 201-A<br>BOISE, IDAHO 83714<br>UNITED STATES<br>secretary@puc.idaho.gov | Monica Barrios-Sanchez<br>Commission Secretary<br>Idaho Public Utilities Commission<br>11331 W CHINDEN BLVD BLDG 8 STE 2(<br>BOISE, IDAHO 83714<br>secretary@puc.idaho.gov |
| IDHAO POWER COMPANY | Julia Hilton<br>Corporate Counsel<br>Idaho Power Company |

| | | |
|---|---|---|
| | 1221 W Idaho St<br>Boise, IDAHO 83702-5627<br>UNITED STATES<br>jhilton@idahopower.com | |
| Illinois Attorney General's Office | Susan Satter<br>Chief, Public Utilities Bureau<br>Illinois Attorney General's Office<br>115 S LA SALLE ST<br>CHICAGO, ILLINOIS 60603<br>UNITED STATES<br>susan.satter@ilag.gov | Susan L. Satter<br>Chief, Public Utilities Bureau<br>Illinois Attorney General's Office<br>115 S LA SALLE ST<br>CHICAGO, ILLINOIS 60603<br>UNITED STATES<br>susan.satter@ilag.gov |
| Illinois Commerce Commission | Christine Ericson<br>Special Assistant Attorney Gen<br>Illinois Commerce Commission<br>160 N. LaSalle St.<br>Suite C-800<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>Christine.Ericson@illinois.gov | William VanderLaan<br>527 E CAPITOL AVE<br>SPRINGFIELD, ILLINOIS 62701<br>bill.vanderlaan@illinois.gov |
| Illinois Commerce Commission | Christine Ericson<br>Special Assistant Attorney Gen<br>Illinois Commerce Commission<br>160 N. LaSalle St.<br>Suite C-800<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>Christine.Ericson@illinois.gov | |
| Indiana Office of Utility Consumer Counselor | Arthur Iler<br>Deputy Consumer Counsel - Fede<br>Indiana Office of Utility Consumer Counselor<br>115 W Washington St<br>Ste 1500 South<br>Indianapolis, INDIANA 46204<br>UNITED STATES<br>ailer@oucc.in.gov | |
| Indiana Utility Regulatory Commission | Beth Heline<br>General Counsel<br>Indiana Utility Regulatory Commission<br>Suite 1500 East<br>101 West Washington Street<br>Indianapolis, INDIANA 46204<br>UNITED STATES<br>BHeline@urc.in.gov | Steve L Davies<br>Assistant General Counsel<br>Indiana Utility Regulatory Commission<br>101 W. Washington Street, Suite 1500 E<br>Indianapolis, INDIANA 46204<br>sdavies@urc.in.gov |
| Indiana Utility Regulatory Commission | Steve Davies<br>Assistant General Counsel<br>Indiana Utility Regulatory Commission<br>101 W. Washington Street, Suite 1500 E<br>Indianapolis, INDIANA 46204<br>UNITED STATES<br>sdavies@urc.in.gov | Beth E Heline, ESQ<br>General Counsel<br>Indiana Utility Regulatory Commission<br>Suite 1500 East<br>101 West Washington Street<br>Indianapolis, INDIANA 46204<br>BHeline@urc.in.gov |
| Indiana Utility Regulatory Commission | | Elizabeth Walker<br>Assistant General Counsel<br>Indiana Utility Regulatory Commission<br>101 W WASHINGTON ST STE 1500E<br>INDIANAPOLIS, INDIANA 46204<br>ewalker1@urc.in.gov |
| Indicated PJM Transmission Owners | William Keyser<br>Steptoe LLP<br>1330 Connecticut Avenue, NW<br>Washington, DISTRICT OF COLUMBIA 20036-1795<br>UNITED STATES<br>wkeyser@steptoe.com | |
| Indicated PJM Transmission Owners | Laura Swett<br>Of Counsel<br>Steptoe LLP<br>1330 Connecticut Ave NW<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>lswett@steptoe.com | |
| Indicated PJM Transmission Owners | Donald Kaplan<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>don.kaplan@klgates.com | |

| | | |
|---|---|---|
| Indicated PJM Transmission Owners | William Keyser<br>Steptoe LLP<br>1330 Connecticut Avenue, NW<br>Washington, DISTRICT OF COLUMBIA 20036-1795<br>UNITED STATES<br>wkeyser@steptoe.com | |
| Indicated PJM Transmission Owners | Laura Swett<br>Of Counsel<br>Steptoe LLP<br>1330 Connecticut Ave NW<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>lswett@steptoe.com | |
| Indicated PJM Transmission Owners | Donald Kaplan<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>don.kaplan@klgates.com | |
| Industrial Customer Organizations | Robert Weishaar<br>McNees Wallace & Nurick LLC<br>1200 G Street, NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bweishaar@mcneeslaw.com | |
| Industrial Customer Organizations | | Susan E Bruce<br>McNees Wallace & Nurick LLC<br>PO Box 1166<br>Harrisburg, 17108<br>sbruce@mcneeslaw.com |
| Industrial Customer Organizations | | Kenneth R Stark<br>McNees Wallace & Nurick LLC<br>100 PINE ST<br>HARRISBURG, PENNSYLVANIA 17101<br>kstark@mcneeslaw.com |
| Industrial Customer Organizations | | David S. Mabry<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>Harrisburg, PENNSYLVANIA 17101<br>dmabry@mwn.com |
| Industrial Customer Organizations | | Lauren Huff<br>Paralegal<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PENNSYLVANIA 17108<br>lhuff@mwn.com |
| Industrial Customer Organizations | | Kenneth R Stark<br>McNees Wallace & Nurick LLC<br>100 PINE ST<br>HARRISBURG, PENNSYLVANIA 17101<br>kstark@mcneeslaw.com |
| Industrial Customer Organizations | | Susan E Bruce<br>McNees Wallace & Nurick LLC<br>PO Box 1166<br>Harrisburg, 17108<br>sbruce@mcneeslaw.com |
| Industrial Customer Organizations | | David S. Mabry<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>Harrisburg, PENNSYLVANIA 17101<br>dmabry@mwn.com |
| Industrial Customer Organizations | | Lauren Huff<br>Paralegal<br>McNees Wallace & Nurick LLC<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PENNSYLVANIA 17108<br>lhuff@mwn.com |
| Institute for Local Self-Reliance | John Farrell<br>Institute for Local Self-Reliance<br>2720 E. 22nd St<br>Minneapolis, MINNESOTA 55406 | |

| | | |
|---|---|---|
| | UNITED STATES<br>jfarrell@ilsr.org | |
| Institute for<br>Policy Integrity,<br>New York<br>University School<br>of Law | | Jennifer Danis<br>Institute for Policy Integrity<br>139 MACDOUGAL ST FL 3<br>INSTITUTE FOR POLICY INTEGRITY<br>NEW YORK, NEW YORK 10012<br>Jennifer.danis@nyu.edu |
| Institute for<br>Policy Integrity,<br>New York<br>University School<br>of Law | Matthew Lifson<br>Institute for Policy Integrity, New York University<br>School of Law<br>139 MACDOUGAL ST FL 3<br>NEW YORK, NEW YORK 10012<br>UNITED STATES<br>matthew.lifson@nyu.edu | |
| Institute for<br>Policy Integrity,<br>New York<br>University School<br>of Law | Jennifer Danis<br>Institute for Policy Integrity<br>Institute for Policy Integrity, New York University<br>School of Law<br>139 MACDOUGAL ST FL 3<br>INSTITUTE FOR POLICY INTEGRITY<br>NEW YORK, NEW YORK 10012<br>UNITED STATES<br>Jennifer.danis@nyu.edu | Matthew Lifson<br>Institute for Policy Integrity, New York U<br>School of Law<br>139 MACDOUGAL ST FL 3<br>NEW YORK, NEW YORK 10012<br>matthew.lifson@nyu.edu |
| International<br>Transmission<br>Company, et al. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| International<br>Transmission<br>Company, et al. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| International<br>Transmission<br>Company, et al. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| International<br>Transmission<br>Company, et al. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| International<br>Transmission<br>Company, et al. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| Interwest Energy<br>Alliance | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Lisa T Hickey<br>Attorney<br>Interwest Energy Alliance<br>3225 TEMPLETON GAP RD STE 217 STE<br>COLORADO SPRINGS, COLORADO 8090<br>Lisa@Interwest.org |
| Interwest Energy<br>Alliance | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Interwest Energy<br>Alliance | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW |

| | | |
|---|---|---|
| | 1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | | Nicole Luckey<br>Senior Vice President, Regulat<br>Invenergy LLC<br>1 S WACKER DR STE 1800<br>CHICAGO, ILLINOIS 60606<br>nluckey@invenergy.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Solar<br>Development<br>North America<br>LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy<br>Thermal<br>Development LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy<br>Thermal<br>Development LLC | | Nicole Luckey<br>Senior Vice President, Regulat<br>Invenergy LLC<br>1 S WACKER DR STE 1800<br>CHICAGO, ILLINOIS 60606<br>nluckey@invenergy.com |
| Invenergy<br>Thermal<br>Development LLC | | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy<br>Thermal<br>Development LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy<br>Thermal<br>Development LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |

| | | |
|---|---|---|
| Invenergy Transmission LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Transmission LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Transmission LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Transmission LLC | | Nicole Luckey<br>Senior Vice President, Regulat<br>Invenergy LLC<br>1 S WACKER DR STE 1800<br>CHICAGO, ILLINOIS 60606<br>nluckey@invenergy.com |
| Invenergy Transmission LLC | | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Transmission LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Wind Development North America LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Wind Development North America LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Wind Development North America LLC | Larry Eisenstat<br>Partner<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>leisenstat@crowell.com | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH<br>WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Invenergy Wind Development North America LLC | | Nicole Luckey<br>Senior Vice President, Regulat<br>Invenergy LLC<br>1 S WACKER DR STE 1800<br>CHICAGO, ILLINOIS 60606<br>nluckey@invenergy.com |
| Invenergy Wind Development North America LLC | | Patricia M Alexander<br>Advisor<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave. N.W.<br>Washington, DISTRICT OF COLUMBIA 2(<br>palexander@crowell.com |
| Invenergy Wind Development North America LLC | | Diana Jeschke<br>Linklaters LLP<br>601 13TH ST NW<br>SUITE 400 SOUTH |

| | | |
|---|---|---|
| | | WASHINGTON, DISTRICT OF COLUMBIA<br>diana.jeschke@linklaters.com |
| Iowa Office of Consumer Advocate | John Crotty<br>Iowa Office of Consumer Advocate<br>1375 E. Court Ave<br>Des Moines, IOWA 50319<br>UNITED STATES<br>john.crotty@oca.iowa.gov | |
| Iowa Office of Consumer Advocate | Jennifer Easler<br>Consumer Advocate<br>Iowa Office of Consumer Advocate<br>1375 E COURT AVE<br>DES MOINES, IOWA 50319<br>UNITED STATES<br>jennifer.easler@oca.iowa.gov | |
| Iowa Utilities Board | Venkata Bujimalla<br>Utility Attorney 2<br>Iowa Utilities Board<br>1375 E Court Ave<br>Des Moines, IOWA 50319<br>UNITED STATES<br>Venkata.Bujimalla@iub.iowa.gov | |
| Iowa Utilities Board | Venkata Bujimalla<br>Utility Attorney 2<br>Iowa Utilities Board<br>1375 E Court Ave<br>Des Moines, IOWA 50319<br>UNITED STATES<br>Venkata.Bujimalla@iub.iowa.gov | Jon Tack<br>General Counsel - Iowa Utiliti<br>Iowa Utilities Board<br>1375 E COURT AVE<br>DES MOINES, IOWA 50319<br>jon.tack@iub.iowa.gov |
| ISO New England Inc. | Monica Gonzalez<br>Assistant General Counsel - Op<br>INDIVIDUAL<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>UNITED STATES<br>mgonzalez@iso-ne.com | Julie A Horgan<br>eTariff Coordinator<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>jhorgan@iso-ne.com |
| ISO New England Inc. | | Linda M Morrison<br>Docket Administrator<br>ISO New England Inc.<br>One Sullivan Rd<br>Holyoke, MASSACHUSETTS 01040<br>LMorrison@iso-ne.com |
| ISO New England Inc. | | Linda Maile-Smith<br>Legal Administrative Assistant<br>ISO New England Inc.<br>1 SULLIVAN RD<br>HOLYOKE, MASSACHUSETTS 01040<br>lmailesmith@iso-ne.com |
| ISO New England Inc. | | Linda M Morrison<br>Docket Administrator<br>ISO New England Inc.<br>One Sullivan Rd<br>Holyoke, MASSACHUSETTS 01040<br>LMorrison@iso-ne.com |
| ISO New England Inc. | | Linda Maile-Smith<br>Legal Administrative Assistant<br>ISO New England Inc.<br>1 SULLIVAN RD<br>HOLYOKE, MASSACHUSETTS 01040<br>lmailesmith@iso-ne.com |
| ISO New England Inc. | | Linda M Morrison<br>Docket Administrator<br>ISO New England Inc.<br>One Sullivan Rd<br>Holyoke, MASSACHUSETTS 01040<br>LMorrison@iso-ne.com |
| ISO New England Inc. | | Linda Maile-Smith<br>Legal Administrative Assistant<br>ISO New England Inc.<br>1 SULLIVAN RD<br>HOLYOKE, MASSACHUSETTS 01040<br>lmailesmith@iso-ne.com |
| ISO/RTO Council (IRC) | Thomas DeVita<br>PJM Interconnection, L.L.C.<br>2750 MONROE BLVD | Craig Glazer<br>V.P., Federal Gov't Policy<br>PJM Interconnection, L.L.C. |

| | | |
|---|---|---|
| | AUDUBON, PENNSYLVANIA 19403<br>UNITED STATES<br>thomas.devita@pjm.com | 1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>craig.glazer@pjm.com |
| ISO/RTO Council (IRC) | Monica Gonzalez<br>Assistant General Counsel - Op<br>INDIVIDUAL<br>One Sullivan Road<br>Holyoke, MASSACHUSETTS 01040<br>UNITED STATES<br>mgonzalez@iso-ne.com | |
| ISO/RTO Council (IRC) | Andrew Ulmer<br>Assistant General Counsel<br>California Independent System Operator<br>Corporation<br>250 Outcropping Way<br>Folsom, CALIFORNIA 95630<br>UNITED STATES<br>aulmer@caiso.com | |
| ISO/RTO Council (IRC) | Carl Patka<br>Senior Attorney<br>New York Independent System Operator, Inc.<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>UNITED STATES<br>cpatka@nyiso.com | |
| ISO/RTO Council (IRC) | Kari Valley<br>Managing Assistant General Cou<br>Midcontinent Independent System Operator, Inc.<br>2985 AMES CROSSING RD<br>EAGAN, MINNESOTA 55121<br>UNITED STATES<br>kvalley@misoenergy.org | |
| ISO/RTO Council (IRC) | Paul Suskie<br>Sr. VP Regulatory Policy & Gen<br>Southwest Power Pool, Inc.<br>415 N. McKinley, Ste 140<br>Little Rock, ARKANSAS 72205<br>UNITED STATES<br>psuskie@spp.org | |
| ITC Holdings Corp. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| ITC Holdings Corp. | James Bixby<br>Senior Counsel - Regulatory &<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>jbixby@itctransco.com | |
| Kansas Corporation Commission | Jason Gray<br>Partner<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jtg@duncanallen.com | Cole Bailey<br>Litigation Counsel<br>Kansas Corporation Commission<br>1500 Arrowhead Road SW Arrowhead Ro<br>Topeka, KANSAS 66604<br>c.bailey@kcc.ks.gov |
| Kansas Corporation Commission | Jon Stickman<br>Attorney<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jrs@duncanallen.com | Carly R Masenthin<br>Senior Litigation Counsel<br>1500 SW ARROWHEAD RD<br>TOPEKA, KANSAS 66604<br>Carly.Masenthin@ks.gov |
| Kansas Corporation Commission | Jason Gray<br>Partner<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036 | |

| | UNITED STATES<br>jtg@duncanallen.com | |
|---|---|---|
| Kansas Corporation Commission | Jason Gray<br>Partner<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jtg@duncanallen.com | Carly R Masenthin<br>Senior Litigation Counsel<br>Kansas Corporation Commission<br>1500 SW ARROWHEAD RD<br>TOPEKA, KANSAS 66604<br>Carly.Masenthin@ks.gov |
| Kansas Industrial Consumers Group, Inc. and Kansans for Lower Electric Rates, Inc. | James Zakoura<br>SMITHYMAN & ZAKOURA, CHARTERED<br>7500 COLLEGE BLVD STE 1400<br>OVERLAND PARK, KANSAS 66210<br>UNITED STATES<br>jzakoura@foulston.com | |
| Kansas Industrial Consumers Group, Inc. and Kansans for Lower Electric Rates, Inc. | James Zakoura<br>SMITHYMAN & ZAKOURA, CHARTERED<br>7500 COLLEGE BLVD STE 1400<br>OVERLAND PARK, KANSAS 66210<br>UNITED STATES<br>jzakoura@foulston.com | |
| Kentucky Attorney General | Joseph West<br>Assistant Attorney General<br>Kentucky Attorney General<br>1024 Capital Center Drive<br>Suite 200<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>michael.west@ky.gov | |
| Kentucky Attorney General | Larry Cook<br>Kentucky Attorney General<br>700 CAPITAL AVE<br>FRANKFORT, KENTUCKY 40601<br>UNITED STATES<br>larry.cook@ky.gov | |
| Kentucky Public Service Commission | Kent Chandler<br>Executive Staff Advisor<br>Kentucky Public Service Commission<br>211 Sower Blvd.<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>kent.chandler@ky.gov | |
| Kentucky Public Service Commission | Kent Chandler<br>Executive Staff Advisor<br>Kentucky Public Service Commission<br>211 Sower Blvd.<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>kent.chandler@ky.gov | |
| Kentucky Public Service Commission | Kent Chandler<br>Executive Staff Advisor<br>Kentucky Public Service Commission<br>211 Sower Blvd.<br>Frankfort, KENTUCKY 40601<br>UNITED STATES<br>kent.chandler@ky.gov | |
| Kentucky Utilities Company | Jennifer Keisling<br>Sr Corporate Attorney<br>220 West Main St<br>Louisville, KENTUCKY 40202<br>UNITED STATES<br>jennifer.keisling@lge-ku.com | |
| Kentucky Utilities Company | Jennifer Keisling<br>Sr. Director Federal Policy<br>PPL Services Corporation<br>220 W MAIN ST<br>LOUISVILLE, KENTUCKY 40202<br>UNITED STATES<br>jkeisling@pplweb.com | |
| Kentucky Utilities Company | Jennifer Keisling<br>Sr. Director Federal Policy<br>PPL Services Corporation<br>220 W MAIN ST<br>LOUISVILLE, KENTUCKY 40202 | |

| | | |
|---|---|---|
| | UNITED STATES<br>jkeisling@pplweb.com | |
| LADWP | | Scott Hirashima<br>LADWP<br>111 N Hope St<br>Rm 1246<br>Los Angeles, CALIFORNIA 90012<br>scott.hirashima@ladwp.com |
| LADWP | | Rockeish Mckenzie<br>LADWP<br>111 North Hope Street<br>Los Angeles, CALIFORNIA 90012<br>rockeish.mckenzie@ladwp.com |
| LADWP | | Scott Hirashima<br>LADWP<br>111 N Hope St<br>Rm 1246<br>Los Angeles, CALIFORNIA 90012<br>scott.hirashima@ladwp.com |
| LADWP | | Rockeish Mckenzie<br>LADWP<br>111 North Hope Street<br>Los Angeles, CALIFORNIA 90012<br>rockeish.mckenzie@ladwp.com |
| Land Trust Alliance | Chelsea Welch<br>Land Trust Alliance<br>1250 H St NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>cwelch@lta.org | Chelsea Welch<br>Land Trust Alliance<br>1250 H St NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 2(<br>cwelch@lta.org |
| Large Public Power Council | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | Jonathan Trotta, ESQ<br>Davis Wright Tremaine LLP<br>Davis Wright Tremaine LLP<br>1301 K ST NW<br>SUITE 500 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jtrotta@dwt.com |
| Large Public Power Council | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | |
| Large Public Power Council | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | |
| Large Public Power Council | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | Harvey L. Reiter<br>Partner<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 2(<br>harvey.reiter@stinson.com |
| Large Public Power Council | | Jonathan Trotta, ESQ<br>Davis Wright Tremaine LLP<br>Davis Wright Tremaine LLP<br>1301 K ST NW<br>SUITE 500 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jtrotta@dwt.com |
| Large Public Power Council | | M. Denyse Zosa, ESQ<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Avenue NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 2(<br>denyse.zosa@stinson.com |
| Large Public Power Council | | M. Denyse Zosa, ESQ<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Avenue NW |

|  | Suite 800<br>Washington, DISTRICT OF COLUMBIA 2(<br>denyse.zosa@stinson.com |
|---|---|
| Large Public Power Council | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com |
| Littleton Electric Light & Water Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| Littleton Electric Light & Water Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| Littleton Electric Light & Water Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com |
| Long Island Power Authority | Paul Ghosh-Roy<br>Assistant General Counsel<br>333 Earle Ovington Boulevard<br>Suite 403<br>Uniondale, NEW YORK 11553<br>UNITED STATES<br>pghosh-roy@lipower.org |
| Long Island Power Authority | Lisa Zafonte<br>Assistant General Counsel<br>LONG ISLAND POWER AUTHORITY<br>333 EARLE OVINGTON BLVD STE 403<br>UNIONDALE, NEW YORK 11553<br>UNITED STATES<br>lzafonte@lipower.org |
| Louisiana Public Service Commission | Justin Swaim<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 POYDRAS ST STE 3150<br>NEW ORLEANS, LOUISIANA 70112<br>UNITED STATES<br>jswaim@stonepigman.com |
| Louisiana Public Service Commission | Michael Fontham<br>909 Poydras Street, Siute 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>mfontham@stonepigman.com |
| Louisiana Public Service Commission | Dana Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>dshelton@stonepigman.com |
| Louisiana Public Service Commission | Dana Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>dshelton@stonepigman.com |
| Louisiana Public Service Commission | Dana Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150 |

| | | |
|---|---|---|
| | New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>dshelton@stonepigman.com | |
| Louisiana Public Service Commission | Justin Swaim<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 POYDRAS ST STE 3150<br>NEW ORLEANS, LOUISIANA 70112<br>UNITED STATES<br>jswaim@stonepigman.com | |
| Louisiana Public Service Commission | Dana Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>dshelton@stonepigman.com | |
| Louisiana Public Service Commission | Justin Swaim<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 POYDRAS ST STE 3150<br>NEW ORLEANS, LOUISIANA 70112<br>UNITED STATES<br>jswaim@stonepigman.com | |
| Louisiana Public Service Commission | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | Noel J Darce<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 Poydras St. Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>ndarce@stonepigman.com |
| Louisiana Public Service Commission | | Dana Marie Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>dshelton@stonepigman.com |
| Louisiana Public Service Commission | | Kathryn H Bowman<br>Executive Counsel<br>Louisiana Public Service Commission<br>602 N 5TH ST<br>BATON ROUGE, LOUISIANA 70802<br>kathryn.bowman@la.gov |
| Louisiana Public Service Commission | Dana Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>dshelton@stonepigman.com | |
| Louisiana Public Service Commission | Noel Darce<br>Attorney<br>Stone Pigman Walther Wittmann L.L.C.<br>909 Poydras St. Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>UNITED STATES<br>ndarce@stonepigman.com | Kathryn H Bowman<br>Executive Counsel<br>Louisiana Public Service Commission<br>602 N 5TH ST<br>BATON ROUGE, LOUISIANA 70802<br>kathryn.bowman@la.gov |
| Louisiana Public Service Commission | | Dana Marie Shelton<br>Attorney<br>STONE, PIGMAN, WALTHER, ET AL.<br>909 Poydras Street,Suite 3150<br>New Orleans, LOUISIANA 70112-4042<br>dshelton@stonepigman.com |
| Louisville Gas & Electric Company | Jennifer Keisling<br>Sr Corporate Attorney<br>220 West Main St<br>Louisville, KENTUCKY 40202<br>UNITED STATES<br>jennifer.keisling@lge-ku.com | |
| Louisville Gas and Electric Co./ Kentucky Utilities Co. | Kelsey Colvin<br>Senior Counsel<br>2701 Eastpoint Pkwy<br>LOUISVILLE, KENTUCKY 40223<br>UNITED STATES<br>kacolvin@pplweb.com | Jennifer Keisling<br>Sr Corporate Attorney<br>220 West Main St<br>Louisville, KENTUCKY 40202<br>Jefferson<br>jennifer.keisling@lge-ku.com |

| | | |
|---|---|---|
| Louisville Gas and Electric Company | Jennifer Keisling<br>Sr. Director Federal Policy<br>PPL Services Corporation<br>220 W MAIN ST<br>LOUISVILLE, KENTUCKY 40202<br>UNITED STATES<br>jkeisling@pplweb.com | |
| Louisville Gas and Electric Company | Jennifer Keisling<br>Sr. Director Federal Policy<br>PPL Services Corporation<br>220 W MAIN ST<br>LOUISVILLE, KENTUCKY 40202<br>UNITED STATES<br>jkeisling@pplweb.com | |
| Louisville Gas and Electric Company and Kentucky Utilities Company | Jennifer Keisling<br>Sr Corporate Attorney<br>220 West Main St<br>Louisville, KENTUCKY 40202<br>UNITED STATES<br>jennifer.keisling@lge-ku.com | |
| LS Power Grid, LLC | Michael Engleman<br>Engleman Fallon, PLLC<br>1717 K Street NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mengleman@efenergylaw.com | Christina R. Switzer<br>Engleman Fallon, PLLC<br>823 Congress Ave<br>Suite 300-67<br>Austin, TEXAS 78701<br>cswitzer@efenergylaw.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200 |

| | | |
|---|---|---|
| | | Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid,<br>LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LS Power Grid,<br>LLC | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>UNITED STATES<br>ssegner@lspower.com | |
| LS Power Grid,<br>LLC | Michael Engleman<br>Engleman Fallon, PLLC<br>1717 K Street NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mengleman@efenergylaw.com | |
| LS Power Grid,<br>LLC | Christina Switzer<br>Engleman Fallon, PLLC<br>823 Congress Ave<br>Suite 300-67<br>Austin, TEXAS 78701<br>UNITED STATES<br>cswitzer@efenergylaw.com | |
| LSP Transmission<br>Holdings II, LLC | Christina Switzer<br>Engleman Fallon, PLLC<br>823 Congress Ave<br>Suite 300-67<br>Austin, TEXAS 78701<br>UNITED STATES<br>cswitzer@efenergylaw.com | Michael R Engleman<br>Engleman Fallon, PLLC<br>1717 K Street NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20<br>mengleman@efenergylaw.com |
| LSP Transmission<br>Holdings II, LLC | | Sharon Segner<br>Vice President<br>LS Power Associates LP<br>1001 19th Street North<br>Suite 1200<br>Arlington, VIRGINIA 22209<br>ssegner@lspower.com |
| LSP Transmission<br>Holdings II, LLC | Michael Engleman<br>Engleman Fallon, PLLC<br>1717 K Street NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mengleman@efenergylaw.com | |
| Macro Grid<br>Initiative | Barbara Tyran<br>Director of the Macro Grid Ini<br>Macro Grid Initiative<br>1150 Connecticut Ave NW<br>Suite 401<br>Washington, DISTRICT OF COLUMBIA 20035<br>UNITED STATES<br>tyran@acore.org | |
| Maine Governors<br>Energy Office | Robert Snook<br>Transmission Policy Advisor<br>Maine Governors Energy Office<br>62 STATE HOUSE STA<br>AUGUSTA, MAINE 04333<br>UNITED STATES<br>Robert.Snook@Maine.Gov | |
| Maine Office of<br>the Public<br>Advocate | Andrew Landry<br>Deputy Public Advocate<br>Maine Office of the Public Advocate<br>103 Water St<br>Hallowell, MAINE 04347<br>UNITED STATES<br>andrew.landry@maine.gov | |

| | | |
|---|---|---|
| Maine Office of the Public Advocate | Andrew Landry<br>Deputy Public Advocate<br>Maine Office of the Public Advocate<br>103 Water St<br>Hallowell, MAINE 04347<br>UNITED STATES<br>andrew.landry@maine.gov | |
| Market Monitoring Unit of Southwest Power Pool, Inc. | Keith Collins<br>Vice President, Market Mon<br>Southwest Power Pool Market Monitoring Unit<br>201 WORTHEN DR<br>LITTLE ROCK, ARKANSAS 72223<br>UNITED STATES<br>kcollins@spp.org | Jodi Woods<br>Director, Market Monitoring Un<br>Southwest Power Pool Inc.<br>201 WORTHEN DR<br>LITTLE ROCK, ARKANSAS 72223<br>jwoods@spp.org |
| Maryland Energy Administration | Michele Honick<br>Attorney General of Maryland<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>UNITED STATES<br>michele.honick@maryland.gov | Mary Beth Tung<br>Maryland Energy Administration<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>marybeth.tung@maryland.gov |
| Maryland Energy Administration | | Ryan Opsal<br>Director of Energy Policy<br>Maryland Energy Administration<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>ryan.opsal@maryland.gov |
| Maryland Energy Administration | Steven Talson<br>Assistant Attorney General<br>Maryland Energy Administration<br>60 West Street<br>Suite 300<br>Annapolis, MARYLAND 21401<br>UNITED STATES<br>steven.talson@maryland.gov | |
| Maryland Energy Administration | Michele Honick<br>Attorney General of Maryland<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>UNITED STATES<br>michele.honick@maryland.gov | |
| Maryland Energy Administration | Michele Honick<br>Attorney General of Maryland<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>UNITED STATES<br>michele.honick@maryland.gov | Michele Honick<br>Attorney General of Maryland<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>michele.honick@maryland.gov |
| Maryland Energy Administration | | Ryan Opsal<br>Director of Energy Policy<br>Maryland Energy Administration<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>ryan.opsal@maryland.gov |
| Maryland Energy Administration | | Mary Beth Tung<br>Maryland Energy Administration<br>1800 Washington Blvd.<br>Suite 755<br>Baltimore, MARYLAND 21230<br>marybeth.tung@maryland.gov |
| Maryland Office of People's Counsel | William Fields<br>Deputy People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>UNITED STATES<br>william.fields@maryland.gov | Philip L Sussler<br>Assistant People's Counsel<br>Maryland Office of People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>philip.sussler@maryland.gov |
| Maryland Office of People's Counsel | Philip Sussler<br>Assistant People's Counsel<br>Maryland Office of People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202 | William F. Fields<br>Deputy People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>william.fields@maryland.gov |

|  |  |  |
|---|---|---|
|  | UNITED STATES<br>philip.sussler@maryland.gov |  |
| Maryland Office of People's Counsel |  | Michael Sammartino<br>Assistant People's Counsel<br>Maryland Office of People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>michael.sammartino@maryland.gov |
| Maryland People's Counsel | William Fields<br>Deputy People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>UNITED STATES<br>william.fields@maryland.gov | Philip L Sussler<br>Assistant People's Counsel<br>Maryland Office of People's Counsel<br>6 SAINT PAUL ST STE 2102<br>BALTIMORE, MARYLAND 21202<br>philip.sussler@maryland.gov |
| Massachusetts Attorney General |  | Kelly Caiazzo<br>Assistant Attorney General<br>Massachusetts Attorney General<br>One Ashburton Place<br>BOSTON, MASSACHUSETTS 02108<br>kelly.caiazzo@mass.gov |
| Massachusetts Attorney General | Kelly Caiazzo<br>Assistant Attorney General<br>Massachusetts Attorney General<br>One Ashburton Place<br>BOSTON, MASSACHUSETTS 02108<br>UNITED STATES<br>kelly.caiazzo@mass.gov |  |
| Massachusetts Department of Energy Resources | Colin Carroll<br>Massachusetts Department of Energy Resources<br>100 Cambridge Street<br>Boston, MASSACHUSETTS 02114<br>UNITED STATES<br>colin.carroll@mass.gov |  |
| Massachusetts Department of Public Utilities | Greggory Wade<br>Massachusetts Department of Public Utilities<br>Massachusetts Department of Public Utilities<br>1 South Station<br>boston, MASSACHUSETTS 02110<br>UNITED STATES<br>greggory.wade@mass.gov | Krista L Hawley, ESQ<br>Hearing Officer, Dept. Public<br>Massachusetts Department of Public Util<br>One South Station<br>5th Floor<br>Boston, MASSACHUSETTS 02110<br>krista.hawley@mass.gov |
| Massachusetts Municipal Wholesale Electric Company | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jeffrey.schwarz@spiegelmcd.com |
| Massachusetts Municipal Wholesale Electric Company |  | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| Massachusetts Municipal Wholesale Electric Company |  | Brian K Thomson<br>bthomson@mmwec.org |
| Massachusetts Municipal Wholesale Electric Company | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com |  |
| Massachusetts Municipal Wholesale Electric Company | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com |  |
| Massachusetts Municipal Wholesale Electric Company |  | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700 |

| | | |
|---|---|---|
| | Washington, DISTRICT OF COLUMBIA 20(<br>eService@spiegelmcd.com | |
| Michigan Attorney General | Michael Moody<br>Michigan Attorney General<br>Michigan Attorney General<br>525 West Ottawa<br>Lansing, MICHIGAN 48909<br>UNITED STATES<br>moodym2@michigan.gov | |
| Michigan Attorney General | Michael Moody<br>Michigan Attorney General<br>Michigan Attorney General<br>525 West Ottawa<br>Lansing, MICHIGAN 48909<br>UNITED STATES<br>moodym2@michigan.gov | |
| Michigan Public Service Commission | Spencer Sattler<br>Assistant Attorney General<br>Attorney General<br>7109 W. Saginaw Hwy.<br>3rd Floor<br>Lansing, MICHIGAN 48917<br>UNITED STATES<br>sattlers@michigan.gov | Nicholas P Abraham<br>Michigan Public Service Commission<br>7109 W SAGINAW HWY<br>LANSING, MICHIGAN 48917<br>AbrahamN1@michigan.gov |
| Michigan Public Service Commission | Spencer Sattler<br>Assistant Attorney General<br>Attorney General<br>7109 W. Saginaw Hwy.<br>3rd Floor<br>Lansing, MICHIGAN 48917<br>UNITED STATES<br>sattlers@michigan.gov | |
| Michigan Public Service Commission | Benjamin Holwerda<br>Assistant Attorney General<br>Michigan Department of Attorney General<br>7109 W Saginaw Hwy<br>Lansing, MICHIGAN 48917<br>UNITED STATES<br>holwerdab@michigan.gov | Steven D Hughey<br>Assistant Attorney General<br>Department of Attorney General<br>7109 W SAGINAW HWY FL 3<br>LANSING, MICHIGAN 48917<br>hugheys@michigan.gov |
| Microgrid Resources Coalition | Baird Brown<br>Principal<br>230 S BROAD ST FL 17<br>PHILADELPHIA, PENNSYLVANIA 19102<br>UNITED STATES<br>baird@eco-n-law.net | |
| Microgrid Resources Coalition | Baird Brown<br>Principal<br>230 S BROAD ST FL 17<br>PHILADELPHIA, PENNSYLVANIA 19102<br>UNITED STATES<br>baird@eco-n-law.net | |
| Mid-Atlantic Renewable Energy Coalition | Gabriel Tabak<br>Counsel<br>American Clean Power Association<br>1501 M St NW<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>gtabak@cleanpower.org | |
| Mid-Atlantic Renewable Energy Coalition | Gabriel Tabak<br>Counsel<br>American Clean Power Association<br>1501 M St NW<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>gtabak@cleanpower.org | |
| Mid-Atlantic Renewable Energy Coalition | Sari Fink<br>Mid-Atlantic Renewable Energy Coalition<br>7161 Ohio Ave<br>Hanover, MARYLAND 21076<br>UNITED STATES<br>sfink@marec.us | |
| Midcontinent Independent System Operator, Inc. | Kari Valley<br>Managing Assistant General Cou<br>Midcontinent Independent System Operator, Inc.<br>2985 AMES CROSSING RD | Kandi Hahn<br>Senior Legal Analyst<br>MISO<br>720 City Center Drive |

| | | |
|---|---|---|
| | EAGAN, MINNESOTA 55121<br>UNITED STATES<br>kvalley@misoenergy.org | Carmel, INDIANA 46032<br>khahn@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Jackson Evans<br>MISO Senior Corporate Counsel<br>Midcontinent Independent System Operator, Inc.<br>2985 Ames Crossing Road<br>Eagan, MN, MINNESOTA 55121<br>UNITED STATES<br>jevans@misoenergy.org | MISO Legal<br>Midcontinent Independent System Oper<br>720 City Center Drive<br>Carmel, INDIANA 46082-4202<br>misolegal@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Christopher Supino<br>Managing Senior Corp Counsel<br>Midcontinent Independent System Operator, Inc.<br>720 City Center Drive<br>Carmel, INDIANA 46032<br>UNITED STATES<br>csupino@misoenergy.org | Adriana A Rodriguez<br>Senior Legal Analyst<br>Midcontinent Independent System Oper<br>720 CITY CENTER DR<br>CARMEL, INDIANA 46032<br>arodriguez@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | | Dawn Kaminski<br>Midcontinent Independent System Oper<br>720 City Center Drive<br>Carmel, INDIANA 46032<br>dkaminski@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Christopher Supino<br>Managing Senior Corp Counsel<br>Midcontinent Independent System Operator, Inc.<br>720 City Center Drive<br>Carmel, INDIANA 46032<br>UNITED STATES<br>csupino@misoenergy.org | |
| Midcontinent Independent System Operator, Inc. | Kari Valley<br>Managing Assistant General Cou<br>Midcontinent Independent System Operator, Inc.<br>2985 AMES CROSSING RD<br>EAGAN, MINNESOTA 55121<br>UNITED STATES<br>kvalley@misoenergy.org | Cortney Sanders<br>Midcontinent Independent System Oper<br>720 City Center Dr<br>Carmel, INDIANA 46032<br>csanders@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Jackson Evans<br>MISO Senior Corporate Counsel<br>Midcontinent Independent System Operator, Inc.<br>2985 Ames Crossing Road<br>Eagan, MN, MINNESOTA 55121<br>UNITED STATES<br>jevans@misoenergy.org | MISO Legal<br>Midcontinent Independent System Oper<br>720 City Center Drive<br>Carmel, INDIANA 46082-4202<br>misolegal@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | Christopher Supino<br>Managing Senior Corp Counsel<br>Midcontinent Independent System Operator, Inc.<br>720 City Center Drive<br>Carmel, INDIANA 46032<br>UNITED STATES<br>csupino@misoenergy.org | |
| Midcontinent Independent System Operator, Inc. | Kari Valley<br>Managing Assistant General Cou<br>Midcontinent Independent System Operator, Inc.<br>2985 AMES CROSSING RD<br>EAGAN, MINNESOTA 55121<br>UNITED STATES<br>kvalley@misoenergy.org | Cortney Sanders<br>Midcontinent Independent System Oper<br>720 City Center Dr<br>Carmel, INDIANA 46032<br>csanders@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | | MISO Agreements<br>720 CITY CENTER DR<br>CARMEL, INDIANA 46032<br>agreements@misoenergy.org |
| Midcontinent Independent System Operator, Inc. | | MISO Legal<br>Midcontinent Independent System Oper<br>720 City Center Drive<br>Carmel, INDIANA 46082-4202<br>misolegal@misoenergy.org |
| Middle River Power, LLC | John McKinsey<br>Attorney<br>241 W A ST<br>MCKINSEY LAW OFFICE<br>DIXON, CALIFORNIA 95620<br>UNITED STATES<br>john@jmckinseylaw.com | |
| Middleborough Gas & Electric | John Coyle<br>Duncan & Allen LLP | |

| | | |
|---|---|---|
| Department | 1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleborough Gas & Electric Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleborough Gas & Electric Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleton Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleton Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Middleton Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Midwest Energy, Inc. | Richard Lorenzo<br>LOEB & LOEB<br>901 New York Ave., NW<br>Suite 300 East<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>rlorenzo@loeb.com | William Dowling<br>V.P. Energy Mgmt<br>Midwest Energy, Inc.<br>1330 CANTERBURY DR<br>HAYS, KANSAS 67601<br>bdowling@mwenergy.com |
| Midwest Energy, Inc. | Nicole Travers<br>Associate<br>LOEB & LOEB<br>900 New York Avenue NW<br>Suite 300 E<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>ntravers@loeb.com | |
| Midwest Energy, Inc. | | Nathan B McNeil<br>Transmission Planning Engineer<br>Midwest Energy, Inc.<br>1330 Canterbury Dr<br>Hays, KANSAS 67601<br>nmcneil@mwenergy.com |
| Midwest Reliability Organization | Lisa Zell<br>lisa.zell@mro.net | |
| Midwest Reliability Organization | Lisa Zell<br>lisa.zell@mro.net | |
| Minnesota Department of Commerce | Aditya Ranade<br>aditya.ranade@state.mn.us | John N Wachtler<br>Energy Program Director<br>Minnesota Department of Commerce<br>85 7th Place East, Suite 280<br>Saint Paul, MINNESOTA 55101<br>john.wachtler@state.mn.us |
| Minnesota Department of | John Wachtler<br>Energy Program Director | |

| | | |
|---|---|---|
| Commerce | Minnesota Department of Commerce<br>85 7th Place East, Suite 280<br>Saint Paul, MINNESOTA 55101<br>UNITED STATES<br>john.wachtler@state.mn.us | |
| MINNESOTA PUBLIC UTILITIES COMMISSION | Will Seuffert<br>Executive Secretary<br>MINNESOTA PUBLIC UTILITIES COMMISSION<br>121 7th Place East, Suite 350<br>St. Paul, MINNESOTA 55101<br>UNITED STATES<br>will.seuffert@state.mn.us | Hwikwon Ham<br>MINNESOTA PUBLIC UTILITIES COMMIS<br>121 7TH PL E STE 350<br>SAINT PAUL, MINNESOTA 55101<br>hwikwon.ham@state.mn.us |
| MINNESOTA PUBLIC UTILITIES COMMISSION | Will Seuffert<br>Executive Secretary<br>MINNESOTA PUBLIC UTILITIES COMMISSION<br>121 7th Place East, Suite 350<br>St. Paul, MINNESOTA 55101<br>UNITED STATES<br>will.seuffert@state.mn.us | Lauren Bethke<br>Staff Attorney<br>MINNESOTA PUBLIC UTILITIES COMMIS<br>121 7TH PL E STE 350<br>SAINT PAUL, MINNESOTA 55101<br>lauren.bethke@state.mn.us |
| MINNESOTA PUBLIC UTILITIES COMMISSION | | Hwikwon Ham<br>MINNESOTA PUBLIC UTILITIES COMMIS<br>121 7TH PL E STE 350<br>SAINT PAUL, MINNESOTA 55101<br>hwikwon.ham@state.mn.us |
| MINNESOTA PUBLIC UTILITIES COMMISSION | | Ryan Barlow<br>ryan.barlow@state.mn.us |
| MINNESOTA PUBLIC UTILITIES COMMISSION | | Lise B Trudeau<br>Regional Issues Planning Direc<br>MINNESOTA PUBLIC UTILITIES COMMIS<br>121 7TH PL E STE 350<br>MINNESOTA PUBLIC UTILITIES COMMIS<br>SAINT PAUL, MINNESOTA 55101<br>Lise.B.Trudeau@state.mn.us |
| MISO Transmission Owners | Matthew Binette<br>Attorney<br>Wright & Talisman, PC<br>1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005-3898<br>UNITED STATES<br>binette@wrightlaw.com | Wendy N Reed<br>Wright & Talisman, PC<br>1200 G Street, N.W<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>reed@wrightlaw.com |
| MISO Transmission Owners | Wendy Reed<br>Wright & Talisman, PC<br>1200 G Street, N.W<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>reed@wrightlaw.com | Matthew J Binette<br>Attorney<br>Wright & Talisman, PC<br>1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>binette@wrightlaw.com |
| MISO Transmission Owners | | Abraham Johns<br>Associate<br>Wright & Talisman, P.C.<br>1200 G St., N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>johns@wrightlaw.com |
| MISO Transmission Owners | | Abraham Johns<br>Associate<br>Wright & Talisman, P.C.<br>1200 G St., N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>johns@wrightlaw.com |
| MISO Transmission Owners | Wendy Reed<br>Wright & Talisman, PC<br>1200 G Street, N.W<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>reed@wrightlaw.com | |
| MISO Transmission Owners | Matthew Binette<br>Attorney<br>Wright & Talisman, PC<br>1200 G Street, N.W. | |

| | | |
|---|---|---|
| | Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005-3898<br>UNITED STATES<br>binette@wrightlaw.com | |
| MISO Transmission Owners | Abraham Johns<br>Associate<br>Wright & Talisman, P.C.<br>1200 G St., N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005-3898<br>UNITED STATES<br>johns@wrightlaw.com | |
| MISO Transmission Owners | | Abraham Johns<br>Associate<br>Wright & Talisman, P.C.<br>1200 G St., N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>johns@wrightlaw.com |
| Mississippi Public Service Commission | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | |
| Mississippi Public Service Commission | Alex Peterson<br>Michael Best & Friedrich, LLP<br>1000 Maine Avenue, S.W.<br>Suite 400<br>Washington, DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>alpeterson@michaelbest.com | |
| Mississippi Public Service Commission | Katherine Collier<br>Mississippi Public Service Commission And Public<br>Utilities Staff<br>P.O. Box 1174<br>Jackson, MISSISSIPPI 39215<br>UNITED STATES<br>katherine.collier@psc.ms.gov | |
| Mississippi Public Service Commission | Barton Norfleet<br>Special Counsel for Federal En<br>Mississippi Public Service Commission<br>501 N. West Street, Suite 201-A<br>P.O. Box 1174<br>JACKSON, MISSISSIPPI 39201<br>UNITED STATES<br>barton.norfleet@psc.ms.gov | |
| Mississippi Public Utilities Staff | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | Roxane E Maywalt, ESQ<br>Senior Counsel<br>Michael Best & Friedrich, LLP<br>1000 MAINE AVE SW STE 400<br>WASHINGTON, DISTRICT OF COLUMBIA<br>remaywalt@michaelbest.com |
| Mississippi Public Utilities Staff | | Emily W Kruger<br>General Counsel<br>PO BOX 1174<br>JACKSON, MISSISSIPPI 39215<br>Emily.Kruger@mpus.ms.gov |
| Mississippi Public Utilities Staff | William Booth<br>Michael Best & Friedrich, LLP<br>1000 Maine Ave SW<br>Suite 400<br>Washington, D.C., DISTRICT OF COLUMBIA 20024<br>UNITED STATES<br>wdbooth@michaelbest.com | Emily W Kruger<br>General Counsel<br>PO BOX 1174<br>JACKSON, MISSISSIPPI 39215<br>Emily.Kruger@mpus.ms.gov |
| Missouri Farm Bureau | Leslie Holloway<br>Senior Director, Regulatory Af<br>P.O. Box 658<br>Jefferson City, MISSOURI 65102<br>UNITED STATES<br>leslie.holloway@mofb.org | Leslie E. Holloway<br>Senior Director, Regulatory Af<br>P.O. Box 658<br>Jefferson City, MISSOURI 65102<br>leslie.holloway@mofb.org |
| Missouri Public Service | Rodney Massman<br>Missouri Public Service Commission | John D. Borgmeyer<br>Litigation Attorney |

| | | |
|---|---|---|
| Commission | 200 Madison Street<br>Jefferson City, MISSOURI 65101<br>UNITED STATES<br>Rodney.Massman@psc.mo.gov | Missouri Public Service Commission<br>PO BOX 360<br>JEFFERSON CITY, MISSOURI 65102<br>john.borgmeyer@psc.mo.gov |
| Missouri Public Service Commission | | Shelley S Brueggemann<br>Missouri Bar No. 52173<br>Missouri Public Service Commission<br>PO Box 360<br>, 65102<br>shelley.brueggemann@psc.mo.gov |
| Missouri Public Service Commission | | Jennifer Heintz<br>Missouri Public Service Commission<br>PO Box 360<br>Jefferson City,<br>jennifer.heintz@psc.mo.gov |
| Missouri Public Service Commission | | Jennie Wells<br>Paralegal<br>Missouri Public Service Commission<br>200 Madison Street<br>Jefferson City, MISSOURI 65101<br>jennie.wells@psc.mo.gov |
| Missouri Public Service Commission | | Valerie Groose<br>200 Madison St<br>Jefferson City, MISSOURI 65109<br>valerie.groose@psc.mo.gov |
| Missouri Public Service Commission | Rodney Massman<br>Missouri Public Service Commission<br>200 Madison Street<br>Jefferson City, MISSOURI 65101<br>UNITED STATES<br>Rodney.Massman@psc.mo.gov | Shelley S Brueggemann<br>Missouri Bar No. 52173<br>Missouri Public Service Commission<br>PO Box 360<br>,MISSOURI 65102<br>shelley.brueggemann@psc.mo.gov |
| Missouri Public Service Commission | | John D. Borgmeyer<br>Litigation Attorney<br>Missouri Public Service Commission<br>PO BOX 360<br>JEFFERSON CITY, MISSOURI 65102<br>john.borgmeyer@psc.mo.gov |
| Missouri Public Service Commission | | Jennifer Heintz<br>Missouri Public Service Commission<br>PO Box 360<br>Jefferson City,<br>jennifer.heintz@psc.mo.gov |
| Missouri Public Service Commission | | Karolin walker, ESQ<br>Attorney<br>Missouri Public Service Commission<br>201 MADISON ST<br>JEFFERSON CITY, MISSOURI 65101<br>karolin.walker@psc.mo.gov |
| Missouri Public Service Commission | | Jan Kay Davidson<br>Utility Policy Analyst I<br>Missouri Public Service Commission<br>200 Madison St<br>Jefferson City, MISSOURI 65101<br>janette.davidson@psc.mo.gov |
| Missouri Public Service Commission | | Valerie Groose<br>200 Madison St<br>Jefferson City, MISSOURI 65109<br>valerie.groose@psc.mo.gov |
| Missouri Public Service Commission | | Jennie Wells<br>Paralegal<br>Missouri Public Service Commission<br>200 Madison Street<br>Jefferson City, MISSOURI 65101<br>jennie.wells@psc.mo.gov |
| Monitoring Analytics, LLC | Jeffrey Mayes<br>General Counsel<br>Monitoring Analytics, LLC<br>2621 Van Buren Avenue, Suite 160<br>Valley Forge Corporate Center<br>Eagleville, PENNSYLVANIA 19403<br>UNITED STATES<br>jeffrey.mayes@monitoringanalytics.com | Joseph Bowring<br>Monitoring Analytics, LLC<br>2621 Van Buren Avenue, Suite 160<br>Norristown, PENNSYLVANIA 19403<br>Joseph.Bowring@monitoringanalytics.co |
| Monitoring Analytics, LLC | | Suzette N Krausen<br>Executive Assistant<br>Monitoring Analytics, LLC |

| | | 2621 Van Buren Ave Ste 160<br>Norristown, PENNSYLVANIA 19403<br>Suzette.Krausen@monitoringanalytics.co |
|---|---|---|
| Monitoring Analytics, LLC | | Suzette N Krausen<br>Executive Assistant<br>Monitoring Analytics, LLC<br>2621 Van Buren Ave Ste 160<br>Norristown, PENNSYLVANIA 19403<br>Suzette.Krausen@monitoringanalytics.co |
| Monitoring Analytics, LLC | | Suzette N Krausen<br>Executive Assistant<br>Monitoring Analytics, LLC<br>2621 Van Buren Ave Ste 160<br>Norristown, PENNSYLVANIA 19403<br>Suzette.Krausen@monitoringanalytics.co |
| Montana Public Service Commission | Lucas Hamilton<br>Montana Public Service Commiss<br>Montana Public Service Commission<br>1701 Prospect Ave.<br>PO Box 202601<br>Helena, MONTANA 59601-2601<br>UNITED STATES<br>lucas.hamilton@mt.gov | |
| Municipal Electric Authority of Georgia | Peter Degnan<br>Sr. V.P. & General Counsel<br>1470 Riveredge Pkwy.<br>Atlanta, GEORGIA 30328<br>UNITED STATES<br>pdegnan@meagpower.org | |
| Municipal Electric Authority of Georgia | Peter Degnan<br>Sr. V.P. & General Counsel<br>1470 Riveredge Pkwy.<br>Atlanta, GEORGIA 30328<br>UNITED STATES<br>pdegnan@meagpower.org | |
| Municipal Electric Authority of Georgia | Peter Degnan<br>Sr. V.P. & General Counsel<br>1470 Riveredge Pkwy.<br>Atlanta, GEORGIA 30328<br>UNITED STATES<br>pdegnan@meagpower.org | |
| Municipal Electric Authority of Georgia | Peter Degnan<br>Sr. V.P. & General Counsel<br>1470 Riveredge Pkwy.<br>Atlanta, GEORGIA 30328<br>UNITED STATES<br>pdegnan@meagpower.org | |
| NAACP Grand Rapids | Christine Powell<br>Deputy Managing Attorney, Clea<br>EARTHJUSTICE<br>50 CALIFORNIA ST STE 500<br>SAN FRANCISCO, CALIFORNIA 94111<br>UNITED STATES<br>cpowell@earthjustice.org | |
| NAACP Grand Rapids | Kareem Scales<br>Greater Grand Rapids NAACP<br>1530 MADISON AVE SE<br>GRAND RAPIDS, MICHIGAN 49507<br>UNITED STATES<br>kareem@naacpgr.com | |
| NAACP Grand Rapids | Christine Powell<br>Deputy Managing Attorney, Clea<br>EARTHJUSTICE<br>50 CALIFORNIA ST STE 500<br>SAN FRANCISCO, CALIFORNIA 94111<br>UNITED STATES<br>cpowell@earthjustice.org | |
| NASUCA | David Springe<br>National Association of State Utility Consumer Advocates<br>8380 Colesville Rd<br>Suite 101<br>Silver Spring, MARYLAND 20910<br>UNITED STATES<br>david.springe@nasuca.org | |

| | | |
|---|---|---|
| National Association of Regulatory Utility Commissioners | | James Bradford Ramsay, ESQ<br>General Counsel<br>1101 Vermont Ave NW<br>Suite 200<br>Washington, DISTRICT OF COLUMBIA 2(<br>jramsay@naruc.org |
| National Association of State Energy Officials | David Terry<br>Executive Director<br>Nastional Association of State Energy Officials<br>1300 North 17th Street<br>Suite 1275<br>Arlington, VIRGINIA 22209<br>UNITED STATES<br>dterry@naseo.org | Roberta Rothschild<br>Legal Assistant<br>Duncan Weinberg Genzer & Pembroke, F<br>1667 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>RR@dwgp.com |
| National Association of State Energy Officials | Jeffrey Genzer<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jcg@dwgp.com | |
| National Association of State Energy Officials | David Terry<br>Executive Director<br>Nastional Association of State Energy Officials<br>1300 North 17th Street<br>Suite 1275<br>Arlington, VIRGINIA 22209<br>UNITED STATES<br>dterry@naseo.org | |
| National Association of State Energy Officials | Kirsten Verclas<br>National Association of State Energy Officials<br>1300 North 17th Street<br>Arlington, VIRGINIA 22209<br>UNITED STATES<br>kverclas@naseo.org | |
| National Association of State Utility Consumer Advocates | Anjali Patel<br>Vice President for Clean Energ<br>Americans for a Clean Energy Grid<br>3100 CLARENDON BLVD STE 800<br>ARLINGTON, VIRGINIA 22201<br>UNITED STATES<br>anjali@dgardiner.com | |
| National Audubon Society | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| National Audubon Society | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| National Caucus of Environmental Legislators | Ava Gallo<br>National Caucus of Environmental Legislators<br>342 RODNEY ST APT 2<br>BROOKLYN, NEW YORK 11211<br>UNITED STATES<br>ava.gallo@ncelenviro.org | |
| National Conference of State Legislatures | Benjamin Husch<br>Federal Affairs Advisor<br>National Conference of State Legislatures<br>444 North Capitol st NW<br>suite 515<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>ben.husch@ncsl.org | Benjamin Husch<br>Federal Affairs Advisor<br>National Conference of State Legislature<br>444 North Capitol st NW<br>suite 515<br>Washington, DISTRICT OF COLUMBIA 2(<br>ben.husch@ncsl.org |
| National Electrical Manufacturers Association | Peter Ferrell<br>National Electrical Manufactur<br>National Electrical Manufacturers Association | |

| | | |
|---|---|---|
| | 1300 17TH ST N STE 900<br>ROSSLYN, VIRGINIA 22209<br>UNITED STATES<br>peter.ferrell@nema.org | |
| National Grid | Christopher Novak<br>National Grid<br>National Grid<br>40 Sylvan Road<br>Waltham, MASSACHUSETTS 02541<br>UNITED STATES<br>chris.novak@nationalgrid.com | |
| National Grid USA | Daniel Galaburda<br>Senior Counsel<br>Niagara Mohawk Power Corporation<br>40 Sylvan Road<br>Waltham, MASSACHUSETTS 02451-1120<br>UNITED STATES<br>daniel.galaburda@nationalgrid.com | |
| National Grid USA | Amber Thornhill<br>Director, FERC & ISO Relations<br>National Grid<br>801 PENNSYLVANIA AVE NW STE 801<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>Amber.Thornhill@nationalgrid.com | |
| National Rural<br>Electric<br>Cooperative<br>Association | Randolph Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>relliott@mccarter.com | Mary Ann Ralls<br>INDIVIDUAL<br>4301 Wilson Blvd.<br>Arlington, VIRGINIA 22203<br>MaryAnn.Ralls@nreca.org |
| National Rural<br>Electric<br>Cooperative<br>Association | Mary Ann Ralls<br>INDIVIDUAL<br>4301 Wilson Blvd.<br>Arlington, VIRGINIA 22203<br>UNITED STATES<br>MaryAnn.Ralls@nreca.org | Randolph L. Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 2(<br>relliott@mccarter.com |
| National Rural<br>Electric<br>Cooperative<br>Association | Randolph Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>relliott@mccarter.com | Priyanka Vashisht<br>Associate<br>Wright & Talisman, P.C.<br>1200 G ST NW STE 600<br>WASHINGTON, DISTRICT OF COLUMBIA<br>vashisht@wrightlaw.com |
| National Rural<br>Electric<br>Cooperative<br>Association | | Sean T. Beeny<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 2(<br>sbeeny@mccarter.com |
| National Rural<br>Electric<br>Cooperative<br>Association | | Mary Ann Ralls<br>Senior Director, Regulatory Co<br>National Rural Electric Cooperative Asso<br>4301 Wilson Blvd.<br>Arlington, VIRGINIA 22203<br>maryann.ralls@nreca.coop |
| National Wildlife<br>Federation | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| National Wildlife<br>Federation | Justin Vickers<br>Attorney<br>ENVIRONMENTAL LAW & POLICY CENTER<br>35 East Wacker Drive<br>Suite 1600<br>Chicago, ILLINOIS 60601<br>UNITED STATES<br>jvickers@elpc.org | |
| National Wildlife<br>Federation | Portia Bharath<br>National Wildlife Federation | |

| | |
|---|---|
| | 6503 Marlboro Pike<br>District Heights, MARYLAND 20747<br>UNITED STATES<br>bharathp@nwf.org |
| National Wildlife Federation | David DeGennaro<br>National Wildlife Federation<br>1875 Mintwood Pl NW<br>#44<br>Washington, DISTRICT OF COLUMBIA 20009<br>UNITED STATES<br>degennarod@nwf.org |
| Natural Resources Defense Council | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us |
| Natural Resources Defense Council | Cullen Howe<br>Attorney<br>Natural Resources Defense Council<br>40 West 20th Street<br>New York, NEW YORK 10011<br>UNITED STATES<br>chowe@nrdc.org |
| Nebraska Power Review Board | Tim Texel<br>Executive Director & Gen. Coun<br>Nebraska Power Review Board<br>301 Centennial Mall South - LL<br>P.O. Box 94713<br>Lincoln, NEBRASKA 68509<br>UNITED STATES<br>tim.texel@nebraska.gov |
| Nebraska Power Review Board | Tim Texel<br>Executive Director & Gen. Coun<br>Nebraska Power Review Board<br>301 Centennial Mall South - LL<br>P.O. Box 94713<br>Lincoln, NEBRASKA 68509<br>UNITED STATES<br>tim.texel@nebraska.gov |
| New England for Offshore Wind | Susannah Hatch<br>Environmental League of MA<br>Environmental League of Massachusetts<br>15 Court Square, Suite 1000<br>Boston, MASSACHUSETTS 02108<br>UNITED STATES<br>shatch@environmentalleague.org |
| New England for Offshore Wind | Susannah Hatch<br>Environmental League of MA<br>Environmental League of Massachusetts<br>15 Court Square, Suite 1000<br>Boston, MASSACHUSETTS 02108<br>UNITED STATES<br>shatch@environmentalleague.org |
| New England Power Pool Participants Committee | Eric Runge<br>Counsel<br>Day Pitney LLP<br>One International Place<br>Boston, MASSACHUSETTS 02110<br>UNITED STATES<br>ekrunge@daypitney.com |
| New England Power Pool Participants Committee | Margaret Czepiel<br>Day Pitney LLP<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>mczepiel@daypitney.com |
| New England Power Pool Participants Committee | Eric Runge<br>Counsel<br>Day Pitney LLP<br>One International Place<br>Boston, MASSACHUSETTS 02110 |

| | | |
|---|---|---|
| | UNITED STATES<br>ekrunge@daypitney.com | |
| New England<br>Power Pool<br>Participants<br>Committee | Margaret Czepiel<br>Day Pitney LLP<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>mczepiel@daypitney.com | |
| New England<br>States Committee<br>on Electricity | Phyllis Kimmel<br>Phyllis G. Kimmel Law Office PLLC<br>1717 K Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>pkimmel@pgklawoffice.com | |
| New England<br>States Committee<br>on Electricity | Phyllis Kimmel<br>Phyllis G. Kimmel Law Office PLLC<br>1717 K Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>pkimmel@pgklawoffice.com | |
| New England<br>States Committee<br>on Electricity | | Shannon Beale<br>PO Box 322<br>Osterville, MASSACHUSETTS 02655<br>shannonbeale@nescoe.com |
| New Hampshire<br>Electric<br>Cooperative, Inc. | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jeffrey.schwarz@spiegelmcd.com |
| New Hampshire<br>Electric<br>Cooperative, Inc. | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| New Hampshire<br>Electric<br>Cooperative, Inc. | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| New Hampshire<br>Electric<br>Cooperative, Inc. | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| New Hampshire<br>Electric<br>Cooperative, Inc. | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| New Hampshire<br>Office of the<br>Consumer<br>Advocate | Matthew Fossum<br>New Hampshire Office of the Consumer Advocate<br>21 S FRUIT ST STE 18<br>CONCORD, NEW HAMPSHIRE 03301<br>UNITED STATES<br>matthew.j.fossum@oca.nh.gov | |
| New Jersey Board<br>of Public Utilities | Paul Youchak<br>New Jersey Department of Law and Public Safety<br>25 Market Street<br>Trenton, NEW JERSEY 08611<br>UNITED STATES<br>paul.youchak@law.njoag.gov | David S Schmitt<br>New Jersey Board of Public Uti<br>New Jersey Board of Public Utilities<br>44 S Clinton Ave<br>Trenton, NEW JERSEY 08625<br>David.schmitt@bpu.nj.gov |
| New Jersey Board<br>of Public Utilities | Joseph DeLosa<br>Bureau Chief, Bureau Federal &<br>New Jersey Board of Public Utilities | Brandon C Simmons<br>Deputy Attorney General<br>New Jersey Board of Public Utilities |

| | | |
|---|---|---|
| | 44 S CLINTON AVE<br>TRENTON, NEW JERSEY 08609<br>UNITED STATES<br>joedelosa29@gmail.com | R.J. Hughes Justice Complex, 7th Floor<br>25 Market Street, PO Box 112<br>Trenton, NEW JERSEY 08625<br>brandon.simmons@law.njoag.gov |
| New Jersey Board of Public Utilities | Ian Oxenham<br>New Jersey Board of Public Utilities<br>44 S CLINTON AVE FL 10<br>TRENTON, NEW JERSEY 08609<br>UNITED STATES<br>Ian.Oxenham@bpu.nj.gov | Ryann Reagan<br>Aide to the Commissioner<br>New Jersey Board of Public Utilities<br>44 S Clinton Ave<br>Trenton, NEW JERSEY 08638<br>ryann.reagan@bpu.nj.gov |
| New Jersey Board of Public Utilities | | Brandon C Simmons<br>Deputy Attorney General<br>New Jersey Board of Public Utilities<br>R.J. Hughes Justice Complex, 7th Floor<br>25 Market Street, PO Box 112<br>Trenton, NEW JERSEY 08625<br>brandon.simmons@law.njoag.gov |
| New Jersey Board of Public Utilities | Ian Oxenham<br>New Jersey Board of Public Utilities<br>44 S CLINTON AVE FL 10<br>TRENTON, NEW JERSEY 08609<br>UNITED STATES<br>Ian.Oxenham@bpu.nj.gov | Paul Youchak<br>New Jersey Department of Law and Pub<br>25 Market Street<br>Trenton, NEW JERSEY 08611<br>paul.youchak@law.njoag.gov |
| New Jersey Board of Public Utilities | | David S Schmitt<br>New Jersey Board of Public Uti<br>New Jersey Board of Public Utilities<br>44 S Clinton Ave<br>Trenton, NEW JERSEY 08625<br>David.schmitt@bpu.nj.gov |
| New Jersey Board of Public Utilities | | Ryann Reagan<br>Aide to the Commissioner<br>New Jersey Board of Public Utilities<br>44 S Clinton Ave<br>Trenton, NEW JERSEY 08638<br>ryann.reagan@bpu.nj.gov |
| New Jersey Board of Public Utilities | | Brandon C Simmons<br>Deputy Attorney General<br>New Jersey Board of Public Utilities<br>R.J. Hughes Justice Complex, 7th Floor<br>25 Market Street, PO Box 112<br>Trenton, NEW JERSEY 08625<br>brandon.simmons@law.njoag.gov |
| New Jersey Division of Rate Counsel | Robert Glover<br>New Jersey Division of Rate Counsel<br>PO Box 003<br>Trenton,NEW JERSEY 08625<br>UNITED STATES<br>rglover@rpa.nj.gov | T. David Wand<br>Division of Rate Counsel<br>New Jersey Division of Rate Counsel<br>140 E. Front St.<br>4th Flr.<br>Trenton, NEW JERSEY 08625<br>dwand@rpa.nj.gov |
| New Mexico Renewable Energy Transmission Authority | David Doot<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CONNECTICUT 06103<br>UNITED STATES<br>dtdoot@daypitney.com | |
| New Mexico Renewable Energy Transmission Authority | Margaret Czepiel<br>Day Pitney LLP<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>mczepiel@daypitney.com | |
| New Mexico Renewable Energy Transmission Authority | Teresa Chen<br>Day Pitney LLP<br>242 TRUMBULL ST<br>HARTFORD, CONNECTICUT 06103<br>UNITED STATES<br>tchen@daypitney.com | |
| New York Independent System Operator, Inc. | Sara Keegan<br>Senior Attorney<br>New York Independent System Operator, Inc.<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>UNITED STATES<br>skeegan@nyiso.com | joy a zimberlin<br>regulatoryaffairs@nyiso.com |

| | | |
|---|---|---|
| New York Independent System Operator, Inc. | Carl Patka<br>Senior Attorney<br>New York Independent System Operator, Inc.<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>UNITED STATES<br>cpatka@nyiso.com | Ted J. Murphy<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Ave., NW<br>Washington,, DISTRICT OF COLUMBIA 2<br>tmurphy@huntonak.com |
| New York Independent System Operator, Inc. | Brian Hodgdon<br>New York Independent System Operator, Inc.<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>UNITED STATES<br>bhodgdon@nyiso.com | Michael Messonnier, JR<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VIRGINIA 23219<br>mmessonnier@huntonak.com |
| New York Independent System Operator, Inc. | Carl Patka<br>Senior Attorney<br>New York Independent System Operator, Inc.<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>UNITED STATES<br>cpatka@nyiso.com | Regulatory Affairs<br>Regulatory Affairs<br>New York Independent System Operator<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>Regulatory_Affairs@nyiso.com |
| New York Independent System Operator, Inc. | Ted Murphy<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Ave., NW<br>Washington,, DISTRICT OF COLUMBIA 20037<br>UNITED STATES<br>tmurphy@huntonak.com | |
| New York Independent System Operator, Inc. | Michael Messonnier<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VIRGINIA 23219<br>UNITED STATES<br>mmessonnier@huntonak.com | |
| New York Independent System Operator, Inc. | | Brian R Hodgdon<br>New York Independent System Operator<br>10 Krey Boulevard<br>Rensselaer, NEW YORK 12144<br>bhodgdon@nyiso.com |
| New York Independent System Operator, Inc. | | Ted J. Murphy<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Ave., NW<br>Washington,, DISTRICT OF COLUMBIA 2<br>tmurphy@huntonak.com |
| New York Independent System Operator, Inc. | | Michael Messonnier, JR<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VIRGINIA 23219<br>mmessonnier@huntonak.com |
| New York Power Authority | Javier Bucobo<br>Assistant General Counsel<br>New York Power Authority<br>123 MAIN ST<br>WHITE PLAINS, NEW YORK 10601<br>UNITED STATES<br>javier.bucobo@nypa.gov | |
| New York Power Authority | Javier Bucobo<br>Assistant General Counsel<br>New York Power Authority<br>123 MAIN ST<br>WHITE PLAINS, NEW YORK 10601<br>UNITED STATES<br>javier.bucobo@nypa.gov | |
| New York Power Authority | Peter Casper<br>Peter Casper<br>30 South Pearl<br>Albany, NEW YORK 12207<br>UNITED STATES<br>peter.casper@nypa.gov | |
| New York Power Authority | Javier Bucobo<br>Assistant General Counsel<br>New York Power Authority<br>123 MAIN ST<br>WHITE PLAINS, NEW YORK 10601<br>UNITED STATES<br>javier.bucobo@nypa.gov | |

| | | |
|---|---|---|
| New York State Electric & Gas Corporation | Danielle Mechling<br>Avangrid Networks, Inc.<br>180 MARSH HILL RD<br>ORANGE, CONNECTICUT 06477<br>UNITED STATES<br>Danielle.Mechling@avangrid.com | |
| New York State Energy Research & Dev. Authority | Sarah Simpson<br>Senior Counsel II<br>New York State Energy Research and Development Authority<br>17 Columbia Circle<br>Albany, NEW YORK 12203<br>UNITED STATES<br>sarah.simpson@nyserda.ny.gov | |
| New York State Energy Research & Dev. Authority | Peter Costello<br>General Counsel<br>New York State Energy Research and Development Authority<br>17 Columbia Circle<br>ALBANY, NEW YORK 12203<br>UNITED STATES<br>peter.costello@nyserda.ny.gov | |
| New York State Public Service Commission | Justin Fung<br>3 Empire State Plaza<br>Albany, NEW YORK 12223<br>UNITED STATES<br>justin.fung@dps.ny.gov | |
| New York State Public Service Commission | Justin Fung<br>3 Empire State Plaza<br>Albany, NEW YORK 12223<br>UNITED STATES<br>justin.fung@dps.ny.gov | |
| New York State Public Service Commission | David Drexler<br>Assistant Counsel<br>New York Public Service Commission<br>Three Empire State Plaza<br>Albany, NEW YORK<br>UNITED STATES<br>david.drexler@dps.ny.gov | |
| New York Transco, LLC | Evan Reese<br>Partner<br>Day Pitney LLP<br>555 11th Street, NW<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>ereese@daypitney.com | |
| New York Transco, LLC | Margaret Czepiel<br>Day Pitney LLP<br>555 11th Street NW<br>Suite 403<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>mczepiel@daypitney.com | |
| New York Transco, LLC | Evan Reese<br>Partner<br>Day Pitney LLP<br>555 11th Street, NW<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>ereese@daypitney.com | |
| New York Transmission Owners | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | |
| New York Transmission Owners | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | Abigail Fox<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>afox@balch.com |

| | |
|---|---|
| New York Transmission Owners | Lyle David Larson, ESQ<br>Partner, Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>llarson@balch.com |
| NewSun Energy | Jacob Stephens<br>Principal<br>NewSun Energy<br>2033 E SPEEDWAY BLVD STE 200<br>TUCSON, ARIZONA 85719<br>UNITED STATES<br>jstephens@newsunenergy.net |
| NewSun Energy | Jacob Stephens<br>Principal<br>NewSun Energy<br>2033 E SPEEDWAY BLVD STE 200<br>TUCSON, ARIZONA 85719<br>UNITED STATES<br>jstephens@newsunenergy.net |
| NextEra Energy, Inc. | Justin Moeller<br>Assistant General Counsel<br>Florida Power & Light Company<br>801 Pennsylvania Avenue, NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>justin.moeller@fpl.com |
| NextEra Energy, Inc. | Gunnar Birgisson<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave., N.W.<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>gunnar.birgisson@nee.com |
| NextEra Energy, Inc. | Joel Newton<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>joel.newton@nee.com |
| NextEra Energy, Inc. | Justin Moeller<br>Assistant General Counsel<br>Florida Power & Light Company<br>801 Pennsylvania Avenue, NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>justin.moeller@fpl.com |
| NextEra Energy, Inc. | Gunnar Birgisson<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave., N.W.<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>gunnar.birgisson@nee.com |
| NextEra Energy, Inc. | Joel Newton<br>Senior Attorney<br>NextEra Energy Resources, LLC<br>801 Pennsylvania Ave NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>joel.newton@nee.com |
| NextEra Energy, Inc. | Alona Sias<br>alona.sias@nee.com |
| NextEra Energy, Inc. | David Tewksbury<br>Partner<br>McDermott Will & Emery LLP<br>500 N CAPITOL ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20001 |

| | | |
|---|---|---|
| | UNITED STATES<br>dtewksbury@mwe.com | |
| NextEra Energy, Inc. | Stephanie Lim<br>McDermott Will & Emery LLP<br>The McDermott Building<br>500 North Capitol Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>slim@mwe.com | |
| NextEra Energy, Inc. | Justin Moeller<br>Assistant General Counsel<br>Florida Power & Light Company<br>801 Pennsylvania Avenue, NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>justin.moeller@fpl.com | |
| NextEra Energy, Inc. | David Tewksbury<br>Partner<br>McDermott Will & Emery LLP<br>500 N CAPITOL ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>dtewksbury@mwe.com | Justin Moeller<br>Assistant General Counsel<br>Florida Power & Light Company<br>801 Pennsylvania Avenue, NW<br>Suite 220<br>Washington, DISTRICT OF COLUMBIA 20(<br>justin.moeller@fpl.com |
| NextEra Energy, Inc. | Stephanie Lim<br>McDermott Will & Emery LLP<br>The McDermott Building<br>500 North Capitol Street, NW<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>slim@mwe.com | |
| Niagara Mohawk d/b/a/ National Grid | David Lodemore<br>Senior Counsel, National Grid<br>National Grid USA<br>40 Sylvan Road<br>Waltham, MASSACHUSETTS 02451<br>UNITED STATES<br>david.lodemore@nationalgrid.com | |
| Niagara Mohawk d/b/a/ National Grid | Christopher Novak<br>National Grid<br>National Grid<br>40 Sylvan Road<br>Waltham, MASSACHUSETTS 02541<br>UNITED STATES<br>chris.novak@nationalgrid.com | |
| NIPPC | Irion Sanger<br>Sanger Law, PC<br>1041 SE 58th PL<br>PORTLAND, OREGON 97215<br>UNITED STATES<br>irion@sanger-law.com | |
| Niskanen Center | Elizabeth Reed<br>Research Manager for Low Carbo<br>Niskanen Center<br>820 First St NE<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>lreed@niskanencenter.org | |
| Niskanen Center | Megan Gibson<br>Niskanen Center<br>820 1ST ST NE<br>WASHINGTON, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>mgibson@niskanencenter.org | |
| North American Electric Reliability Corporation | Candice Castaneda<br>Senior Counsel<br>North American Electric Reliability Corporation<br>1325 G Street, NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>candice.castaneda@nerc.net | |
| North American Electric Reliability | Candice Castaneda<br>Senior Counsel | Amy E Engstrom<br>Associate Counsel |

| | | |
|---|---|---|
| Corporation | North American Electric Reliability Corporation<br>1325 G Street, NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>candice.castaneda@nerc.net | NERC<br>1401 H Street, NW<br>Suite 410<br>WASHINGTON, DISTRICT OF COLUMBIA<br>amy.engstrom@nerc.net |
| North Attleborough Electric Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| North Attleborough Electric Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| North Attleborough Electric Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| North Carolina Sustainable Energy Association | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| North Carolina Sustainable Energy Association | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| North Carolina Sustainable Energy Association | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| North Carolina Utilities Commission | Jennifer Harrod<br>Senior Counsel<br>North Carolina Utilities Commission<br>430 N SALISBURY ST<br>RALEIGH, NORTH CAROLINA 27603<br>UNITED STATES<br>jharrod@ncuc.net | |
| North Carolina Utilities Commission | Jennifer Harrod<br>Senior Counsel<br>North Carolina Utilities Commission<br>430 N SALISBURY ST<br>RALEIGH, NORTH CAROLINA 27603<br>UNITED STATES<br>jharrod@ncuc.net | |
| North Carolina Utilities Commission | Jennifer Harrod<br>Senior Counsel<br>North Carolina Utilities Commission<br>430 N SALISBURY ST<br>RALEIGH, NORTH CAROLINA 27603<br>UNITED STATES<br>jharrod@ncuc.net | |
| North Carolina Utilities Commission | Jennifer Harrod<br>Senior Counsel<br>North Carolina Utilities Commission<br>430 N SALISBURY ST<br>RALEIGH, NORTH CAROLINA 27603<br>UNITED STATES<br>jharrod@ncuc.net | |
| North Carolina Utilities | Jennifer Harrod<br>Senior Counsel | |

| | | |
|---|---|---|
| Commission | North Carolina Utilities Commission<br>430 N SALISBURY ST<br>RALEIGH, NORTH CAROLINA 27603<br>UNITED STATES<br>jharrod@ncuc.net | |
| North Carolina Utilities Commission Public Staff | Robert Josey<br>North Carolina Utilities Commission Public Staff<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>UNITED STATES<br>robert.josey@psncuc.nc.gov | |
| North Carolina Utilities Commission Public Staff | Robert Josey<br>North Carolina Utilities Commission Public Staff<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>UNITED STATES<br>robert.josey@psncuc.nc.gov | Robert Josey<br>North Carolina Utilities Commission Publ<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>robert.josey@psncuc.nc.gov |
| North Carolina Utilities Commission Public Staff | | Layla Cummings<br>Staff Attorney<br>North Carolina Utilities Commission Publ<br>430 N Salsibury Street<br>RALEIGH, NORTH CAROLINA 27603<br>layla.cummings@psncuc.nc.gov |
| North Carolina Utilities Commission Public Staff | Robert Josey<br>North Carolina Utilities Commission Public Staff<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>UNITED STATES<br>robert.josey@psncuc.nc.gov | Layla Cummings<br>Staff Attorney<br>North Carolina Utilities Commission Publ<br>430 N Salsibury Street<br>RALEIGH, NORTH CAROLINA 27603<br>layla.cummings@psncuc.nc.gov |
| North Carolina Utilities Commission Public Staff | Robert Josey<br>North Carolina Utilities Commission Public Staff<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>UNITED STATES<br>robert.josey@psncuc.nc.gov | |
| North Carolina Utilities Commission Public Staff | Robert Josey<br>North Carolina Utilities Commission Public Staff<br>430 N Salisbury St<br>Raleigh, NORTH CAROLINA 27699<br>UNITED STATES<br>robert.josey@psncuc.nc.gov | |
| North Dakota Public Service Commission | John Schuh<br>North Dakota Public Service Commission<br>600 E Boulevard Ave #408<br>Bismarck, ND 58505<br>Bismarck, NORTH DAKOTA 58505<br>UNITED STATES<br>jschuh@nd.gov | |
| North Dakota Public Service Commission | John Schuh<br>North Dakota Public Service Commission<br>600 E Boulevard Ave #408<br>Bismarck, ND 58505<br>Bismarck, NORTH DAKOTA 58505<br>UNITED STATES<br>jschuh@nd.gov | |
| North Dakota Public Service Commission | John Schuh<br>North Dakota Public Service Commission<br>600 E Boulevard Ave #408<br>Bismarck, ND 58505<br>Bismarck, NORTH DAKOTA 58505<br>UNITED STATES<br>jschuh@nd.gov | |
| Northeast Power Coordinating Council, Inc. | Kristin McKeown<br>General Counsel<br>Northeast Power Coordinating Council, Inc.<br>1040 Avenue of the Americas<br>10th Floor<br>New York, NEW YORK 10018-3703<br>UNITED STATES<br>kmckeown@npcc.org | |
| Northeast Power Coordinating Council, Inc. | Damase Hebert<br>General Counsel and Corporate<br>Northeast Power Coordinating Council, Inc.<br>1040 AVENUE OF THE AMERICAS FL 4<br>NEW YORK, NEW YORK 10018 | |

| | | |
|---|---|---|
| | UNITED STATES<br>dhebert@npcc.org | |
| Northern Virginia Electric Cooperative, Inc. | Alan Robbins<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>arobbins@washingtonenergylaw.com | Patrick Toulme<br>Northern Virginia Electric Cooperative,<br>10323 Lomond Drive<br>Manassas, VIRGINIA 20109<br>ptoulme@novec.com |
| Northern Virginia Electric Cooperative, Inc. | Debra Roby<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>droby@washingtonenergylaw.com | |
| Northwest & Intermountain Power Producers Coalition | Irion Sanger<br>Sanger Law, PC<br>1041 SE 58th PL<br>PORTLAND, OREGON 97215<br>UNITED STATES<br>irion@sanger-law.com | |
| Northwest & Intermountain Power Producers Coalition | Irion Sanger<br>Sanger Law, PC<br>1041 SE 58th PL<br>PORTLAND, OREGON 97215<br>UNITED STATES<br>irion@sanger-law.com | |
| Northwest & Intermountain Power Producers Coalition | Irion Sanger<br>Sanger Law, PC<br>1041 SE 58th PL<br>PORTLAND, OREGON 97215<br>UNITED STATES<br>irion@sanger-law.com | |
| Northwest Energy Coalition | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| Northwest Energy Coalition | Fred Heutte<br>313 SE 27th<br>Portland, OREGON 97214<br>UNITED STATES<br>fred@nwenergy.org | |
| Norwood Light & Broadband Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Norwood Light & Broadband Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Norwood Light & Broadband Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| NRDC/FERC Project | Cullen Howe<br>Attorney<br>Natural Resources Defense Council<br>40 West 20th Street<br>New York, NEW YORK 10011<br>UNITED STATES<br>chowe@nrdc.org | |

| | | |
|---|---|---|
| NRDC/FERC Project | Cullen Howe<br>Attorney<br>Natural Resources Defense Council<br>40 West 20th Street<br>New York, NEW YORK 10011<br>UNITED STATES<br>chowe@nrdc.org | |
| NRDC/FERC Project | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| NRDC/FERC Project | Claire Lang-Ree<br>Advocate<br>Natural Resources Defense Council<br>40 W 20TH ST<br>NEW YORK, NEW YORK 10011<br>UNITED STATES<br>clangree@nrdc.org | |
| NRG Energy, Inc. | Travis Kavulla<br>Vice President, Regulatory Aff<br>NRG Energy, Inc.<br>804 Carnegie Center<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>travis.kavulla@nrg.com | |
| NRG Energy, Inc. | Travis Kavulla<br>Vice President, Regulatory Aff<br>NRG Energy, Inc.<br>804 Carnegie Center<br>Princeton, NEW JERSEY 08540<br>UNITED STATES<br>travis.kavulla@nrg.com | |
| NV Energy, Inc. | Christopher Jones<br>Troutman Pepper Hamilton Sanders LLP<br>401 9th Street NW, Suite 1000<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>chris.jones@troutman.com | Sidney Villanueva<br>Troutman Sanders LLP<br>100 SW Main St, Suite 1000<br>Portland, OREGON 97204<br>sidney.villanueva@troutman.com |
| NW Energy Coalition | Fred Heutte<br>313 SE 27th<br>Portland, OREGON 97214<br>UNITED STATES<br>fred@nwenergy.org | |
| NW Energy Coalition | Fred Heutte<br>313 SE 27th<br>Portland, OREGON 97214<br>UNITED STATES<br>fred@nwenergy.org | |
| Office of Governor Jay Inslee of Washington State | Geoffrey Potter<br>Deputy Director, Office of Fed<br>Office of Governor Jay Inslee of Washington State<br>400 N. Capitol Street NW<br>Suite 372<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>geoff.potter@gov.wa.gov | |
| Office of Ohio Consumers' Counsel | | Denise C Goulet<br>Partner<br>McCarter & English, LLP<br>1301 K ST NW<br>SUITE 1000 WEST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>dgoulet@mccarter.com |
| Office of the Attorney General of Virginia | John Farmer<br>Assistant Attorney General<br>Office of the Attorney General of Virginia<br>202 N NINTH ST<br>RICHMOND, VIRGINIA 23219<br>UNITED STATES<br>jfarmer@oag.state.va.us | Charles Meade Browder, JR<br>Senior Assistant Attorney Gene<br>Virginia Office of Attorney General<br>202 N 9TH ST<br>RICHMOND, VIRGINIA 23219<br>mbrowder@oag.state.va.us |
| Office of the Attorney General | | Charles M Burton, JR<br>Charles Mitchell Burton, Jr. |

| | | |
|---|---|---|
| of Virginia | | Office of the Attorney General of Virginia<br>202 N. Ninth St.<br>Richmond, VIRGINIA 23219<br>cburtonjr@oag.state.va.us |
| Office of the People's Counsel for the District of Columbia | Frederick Heinle<br>Assistant People's Counsel<br>Office of the People's Counsel for the District of Columbia<br>1133 15th Street, N.W., Suite 500<br>Washington, DISTRICT OF COLUMBIA 20111<br>UNITED STATES<br>fheinle@opc-dc.gov | Ankush Nayar<br>Assistant People's Counsel<br>655 15TH ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>anayar@opc-dc.gov |
| Office of the People's Counsel for the District of Columbia | Frederick Heinle<br>Assistant People's Counsel<br>Office of the People's Counsel for the District of Columbia<br>1133 15th Street, N.W., Suite 500<br>Washington, DISTRICT OF COLUMBIA 20111<br>UNITED STATES<br>fheinle@opc-dc.gov | Anjali G Patel<br>Vice President for Clean Energ<br>Americans for a Clean Energy Grid<br>3100 CLARENDON BLVD STE 800<br>ARLINGTON, VIRGINIA 22201<br>anjali@dgardiner.com |
| Ohio Federal Energy Advocate | Thomas Lindgren<br>Assistant Attorney General<br>Public Utilities Commission of Ohio<br>30 East Broad Street<br>16th Floor<br>Columbus, OHIO 43215-3793<br>UNITED STATES<br>thomas.lindgren@ohioattorneygeneral.gov | Lori Sternisha<br>Public Utilities Commission of Ohio<br>180 East Broad Street<br>3rd Floor<br>Columbus, OHIO 43215<br>lori.sternisha@puco.ohio.gov |
| Ohio Federal Energy Advocate | Thomas Lindgren<br>Assistant Attorney General<br>Public Utilities Commission of Ohio<br>30 East Broad Street<br>16th Floor<br>Columbus, OHIO 43215-3793<br>UNITED STATES<br>thomas.lindgren@ohioattorneygeneral.gov | Sarah Parrot<br>Federal Energy Advocate<br>Public Utilities Commission of Ohio<br>180 E BROAD ST<br>COLUMBUS, OHIO 43215<br>sarah.parrot@puco.ohio.gov |
| Oklahoma Corporation Commission | Jason Chaplin<br>PUD Chief<br>Oklahoma Corporation Commission<br>2101 North Lincoln Blvd<br>Oklahoma City, OKLAHOMA 73105<br>UNITED STATES<br>jason.chaplin@occ.ok.gov | |
| Oklahoma Corporation Commission | Jason Chaplin<br>PUD Chief<br>Oklahoma Corporation Commission<br>2101 North Lincoln Blvd<br>Oklahoma City, OKLAHOMA 73105<br>UNITED STATES<br>jason.chaplin@occ.ok.gov | |
| Oklahoma Gas and Electric Company | usha turner<br>turnerum@oge.com | Robert J Tallman<br>Sr. Manager RTO Policy<br>Oklahoma Gas & Electric Company<br>321 N Harvey Avenue<br>Oklahoma City, OKLAHOMA 73101<br>tallmarj@oge.com |
| Oklahoma Gas and Electric Company | | James C. Beh<br>Jones Day<br>51 Louisiana Ave., NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>jcbeh@jonesday.com |
| Old Dominion Electric Cooperative | Adrienne Clair<br>Attorney<br>1909 K Street NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>aclair@thompsoncoburn.com | Whit Williamson<br>Director - Power Supply<br>Old Dominion Electric Cooperative<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>wwilliamson@odec.com |
| Old Dominion Electric Cooperative | Jenna Cliatt<br>Attorney<br>Thompson Coburn LLP<br>1909 K St NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006 | |

| | | |
|---|---|---|
| | UNITED STATES<br>jcliatt@thompsoncoburn.com | |
| Omaha Public Power District | Joseph Lang<br>Manager, FERC & SPP Policy<br>Omaha Public Power District<br>4325 Jones Plaza<br>Omaha, NEBRASKA 68501<br>UNITED STATES<br>jelang@oppd.com | Luke Haner<br>RTO Policy Manager<br>Omaha Public Power District<br>444 S 16th Street Mall<br>Omaha, NEBRASKA 68102<br>lphaner@oppd.com |
| Omaha Public Power District | Joseph Lang<br>Manager, FERC & SPP Policy<br>Omaha Public Power District<br>4325 Jones Plaza<br>Omaha, NEBRASKA 68501<br>UNITED STATES<br>jelang@oppd.com | Collin J Sniff<br>Energy Regulatory Policy Manag<br>Omaha Public Power District<br>444 S 16TH STREET MALL<br>OMAHA, NEBRASKA 68102<br>cjsniff@oppd.com |
| Onward Energy Holdings, LLC | Jordan Pinjuv<br>Wilkinson Barker Knauer, LLP<br>2138 W 32ND AVE STE 300<br>DENVER, COLORADO 80211<br>UNITED STATES<br>jpinjuv@wbklaw.com | |
| Open Markets Institute | Megan Gibson<br>Niskanen Center<br>820 1ST ST NE<br>WASHINGTON, DISTRICT OF COLUMBIA 20002<br>UNITED STATES<br>mgibson@niskanencenter.org | |
| Orange and Rockland Utilities, Inc. | Susan LoFrumento<br>Consolidated Edison Company of New York, Inc.<br>4 Irving Place<br>New York, NEW YORK 10003<br>UNITED STATES<br>lofrumentos@coned.com | |
| Organization of MISO States, Inc. | Brad Pope<br>Direct. of Legal and Reg. Affa<br>811 E. Washington Avenue<br>Suite 400<br>Madison, WISCONSIN 53703<br>UNITED STATES<br>brad@misostates.org | |
| Organization of MISO States, Inc. | Benjamin Sloan<br>Organization of MISO States, Inc.<br>811 E Washington<br>Suite 400<br>Madison, WISCONSIN 53703<br>UNITED STATES<br>ben@misostates.org | Tricia DeBleeckere<br>Executive Director<br>Organization of MISO States, Inc.<br>811 E. Washington, Suite 400<br>Madison, WISCONSIN 53703<br>tricia@misostates.org |
| Organization of MISO States, Inc. | | Brad Pope<br>Direct. of Legal and Reg. Affa<br>Organization of MISO States, Inc.<br>811 E. Washington Avenue<br>Suite 400<br>Madison, WISCONSIN 53703<br>brad@misostates.org |
| Organization of PJM States, Inc. | Gregory Carmean<br>Executive Director<br>Organization of PJM States, Inc.<br>700 Barksdale Road<br>Suite 1<br>Newark, DELAWARE 19711<br>UNITED STATES<br>greg@opsi.us | |
| Organization of PJM States, Inc. | Gregory Carmean<br>Executive Director<br>Organization of PJM States, Inc.<br>700 Barksdale Road<br>Suite 1<br>Newark, DELAWARE 19711<br>UNITED STATES<br>greg@opsi.us | |
| Organization of PJM States, Inc. | Gregory Carmean<br>Executive Director<br>Organization of PJM States, Inc.<br>700 Barksdale Road | |

| | | |
|---|---|---|
| | Suite 1<br>Newark, DELAWARE 19711<br>UNITED STATES<br>greg@opsi.us | |
| Organization of<br>PJM States, Inc. | Gregory Carmean<br>Executive Director<br>Organization of PJM States, Inc.<br>700 Barksdale Road<br>Suite 1<br>Newark, DELAWARE 19711<br>UNITED STATES<br>greg@opsi.us | |
| Orsted North<br>America Inc. | Eric Wilkinson<br>Orsted North America Inc.<br>20 Gray St.<br>Amherst, MASSACHUSETTS 01002<br>UNITED STATES<br>erwil@orsted.com | Eric Wilkinson<br>Orsted North America Inc.<br>20 Gray St.<br>Amherst, MASSACHUSETTS 01002<br>erwil@orsted.com |
| Orsted North<br>America Inc. | Eric Wilkinson<br>Orsted North America Inc.<br>20 Gray St.<br>Amherst, MASSACHUSETTS 01002<br>UNITED STATES<br>erwil@orsted.com | |
| Pacific Gas &<br>Electric Company | Charles Middlekauff<br>Chief Counsel<br>Pacific Gas and Electric Company<br>PO Box 1018<br>Oakland,CALIFORNIA 94604-1018<br>UNITED STATES<br>Charles.Middlekauff@pge.com | |
| Pacific Gas and<br>Electric Company | Charles Middlekauff<br>Chief Counsel<br>Pacific Gas and Electric Company<br>PO Box 1018<br>Oakland,CALIFORNIA 94604-1018<br>UNITED STATES<br>Charles.Middlekauff@pge.com | |
| Pacific Gas and<br>Electric Company | Charles Middlekauff<br>Chief Counsel<br>Pacific Gas and Electric Company<br>PO Box 1018<br>Oakland,CALIFORNIA 94604-1018<br>UNITED STATES<br>Charles.Middlekauff@pge.com | |
| Pacific Gas and<br>Electric Company | Charles Middlekauff<br>Chief Counsel<br>Pacific Gas and Electric Company<br>PO Box 1018<br>Oakland,CALIFORNIA 94604-1018<br>UNITED STATES<br>Charles.Middlekauff@pge.com | |
| PacifiCorp | Robert Eckenrod<br>Assistant General Counsel<br>PacifiCorp<br>825 N.E. Multnomah<br>Suite 2000<br>Portland, OREGON 97232<br>UNITED STATES<br>robert.eckenrod@pacificorp.com | Sidney Villanueva<br>Troutman Sanders LLP<br>100 SW Main St, Suite 1000<br>Portland, OREGON 97204<br>sidney.villanueva@troutman.com |
| Pascoag Utility<br>District | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Pascoag Utility<br>District | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |

| | | |
|---|---|---|
| Pattern Energy Group LP | Deral Danis<br>Assist. V. P. Transmission<br>Pattern Energy Group LP<br>1088 Sansome Street<br>San Francisco, CALIFORNIA 94111<br>UNITED STATES<br>deral.danis@patternenergy.com | Sarah Merrick<br>Senior Paralegal<br>Eversheds-Sutherland (US)LLP<br>600 Congress Ave., Suite 2000<br>Austin, TEXAS 78701<br>sarahmerrick@eversheds-sutherland.us |
| Pattern Energy Group LP | Joseph Hall<br>Eversheds Sutherland (US) LLP<br>700 Sixth Street, NW<br>Ste. 700<br>Washington, DISTRICT OF COLUMBIA 20001-3980<br>UNITED STATES<br>joehall@eversheds-sutherland.com | |
| Pattern Energy Group LP | Alex Goldberg<br>Eversheds Sutherland (US) LLP<br>1196 S MONROE ST<br>DENVER, COLORADO 80210<br>UNITED STATES<br>alexgoldberg@eversheds-sutherland.us | |
| Pattern Energy Group LP | Joseph Hall<br>Eversheds Sutherland (US) LLP<br>700 Sixth Street, NW<br>Ste. 700<br>Washington, DISTRICT OF COLUMBIA 20001-3980<br>UNITED STATES<br>joehall@eversheds-sutherland.com | |
| Pattern Energy Group LP | Alex Goldberg<br>Eversheds Sutherland (US) LLP<br>1196 S MONROE ST<br>DENVER, COLORADO 80210<br>UNITED STATES<br>alexgoldberg@eversheds-sutherland.us | |
| Pennsylvania Public Utility Commission | Kriss Brown<br>Deputy Chief Counsel<br>Pennsylvania Public Utility Commission<br>P.O. Box 3265<br>Harrisburg, PENNSYLVANIA 17105-3265<br>UNITED STATES<br>kribrown@pa.gov | |
| Pennsylvania Public Utility Commission | David Alexander<br>Assistant Counsel<br>Pennsylvania Public Utility Commission<br>PO BOX 3265<br>HARRISBURG, PENNSYLVANIA 17105<br>UNITED STATES<br>davalexand@pa.gov | Elizabeth H Barnes<br>Deputy Chief Counsel<br>Pennsylvania Public Utility Commission<br>PO BOX 3265<br>HARRISBURG, PENNSYLVANIA 17105<br>ebarnes@pa.gov |
| Pennsylvania Public Utility Commission | Tiffany Tran<br>Assistant Counsel<br>Pennsylvania Public Utility Commission<br>P.O. Box 3265<br>Harrisburg, PENNSYLVANIA 17105<br>UNITED STATES<br>tiftran@pa.gov | |
| Pine Gate Renewables, LLC | Brett White<br>VP, Regulatory Affairs<br>Pine Gate Renewables, LLC<br>130 Roberts Street<br>Asheville, NORTH CAROLINA 28801<br>UNITED STATES<br>bwhite@pgrenewables.com | |
| Pine Gate Renewables, LLC | Brett White<br>VP, Regulatory Affairs<br>Pine Gate Renewables, LLC<br>130 Roberts Street<br>Asheville, NORTH CAROLINA 28801<br>UNITED STATES<br>bwhite@pgrenewables.com | |
| Pine Gate Renewables, LLC | christina bigelow<br>Sr. Director, ISO/RTO Affairs<br>Pine Gate Renewables, LLC<br>130 ROBERTS ST<br>ASHEVILLE, NORTH CAROLINA 28801<br>UNITED STATES<br>christinabigelow@pgrenewables.com | |

| | | |
|---|---|---|
| PJM Interconnection, L.L.C. | Pauline Foley<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd<br>Norristown, PENNSYLVANIA 19403<br>UNITED STATES<br>pauline.foley@pjm.com | Mark J Stanisz<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd.<br>Audubon, PENNSYLVANIA 19403<br>mark.stanisz@pjm.com |
| PJM Interconnection, L.L.C. | Jessica Lynch<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd.<br>Audubon, PENNSYLVANIA 19403<br>UNITED STATES<br>jessica.lynch@pjm.com | Craig Glazer<br>V.P., Federal Gov't Policy<br>PJM Interconnection, L.L.C.<br>1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 2(<br>craig.glazer@pjm.com |
| PJM Interconnection, L.L.C. | Pauline Foley<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd.<br>Norristown, PENNSYLVANIA 19403<br>UNITED STATES<br>pauline.foley@pjm.com | Craig Glazer<br>V.P., Federal Gov't Policy<br>PJM Interconnection, L.L.C.<br>1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 2(<br>craig.glazer@pjm.com |
| PJM Interconnection, L.L.C. | Jessica Lynch<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd.<br>Audubon, PENNSYLVANIA 19403<br>UNITED STATES<br>jessica.lynch@pjm.com | |
| PJM Interconnection, L.L.C. | Pauline Foley<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd<br>Norristown, PENNSYLVANIA 19403<br>UNITED STATES<br>pauline.foley@pjm.com | |
| PJM Interconnection, L.L.C. | Jessica Lynch<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd.<br>Audubon, PENNSYLVANIA 19403<br>UNITED STATES<br>jessica.lynch@pjm.com | Pauline Foley, ESQ<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd<br>Norristown, PENNSYLVANIA 19403<br>pauline.foley@pjm.com |
| PJM Interconnection, L.L.C. | | Craig Glazer<br>V.P., Federal Gov't Policy<br>PJM Interconnection, L.L.C.<br>1200 G Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 2(<br>craig.glazer@pjm.com |
| PJM Interconnection, L.L.C. | Pauline Foley<br>Assistant General Counsel<br>PJM Interconnection, L.L.C.<br>2750 Monroe Blvd<br>Norristown, PENNSYLVANIA 19403<br>UNITED STATES<br>pauline.foley@pjm.com | |
| Portland General Electric Company | Beth Loebach<br>Assistant General Counsel<br>Portland General Electric Company<br>121 SW SALMON ST # 1WTC1301<br>PORTLAND GENERAL ELECTRIC COMPANY<br>PORTLAND, OREGON 97204<br>UNITED STATES<br>beth.loebach@pgn.com | Alexis A Campbell<br>Portland General Electric Company<br>121 SW SALMON ST # 3WTC04<br>PORTLAND, OREGON 97204<br>alexis.campbell@pgn.com |
| Portland General Electric Company | Cece Coleman<br>Sr. Assistant General Counsel<br>Portland General Electric Company<br>121 SW SALMON ST # 1WTC1301<br>PORTLAND, OREGON 97204<br>UNITED STATES<br>cece.coleman@pgn.com | Shaun Foster<br>Senior Analyst - Transmission,<br>Portland General Electric Company<br>121 SW Salmon St<br>3WTC0409<br>Portland, OREGON 97204<br>shaun.foster@pgn.com |
| Potomac Economics, Ltd. | David Patton<br>Potomac Economics<br>10560 Arrowhead Drive<br>Ste 400 | |

| | |
|---|---|
| | Fairfax, VIRGINIA 22030<br>UNITED STATES<br>dpatton@potomaceconomics.com |
| Potomac<br>Economics, Ltd. | David Patton<br>Potomac Economics<br>10560 Arrowhead Drive<br>Ste 400<br>Fairfax, VIRGINIA 22030<br>UNITED STATES<br>dpatton@potomaceconomics.com |
| PowerSouth<br>Energy<br>Cooperative | James Brew<br>Stone Mattheis Xenopoulos & Brew, PC<br>1025 THOMAS JEFFERSON ST NW STE 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20007<br>UNITED STATES<br>jay.brew@smxblaw.com |
| PowerSouth<br>Energy<br>Cooperative | James Brew<br>Stone Mattheis Xenopoulos & Brew, PC<br>1025 THOMAS JEFFERSON ST NW STE 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20007<br>UNITED STATES<br>jay.brew@smxblaw.com |
| PowerSouth<br>Energy<br>Cooperative | James Brew<br>Stone Mattheis Xenopoulos & Brew, PC<br>1025 THOMAS JEFFERSON ST NW STE 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20007<br>UNITED STATES<br>jay.brew@smxblaw.com |
| PowerSouth<br>Energy<br>Cooperative | James Brew<br>Stone Mattheis Xenopoulos & Brew, PC<br>1025 THOMAS JEFFERSON ST NW STE 800<br>WASHINGTON, DISTRICT OF COLUMBIA 20007<br>UNITED STATES<br>jay.brew@smxblaw.com |
| PPL Electric<br>Utilities<br>Corporation | Steven Nadel<br>PPL Services Corporation<br>645 HAMILTON ST STE 700<br>ALLENTOWN, PENNSYLVANIA 18101<br>UNITED STATES<br>SMNadel@pplweb.com |
| PPL Electric<br>Utilities<br>Corporation on<br>behalf of the<br>Indicated<br>Transmission<br>Owners | William Keyser<br>Steptoe LLP<br>1330 Connecticut Avenue, NW<br>Washington, DISTRICT OF COLUMBIA 20036-1795<br>UNITED STATES<br>wkeyser@steptoe.com |
| PPL Electric<br>Utilities<br>Corporation on<br>behalf of the<br>Indicated<br>Transmission<br>Owners | Donald Kaplan<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>don.kaplan@klgates.com |
| PPL Electric<br>Utilities<br>Corporation on<br>behalf of the<br>Indicated<br>Transmission<br>Owners | Michelle Castaline<br>Steptoe LLP<br>Steptoe LLP<br>1300 CONNECTICUT AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>mcastaline@steptoe.com |
| PPL Electric<br>Utilities<br>Corporation on<br>Behalf of the PJM<br>Transmission<br>Owners | Karen Bruni<br>Steptoe LLP<br>1330 CONNECTICUT AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>kbruni@steptoe.com |
| PPL Electric<br>Utilities<br>Corporation on<br>Behalf of the PJM<br>Transmission<br>Owners | Megan McDowell<br>Steptoe LLP<br>1330 Connecticut Ave NW<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>mmcdowell@steptoe.com |
| PPL Services<br>Corporation | Kelsey Colvin<br>Senior Counsel |

| | | |
|---|---|---|
| | LG&E and KU Services Company<br>2701 Eastpoint Pkwy<br>LOUISVILLE, KENTUCKY 40223<br>UNITED STATES<br>kacolvin@pplweb.com | |
| Prysmian Group | Joseph Coffey<br>Prysmian Group<br>9153 West Finland Drive<br>Littleton, COLORADO 80127<br>UNITED STATES<br>joseph.coffey@prysmiangroup.com | |
| PSEG Companies | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com | Kyle H Henne<br>Counsel - Regulatory & Legisla<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA<br>khenne@itctransco.com |
| PSEG Companies | | Robert E. Gardinor<br>Paralegal<br>PSEG Services Corporation<br>80 Park Plaza, T5<br>Newark, NEW JERSEY 07102<br>Robert.Gardinor@pseg.com |
| PSEG Energy Resources & Trade LLC | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com | Kyle H Henne<br>Counsel - Regulatory & Legisla<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA<br>khenne@itctransco.com |
| PSEG Energy Resources & Trade LLC | | Robert E. Gardinor<br>Paralegal<br>PSEG Services Corporation<br>80 Park Plaza, T5<br>Newark, NEW JERSEY 07102<br>Robert.Gardinor@pseg.com |
| PSEG Power LLC | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com | Kyle H Henne<br>Counsel - Regulatory & Legisla<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA<br>khenne@itctransco.com |
| PSEG Power LLC | | Robert E. Gardinor<br>Paralegal<br>PSEG Services Corporation<br>80 Park Plaza, T5<br>Newark, NEW JERSEY 07102<br>Robert.Gardinor@pseg.com |
| PUBLIC CITIZEN | Tyson Slocum<br>Energy Program Director<br>Public Citizen's Energy Program<br>215 PENNSYLVANIA AVE SE<br>PUBLIC CITIZEN, INC.<br>WASHINGTON, DISTRICT OF COLUMBIA 20003<br>UNITED STATES<br>tslocum@citizen.org | |
| PUBLIC CITIZEN, INC | Tyson Slocum<br>Energy Program Director<br>Public Citizen's Energy Program<br>215 PENNSYLVANIA AVE SE<br>PUBLIC CITIZEN, INC.<br>WASHINGTON, DISTRICT OF COLUMBIA 20003<br>UNITED STATES<br>tslocum@citizen.org | |
| Public Interest Organizations | Frank Rambo<br>Southern Environmental Law Center<br>120 GARRETT ST STE 400<br>CHARLOTTESVILLE, VIRGINIA 22902<br>UNITED STATES<br>frambo@selcva.org | Katie Southworth<br>Southface Institute<br>ksouthworth@southface.org |
| Public Interest Organizations | Tom Rutigliano<br>Sr. Advocate<br>Sustainable FERC Project | Fred Heutte<br>Northwest Energy Coalition<br>313 SE 27th |

| | | |
|---|---|---|
| | 1124 15th St. NW<br>Suite 300<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>trutigliano@nrdc.org | Portland, OREGON 97214<br>fred@nwenergy.org |
| Public Service Commission of West Virginia | Jacqueline Roberts<br>Federal Policy Advisor, WV Pub<br>West Virginia Public Service Commission<br>201 Brooks Street<br>Charleston, WEST VIRGINIA 25301<br>UNITED STATES<br>jroberts@psc.state.wv.us | |
| Public Service Commission of West Virginia | Jacqueline Roberts<br>Federal Policy Advisor, WV Pub<br>West Virginia Public Service Commission<br>201 Brooks Street<br>Charleston, WEST VIRGINIA 25301<br>UNITED STATES<br>jroberts@psc.state.wv.us | |
| Public Service Commission of Wisconsin | Sophia Rogers<br>Assistant General Counsel<br>PO Box NA<br>MADISON, WISCONSIN 53705-7854<br>UNITED STATES<br>sophia.rogers1@wisconsin.gov | |
| Public Service Electric & Gas Company | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com | |
| Public Service Electric and Gas Company | Cara Lewis<br>Managing Counsel - Federal Reg<br>PSEG Companies<br>80 PARK PLZ # T5<br>NEWARK, NEW JERSEY 07102<br>UNITED STATES<br>cara.lewis@pseg.com | Kyle H Henne<br>Counsel - Regulatory & Legisla<br>ITC Holdings Corp.<br>601 13TH ST NW STE 710S<br>WASHINGTON, DISTRICT OF COLUMBIA<br>khenne@itctransco.com |
| Public Service Electric and Gas Company | | Robert E. Gardinor<br>Paralegal<br>PSEG Services Corporation<br>80 Park Plaza, T5<br>Newark, NEW JERSEY 07102<br>Robert.Gardinor@pseg.com |
| Public Systems | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jeffrey.schwarz@spiegelmcd.com |
| Public Systems | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| Public Systems | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| Public Utilities Commission of Nevada | Cameron Dyer<br>Assistant General Counsel<br>Public Utilities Commission of Nevada<br>1150 E WILLIAM ST<br>CARSON CITY, NEVADA 89701<br>UNITED STATES<br>camerondyer@puc.nv.gov | |
| Public Utility Commission of Oregon | Jason Jones<br>jason.w.jones@doj.state.or.us | Jason W Jones<br>jason.w.jones@doj.state.or.us |

| | | |
|---|---|---|
| Public Utility Commission of Oregon | | Pamela J Rojek<br>Legal Secretary<br>Dept of Justice - General Counsel Division<br>1162 COURT ST NE<br>DEPT OF JUSTICE - GENERAL COUNSEL<br>BAS SECTIO<br>SALEM, OREGON 97301<br>pamela.rojek@doj.state.or.us |
| Public Utility Commission of Oregon | | Stephanie Andrus<br>Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street, NE<br>Salem, OREGON 97301<br>stephanie.andrus@doj.state.or.us |
| Public Utility Commission of Texas | Debra Roby<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>droby@washingtonenergylaw.com | |
| Public Utility Commission of Texas | Alan Robbins<br>Partner<br>Washington Energy Law LLP<br>900 17TH ST NW STE 500-A<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>arobbins@washingtonenergylaw.com | |
| Puget Sound Energy , Inc. | Robert Neate<br>Puget Sound Energy, Inc.<br>PO Box 97034<br>Bellevue,WASHINGTON 98009-9734<br>UNITED STATES<br>robert.neate@pse.com | Adam Bowler<br>Sr. Regulatory Compliance Anal<br>Puget Sound Energy<br>355 110th Ave NE, EST 10W<br>Bellevue, WASHINGTON 98004<br>adam.bowler@pse.com |
| Puget Sound Energy , Inc. | Shauna Tran<br>355 110th ave ne<br>bellevue, WASHINGTON 98009<br>UNITED STATES<br>Shauna.tran@pse.com | |
| Puget Sound Energy, Inc. | Robert Neate<br>Puget Sound Energy, Inc.<br>PO Box 97034<br>Bellevue,WASHINGTON 98009-9734<br>UNITED STATES<br>robert.neate@pse.com | Stephanie Imamovic<br>Puget Sound Energy<br>355 110th Ave NE<br>Bellevue, WASHINGTON 98004<br>stephanie.imamovic@pse.com |
| QCoefficient, Inc. | Vincent Cushing<br>310 South Michigan Avenue #903<br>Chicago, ILLINOIS 60604<br>UNITED STATES<br>vince.cushing@buildingsasbatteries.com | William F Hederman<br>hederman@alum.mit.edu |
| QCoefficient, Inc. | Vincent Cushing<br>310 South Michigan Avenue #903<br>Chicago, ILLINOIS 60604<br>UNITED STATES<br>vince.cushing@buildingsasbatteries.com | |
| R Street Institute | Devin Hartman<br>R Street Institute<br>1212 New York Ave NW #900<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>dhartman@rstreet.org | |
| R Street Institute | Devin Hartman<br>R Street Institute<br>1212 New York Ave NW #900<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>dhartman@rstreet.org | |
| R Street Institute | Devin Hartman<br>R Street Institute<br>1212 New York Ave NW #900<br>Washington, DISTRICT OF COLUMBIA 20005 | |

| | | |
|---|---|---|
| | UNITED STATES<br>dhartman@rstreet.org | |
| R Street Institute | Devin Hartman<br>R Street Institute<br>1212 New York Ave NW<br>#900<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>dhartman@rstreet.org | |
| Rail Electrification Council | James Hoecker<br>Senior Counsel<br>Husch Blackwell LLP<br>1801 PENNSYLVANIA AVE NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>james.hoecker@huschblackwell.com | James Hoecker<br>Senior Counsel<br>Husch Blackwell LLP<br>1801 PENNSYLVANIA AVE NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA<br>james.hoecker@huschblackwell.com |
| Rail Electrification Council | James Hoecker<br>Senior Counsel<br>Husch Blackwell LLP<br>1801 PENNSYLVANIA AVE NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>james.hoecker@huschblackwell.com | Leah Kaiser<br>Husch Blackwell LLP<br>750 17th St. NW<br>#900<br>Washington, DISTRICT OF COLUMBIA 20<br>leah.kaiser@huschblackwell.com |
| Reading Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Reading Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Reading Municipal Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| ReliabilityFirst Corporation | Megan Gambrel<br>Manager, Regulatory and Extern<br>3 SUMMIT PARK DR STE 600<br>CLEVELAND, OHIO 44131<br>UNITED STATES<br>megan.gambrel@rfirst.org | |
| ReliabilityFirst Corporation | Niki Schaefer<br>Vice President, General Counse<br>ReliabilityFirst Corporation<br>?3 Summit Park Drive<br>Suite 600<br>Cleveland, OHIO 44131<br>UNITED STATES<br>Niki.schaefer@rfirst.org | Megan E Gambrel, ESQ<br>Manager, Regulatory and Extern<br>3 SUMMIT PARK DR STE 600<br>CLEVELAND, OHIO 44131<br>megan.gambrel@rfirst.org |
| Renewable Northwest | Robin Arnold<br>Markets & Transmission Directo<br>Renewable Northwest<br>421 SW 6TH AVE STE 1400<br>PORTLAND, OREGON 97204<br>UNITED STATES<br>robin@renewablenw.org | |
| Resale Power Group of Iowa | David Crawford<br>Betts & Holt LLP<br>1101 Connecticut Avenue, N.W.<br>Suite 450<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>dcrawford@bettsandholt.com | |
| Resale Power Group of Iowa | Katherine Ann Wade<br>Betts & Holt LLP<br>1101 Connecticut Ave., N.W | |

| | | |
|---|---|---|
| | Ste. 450<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>kaw@bettsandholt.com | |
| Rhode Island Division of Public Utilities and Carriers | Christy Hetherington<br>Rhode Island Division of Public Utilities and Carriers<br>89 JEFFERSON BLVD<br>WARWICK, RHODE ISLAND 02888<br>UNITED STATES<br>Christy.Hetherington@dpuc.ri.gov | Paul Roberti<br>Chief Economic and Policy Anal<br>Rhode Island Division of Public Utilities a<br>89 JEFFERSON BLVD<br>WARWICK, RHODE ISLAND 02888<br>Paul.Roberti@dpuc.ri.gov |
| Rhode Island Division of Public Utilities and Carriers | | Ellen Golde<br>Rhode Island Division of Public Utilities a<br>89 Jefferson Blvd<br>Warwick, RHODE ISLAND 02888<br>ellen.golde@dpuc.ri.gov |
| RMI | Charles Teplin<br>Principal<br>490 Junction Place #200<br>Boulder, COLORADO 80305<br>UNITED STATES<br>cteplin@rmi.org | |
| RMI | Charles Teplin<br>Principal<br>490 Junction Place #200<br>Boulder, COLORADO 80305<br>UNITED STATES<br>cteplin@rmi.org | |
| RMI | Charles Teplin<br>Principal<br>490 Junction Place #200<br>Boulder, COLORADO 80305<br>UNITED STATES<br>cteplin@rmi.org | |
| RMI | Mathias Einberger<br>RMI<br>17 STATE ST FL 25 UNIT 2500<br>NEW YORK, NEW YORK 10004<br>UNITED STATES<br>meinberger@rmi.org | |
| Rochester Gas and Electric Corporation | Danielle Mechling<br>Avangrid Networks, Inc.<br>180 MARSH HILL RD<br>ORANGE, CONNECTICUT 06477<br>UNITED STATES<br>Danielle.Mechling@avangrid.com | |
| ROCKY MOUNTAIN INSTITUTE | Charles Teplin<br>Principal<br>490 Junction Place #200<br>Boulder, COLORADO 80305<br>UNITED STATES<br>cteplin@rmi.org | |
| ROWLEY MUNICIPAL LIGHTING PLANT | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| RWE Renewables Americas, LLC | Paul Varnado<br>Assistant General Counsel<br>RWE Clean Energy, LLC<br>353 N. Clark Street<br>30th Floor<br>Chicago, ILLINOIS 60654<br>UNITED STATES<br>paul.varnado@rwe.com | |
| RWE Renewables Americas, LLC | Paul Varnado<br>Assistant General Counsel<br>RWE Clean Energy, LLC<br>353 N. Clark Street<br>30th Floor<br>Chicago, ILLINOIS 60654<br>UNITED STATES<br>paul.varnado@rwe.com | |

| | | |
|---|---|---|
| Salt River Project Agricultural Improvement and Power District | Jonathan Schneider<br>Stinson LLP<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>jonathan.schneider@stinson.com | |
| San Diego Gas & Electric Company | Jonathan Newlander<br>Attorney<br>San Diego Gas & Electric Company<br>8330 Century Park Ct<br>San Diego, CALIFORNIA 92123<br>UNITED STATES<br>JNewlander@sdge.com | Pamela Mills<br>Regulatory Affairs Mgr<br>San Diego Gas & Electric<br>8330 Century Park<br>san diego, CALIFORNIA 92122<br>pmills@sdge.com |
| San Diego Gas and Electric Company | Jonathan Newlander<br>Attorney<br>San Diego Gas & Electric Company<br>8330 Century Park Ct<br>San Diego, CALIFORNIA 92123<br>UNITED STATES<br>JNewlander@sdge.com | Jonathan J. Newlander<br>Attorney<br>San Diego Gas & Electric Company<br>8330 Century Park Ct<br>San Diego, CALIFORNIA 92123<br>JNewlander@sdge.com |
| San Diego Gas and Electric Company | | Pamela Mills<br>Regulatory Affairs Mgr<br>San Diego Gas & Electric<br>8330 Century Park<br>san diego, CALIFORNIA 92122<br>pmills@sdge.com |
| San Diego Gas and Electric Company | Jonathan Newlander<br>Attorney<br>San Diego Gas & Electric Company<br>8330 Century Park Ct<br>San Diego, CALIFORNIA 92123<br>UNITED STATES<br>JNewlander@sdge.com | Pamela Mills<br>Regulatory Affairs Mgr<br>San Diego Gas & Electric<br>8330 Century Park<br>san diego, CALIFORNIA 92122<br>pmills@sdge.com |
| Schulte Associates LLC | Robert Schulte<br>Principal<br>Schulte Associates LLC<br>9504 Dellbrook Court<br>Raleigh, NORTH CAROLINA 27617<br>UNITED STATES<br>rhs@schulteassociates.com | |
| Securing America's Future Energy | Ladeene Freimuth<br>Consultant<br>The Freimuth Group<br>1750 16th Street NW<br>Unit 24<br>Washington, DISTRICT OF COLUMBIA 20009<br>UNITED STATES<br>ladeene@freimuthgroup.com | |
| SERC Reliability Corporation | Holly Hawkins<br>General Counsel, SERC Reliabil<br>SERC Reliability Corporation<br>3701 Arco Corporate Drive<br>Suite 300<br>Charlotte, NORTH CAROLINA 28273<br>UNITED STATES<br>hhawkins@serc1.org | Drew R Slabaugh<br>Legal Counsel<br>SERC Reliability Corporation<br>2815 Coliseum Centre Dr.<br>Suite 500<br>Charlotte, NORTH CAROLINA 28217<br>dslabaugh@serc1.org |
| SERC Reliability Corporation | Drew Slabaugh<br>Legal Counsel<br>SERC Reliability Corporation<br>2815 Coliseum Centre Dr.<br>Suite 500<br>Charlotte, NORTH CAROLINA 28217<br>UNITED STATES<br>dslabaugh@serc1.org | |
| Shell Energy North America (U.S.), L.P. | Matthew Picardi<br>Vice President<br>Shell Energy North America (US), L.P.<br>36 Pinewood Ave.<br>Saratoga Springs, NEW YORK 12866<br>UNITED STATES<br>Matthew.Picardi@shell.com | |
| Shell Energy North America (U.S.), L.P. | Matthew Picardi<br>Vice President<br>Shell Energy North America (US), L.P. | |

| | |
|---|---|
| | 36 Pinewood Ave.<br>Saratoga Springs, NEW YORK 12866<br>UNITED STATES<br>Matthew.Picardi@shell.com |
| Shell Energy North America (U.S.), L.P. | Matthew Picardi<br>Vice President<br>Shell Energy North America (US), L.P.<br>36 Pinewood Ave.<br>Saratoga Springs, NEW YORK 12866<br>UNITED STATES<br>Matthew.Picardi@shell.com |
| Shell Energy North America (U.S.), LP | Matthew Picardi<br>Vice President<br>Shell Energy North America (US), L.P.<br>36 Pinewood Ave.<br>Saratoga Springs, NEW YORK 12866<br>UNITED STATES<br>Matthew.Picardi@shell.com |
| Sierra Club | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us |
| Sierra Club | Gregory Wannier<br>Senior Attorney<br>Sierra Club<br>Environmental Law Program<br>2101 Webster Street<br>Oakland, CALIFORNIA 94612<br>UNITED STATES<br>greg.wannier@sierraclub.org |
| Sierra Club | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us |
| Sierra Club | Gregory Wannier<br>Senior Attorney<br>Sierra Club<br>Environmental Law Program<br>2101 Webster Street<br>Oakland, CALIFORNIA 94612<br>UNITED STATES<br>greg.wannier@sierraclub.org |
| Sierra Club | Justin Vickers<br>Senior Attorney<br>Sierra Club<br>Environmental Law Program<br>1229 W. Glenlake Ave.<br>Chicago, ILLINOIS 60660<br>UNITED STATES<br>justin.vickers@sierraclub.org |
| Sierra Club | Justin Vickers<br>Senior Attorney<br>Sierra Club<br>Environmental Law Program<br>1229 W. Glenlake Ave.<br>Chicago, ILLINOIS 60660<br>UNITED STATES<br>justin.vickers@sierraclub.org |
| Sierra Club | Justin Vickers<br>Senior Attorney<br>Sierra Club<br>Environmental Law Program<br>1229 W. Glenlake Ave.<br>Chicago, ILLINOIS 60660<br>UNITED STATES<br>justin.vickers@sierraclub.org |
| Sierra Club | Justin Vickers<br>Senior Attorney<br>Sierra Club |

| | | |
|---|---|---|
| | Environmental Law Program<br>1229 W. Glenlake Ave.<br>Chicago, ILLINOIS 60660<br>UNITED STATES<br>justin.vickers@sierraclub.org | |
| Six Cities CA | Margaret McNaul<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mmcnaul@thompsoncoburn.com | Bonnie Susan Blair<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>RTS-return to sender<br>Washington, DISTRICT OF COLUMBIA 20<br>bblair@thompsoncoburn.com |
| Six Cities CA | | Rebecca L. Shelton<br>Thompson Coburn LLP<br>1909 K Street NW<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>rshelton@thompsoncoburn.com |
| Six Cities CA | | Jecoliah R. Williams<br>Latham & Watkins LLP<br>555 11TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jecoliah.williams@lw.com |
| Six Cities CA | | Carrie A Thompson<br>Principal Integrated Resources<br>City of Anaheim, California<br>201 S ANAHEIM BLVD STE 802<br>ANAHEIM, CALIFORNIA 92805<br>cathompson@anaheim.net |
| Six Cities CA | | Nicholas T Burki<br>Integrated Resources Planner I<br>ANAHEIM PUBLIC UTILITIES<br>201 S. Anaheim Blvd.<br>Suite 802<br>Anaheim, CALIFORNIA 92805<br>Nburki@anaheim.net |
| Six Cities CA | | Manny Robledo<br>Director of Utilities<br>Azusa Light and Water Department<br>729 N. Azusa Avenue<br>Azusa, CALIFORNIA 91702<br>mrobledo@azusaca.gov |
| Six Cities CA | | Thomas (Tom) A. Miller<br>176 East Lincoln<br>Banning, CALIFORNIA 92220<br>tmiller@ci.banning.ca.us |
| Six Cities CA | | Scott D Harding<br>Asst Director of Utility Opera<br>City of Colton, CA<br>650 N La Cadena Dr, Colton, CA 92324<br>Colton, CALIFORNIA 92324<br>sharding@coltonca.gov |
| Six Cities CA | | Susan Wilson<br>3901 Orange Street<br>Riverside, CALIFORNIA 92501<br>swilson@riversideca.gov |
| Six Cities CA | | Cindi Cohen<br>CITY OF RIVERSIDE PUBLIC UTIL DEPT<br>3901 Orange Street<br>Riverside, CALIFORNIA 92501<br>ccohen@riversideca.gov |
| Six Cities CA | | Neng Xu<br>Utility Principal Resource Anl<br>CITY OF RIVERSIDE PUBLIC UTIL DEPT<br>3435 14th Street<br>Riverside, CALIFORNIA 92501<br>nxu@riversideca.gov |
| Six Cities CA | Margaret McNaul<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006 | Jecoliah R. Williams<br>Latham & Watkins LLP<br>555 11TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jecoliah.williams@lw.com |

| | | |
|---|---|---|
| | UNITED STATES<br>mmcnaul@thompsoncoburn.com | |
| Smart Electric Power Alliance | Smart Electric Power Alliance<br>Smart Electric Power Alliance<br>1800 M ST NW FRNT 1<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>emathis@sepapower.org | |
| Smart Wires, Inc. | Ted Bloch-Rubin<br>Smart Wires, Inc.<br>1321 MINERVA RD<br>ANN ARBOR, MICHIGAN 48104-3926<br>UNITED STATES<br>ted.blochrubin@smartwires.com | |
| Solar Energy Industries Association | Melissa Alfano<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K Street, N.W., Suite 1000<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>malfano@seia.org | Gizelle Wray<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K St NW Ste. 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>gwray@seia.org |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | | David DeSalle<br>Potomac Law Group PLLC<br>1300 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>ddesalle@potomaclaw.com |
| Solar Energy Industries Association | | Michael J. Rustum<br>Partner<br>Potomac Law Group, PLLC<br>1717 PENNSYLVANIA AVE NW STE 1025<br>WASHINGTON, DISTRICT OF COLUMBIA<br>mrustum@potomaclaw.com |
| Solar Energy Industries Association | David DeSalle<br>Potomac Law Group PLLC<br>1300 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>ddesalle@potomaclaw.com | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | Michael Rustum<br>Partner<br>Potomac Law Group, PLLC<br>1717 PENNSYLVANIA AVE NW STE 1025<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrustum@potomaclaw.com | |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | Melissa Alfano<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K Street, N.W., Suite 1000<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>malfano@seia.org | Ben Norris<br>Manager of Federal Regulatory<br>Solar Energy Industries Association<br>1425 K St NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>bnorris@seia.org |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW |

| | | |
|---|---|---|
| | | Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | | Sean Gallagher<br>Solar Energy Industries Association<br>1425 K St NW<br>Suite 1000<br>Washington, DISTRICT OF COLUMBIA 2(<br>sgallagher@seia.org |
| Solar Energy Industries Association | Melissa Alfano<br>Manager of Regulatory Affairs<br>Solar Energy Industries Association<br>1425 K Street, N.W., Suite 1000<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>malfano@seia.org | |
| SOO Green HVDC Link ProjectCo, LLC | William Hollaway<br>1050 Connecticut Ave., NW<br>Washington, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>WHollaway@gibsondunn.com | |
| SOO Green HVDC Link ProjectCo, LLC | Janine Durand<br>Senior Counsel<br>1050 CONNECTICUT AVE NW<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jdurand@gibsondunn.com | |
| SOO Green HVDC Link ProjectCo, LLC | Nicholas Cicale<br>Counsel<br>200 Park Avenue<br>New York, NEW YORK 10166-0193<br>UNITED STATES<br>ncicale@gibsondunn.com | |
| South Carolina Coastal Conservation League | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| South Carolina Coastal Conservation League | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| South Carolina Office of Regulatory Staff | Benjamin Mustian<br>Deputy Executive Director<br>South Carolina Office of Regulatory Staff<br>1401 MAIN ST STE 900<br>COLUMBIA<br>COLUMBIA, SOUTH CAROLINA 29201<br>UNITED STATES<br>bmustian@ors.sc.gov | Benjamin P Mustian, ESQ<br>Deputy Executive Director<br>South Carolina Office of Regulatory Staf<br>1401 MAIN ST STE 900<br>COLUMBIA<br>COLUMBIA, SOUTH CAROLINA 29201<br>bmustian@ors.sc.gov |
| South Carolina Office of Regulatory Staff | | Kristy L Hatem<br>Litigation Specialist<br>South Carolina Office of Regulatory Staf<br>1401 Main Street, Suite 900<br>Columbia, SOUTH CAROLINA 29201<br>khatem@ors.sc.gov |
| Southern Alliance for Clean Energy | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern Alliance for Clean Energy | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001 | Maggie Shober<br>Southern Alliance for Clean Energy<br>PO Box 1842 |

| | | |
|---|---|---|
| | UNITED STATES<br>nguidi@selc.org | Knoxville, TENNESSEE 37901<br>maggie@cleanenergy.org |
| Southern Alliance<br>for Clean Energy | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern<br>California Edison<br>Company | | Fernando E Cornejo<br>Project Manager<br>Southern California Edison Company<br>2244 Walnut Grove Ave.<br>Rosemead, CALIFORNIA 91770<br>fernando.cornejo@sce.com |
| Southern<br>California Edison<br>Company | Gerardo Huerta<br>Senior Attorney<br>Southern California Edison Company<br>PO Box 800<br>Rosemead,CALIFORNIA<br>UNITED STATES<br>jerry.huerta@sce.com | FERC Case Administration<br>FERC Case Administration<br>Southern California Edison Company<br>2244 WALNUT GROVE AVE<br>ROSEMEAD, CALIFORNIA 91770<br>ferccaseadmin@sce.com |
| Southern<br>California Edison<br>Company | | FERC Case Administration<br>FERC Case Administration<br>Southern California Edison Company<br>2244 WALNUT GROVE AVE<br>ROSEMEAD, CALIFORNIA 91770<br>ferccaseadmin@sce.com |
| Southern<br>California Edison<br>Company | Rebecca Furman<br>Director and Managing Attorney<br>Southern California Edison Company<br>PO Box 800<br>Rosemead,CALIFORNIA<br>UNITED STATES<br>rebecca.furman@sce.com | FERC Case Administration<br>FERC Case Administration<br>Southern California Edison Company<br>2244 WALNUT GROVE AVE<br>ROSEMEAD, CALIFORNIA 91770<br>ferccaseadmin@sce.com |
| Southern<br>Company<br>Services, Inc. | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | Christopher H Demko<br>Associate General Counsel<br>Southern Company Services, Inc.<br>30 Ivan Allen Jr. Blvd, NW<br>Atlanta, GEORGIA 30308<br>chdemko@southernco.com |
| Southern<br>Company<br>Services, Inc. | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | Lyle David Larson, ESQ<br>Partner, Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>llarson@balch.com |
| Southern<br>Company<br>Services, Inc. | | Christopher H Demko<br>Associate General Counsel<br>Southern Company Services, Inc.<br>30 Ivan Allen Jr. Blvd, NW<br>Atlanta, GEORGIA 30308<br>chdemko@southernco.com |
| Southern<br>Company<br>Services, Inc. | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | |
| Southern<br>Company<br>Services, Inc. | Andrew Tunnell<br>Balch & Bingham LLP<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | |
| Southern<br>Company<br>Services, Inc. | | Abigail Fox<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>afox@balch.com |
| Southern<br>Company | Andrew Tunnell<br>Balch & Bingham LLP | |

| | | |
|---|---|---|
| Services, Inc. | Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>UNITED STATES<br>atunnell@balch.com | |
| Southern<br>Company<br>Services, Inc. | | Abigail Fox<br>Balch & Bingham LLP<br>1710 6TH AVE N<br>BIRMINGHAM, ALABAMA 35203<br>afox@balch.com |
| Southern<br>Environmental<br>Law Center | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| Southern<br>Environmental<br>Law Center | Frank Rambo<br>Southern Environmental Law Center<br>120 GARRETT ST STE 400<br>CHARLOTTESVILLE, VIRGINIA 22902<br>UNITED STATES<br>frambo@selcva.org | |
| Southern<br>Environmental<br>Law Center | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern<br>Environmental<br>Law Center | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern<br>Environmental<br>Law Center | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern<br>Environmental<br>Law Center | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southern<br>Maryland Electric<br>Cooperative, Inc. | John Rohrbach<br>ED Regulatory<br>ACES POWER MARKETING<br>4140 W 99TH ST<br>CARMEL, INDIANA 46032<br>UNITED STATES<br>JRohrbach@acespower.com | Eugene Bradford<br>Vice President, Rates and Ener<br>SOUTHERN MARYLAND ELECTRIC COOP<br>15035 Burnt Store Rd.<br>Hughesville, MARYLAND 20637<br>Eugene.Bradford@smeco.coop |
| Southern<br>Maryland Electric<br>Cooperative, Inc. | | Mark MacDougall<br>Senior Vice President and Gene<br>Southern Maryland Electric Cooperative,<br>PO Box 1937<br>Hughesville, 20637-1937<br>mark.macdougall@smeco.coop |
| Southern<br>Maryland Electric<br>Cooperative, Inc. | | John Rohrbach<br>ED Regulatory<br>ACES POWER MARKETING<br>4140 W 99TH ST<br>CARMEL, INDIANA 46032<br>JRohrbach@acespower.com |
| Southern<br>Maryland Electric<br>Cooperative, Inc. | Damon Krieger<br>VP, Legal Affairs, Deputy Gen<br>Southern Maryland Electric Cooperative, Inc.<br>15035 Burnt Store Road<br>P.O. Box 1937<br>Hughesville, MARYLAND 20637-1937<br>UNITED STATES<br>Damon.Krieger@SMECO.coop | |

| | | |
|---|---|---|
| Southern Renewable Energy Association | Simon Mahan<br>Southern Renewable Energy Association<br>5702 Old Hickory Rd<br>Little Rock, ARKANSAS 72204<br>UNITED STATES<br>simon@southernwind.org | |
| Southern Renewable Energy Association | Simon Mahan<br>Southern Renewable Energy Association<br>5702 Old Hickory Rd<br>Little Rock, ARKANSAS 72204<br>UNITED STATES<br>simon@southernwind.org | |
| Southern Renewable Energy Association | Simon Mahan<br>Southern Renewable Energy Association<br>5702 Old Hickory Rd<br>Little Rock, ARKANSAS 72204<br>UNITED STATES<br>simon@southernwind.org | |
| Southern Renewable Energy Association | Whit Cox<br>Southern Renewable Energy Association<br>3612 OAKWOOD RD<br>LITTLE ROCK, ARKANSAS 72202<br>UNITED STATES<br>whit@southernrenewable.org | |
| Southern Renewable Energy Association | Simon Mahan<br>Southern Renewable Energy Association<br>5702 Old Hickory Rd<br>Little Rock, ARKANSAS 72204<br>UNITED STATES<br>simon@southernwind.org | Andrew Kowalczyk<br>Southern Renewable Energy Association<br>819 SAINT ROCH AVE<br>NEW ORLEANS, LOUISIANA 70117<br>andy@southernrenewable.org |
| Southface Energy Institute, Inc. | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | |
| Southface Energy Institute, Inc. | Nicholas Guidi<br>Southern Environmental Law Center<br>122 C ST NW STE 325<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>nguidi@selc.org | Katie Southworth<br>ksouthworth@southface.org |
| Southface Institute | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| Southface Institute | Katie Southworth<br>ksouthworth@southface.org | |
| Southface Institute | Katie Southworth<br>ksouthworth@southface.org | |
| Southface Institute | Katie Southworth<br>ksouthworth@southface.org | |
| Southwest Power Pool Market Monitoring Unit | Keith Collins<br>Vice President, Market Mon<br>Southwest Power Pool Market Monitoring Unit<br>201 WORTHEN DR<br>LITTLE ROCK, ARKANSAS 72223<br>UNITED STATES<br>kcollins@spp.org | Jodi Woods<br>Director, Market Monitoring Un<br>Southwest Power Pool Inc.<br>201 WORTHEN DR<br>LITTLE ROCK, ARKANSAS 72223<br>jwoods@spp.org |
| Southwest Power Pool Regional State Committee | Kristie Fiegen<br>kristie.fiegen@state.sd.us | |
| Southwest Power Pool, Inc. | Justin Hinton<br>201 Worthen Drive<br>Little Rock, ARKANSAS 72212<br>UNITED STATES<br>jhinton@spp.org | Tessie Kentner<br>Director and Associate<br>Southwest Power Pool Inc.<br>General Counsel<br>201 Worthen Drive<br>LITTLE ROCK, ARKANSAS 72223<br>tkentner@spp.org |
| Southwest Power Pool, Inc. | | Paul Suskie<br>Sr. VP Regulatory Policy & Gen<br>Southwest Power Pool, Inc. |

| | | |
|---|---|---|
| | | 415 N. McKinley, Ste 140<br>Little Rock, ARKANSAS 72205<br>psuskie@spp.org |
| Southwest Power Pool, Inc. | | Antoine Lucas<br>alucas@spp.org |
| Southwest Power Pool, Inc. | | Michelle L Harris<br>Senior Paralegal<br>Southwest Power Pool Inc.<br>201 Worthen Drive<br>Little Rock, ARKANSAS 72223-4936<br>mharris@spp.org |
| Southwest Power Pool, Inc. | | Paul Suskie<br>Sr. VP Regulatory Policy & Gen<br>Southwest Power Pool, Inc.<br>415 N. McKinley, Ste 140<br>Little Rock, ARKANSAS 72205<br>psuskie@spp.org |
| Southwest Power Pool, Inc. | | Antoine Lucas<br>alucas@spp.org |
| Southwest Power Pool, Inc. | | Michelle L Harris<br>Senior Paralegal<br>Southwest Power Pool Inc.<br>201 Worthen Drive<br>Little Rock, ARKANSAS 72223-4936<br>mharris@spp.org |
| Southwest Power Pool, Inc. | Justin Hinton<br>201 Worthen Drive<br>Little Rock, ARKANSAS 72212<br>UNITED STATES<br>jhinton@spp.org | Michelle L Harris<br>Senior Paralegal<br>Southwest Power Pool Inc.<br>201 Worthen Drive<br>Little Rock, ARKANSAS 72223-4936<br>mharris@spp.org |
| State of New Hampshire Department of Energy | Andrew Harmon<br>State of New Hampshire Department of Energy<br>21 S FRUIT ST STE 10<br>CONCORD, NEW HAMPSHIRE 03301<br>UNITED STATES<br>andrew.j.harmon@energy.nh.gov | |
| State of Tennessee | James Urban<br>Deputy Attorney General<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TENNESSEE 37202-0207<br>UNITED STATES<br>james.urban@ag.tn.gov | |
| State of Texas | John Hulme<br>Assistant Attorney General<br>Office of the Attorney General of Texas<br>PO Box 12548<br>Austin,TEXAS 78711-2548<br>UNITED STATES<br>john.hulme@oag.texas.gov | |
| State of Utah | PATRICIA SCHMID<br>Assistant Attorney General<br>State of Utah<br>160 E 300 S FL 5<br>SALT LAKE CITY, UTAH 84111<br>UNITED STATES<br>pschmid@agutah.gov | PATRICIA E SCHMID<br>Assistant Attorney General<br>State of Utah<br>160 E 300 S FL 5<br>SALT LAKE CITY, UTAH 84111<br>pschmid@agutah.gov |
| State of Utah | | Stanford Purser<br>Utah Solicitor General<br>Office of the Utah Attorney General<br>160 E 300 S FL 5<br>SALT LAKE CITY, UTAH 84111<br>spurser@agutah.gov |
| State Water Contractors | Bhaveeta Mody<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, NW<br>Suite 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>bkm@dwgp.com | Linda L. Murray-Kimball<br>Legal Assistant<br>Duncan, Weinberg, Genzer & Pembroke<br>1667 K Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>lmk@dwgp.com |
| State Water Contractors | Sean Neal<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>915 L ST STE 1410 | |

| | | |
|---|---|---|
| | SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>smn@dwgp.com | |
| State Water<br>Contractors | Sylwia Dakowicz<br>Duncan Weinberg Genzer & Pembroke, PC<br>1036 Vanderbilt Way<br>Sacramento, CALIFORNIA 95825<br>UNITED STATES<br>sd@dwgp.com | |
| Stowe Electric<br>Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Stowe Electric<br>Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Stowe Electric<br>Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Sunflower Electric<br>Power<br>Corporation | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>UNITED STATES<br>wwilliamson@odec.com | Jecoliah R. Williams<br>Latham & Watkins LLP<br>555 11TH ST NW STE 1000<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jecoliah.williams@lw.com |
| Sunflower Electric<br>Power<br>Corporation | | Ala Tamimi<br>Senior VP and Chief Operating<br>425 S 119th St. W<br>WICHITA, KANSAS 67235<br>ATamimi@sunflower.net |
| Sunflower Electric<br>Power<br>Corporation | | Ray Bergmeier<br>Manager of Transmission Policy<br>425 S 119th St. W<br>Wichita, KANSAS 67235<br>RBergmeier@sunflower.net |
| Sunflower Electric<br>Power<br>Corporation | Ala Tamimi<br>Senior VP and Chief Operating<br>425 S 119th St. W<br>WICHITA, KANSAS 67235<br>UNITED STATES<br>ATamimi@sunflower.net | Ala Tamimi<br>Senior VP and Chief Operating<br>425 S 119th St. W<br>WICHITA, KANSAS 67235<br>ATamimi@sunflower.net |
| Sunflower Electric<br>Power<br>Corporation | | Ray Bergmeier<br>Manager of Transmission Policy<br>425 S 119th St. W<br>Wichita, KANSAS 67235<br>RBergmeier@sunflower.net |
| Sunflower Electric<br>Power<br>Corporation | | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>wwilliamson@odec.com |
| Sunflower Electric<br>Power<br>Corporation | | Christine Aarnes<br>Sunflower Electric Power Corp<br>425 S 119th ST W<br>Wichita, KANSAS 67235<br>caarnes@sunflower.net |
| Sunflower Electric<br>Power<br>Corporation | Ala Tamimi<br>Senior VP and Chief Operating<br>SUNFLOWER ELECTRIC COOP INC (KS)<br>425 S 119th St. W<br>WICHITA, KANSAS 67235 | |

| | | |
|---|---|---|
| | UNITED STATES<br>ATamimi@sunflower.net | |
| Sunflower Electric Power Corporation | Whit Williamson<br>Director - Power Supply<br>Thompson Coburn LLP<br>4201 Dominion Blvd<br>Glen Allen, VIRGINIA 23060<br>UNITED STATES<br>wwilliamson@odec.com | |
| Sustainable FERC Project | Danielle Fidler<br>Senior Attorney<br>Clean Air Task Force<br>114 STATE ST FL 6<br>BOSTON, MASSACHUSETTS 02109<br>UNITED STATES<br>dfidler@catf.us | |
| Sustainable FERC Project | John Moore<br>Senior Attorney<br>Sustainable FERC Project<br>2 N Riverside Plz Ste 2250<br>RTS-RETURN TO SENDER<br>Chicago, ILLINOIS 60606-2640<br>UNITED STATES<br>moore.fercproject@gmail.com | |
| Sustainable FERC Project | Tom Rutigliano<br>Sr. Advocate<br>NRDC/FERC Project<br>1124 15th St. NW<br>Suite 300<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>trutigliano@nrdc.org | |
| Sustainable FERC Project | John Moore<br>Senior Attorney<br>Sustainable FERC Project<br>2 N Riverside Plz Ste 2250<br>RTS-RETURN TO SENDER<br>Chicago, ILLINOIS 60606-2640<br>UNITED STATES<br>moore.fercproject@gmail.com | |
| Sustainable FERC Project | Tom Rutigliano<br>Sr. Advocate<br>NRDC/FERC Project<br>1124 15th St. NW<br>Suite 300<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>trutigliano@nrdc.org | |
| Sustainable FERC Project | Casey Roberts<br>Director, RTO Advocacy<br>Sustainable FERC Project<br>1536 WYNKOOP ST STE 222<br>DENVER, COLORADO 80202<br>UNITED STATES<br>croberts@nrdc.org | |
| SWPG | David Getts<br>General Manager<br>Southwestern Power Group II, LLC<br>3610 N. 44th Street<br>Suite 250<br>Phoenix, ARIZONA 85018<br>UNITED STATES<br>dgetts@southwesternpower.com | Linda L Walsh, ESQ<br>Husch Blackwell LLP<br>750 17th Street NW<br>Washington DC, DISTRICT OF COLUMBI.<br>linda.walsh@huschblackwell.com |
| SWPG | | Sylvia J. S. Bartell<br>Husch Blackwell<br>Husch Blackwell LLP<br>750 17th Street, NW<br>Suite 900<br>Washington, DISTRICT OF COLUMBIA 2(<br>sylvia.bartell@huschblackwell.com |
| Tabors Caramanis Rudkevich | Richard Tabors<br>President<br>Tabors Caramanis Rudkevich<br>300 Washington Street<br>Suite 402 | |

| | | |
|---|---|---|
| | Newton, MASSACHUSETTS 02458<br>UNITED STATES<br>rtabors@tcr-us.com | |
| Taunton Municipal Lighting Plant | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Taunton Municipal Lighting Plant | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Taunton Municipal Lighting Plant | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Tenaska, Inc. | Drew Fossum<br>VP and General Counsel<br>Tenaska Marketing Ventures<br>11718 Nicholas Street<br>Omaha, NEBRASKA 68154<br>UNITED STATES<br>dfossum@tenaska.com | |
| Tennessee Attorney General's Office | | James P Urban<br>Deputy Attorney General<br>P.O. Box 20207<br>Nashville, TENNESSEE 37202-0207<br>james.urban@ag.tn.gov |
| Tennessee Valley Authority | Richard Saas<br>Attorney<br>Tennessee Valley Authority<br>1100 MARKET ST<br>CHATTANOOGA, TENNESSEE 37402<br>UNITED STATES<br>rtsaas@tva.gov | |
| Tennessee Valley Authority | Richard Saas<br>Attorney<br>Tennessee Valley Authority<br>1100 MARKET ST<br>CHATTANOOGA, TENNESSEE 37402<br>UNITED STATES<br>rtsaas@tva.gov | |
| Tennessee Valley Authority | Richard Saas<br>Attorney<br>Tennessee Valley Authority<br>1100 MARKET ST<br>CHATTANOOGA, TENNESSEE 37402<br>UNITED STATES<br>rtsaas@tva.gov | |
| Tennessee Valley Authority | Richard Saas<br>Attorney<br>Tennessee Valley Authority<br>1100 MARKET ST<br>CHATTANOOGA, TENNESSEE 37402<br>UNITED STATES<br>rtsaas@tva.gov | |
| Texas Reliability Entity, Inc. | Derrick Davis<br>General Counsel<br>Texas Reliability Entity, Inc.<br>8000 Metropolis Drive, Bldg. A, Suite 300<br>Austin, TEXAS 78744<br>UNITED STATES<br>derrick.davis@texasre.org | |
| The Dayton Power and Light Company | Randall Griffin<br>Chief Regulatory Counsel<br>The AES Corporation<br>1065 WOODMAN DR | John W Horstmann<br>Sr. Director RTO Affairs<br>Dayton Power and Light Company, The<br>315 Buckwalter Rd |

| | | |
|---|---|---|
| | DAYTON, OHIO 45432<br>UNITED STATES<br>randall.griffin@aes.com | Phoenixville, PENNSYLVANIA 19460<br>john.horstmann@aes.com |
| The Freimuth Group | Ladeene Freimuth<br>Consultant<br>The Freimuth Group<br>1750 16th Street NW<br>Unit 24<br>Washington, DISTRICT OF COLUMBIA 20009<br>UNITED STATES<br>ladeene@freimuthgroup.com | |
| The ITM Coalition | Karen Onaran<br>Vice President<br>ELCON<br>1101 K Street NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>KOnaran@elcon.org | |
| The Office of the Ohio Consumers' Counsel | | Denise C Goulet<br>Partner<br>McCarter & English, LLP<br>1301 K ST NW<br>SUITE 1000 WEST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>dgoulet@mccarter.com |
| The Western Way | | Greg Brophy<br>Colorado Director The Western<br>The Western Way<br>26481 County Road 54<br>Holyoke, COLORADO 80734<br>Senatorbrophy@gmail.com |
| The Western Way | | George Riley<br>3724 Ivy Green Trail<br>Tallahassee, FLORIDA 32311<br>george@cleanenergyconservatives.com |
| Transmission Access Policy Study Group | Cynthia Bogorad<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>cynthia.bogorad@spiegelmcd.com | William Huang<br>Spiegel & McDiarmid LLP<br>1818 N ST NW FL 8<br>WASHINGTON, DISTRICT OF COLUMBIA<br>william.huang@spiegelmcd.com |
| Transmission Access Policy Study Group | | Lauren L. Springett<br>Counsel<br>PO Box NA<br>WASHINGTON, 20006<br>lauren.springett@spiegelmcd.com |
| Transmission Access Policy Study Group | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>eService@spiegelmcd.com |
| Transmission Access Policy Study Group | | Terry Huval<br>TAPS Executive Director<br>136 Shelby Oaks Lane<br>Lafayette, LOUISIANA 70507<br>THUVAL@TAPSGROUP.ORG |
| Transmission Access Policy Study Group | | David E Pomper, ESQ<br>Attorney<br>Spiegel & McDiarmid LLP<br>1875 Eye St. NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>david.pomper@spiegelmcd.com |
| Transmission Access Policy Study Group | | Lauren L. Springett<br>Counsel<br>PO Box NA<br>WASHINGTON, 20006<br>lauren.springett@spiegelmcd.com |
| Transmission Access Policy Study Group | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700 |

| | | |
|---|---|---|
| | | Washington, DISTRICT OF COLUMBIA 2( eService@spiegelmcd.com |
| Transmission Access Policy Study Group | | David E Pomper, ESQ Attorney Spiegel & McDiarmid LLP 1875 Eye St. NW Suite 700 Washington, DISTRICT OF COLUMBIA 2( david.pomper@spiegelmcd.com |
| Transmission Access Policy Study Group | | Lauren L. Springett Counsel PO Box NA WASHINGTON, 20006 lauren.springett@spiegelmcd.com |
| Transmission Access Policy Study Group | | E Service Spiegel & McDiarmid LLP 1875 Eye St, NW Suite 700 Washington, DISTRICT OF COLUMBIA 2( eService@spiegelmcd.com |
| Transmission Agency of Northern California | Bhaveeta Mody Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, NW Suite 700 WASHINGTON, DISTRICT OF COLUMBIA 20006 UNITED STATES bkm@dwgp.com | Linda L. Murray-Kimball Legal Assistant Duncan, Weinberg, Genzer & Pembroke 1667 K Street, NW Suite 700 Washington, DISTRICT OF COLUMBIA 2( lmk@dwgp.com |
| Transmission Agency of Northern California | Michael Postar Attorney Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, NW Suite 700 Washington, DISTRICT OF COLUMBIA 20006 UNITED STATES mrp@dwgp.com | |
| Transmission Agency of Northern California | Sylwia Dakowicz Duncan Weinberg Genzer & Pembroke, PC 1036 Vanderbilt Way Sacramento, CALIFORNIA 95825 UNITED STATES sd@dwgp.com | |
| Transmission Agency of Northern California | Michael Postar Attorney Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, NW Suite 700 Washington, DISTRICT OF COLUMBIA 20006 UNITED STATES mrp@dwgp.com | |
| Transmission Agency of Northern California | Bhaveeta Mody Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, NW Suite 700 WASHINGTON, DISTRICT OF COLUMBIA 20006 UNITED STATES bkm@dwgp.com | |
| Transmission Agency of Northern California | Sylwia Dakowicz Duncan Weinberg Genzer & Pembroke, PC 1036 Vanderbilt Way Sacramento, CALIFORNIA 95825 UNITED STATES sd@dwgp.com | |
| Transmission Dependent Utility Systems | Denise Goulet Partner McCarter & English, LLP 1301 K ST NW SUITE 1000 WEST WASHINGTON, DISTRICT OF COLUMBIA 20005 UNITED STATES dgoulet@mccarter.com | |
| Transmission Dependent Utility Systems | Sean Beeny McCarter & English, LLP 1301 K Street, NW Suite 1000 West Washington, DISTRICT OF COLUMBIA 20005 | |

| | |
|---|---|
| | UNITED STATES<br>sbeeny@mccarter.com |
| Transmission Dependent Utility Systems | Randolph Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>relliott@mccarter.com |
| Transmission Dependent Utility Systems | Barry Cohen<br>Special Counsel<br>McCarter & English, LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bcohen@mccarter.com |
| Transmission Dependent Utility Systems | Sean Beeny<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>sbeeny@mccarter.com |
| Transmission Dependent Utility Systems | Randolph Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>relliott@mccarter.com |
| Transmission Dependent Utility Systems | Denise Goulet<br>Partner<br>McCarter & English, LLP<br>1301 K ST NW<br>SUITE 1000 WEST<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>dgoulet@mccarter.com |
| Transmission Dependent Utility Systems | Barry Cohen<br>Special Counsel<br>McCarter & English, LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bcohen@mccarter.com |
| Transmission Dependent Utility Systems | Sean Beeny<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>sbeeny@mccarter.com |
| Transmission Dependent Utility Systems | Randolph Elliott<br>McCarter & English, LLP<br>1301 K Street, NW<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>relliott@mccarter.com |
| Transmission Dependent Utility Systems | Denise Goulet<br>Partner<br>McCarter & English, LLP<br>1301 K ST NW<br>SUITE 1000 WEST<br>WASHINGTON, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>dgoulet@mccarter.com |
| Transmission Dependent Utility Systems | Barry Cohen<br>Special Counsel<br>McCarter & English, LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005 |

| | | |
|---|---|---|
| | UNITED STATES<br>bcohen@mccarter.com | |
| Transmission Dependent Utility Systems | Barry Cohen<br>Special Counsel<br>McCarter & English, LLP<br>1301 K Street, N.W.<br>Suite 1000 West<br>Washington, DISTRICT OF COLUMBIA 20005<br>UNITED STATES<br>bcohen@mccarter.com | |
| Transource Energy, LLC | Stacey Burbure<br>American Electric Power Company<br>801 Pennsylvania Avenue, NW<br>Washington DC, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>slburbure@aep.com | |
| Transource Energy, LLC | Chad Heitmeyer<br>Case Manager<br>American Electric Power Service Corporation<br>1 Riverside Plaza<br>Columbus, OHIO 43215<br>UNITED STATES<br>caheitmeyer@aep.com | |
| Transource Energy, LLC | Stacey Burbure<br>American Electric Power Company<br>801 Pennsylvania Avenue, NW<br>Washington DC, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>slburbure@aep.com | |
| Transource Energy, LLC | Chad Heitmeyer<br>Case Manager<br>American Electric Power Service Corporation<br>1 Riverside Plaza<br>Columbus, OHIO 43215<br>UNITED STATES<br>caheitmeyer@aep.com | |
| Tri-State Generation and Transmission Association, Inc. | Carl Steen<br>Partner<br>Dentons US LLP<br>601 South Figueroa Street, Suite 2500<br>Los Angeles, CALIFORNIA 90017-5704<br>UNITED STATES<br>carl.steen@dentons.com | Peter Thieman<br>Partner<br>Dentons US LLP<br>1900 K St., NW<br>Washington, DISTRICT OF COLUMBIA 2(<br>peter.thieman@dentons.com |
| Tri-State Generation and Transmission Association, Inc. | | David S Shaffer<br>Dentons US LLP<br>1900 K ST NW<br>WASHINGTON, DISTRICT OF COLUMBIA<br>david.shaffer@dentons.com |
| Tri-State Generation and Transmission Association, Inc. | Tyler Nemkov<br>Senior Regulatory Attorney<br>Tri-State Generation and Transmission Association, Inc.<br>1100 West 116th Avenue<br>Westminster, COLORADO 80234<br>UNITED STATES<br>tyler.nemkov@tristategt.org | Cassandra Mastrostefano<br>Attorney<br>Dentons US LLP<br>1900 K St NW<br>washington, DISTRICT OF COLUMBIA 2(<br>cassandra.mastrostefano@dentons.com |
| Tri-State Generation and Transmission Association, Inc. | | Timothy B Woolley<br>Assistant General Counsel - Re<br>Tri-State Generation and Transmission A<br>Inc.<br>1100 W 116TH AVE<br>WESTMINSTER, COLORADO 80234<br>twoolley@tristategt.org |
| Turlock Irrigation District | Jon Stickman<br>Attorney<br>Duncan & Allen LLP<br>1730 RHODE ISLAND AVE NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>jrs@duncanallen.com | |
| U.S. Climate Alliance | Andrew Sand<br>1750 Pennsylvania Avenue NW 300, Washington, DC<br>DC, DISTRICT OF COLUMBIA 20006 | |

| | | |
|---|---|---|
| | UNITED STATES<br>asand@usclimatealliance.org | |
| U.S. Climate Alliance | Hayden Flanery<br>Manager, Federal and External<br>1750 Pennsylvania Avenue NW<br>#300<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>hflanery@usclimatealliance.org | Hayden Flanery<br>Manager, Federal and External<br>1750 Pennsylvania Avenue NW<br>#300<br>Washington, DISTRICT OF COLUMBIA 20<br>hflanery@usclimatealliance.org |
| U.S. Department of Energy | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy -<br>Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20585<br>UNITED STATES<br>peter.meier@hq.doe.gov | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy -<br>Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20<br>peter.meier@hq.doe.gov |
| U.S. Department of Energy | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy -<br>Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20585<br>UNITED STATES<br>peter.meier@hq.doe.gov | |
| U.S. Department of Energy | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy -<br>Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20585<br>UNITED STATES<br>peter.meier@hq.doe.gov | |
| UNION OF CONCERNED SCIENTISTS | Samuel Gombeg<br>Senior Energy Analyst<br>UNION OF CONCERNED SCIENTISTS<br>1825 K St. NW<br>#800<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>sgomberg@ucsusa.org | Michael Jacobs<br>Sr. Energy Analyst<br>UNION OF CONCERNED SCIENTISTS<br>2 BRATTLE SQ<br>CAMBRIDGE, MASSACHUSETTS 02138<br>mjacobs@ucsusa.org |
| UNION OF CONCERNED SCIENTISTS | Michael Jacobs<br>Sr. Energy Analyst<br>UNION OF CONCERNED SCIENTISTS<br>2 BRATTLE SQ<br>CAMBRIDGE, MASSACHUSETTS 02138<br>UNITED STATES<br>mjacobs@ucsusa.org | |
| UNION OF CONCERNED SCIENTISTS | Michael Jacobs<br>Sr. Energy Analyst<br>UNION OF CONCERNED SCIENTISTS<br>2 BRATTLE SQ<br>CAMBRIDGE, MASSACHUSETTS 02138<br>UNITED STATES<br>mjacobs@ucsusa.org | |
| UNION OF CONCERNED SCIENTISTS | Samuel Gombeg<br>Senior Energy Analyst<br>UNION OF CONCERNED SCIENTISTS<br>1825 K St. NW<br>#800<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>sgomberg@ucsusa.org | |
| United States Department of Energy - Headquarters | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy -<br>Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20585<br>UNITED STATES<br>peter.meier@hq.doe.gov | |

| | | |
|---|---|---|
| United States Department of Energy - Headquarters | Peter Meier<br>Attorney-Advisor, U.S. Departm<br>United States Department of Energy - Headquarters<br>1000 Indepence Ave, SW<br>Room 6D-033<br>Washington, DISTRICT OF COLUMBIA 20585<br>UNITED STATES<br>peter.meier@hq.doe.gov | |
| Utah Attorney General's Office | PATRICIA SCHMID<br>Assistant Attorney General<br>State of Utah<br>160 E 300 S FL 5<br>SALT LAKE CITY, UTAH 84111<br>UNITED STATES<br>pschmid@agutah.gov | |
| Utah Division of Public Utilities | Chris Parker<br>Director<br>UTAH DIVISION OF PUBLIC UTILITIES<br>160 E BROADWAY<br>SALT LAKE CITY, UTAH 84111<br>UNITED STATES<br>chrisparker@utah.gov | |
| Utah Public Service Commission | Melissa Paschal<br>Lead Paralegal<br>Utah Public Service Commission<br>160 East 300 South, 4th Floor<br>Heber M. Wells Building<br>Salt Lake City, UTAH 84111<br>UNITED STATES<br>mpaschal@utah.gov | |
| Utah Public Service Commission | Thad LeVar<br>Utah Public Service Commission<br>Utah Public Service Commission<br>160 E 300 S FL 4<br>SALT LAKE CITY, UTAH 84111<br>UNITED STATES<br>tlevar@utah.gov | |
| Utility Intervention Unit, New York State Department of State | Erin Hogan<br>Director of Utility Interventi<br>99 WASHINGTON AVE STE 640<br>ALBANY, NEW YORK 12210<br>UNITED STATES<br>erin.hogan@dos.ny.gov | Erin Hogan<br>Director of Utility Interventi<br>99 WASHINGTON AVE STE 640<br>ALBANY, NEW YORK 12210<br>erin.hogan@dos.ny.gov |
| Utility Intervention Unit, New York State Department of State | | Jillian Kasow<br>Lead Counsel, Utility Interven<br>New York State Department of State<br>NY Department of State<br>99 Washington Avenue, Ste 615<br>Albany, NEW YORK 12231-0001<br>jillian.kasow@dos.ny.gov |
| Utility Intervention Unit, New York State Department of State | Erin Hogan<br>Director of Utility Interventi<br>Utility Intervention Unit, New York State Department of State<br>99 WASHINGTON AVE STE 640<br>ALBANY, NEW YORK 12210<br>UNITED STATES<br>erin.hogan@dos.ny.gov | |
| Valley Electric Association, Inc. | Brad Van Cleve<br>1750 S HARBOR WAY STE 450<br>PORTLAND, OREGON 97201<br>UNITED STATES<br>bvc@dvclaw.com | |
| VEIR Inc. | Max Luke<br>VEIR Inc.<br>250 Summer Street, 4th Floor<br>? Breakthrough Energy Ventures<br>Boston, MASSACHUSETTS 02210<br>UNITED STATES<br>max@veir.com | |
| VEIR Inc. | Max Luke<br>VEIR Inc.<br>250 Summer Street, 4th Floor<br>? Breakthrough Energy Ventures | |

| | | |
|---|---|---|
| | Boston, MASSACHUSETTS 02210<br>UNITED STATES<br>max@veir.com | |
| VEIR Inc. | Max Luke<br>VEIR Inc.<br>250 Summer Street, 4th Floor<br>? Breakthrough Energy Ventures<br>Boston, MASSACHUSETTS 02210<br>UNITED STATES<br>max@veir.com | |
| Vermont Electric Power Company | Karin Stamy<br>Vermont Electric Power Company<br>366 Pinnacle Ridge Road<br>Rutland, VERMONT 05701<br>UNITED STATES<br>kstamy@velco.com | |
| Vermont Electric Power Company | Karin Stamy<br>Vermont Electric Power Company<br>366 Pinnacle Ridge Road<br>Rutland, VERMONT 05701<br>UNITED STATES<br>kstamy@velco.com | |
| Vermont Public Power Supply Authority | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | Jeffrey A Schwarz<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jeffrey.schwarz@spiegelmcd.com |
| Vermont Public Power Supply Authority | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| Vermont Public Power Supply Authority | | Kenneth A Nolan<br>General Manager<br>Vermont Public Power Supply Authority<br>5195 Waterbury-Stowe Road<br>PO Box 126<br>Waterbury Center, VERMONT 05677<br>knolan@vppsa.com |
| Vermont Public Power Supply Authority | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| Vermont Public Power Supply Authority | Scott Strauss<br>Spiegel & McDiarmid LLP<br>1818 N Street, NW<br>8th Floor<br>WASHINGTON, DISTRICT OF COLUMBIA 20036<br>UNITED STATES<br>Scott.Strauss@spiegelmcd.com | |
| Vermont Public Power Supply Authority | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| Vermont Public Utility Commission | Mary Jo Krolewski<br>Utilities Analyst<br>Vermont Public Service Board<br>112 State Street<br>Montpelier, VERMONT 05602<br>UNITED STATES<br>mary-jo.krolewski@vermont.gov | |
| Vermont Public Utility Commission | Mary Jo Krolewski<br>Utilities Analyst<br>Vermont Public Service Board<br>112 State Street<br>Montpelier, VERMONT 05602 | |

| | | |
|---|---|---|
| | UNITED STATES<br>mary-jo.krolewski@vermont.gov | |
| Vermont Transco L.L.C | Karin Stamy<br>Vermont Electric Power Company<br>366 Pinnacle Ridge Road<br>Rutland, VERMONT 05701<br>UNITED STATES<br>kstamy@velco.com | |
| Virginia State Corporation Commission Staff | Frederick Ochsenhirt<br>Legal Advisor to the Commissio<br>Virginia State Corporation Commission<br>1300 E MAIN ST<br>RICHMOND, VIRGINIA 23219<br>UNITED STATES<br>frederick.ochsenhirt@scc.virginia.gov | |
| Vistra Energy Corp. | | James Quinn<br>VP, FERC-jurisdictional market<br>Vistra Energy Corp.<br>325 7th St NW<br>Suite 520<br>Washington, DISTRICT OF COLUMBIA 2(<br>arnie.quinn@vistraenergy.com |
| Vistra Energy Corp. | | Jessica H. Miller<br>Vistra Corp.<br>1005 Congress Ave.<br>Suite 750<br>Austin, TEXAS 78701<br>VistraFERC@vistracorp.com |
| Vistra Energy Corp. | | Jessica H. Miller<br>Vistra Corp.<br>1005 Congress Ave.<br>Suite 750<br>Austin, TEXAS 78701<br>VistraFERC@vistracorp.com |
| Vistra Energy Corp. | | Jessica H. Miller<br>Vistra Corp.<br>1005 Congress Ave.<br>Suite 750<br>Austin, TEXAS 78701<br>VistraFERC@vistracorp.com |
| Vistra Energy Corp. | James Quinn<br>VP, FERC-jurisdictional market<br>Vistra Energy Corp.<br>325 7th St NW<br>Suite 520<br>Washington, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>arnie.quinn@vistraenergy.com | |
| Wallingford Electric Division | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Wallingford Electric Division | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| WATT Coalition | Ted Bloch-Rubin<br>Smart Wires, Inc.<br>1321 MINERVA RD<br>ANN ARBOR, MICHIGAN 48104-3926<br>UNITED STATES<br>ted.blochrubin@smartwires.com | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>rgramlich@gridstrategiesllc.com |
| WATT Coalition | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |

| | | |
|---|---|---|
| WATT Coalition | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |
| WATT Coalition | Rob Gramlich<br>Grid Strategies LLC<br>9207 Kirkdale Rd<br>Bethesda, MARYLAND 20817<br>UNITED STATES<br>rgramlich@gridstrategiesllc.com | |
| WATT Coalition | Julia Selker<br>Grid Strategies LLC<br>WATT Coalition<br>9207 KIRKDALE RD<br>BETHESDA, MARYLAND 20817<br>UNITED STATES<br>jselker@gridstrategiesllc.com | |
| WE ACT for Environmental Justice | Anastasia Gordon<br>Energy and Transportation Poli<br>WE ACT for Environmental Justice<br>50 F ST NW STE 550<br>WASHINGTON, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>anastasia@weact.org | |
| Wellesley Municipal Light Plant | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| West Virginia Public Service Commission | Jacqueline Roberts<br>Federal Policy Advisor, WV Pub<br>West Virginia Public Service Commission<br>201 Brooks Street<br>Charleston, WEST VIRGINIA 25301<br>UNITED STATES<br>jroberts@psc.state.wv.us | |
| WestConnect | | Heidi Pacini<br>682 Kentons Run Avenue<br>Henderson, NEVADA 89052-2823<br>heidi@pacenergies.com |
| Western Electricity Coordinating Council | Steven Goodwill<br>SVP, General Counsel & Secreta<br>Western Electricity Coordinating Council<br>155 N 400 W<br>Suite 200<br>Salt Lake City, UTAH 84103<br>UNITED STATES<br>sgoodwill@wecc.org | |
| Western Electricity Coordinating Council | Chris Albrecht<br>Senior Counsel<br>Western Electricity Coordinating Council<br>155 N. 400 W., Suite 200<br>Salt Lake City, UTAH 84103<br>UNITED STATES<br>calbrecht@wecc.org | |
| Western Farmers Electric Cooperative | Daniel Frank<br>Partner<br>Eversheds Sutherland (US) LLP<br>700 Sixth Street, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20001-3980<br>UNITED STATES<br>DanielFrank@eversheds-sutherland.com | Matthew A. Caves<br>Senior Manager, Legal & Regula<br>Western Farmers Electric Cooperative<br>707 N.E. 7th St.<br>Anadarko, OKLAHOMA 73005<br>matt.caves@wfec.com |
| Western Farmers Electric Cooperative | Allison Salvia<br>Eversheds Sutherland (US) LLP<br>700 Sixth Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20001<br>UNITED STATES<br>AllisonSalvia@eversheds-sutherland.com | |

| | | |
|---|---|---|
| Western Interstate Energy Board | | Eric Baran<br>Prog. Mang., Elec.System Reli.<br>WESTERN INTERSTATE ENERGY BOARD<br>1600 Broadway<br>Suite 1020<br>Denver, COLORADO 80202<br>ebaran@westernenergyboard.org |
| WESTERN INTERSTATE ENERGY BOARD | Gia Anguiano<br>WESTERN INTERSTATE ENERGY BOARD<br>1600 BROADWAY STE 1020<br>DENVER, COLORADO 80202<br>UNITED STATES<br>ganguiano@westernenergyboard.org | |
| Western Power Trading Forum | Daniel Douglass<br>Owner<br>Douglass & Liddell, an association of professional corporations<br>5737 KANAN RD STE 610<br>AGOURA HILLS, CALIFORNIA 91301<br>UNITED STATES<br>douglass@energyattorney.com | |
| Western Resource Advocates | Vijay Satyal<br>Sr. Market Policy Analyst<br>307 West 200 South Suite 200<br>Salt Lake City, UTAH 84101<br>UNITED STATES<br>VIJAY.SATYAL@WESTERNRESOURCES.ORG | |
| Western Resource Advocates | Vijay Satyal<br>Sr. Market Policy Analyst<br>307 West 200 South Suite 200<br>Salt Lake City, UTAH 84101<br>UNITED STATES<br>VIJAY.SATYAL@WESTERNRESOURCES.ORG | |
| Western Resource Advocates | Ellen Kutzer<br>Senior Staff Attorney<br>Western Resource Advocates<br>2260 Baseline Rd.<br>Suite 200<br>Boulder, COLORADO 80302<br>UNITED STATES<br>ellen.kutzer@westernresources.org | |
| Western Resource Advocates | Hunter Holman<br>Western Resource Advocates<br>307 W 200 S STE 2000<br>SALT LAKE CITY, UTAH 84101<br>UNITED STATES<br>hunter.holman@westernresources.org | Vijay Satyal<br>Sr. Market Policy Analyst<br>307 West 200 South Suite 200<br>Salt Lake City, UTAH 84101<br>VIJAY.SATYAL@WESTERNRESOURCES.O |
| Western Resources Advocates | Vijay Satyal<br>Sr. Market Policy Analyst<br>307 West 200 South Suite 200<br>Salt Lake City, UTAH 84101<br>UNITED STATES<br>VIJAY.SATYAL@WESTERNRESOURCES.ORG | |
| Western Resources Advocates | Ken Wilson<br>Engineering Fellow<br>Western Resource Advocates<br>3904 GLENN EYRE DR<br>LONGMONT, COLORADO 80503<br>UNITED STATES<br>ken.wilson@westernresources.org | |
| Western Resources Advocates | Vijay Satyal<br>Sr. Market Policy Analyst<br>307 West 200 South Suite 200<br>Salt Lake City, UTAH 84101<br>UNITED STATES<br>VIJAY.SATYAL@WESTERNRESOURCES.ORG | |
| Westfield Gas & Electric Light Department | John Coyle<br>Duncan & Allen LLP<br>1730 Rhode Island Avenue, N.W.<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20036-3115<br>UNITED STATES<br>jpc@duncanallen.com | |
| Whiteman Osterman & | Paul Gioia<br>Mr. Paul L. Gioia | |

| | | |
|---|---|---|
| Hanna LLP | 38 Loudon Parkway<br>Loudonville, NY, NEW YORK 12211<br>UNITED STATES<br>pgioia@outlook.com | |
| WIRES | Larry Gasteiger<br>Executive Director<br>529 14TH ST NW STE 1280<br>WASHINGTON, DISTRICT OF COLUMBIA 20045<br>UNITED STATES<br>lgasteiger@exec.wiresgroup.com | |
| Xcel Energy Inc. | Terri Eaton<br>Director, Regulatory Admin.<br>Xcel Energy Inc.<br>1800 LARIMER ST<br>DENVER, COLORADO 80202<br>UNITED STATES<br>terri.k.eaton@xcelenergy.com | |
| Xcel Energy Inc. | Terri Eaton<br>Director, Regulatory Admin.<br>Xcel Energy Inc.<br>1800 LARIMER ST<br>DENVER, COLORADO 80202<br>UNITED STATES<br>terri.k.eaton@xcelenergy.com | |
| Xcel Energy<br>Services Inc. | Timothy Mastrogiacomo<br>Vice President, Federal Regula<br>Xcel Energy Services Inc.<br>701 PENNSYLVANIA AVE NW STE 250<br>WASHINGTON, DISTRICT OF COLUMBIA 20004<br>UNITED STATES<br>tim.t.mastrogiacomo@xcelenergy.com | Terri K. Eaton<br>Director, Regulatory Admin.<br>Xcel Energy Inc.<br>1800 LARIMER ST<br>DENVER, COLORADO 80202<br>terri.k.eaton@xcelenergy.com |

[ Back to Query Service List ]   [ Back to FERCOnline ]

***Title 18, U.S.C. 1001 makes it a crime for any person knowingly and willingly to make to any Agency or Department of the United States fictitious or fraudulent statements as to any matter within its jurisdiction.***

*FERC Online does not require the submission of personally identifiable Information (PII) (e.g. social security numbers, birthdates, and phone num FERC will not be responsible for any PII submitted to FERC Online, including any accidental or inadvertent submissions of PII.*

*This site contains information collections that are subject to the Paperwork Reduction Act (PRA). Among other things, the PRA requires FERC to p with an estimate of the average burden of completing the information collections on this site. Comments regarding the burden estimate or any oth these forms can be directed to FERC's Information Collection Branch at DataClearance@ferc.gov.*

*In addition, you are not required to respond to any collection of information unless it displays a currently valid Office of Management and Budget ( number. FERC provides the OMB Control Numbers of the information collections on this site at www.ferc.gov/information-collections.*

***For any issues regarding FERC Online, please contact FERC Online Support or call Local: 202-502-6652 | Toll-free: 866-208-3676. Pleas current mail address, telephone number, and e-mail address.***